UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
David Gerardi, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: David.Gerardi@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 21-15113 (VFP) |
| Supportive Health, LLC, | : | |
| | : | Hearing Date: |
| Debtor. | : | |
| | : | The Honorable Vincent F. Papalia |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
UNITED STATES TRUSTEE FOR AN ORDER CONVERTING THE CASE TO
CHAPTER 7 OR, IN THE ALTERNATIVE, DISMISSING THE CASE
PURSUANT TO 11 U.S.C. § 1112(b)**

The United States Trustee ("UST"), by and through counsel, in furtherance of his duties and responsibilities, moves for an order converting the case to chapter 7 or, in the alternative, dismissing the case pursuant to 11 U.S.C. §1112 (b) and for such other and further relief as this Court deems just and appropriate.

1. Under 28 U.S.C. § 586(a)(8), the UST has a duty to "apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C. § 1112. This duty is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest

standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

## BACKGROUND

2.  On June 22, 2021, Supportive Health LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. This case was assigned case number 21-15113(VFP). ECF No. 1 and Certification of Francyne D. Arendas ("Arendas Cert.") at ¶ 2.

3.  The Petition was filed by Joseph D. Lento, Esq. on behalf of the Debtor. To date, Mr. Lento has not filed an application to be retained by the Debtor with this Court. Arendas Cert. at ¶ 3. To date, Mr. Lento has not filed a Rule 2016(b) disclosure. *Id.* Upon information and belief, Mr. Lento has never before filed a chapter 11 bankruptcy case as counsel. *Id.*

4.  The Petition describes the business as a Single Asset Real Estate case but also elects to proceed as a small business debtor case. *Id.* at ¶ 4.

5.  This Petition is signed by Carline Bolivar, Manager and 100% owner of the Debtor entity. The Debtor's Resolution to File Chapter 11, signed by Ms. Bolivar, references an election under Subchapter V of the Code. *Id.* at ¶ 5. Neither the Petition nor the Amended Petition elected to proceed under Subchapter V. *Id.*

6.  On July 11, 2021, an Amended Petition ("Amended Petition") was filed by the Debtor omitting the Single Asset Real Estate description and filing as a small business debtor as defined in 11 U.S.C. §101(51D). *Id.* at ¶ 6.

7.  The Amended Petition was also executed by Carline Bolivar. *Id.* at ¶ 7.

8. On June 28, 2021, the Debtor filed Schedules and Statement of Financial Affairs to accompany its Petition. *Id.* at ¶ 8.

9. Schedule A/B records 100% ownership in real property located at 2229 E. Eden Pl., St. Francis, WI. *Id.* at ¶ 9.

10. The Court initially scheduled a First Meeting of Creditors ("§341(a) Meeting") to be held on August 4, 2021. *Id.* at ¶ 10.

11. Attendant to the scheduled §341(a) Meeting, on July 28, 2021, Tina Oppelt, Paralegal with the UST, provided instructions to Mr. Lento for conducting the §341(a) Meeting telephonically and proper notice to creditors. In addition, a request was made to provide the UST with proper identification for Ms. Bolivar to provide testimony on behalf of the Debtor. *Id.* at ¶ 11.

12. Because Mr. Lento failed to provide proper notice and instruction for the scheduled §341(a) Meeting, the meeting could not go forward and necessitated adjournment to September 1, 2021. *Id.* at ¶ 12.

13. On July 15, 2021, the UST sent an email to Mr. Lento to arrange for an Initial Debtor Interview. Within this email, the UST also requested that the Debtor provide this office with proof of insurance maintained on the real property. *Id.* at ¶ 13.

14. On July 19, 2021, having received no response to the UST's initial email, this office sent a request to Mr. Lento via email to arrange for an Initial Debtor Interview and provide proofs of insurance. To date, the UST has not received a response to either request from Mr. Lento. *Id.* at ¶ 14.

15. Independent research of public records provides that the real property at 2229 E. Eden Pl., was purchased on December 7, 2012 by Paul Perrault. On February 17, 2016 this property was transferred via quit claim deed to Supportive Health, LLC. *Id.* at ¶ 15.

16. Independent research of public records provides that the Debtor entity may also hold title to a property located at 3269 S. New York Ave, Milwaukee, WI (the "S. New York Ave. Property"). Public records show that this property was purchased on September 19, 2003 by Jean Paul Perrault. On February 17, 2016, this property was transferred via quit claim deed to Supportive Health, LLC. *Id.* at ¶ 16.

17. Independent research of public records provides that both Carline Bolivar and Jean Paul Perrault reside at 85 Sycamore Road, Jersey City, New Jersey. *Id.* at ¶ 17.

18. The docket reflects that counsel initially noticed the adjourned §341 meeting for August 11, 2021 and subsequently filed a new notice for the correct date after being contacted by the UST. *Id.* at ¶ 18.

## BASIS FOR RELIEF REQUESTED

19. Pursuant to 11 U.S.C. §§ 704(a)(7) and (8), made applicable in Chapter 11 cases by 11 U.S.C. §§ 1106(a)(1) and 1107 (a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the United States Trustee's Operating Guidelines and Reporting Requirements for Chapter 11 cases, which were distributed to the debtor at the inception of the case.

20. 11 U.S.C. § 1112(b)(1) provides:

> Except as provided in paragraph (2)[1] and subsection (c),[2] on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a)[3] of a trustee or an examiner is in the best interests of creditors and the estate.

21. "Cause" is defined in 11 U.S.C. § 1112(b)(4) as including –

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B) gross mismanagement of the estate;
>
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

---

[1] 11 U.S.C. § 1112(b)(2) states:

The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that–
(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –
(i) for which there exists a reasonable justification for the act or omission; and
(ii) that will be cured within a reasonable period of time fixed by the court.

[2] 11 U.S.C. § 1112(c) states:

The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion.

[3] 11 U.S.C. § 1104(a) states:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
    (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
    (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;
(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a specific condition in the plan; and
(P) failure of the debtor to pay domestic support obligation that first becomes payable after the date of the filing of the petition.

    22.    It is well settled that the factors listed in §1112(b)(4) that constitute "cause" are not exhaustive.  The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See In re Pittsfield Weaving Company*,

393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

### No proof of insurance

23. To date, the Debtor has not been able to provide proof of insurance.

24. As a result, there is a substantial risk that the value of the Debtor's assets will be diminished or lost if an accident or theft occurs and there is no insurance to cover the damages.

25. Failure to maintain appropriate insurance that poses a risk to the estate or to the public is cause to dismiss or convert pursuant to 11 U.S.C. § 1112(b)(4)(C).

### Inability to convene a § 341 meeting

26. Because the Debtor failed to properly notice the § 341 meeting, the UST has thus far been unable to conduct this meeting. The Debtor subsequently filed conflicting notices of the § 341 meeting. This failure constitutes cause to dismiss or convert under § 1112(b)(4)(F) and (G).

### Schedules omitted asset of the Debtor

27. The Debtor failed to list the S. New York Ave. Property on its schedules. It is unknown whether there are creditors with liens on that property who should have received notice of this bankruptcy. The Debtor's failure constitutes cause to dismiss or convert pursuant to § 1112(b)(4)(A), (B), and (F).

### No retention application or Rule 2016(b) disclosure filed

28. Despite filing its petition on June 22, 2021, the Debtor has failed to file an application for retention and also failed to file a Rule 2016(b) disclosure. The Rule 2016(b) disclosure is due within 14 days of the petition. These failures constitute causes to dismiss or convert under § 1112(b)(4)(F).

**Competency of Debtor's counsel**

29. Moreover, Debtor's counsel may not be competent to represent the Debtor.

30. Pursuant to 11 U.S.C. § 327(a), "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

31. As explained by the Third Circuit, in discussing 11 U.S.C. §327(a), "the requirement of prior court approval of employment 'was designed to eliminate the abuses and detrimental practices that had been found to prevail,' such as 'cronyism,' and 'attorney control of bankruptcy cases.'" *In re First Merchants Acceptance Corporation,* 198 F.3d 394, 400 (3d Cir. 1999), citing *In Matter of Arkansas Co., Inc.,* 798 F.2d 645, 649 (3d Cir. 1996). The Third Circuit further explained that the "prior approval requirement ensures 'that the court may know the type of individual who is engaged in the proceeding, their integrity, their experience in connection with work of this type, as well as their competency concerning the same.'" *Id.* citing, *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203, 205 (3d Cir.) (in banc), *cert denied,* 396 U.S. 823, 90 S.CT. 66, 76, 24 L.Ed.2d 74 (1969).

32. In a Chapter 11 case, an attorney can provide competent representation to the estate only if the attorney is thoroughly familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. *In re Vettori,* 217 B.R. 242, 245 (Bankr.N.D.Ill.1998) (quoting *In re Doors and More, Inc.,* 126 B.R. 43, 45 (Bankr.E.D.Mich.1991)). Bankruptcy, and especially Chapter 11 bankruptcy, is a highly specialized area of law. *Id.* An attorney for a debtor in possession must have knowledge of bankruptcy law in order to achieve a successful result. *Id.* Only an attorney with knowledge of bankruptcy law can properly aid in the administration of the

case. *Id.* see also *In re Wiley Brown & Assoc., LLC,* No. 06–50886, 2006 WL 2390290, at *8, 2006 Bankr.LEXIS 1975, at *22 (Bankr.M.D.N.C. Aug. 14, 2006) (denying approval of employment application because attorney had not "demonstrated an extensive knowledge of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court" in addition to having a conflict of interest); *In re Ricasata,* Nos. 10–44101T, 10–45356T, 2010 WL 2816330, at *2, Bankr.LEXIS 2389, at *5 (Bankr.N.D.Cal. July 16, 2010) (stating that "the Court has a duty to deny approval of the employment of counsel by chapter 11 debtors-in-possession on grounds of incompetence, among other things").

33. In this case, Debtor's counsel has failed to ensure the accuracy of the Schedules, has failed make the required disclosures under F.R.B.P. 2014 and 2016, has failed to file any retention application, has failed to properly notice the original § 341 meeting date, and has failed to supply this office with proof of insurance. Debtor's counsel has shown an unfamiliarity with the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and it is not clear, should a retention application be filed, that Mr. Lento's employment would be approved.

34. As noted earlier, the factors listed in §1112(b)(4) that constitute "cause" are not exhaustive. The facts of this case evidence significant doubts whether this Debtor can file and consummate a plan of reorganization, and therefore cause exists to dismiss or convert this case.

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests that this Court enter an order either converting the case to chapter 7 or, dismissing the case, whichever the Court determines is in the best interest of creditors and the bankruptcy estate, and that this Court grant such other and further relief as is deemed just and equitable

        Respectfully submitted,

        ANDREW R. VARA
        UNITED STATES TRUSTEE
        REGIONS 3 & 9

By:   */s/ David Gerardi*
       David Gerardi
       Trial Attorney

Dated: August 11, 2021