UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
David Gerardi, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: David.Gerardi@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | : | Chapter 11 |
| In re: | : | |
| | : | Case No. 21-15113 (VFP) |
| Supportive Health, LLC, | : | |
| | : | Hearing Date: August 19, 2021 at 2:30 p.m. |
| Debtor. | : | |
| | : | The Honorable Vincent F. Papalia |
| _____ | : | |

**SUPPLEMENT TO THE MOTION OF THE
UNITED STATES TRUSTEE FOR AN ORDER CONVERTING THE CASE TO
CHAPTER 7 OR, IN THE ALTERNATIVE, DISMISSING THE CASE
PURSUANT TO 11 U.S.C. § 1112(b)**

The United States Trustee ("UST"), by and through counsel, in furtherance of his duties and responsibilities, respectfully submits this supplement (the "Supplement") to his Motion for an Order Converting the Case to Chapter 7 or, in the Alternative, Dismissing the Case Pursuant to 11 U.S.C. §1112(b) (the "Motion"). In support of the Supplement, the UST respectfully states:

1. On August 11, 2021, the UST filed the Motion and an Application for the Motion to be heard on shortened time. ECF Nos. 22 & 23.

2. On August 12, 2021, the Court entered an Order shortening time and setting a hearing date for August 19, 2021 at 2:00 p.m. ECF No. 26.

3.      On August 12, 2021, the Court held the first Status Conference in this case.

4.      Appearing at that Status Conference were Terrell Ratliff, Esq., and Joseph Lento, Esq., from Lento Law Group (collectively, "Debtor's counsel") on behalf of Supportive Health, LLC (the "Debtor"), Samuel Jackson, Esq., from the Law Firm of Samuel Jackson on behalf of himself as a fact witness, and the UST.

5.      At that hearing, Debtor's counsel represented their intent to file a motion to withdraw from the case.

6.      The UST alerted the Court to the following:

    a.  The Office of the UST received emails from lentogroupfile@gmail.com which identified the sender as "Lento Law Group."

    b.  The UST confirmed with Debtor's counsel that these emails did not originate from the Lento Law Group office.

    c.  The signature of Carline Bolivar, Debtor's principal, on the Resolution to File Chapter 11 (filed with the petition) does not appear to match documents from state court proceedings which contain her signature.  *Compare* ECF No. 1 (Ex. A) *with* Quit Claim Deed (Ex. B filed in Milwaukee County Case No. 17 CV 12487) *and* Affidavit of Carline Bolivar (Ex. C filed in Milwaukee County Case No. 17 CV 12487).

    d.  Debtor's counsel informed the UST that documents were being filed to the docket under the Debtor's name that did not originate from the Lento Law Group office.

7.      Debtor's counsel confirmed that its discussions with the UST were accurately represented to the Court.

8.      Mr. Jackson represented the following:

    a.   He was contacted by an individual named Perrault Jean Paul who was the

previous owner of the property listed on the Debtor's schedules.

    b.   Mr. Paul told Mr. Jackson that he was a part of Lento Law Group.

    c.   Mr. Paul wanted to hire Mr. Jackson *per diem* for this Status Conference.

    d.   Mr. Paul created and sent emails from the lentogroupfile@gmail.com

email address.

    e.   Mr. Paul used Lento Law Group's credentials to file documents on the

docket.

    f.   Mr. Paul asked Mr. Jackson to make false representations to this Court.

9.      Debtor's counsel did not dispute Mr. Jackson's comments.

10.      In light of the additional information raised during the Status Conference, the

UST believes this case must be converted to chapter 7 so that a chapter 7 trustee can be

appointed to safeguard the assets and conduct an investigation.  The integrity of the docket has

been compromised such that no reasonable person can possibly know whether a document has

been properly filed on behalf of the Debtor or filed by a non-Debtor using the credentials of

Debtor's counsel.

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests that this Court enter an order converting the case to chapter 7 or, in the alternative, dismissing the case, whichever the Court determines is in the best interest of creditors and the bankruptcy estate, and that this Court grant such other and further relief as is deemed just and equitable.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9


By:      */s/ David Gerardi*
David Gerardi
Trial Attorney

Dated:  August 13, 2021