# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Supportive Health, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-15113 (VFP)<br><br>Hearing Date: August 19, 2021 at 2:30 p.m.<br><br>Honorable Vincent F. Papalia |

## NOTICE OF CROSS- MOTION OF LENTO LAW GROUP, P.C. TO WITHDRAW AS COUNSEL, PURSUANT TO RULE 1.16

**TO:   ALL PERSONS ON ATTACHED CERTIFICATE OF SERVICE**

**PLEASE TAKE NOTICE** that the Lento Law Group, P.C. shall move before the Honorable Vincent F. Papalia, on August 19, 2021, at 2:30 p.m., at the United States Bankruptcy Court, District of New Jersey, 50 Walnut Street, Newark, New Jersey, for an order permitting withdrawal as counsel pursuant to R.P.C. 1.16.

**PLEASE TAKE FURTHER NOTICE** that Lento Law Group, P.C. shall rely upon the Memorandum of Law and Certifications submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that any papers in opposition to the Cross-Motion must be filed with the Court and served upon Lento Law Group, P.C., as stated in the

1

Order Shortening Time.

                Respectfully submitted,

                LENTO LAW GROUP, P.C.

                By: *Joseph D. Lento*
                Joseph D. Lento, Esq.
                Attorney for Debtor
Dated: August 16, 2021          LENTO LAW GROUP, P.C.
                3000 Atrium Way - Suite 200
                Mt. Laurel, NJ 08054
                Telephone: 856.652.2000
                Fax: 856.375.1010
                Email: jdlento@lentolawgroup.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| Supportive Health, LLC, | Case No. 21-15113 (VFP) |
| | Honorable Vincent F. Papalia |
| Debtor. | |

### CERTIFICATION OF JOSEPH D. LENTO, ESQ.

I, Joseph D. Lento, do hereby certify as follows:

1. I am an Attorney licensed in the State of New Jersey, State of New York, and the Commonwealth of Pennsylvania. I am also licensed to practice in the United States District Court of New Jersey.

2. I am the Attorney of Record in this instant matter and am fully familiar with the facts contained herein.

3. On or about June 19, 2021, I was contacted by an individual named Jean-Paul Perrault, identifying himself as a New York licensed attorney. He advised that he needed assistance in filing a Chapter 11 Bankruptcy and asked if we would be local counsel while he would apply for *pro hac vice* admission.

4. Before the initial filing, I had a meeting via Zoom with Mr. Perrault and agreed to assisting him with his client.

5. On June 22, 2021, I was advised that Mr. Perrault mailed the Petition to the Chapter 11 Bankruptcy, (Case No.: 21—15113-VFP) In the Matter of Supportive Health, LLC.

6. I subsequently became concerned when Mr. Perrault kept asking that I request adjournments and kept avoiding providing me with his *pro hac vice* application.

7. On August 11, 2021, I was contacted by another attorney, Samuel Jackson, Esq., who advised myself and my Associate, Terrell Ratliff, Esq., as to his interactions with Mr. Perrault, as well as what information he was able to find.

8. This information from Mr. Jackson included the fact that Mr. Perrault had somehow established a Bankruptcy Efile account. Mr. Perrault then added an email to this Efile account that is not my firms' email, but rather a Gmail account that neither I nor my office established or authorized, and then proceeded to file a number of documents in

this case using my credentials, without the knowledge or consent of myself or anyone at Lento Law Group. The only document whose filing I ever authorized, or whose filing I was aware of, was the initial Petition, and I only authorized that the Petition be filed by paper copy, not by Efile.

9. That same day (August 11, 2021) my office contacted the United States Trustee, David Gerardi and advised him that there was this issue and that we intended to request the Court allow us to withdraw due to the actions of Mr. Perrault and the information revealed that he had committed a fraud upon the Court, myself, and Mr. Jackson.

10. On August 12, 2021, my office brought this issue to the Court's attention advising the Court and the United States Trustee of the serious of events and my obligation to report this matter as an Officer of the Court.

11. I then contacted the Systems Administrator of the United States Bankruptcy Court and advised then that I was not the one filing and that my login information was compromised.

12. The Systems Administrator has secured my account.

13. It is my request that Your Honor grant my Cross-Motion to Withdraw as soon as administratively possible.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted,

LENTO LAW GROUP, P.C.

By: *Joseph D. Lento*
Joseph D. Lento, Esq.
Attorney for Debtor
LENTO LAW GROUP, P.C.
3000 Atrium Way - Suite 200
Mt. Laurel, NJ 08054
Telephone: 856.652.2000
Fax: 856.375.1010
Email: jdlento@lentolawgroup.com

Dated: August 16, 2021

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Supportive Health, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-15113 (VFP)<br><br>Hearing Date: August 19, 2021 at 2:30 p.m.<br><br>Honorable Vincent F. Papalia |

### MEMORANDUM OF LAW
### IN SUPPORT OF THE CROSS-MOTION OF LENTO LAW GROUP, P.C.
### TO WITHDRAW AS COUNSEL, PURSUANT TO RULE 1.16

Lento Law Group, P.C. moves for an order permitting withdrawal as counsel pursuant to R.P.C. 1.16, and for such other and further relief as this Court deems just and appropriate.

### BACKGROUND

1. Perrault Jean-Paul, AKA Jean-Paul Perrault, ("Jean-Paul") contacted Lento Law Group, P.C. ("Lento Law") on or about June 19, 2021, claiming to be a New York attorney who represented Supportive Health, LLC. Certification of Joseph D. Lento, Esq., ("Lento Cert.") ¶ 3.

2. In fact, Jean-Paul is not admitted to practice law in New York, and Supportive Health, LLC is not his client. Rather, Jean-Paul was the former owner of the property at 2229 E. Eden Place, St. Francis, WI 53235, which is the property he sold to Supportive Health, LLC, and which is encumbered by the lien that relates to this bankruptcy case. Certification of Samuel D. Jackson, Esq. ("Jackson Cert."), ¶ 5.

3. Furthermore, Jean-Paul was apparently a former manager of Supportive Health, LLC, and appears to continue be closely associated with Subjective Health, LLC and its principal, Carline Bolivar. Id. All three of them share a single address, and Jean-Paul has been paying taxes on the property long after the sale to Supportive Health, LLC. Id.

1

4. In his discussions with Mr. Lento, Jean-Paul claimed that it was approaching the last day to file the Petition and that he urgently needed a New Jersey law firm to initiate the action on behalf of Supportive Health, LLC. Lento Cert., ¶ 3. He requested that Lento Law represent Supportive Health, LLC in the filing of the Petition, and assured Lento Law that he would be imminently appearing in the case *pro hac vice* as soon as this Court granted his application. Id.

5. Mr. Lento agreed, on the condition that Jean-Paul take over the case as attorney of record as soon as this Court admitted him *pro hac vice*. Id. at ¶¶ 3-4. Mr. Lento instructed Jean-Paul to file paper copies of the Petition under Lento Law's name, since no one at Lento Law had a CM/ECF filing account in this Court, which Jean-Paul agreed to do. Id. at ¶ 8.

6. Instead of filing a paper copy of the Petition as instructed, Jean-Paul impersonated Mr. Lento to obtain a CM/ECF filing account for the New Jersey Bankruptcy Court. Jackson Cert., ¶ 6, Lento Cert., ¶ 8. He did this without Mr. Lento's knowledge or consent, in order to take over the case and impersonate Mr. Lento by filing documents using Mr. Lento's account. Lento Cert., ¶ 8.

7. Once he obtained the filing account, he then persuaded Court personnel to change the contact email address for Lento Law in this case, so that he could intercept the notification emails and Lento Law would not be alerted to his activity on their account. Jackson Cert., ¶ 4, Lento Cert., ¶ 8. He accomplished this by falsely claiming that he was associated with Lento Law and that Lento Law was having server trouble that prevented them from receiving notification emails at the email address Mr. Lento provided when he filed the Petition. Id. at ¶ 4. The substitute email address he provided to Court personnel was a Gmail account he created:

2

lentogroupfile@gmail.com. The display names he created for this account include "Lento Group" and "Lento Group Efile."

8. Other than the Petition, which Mr. Lento only authorized Jean-Paul to file via paper copy, Lento Law has not filed or authorized the filing of any other documents in this case prior to this cross-motion. Lento Cert., ¶ 8. All other filings on the docket purportedly submitted by Joseph D. Lento, Esq. were in fact submitted by Jean-Paul using stolen credentials. Id. at ¶ 8.

9. On July 23, 2021, Jean-Paul posted an advertisement on Craigslist, seeking the services of a *per diem* attorney to cover the §341 meeting in this case. Jackson Cert., ¶ 2. When Samuel D. Jackson, Esq. responded to this advertisement, Jean-Paul claimed to work for Lento Law, representing Supportive Health, LLC, and hired Mr. Jackson to appear in this case on a *per diem* basis at the §341 meeting and the August 12, 2021, status conference. Id. at ¶ 3.

10. Jean-Paul instructed Mr. Jackson to make a series of false representations to this Court, in order to excuse the delays caused by Jean-Paul's incompetent filings and to obtain further delay, so that the automatic stay would continue to protect his "former" property from foreclosure by the City of Milwaukee. Id. at ¶¶ 8-10.

11. Shortly before the August 12, 2021, status conference, Mr. Jackson became suspicious of Jean-Paul, and discovered his fraudulent scheme after investigating him online. Id. ¶ 5.

12. Mr. Jackson immediately alerted Lento Law of Jean-Paul's activity, and Lento Law informed the Trustee. Id. at ¶ 7. Lento Law, the Trustee, and Mr. Jackson provided a summary of these facts to this Court at the August 12, 2021, status conference.

3

## BASIS FOR RELIEF REQUESTED

13. This Court summarized the legal analysis governing motions to withdraw as counsel in the case, In re Lands End Leasing, Inc., 220 B.R. 226 (Bankr. D.N.J. 1998):

> The bankruptcy court follows the Local Civil Rules of the United States District Court for the District of New Jersey (hereinafter "L.CIV.R."). D.N.J. LBR 1001-1(A).3 L.CIV.R. 102.1 provides that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court...." In granting or denying a motion to withdraw, the court must consider factors such as: 1) the reason withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal may cause to the administration of justice; and 4) the degree to which withdrawal may delay the resolution of the case. Haines v. Liggett Group, Inc., 814 F.Supp. 414, 423 (D.N.J. 1993); U.S. ex rel. Cherry Hill Convalescent, Inc. v. Healthcare Rehab Systems, Inc., 1997 WL 834546, at 9 (D.N.J. 1997).
>
> In addition to L.CIV.R. 102.1, the court must consider the criteria set forth in RPC 1.16 of the New Jersey Rules of Professional Conduct (hereinafter "RPC 1.16") which is consistent with the criteria of L.CIV.R. 102. 1. Haines, 814 F.Supp. at 423. RPC 1.16 governs the permissive and mandatory withdrawal of an attorney's representation of a client. In particular, RPC 1.16(a)(1) states that a lawyer shall withdraw from representing a client where "the representation will result in violation of the Rules of Professional Conduct or other law...." RPC 1.16(b) permits a "lawyer [to] withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client," or if any of the criteria enumerated in (b)(1)–(6) is met.

In re Lands End Leasing, Inc., 220 B.R. 226, 234-35 (Bankr. D.N.J. 1998).

14. Pursuant to Rule 1.16(b) of the New Jersey Rules of Professional Conduct ("RPC"), "...a lawyer may withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

4

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

RPC 1.16(b).

15. Here, withdrawal is sought based on RPC 1.16(b) factors (1), (2), (3), (4), (6), and (7), due to the fact that Jean-Paul retained Lento Law on false pretenses, impersonated Joseph D. Lento, Esq. in communications with the Trustee and this Court, and fraudulently used Mr. Lento's CM/ECF credentials to file documents in this case under Mr. Lento's name and without his knowledge or consent. Lento Cert., ¶ 8. Jean-Paul also used false pretenses to retain outside counsel to appear in this case, and then instructed him to make numerous false representations to this Court. Jackson Cert., ¶¶ 3-5, ¶¶ 8-10.

16. Jean-Paul is the one who retained and paid for the services of Lento Law and outside counsel, and, upon information and belief, Jean-Paul is working in conjunction with and is an agent of Supportive Health, LLC and Carline Bolivar. Jackson Cert., ¶ 5. Therefore, Jean-Paul's conduct is relevant here for the purposes of the RPC 1.16 analysis.

17. First, withdrawal is permitted here by RPC 1.16(b)(1) because withdrawal will not cause any material adverse effect on the interests of the client. This case is still in its earliest stages; it was filed quite recently (on June 22, 2021), and a §341 meeting has not even been held yet, so the client will not suffer the kind of prejudice that, e.g., a withdrawal on the eve of trial might cause. Jacobs v. Pendel, 98 N.J. Super. 252, 255, 236 A.2d 888, 889 (App. Div. 1967)

18. Even if this Court finds that the client would suffer a material adverse effect, that finding would not be dispositive. As the New Jersey District Court explained in its analysis of

5

RPC 1.16(b), "Based on this language, RPC 1.16 has been interpreted by some commentators as providing for withdrawal under two circumstances: (1) for any reason, so long as no material adverse effect on the client occurs and (2) for good cause, such as financial hardship, even if withdrawal has a material adverse effect on the client. S. Gillers & N. Dorsen, *Regulation of Lawyers: Problems of Law and Ethics* 432 (1989)." Haines v. Liggett Grp., Inc., 814 F. Supp. 414, 422 (D.N.J. 1993). Therefore, so long as any of the remaining RPC 1.16(b) good cause factors are met, withdrawal is still permitted even if the client suffers a material adverse effect as a result.

19. Second, Jean-Paul persists in a course of action involving Lento Law's services that Lento Law reasonably believes is criminal or fraudulent. RPC 1.16(b)(2). Beginning almost as soon as the case was filed, and continuing through today, August 13, 2021, Jean-Paul has been filing documents in this case under Joseph Lento's name, using his credentials without Mr. Lento's consent. See Items 10, 15, 16, 19, 20, 21, 24, and 25 on the docket for this case. This course of action is plainly fraudulent, and may also be criminal.

20. Third, Jean-Paul used Lento Law's services to perpetuate a fraud. RPC 1.16(b)(3). After retaining Lento Law to file the Petition in this case based on false pretenses, Jean-Paul used the CM/ECF account belonging to Joseph D. Lento, Esq., the owner of the firm, to fraudulently file documents in the case, and, upon information and belief, he also impersonated Mr. Lento in communications with the Trustee and this Court. Lento Cert., ¶ 8, Jackson Cert., ¶¶ 4, 6. Additionally, Jean-Paul provided false information to the Trustee and this Court, and instructed outside counsel he retained in this matter to make false representations to this Court. Jackson Cert., ¶ 4, ¶¶ 8-10.

6

21.     Fourth, Jean-Paul insists upon taking action that Lento Law considers repugnant and with which Lento Law has a fundamental disagreement. RPC 1.16(b)(4). Jean-Paul insists on fraudulently abusing Mr. Lento's filing credentials and on providing false information to this Court. See Items 10, 15, 16, 19, 20, 21, 24, and 25 on the docket for this case; Lento Cert., ¶ 8; Jackson Cert., ¶ 6. Needless to say, this is a course of action that Lento Law considers repugnant and with which Lento Law has a fundamental disagreement.

22.     Fifth, the representation will result in an unreasonable financial burden on Lento Law, and the representation has been rendered unreasonably difficult by the client. RPC 1.16(b)(6). <u>Any financial burden whatsoever</u> that Jean-Paul has put on Lento Law through his fraudulent and potentially criminal conduct is unreasonable, *per se*. Lento Law has already incurred the financial burden of preparing this motion, and it is unclear what other financial burdens will emerge in the future as a result of Jean-Paul's conduct, including potential expenses relating to Lento Law's malpractice insurance, expenses for any future litigation resulting from Jean-Paul's conduct, the expense of conducting an investigation to determine if Jean-Paul has been using Mr. Lento's credentials or impersonating Mr. Lento in other matters, and other unforeseen expenses. Additionally, the client has rendered Lento Law's representation unreasonably difficult for all of the reasons set forth above.

23.     Finally, other good cause for withdrawal exists. RPC 1.16(b)(7). Jean-Paul has perpetuated a shocking and potentially criminal fraud on this Court, the Trustee, the Creditors, Lento Law, Joseph D. Lento, Esq., and Samuel D. Jackson, Esq., who is now an associate of this firm. The attorney-client relationship has been irreparably shattered due to the client's appalling and fraudulent acts. Lento Law would likely find itself in violation of various provisions of the RPC if the representation were to continue. Additionally, since this Court has instructed the

Trustee to refer the matter to the "appropriate authorities," Jean-Paul may be the subject of a federal criminal investigation, and Lento Law and its employees have become potential fact witnesses in such investigation, if it exists, so an insurmountable conflict of interest now exists, which may even pierce the attorney-client privilege, depending on the circumstances. There are no circumstances in which continued representation of the client could be appropriate or ethical.

24. To the extent that the above facts would cause Lento Law's attorneys to violate the RPC or any other law, should they continue to represent the client, RPC 1.16(a) *requires* that Lento Law withdraw from representing the client. RPC 1.16(a) ("a lawyer ...shall withdraw from the representation of a client if: (1) the representation will result in violation of the Rules of Professional Conduct or other law").

25. Turning to the four factor analysis, all four factors strongly favor granting the cross-motion to withdraw as counsel: "1) the reason withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal may cause to the administration of justice; and 4) the degree to which withdrawal may delay the resolution of the case." Haines v. Liggett Group, Inc., 814 F.Supp. 414, 423 (D.N.J. 1993).

26. First, the reasons withdrawal is sought are based on six of the seven RPC 1.16(b) factors, including extensive good cause shown, and withdrawal may even be required by RPC 1.16(a). Research of federal case law in the 3rd Circuit and the District of New Jersey did not turn up any other case involving more severe conduct or more urgent reasons for withdrawal.

27. Second, withdrawal will not prejudice the other litigants in this case. Even if withdrawal results in a dismissal of this matter or a conversion to a Chapter 7 bankruptcy, that will not harm any other litigants.

28.     Third, withdrawal will not harm the administration of justice; in fact, the opposite is true. The client has engaged in a course of outrageous conduct against all other parties involved in this case, and especially against Lento Law. Compelling Lento Law to continue to represent the client in such circumstances would be unjust to Lento Law and unjust to the client, given the colossal conflict of interest the client has created. To the extent the client suffers any adverse effects from withdrawal, such effects would be the direct and foreseeable consequences of on its own unlawful conduct, so withdrawal would not harm administration of justice even if it adversely affects the client.

29.     Fourth, withdrawal will only impose minimal delay on the resolution of this case. The case is in its earliest stages, so the client has ample opportunity to find new counsel, should the case continue. Alternatively, should this Court grant the Trustee's motion to dismiss, then the case will be resolved that way, and withdrawal of counsel here will cause no further delay.

30.     The decision of whether to permit counsel to withdraw is left to the sound discretion of the Court. Rusinow v. Kamara, 920 F. Supp. 69, 71 (D.N.J. 1996). Granting Lento Law's cross-motion to withdraw as counsel is warranted in order to prevent significant injustice and likely violation of the ethical rules, and to redress the fraud already perpetuated on this Court.

**WHEREFORE**, for the foregoing reasons, Lento Law Group, P.C. respectfully requests that this Court grant its cross-motion to withdraw as counsel, pursuant to RPC 1.16(b), and that

this Court grant such other and further relief as is deemed just and equitable.

Respectfully submitted,

LENTO LAW GROUP, P.C.

By: _____*Joseph D. Lento*_____
Joseph D. Lento, Esq.
Attorney for Debtor
LENTO LAW GROUP, P.C.
3000 Atrium Way - Suite 200
Mt. Laurel, NJ 08054
Telephone: 856.652.2000
Fax: 856.375.1010
Email: jdlento@lentolawgroup.com

Dated: August 16, 2021

10

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:  :  Chapter 11

Supportive Health, LLC,  :  Case No. 21-15113 (VFP)

:  Honorable Vincent F. Papalia

Debtor.  :

## CERTIFICATION OF SERVICE

I, Denise Stone, am the paralegal for Joseph D. Lento, Esquire the attorney for Debtor, Supportive Health, LLC, in this action. I hereby certify that on the date hereunder, I served upon the following individuals a copy of Debtors Notice of Motion to Withdraw as Counsel, Pursuant to R 1.16, and all supporting documents and exhibits, to the following address fed ex on August 16, 2021, and electronic notification through the New Jersey ECF system as follows:

Jean Paul Perrault
85 Sycamore Road
Jersey City, New Jersey 07305
**Via Fed-Ex 7745 4933 4620**

Carline Bolivar
Supportive Health, LLC
85 Sycamore Road
Jersey City, New Jersey 07305
**Via Fed-Ex 7745 4938 4945**

Carline Bolivar
Supportive Health, LLC
72 Van Reipen Street, #353
Jersey City, New Jersey
**Via Fed-Ex 7745 4936 5023**

Dated: August 16, 2021

_____
Denise Stone, Paralegal to
Joseph D. Lento, Esquire