UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
David Gerardi, Esq.
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993
Email: David.Gerardi@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| Supportive Health, LLC, | Case No. 21-15113 (VFP) |
| Debtor. | Hearing Date: |
|  | The Honorable Vincent F. Papalia |

**OBJECTION OF THE UNITED STATES TRUSTEE TO
THE DEBTOR'S APPLICATION FOR RETENTION OF PROFESSIONAL
LENTO LAW GROUP, P.C., AS ATTORNEY FOR THE DEBTOR IN POSSESSION**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 ("U.S. Trustee") by and through counsel, in furtherance of his duties and responsibilities under 28 U.S.C. § 586(a)(3) and (5), hereby files this objection ("Objection") to the *Debtor's Application for Retention of Professional Lento Law Group, P.C.* (the "Retention Application," ECF No. 25), and respectfully states as follows:

1. Under 28 U.S.C. § 586(a)(8), the UST is charged with the administrative oversight of cases commenced pursuant to chapter 7 and 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (the

U.S. Trustee has "public interest standing" under section 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"); H.R. Rep. No. 95-595, at 88 (1977), *reprinted in* 1977 U.S.C.C.A.N. 5787, 5963, 6049 ("Some of the supervisory functions removed from the judge will be transferred to a new system of United States Trustees who will act as bankruptcy watchdogs . . . .").

## BACKGROUND

2. On June 22, 2021, Supportive Health LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. This case was assigned case number 21-15113(VFP). ECF No. 1.

3. The Petition was filed by Joseph D. Lento, Esq. of Lento Law Group, P.C., (the "Applicant") on behalf of the Debtor. ECF No. 1.

4. On August 11, 2021, the UST filed a Motion for an Order Converting the Case to Chapter 7 or, in the Alternative, Dismissing the Case Pursuant to 11 U.S.C. §1112(b) (the "Motion") and an Application for the Motion to be heard on shortened time. ECF Nos. 22 & 23. The UST subsequently filed a Supplement to that Motion (the "Supplement"). ECF No. 27.

5. In the Motion, the UST listed the following facts which showed cause to convert or dismiss the case:

    a. Failure to submit proof of insurance;

    b. Inability to convene a § 341 meeting;

    c. Omission on the schedules of a real property asset of the Debtor;

    d. Failure to file (i) a retention application or (ii) Rule 2016(b) disclosure; and

  e. Whether Debtor's counsel is competent to represent this Debtor in a bankruptcy proceeding due to counsel's:

    i. failure to meet fundamental bankruptcy deadlines;

    ii. failure to file accurate schedules;

    iii. filing a petition and amended petition that are ambiguous as to how this Debtor would proceed (SARE, small business, or subchapter V); and

    iv. general unfamiliarity with the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

6. The UST's Supplement also noted that the signature of Carline Bolivar, the Debtor's principal, which appeared on the Resolution to File Chapter 11 did not necessarily match her signature which appeared on the Milwaukee Court docket. ECF No. 27 at ¶ 6(c).

7. On August 12, 2021, the Court held the first Status Conference in this case. At that Status Conference, this Court heard from Mr. Lento and Terrell Ratliff, Esq., of Lento Law Group, P.C., and Samuel Jackson, Esq., of the Law Firm of Samuel Jackson. They informed the Court of the following issues:

  a. Mr. Jackson was contacted by an individual named Perrault Jean Paul (AKA Jean Paul Perrault) who was the previous owner of the property listed on the Debtor's schedules;

  b. Mr. Paul told Mr. Jackson that he was a part of Lento Law Group;

  c. Mr. Paul wanted to hire Mr. Jackson *per diem* for this Status Conference;

  d. Mr. Paul asked Mr. Jackson to make false representations to this Court;

  e. Mr. Paul created and sent emails from the lentogroupfile@gmail.com email address and represented that the emails came from the Lento Law Group;

      f. Mr. Paul used Lento Law Group's credentials to file documents on the docket.

These facts are also memorialized in the Certification of Samuel D. Jackson, Esq. (the "Jackson Cert.," ECF No. 28).

8. On August 12, 2021, Mr. Jackson was offered and accepted a job with the Applicant as an associate. Jackson Cert. at 3.

9. On August 12, 2021, Debtor filed the Retention Application seeking to employ the Applicant. ECF No. 25.

10. No certification or proposed order is attached to the Application.

11. The Retention Application describes compensation as follows: "Flat Pay of $2,100.00 paid upfront." ECF No. 25 at 2.

12. On August 16, 2021, Applicant filed a Cross-Motion of Lento Law Group, P.C. to Withdraw as Counsel, Pursuant to Rule 1.16 (the "Withdrawal Motion"). ECF No. 31.

## OBJECTION

### I. Retention Application Does Not Comply with D.N.J. BLR 2014-1

13. Local Rule 2014-1 requires an applicant to file Local Forms *Application for Retention of Professional*, *Certification of Professional in Support of Application for Retention of Professional*, and *Order Authorizing Retention*. D.N.J. LBR 2014-1. The Retention Application fails to comply with District of New Jersey Local Bankruptcy Rule 2014-1 (Employment of Professional Persons) as it did not include a Certification of Professional in Support of Application for Retention of Professional or an Order Authorizing Retention.

### II. Applicant May Not Be Competent to Represent the Debtor.

14. Pursuant to 11 U.S.C. § 327(a) "the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional

persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

15. As explained by the Third Circuit, in discussing 11 U.S.C. §327(a), "the requirement of prior court approval of employment 'was designed to eliminate the abuses and detrimental practices that had been found to prevail,' such as 'cronyism,' and 'attorney control of bankruptcy cases.'" *In re First Merchants Acceptance Corporation,* 198 F.3d 394, 400 (3d Cir. 1999), citing *In Matter of Arkansas Co., Inc.,* 798 F.2d 645, 649 (3d Cir. 1996). The Third Circuit further explained that the "prior approval requirement ensures 'that the court may know the type of individual who is engaged in the proceeding, their integrity, their experience in connection with work of this type, as well as their competency concerning the same.'" *Id.* citing, *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d 203, 205 (3d Cir.) (in banc), *cert denied,* 396 U.S. 823, 90 S.CT. 66, 76, 24 L.Ed.2d 74 (1969).

16. In a Chapter 11 case, it is fundamental that a debtor in possession or a trustee is obligated to act not in his or her own best interest, but rather in the best interest of the entire estate, including the creditors and owners of the debtor estate. *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 355, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985); *In re Continental Air Lines, Inc.,* 780 F.2d 1223, 1226 (5th Cir.1986); *In re Morningstar Marketplace, Ltd.* 544 B.R. 297, 303 (Bankr. M.D. Pa. 2016). Indeed, the attorney for the trustee or debtor in possession is also a fiduciary for the estate. *In re Bohack Corp.,* 607 F.2d 258, 264 (2d Cir.1979); *In re N. John Cunzolo Associates, Inc.,* 423 B.R. 735, (Bankr. W.D. Pa. 2010). In determining whether to grant or deny approval of the attorney selected by the trustee or debtor in possession pursuant to Section 327(a), the Court must consider whether the selection is in the best interest of the estate, *In re Arlan's Department Stores, Inc.,* 615 F.2d 925, 932 (2d

5

Cir.1979); *In re eToys, Inc.,* 331 B.R. 176, 189 (Bankr. D. Del 2005); *In re Leslie Fay Cos,* 175 B.R. 25, 533 (Bankr. S.D.N.Y. 1994), and whether the appointment will aid in the administration of the proceeding. *In re Slack,* 73 B.R. 382 (Bankr.W.D.Mo.1987).

17. In a Chapter 11 case, an attorney can provide competent representation to the estate only if the attorney is thoroughly familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. *In re Vettori,* 217 B.R. 242, 245 (Bankr.N.D.Ill.1998) (quoting *In re Doors and More, Inc.,* 126 B.R. 43, 45 (Bankr.E.D.Mich.1991)). Bankruptcy, and especially Chapter 11 bankruptcy, is a highly specialized area of law. *Id.* An attorney for a debtor in possession must have knowledge of bankruptcy law in order to achieve a successful result. *Id.* Only an attorney with knowledge of bankruptcy law can properly aid in the administration of the case. *Id. see also In re Wiley Brown & Assoc., LLC,* No. 06–50886, 2006 WL 2390290, at *8, 2006 Bankr.LEXIS 1975, at *22 (Bankr.M.D.N.C. Aug. 14, 2006) (denying approval of employment application because attorney had not "demonstrated an extensive knowledge of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court" in addition to having a conflict of interest); *In re Ricasata,* Nos. 10–44101T, 10–45356T, 2010 WL 2816330, at *2, Bankr.LEXIS 2389, at *5 (Bankr.N.D.Cal. July 16, 2010) (stating that "the Court has a duty to deny approval of the employment of counsel by chapter 11 debtors-in-possession on grounds of incompetence, among other things").

18. In this case, Applicant has failed to ensure the accuracy of the Schedules, has failed make the required disclosures under Rules 2014 and 2016, has failed to respond to the UST's request to docket a notice regarding the call-in information for the original § 341 meeting date, and has failed to supply this office with proof of insurance in a timely manner. Applicant has even failed the simple box-checking task of filing an unambiguous petition declaring

whether this Debtor is proceeding as an SARE, small business, or under subchapter V. Applicant has shown an unfamiliarity with the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

19. The integrity of the docket and the Debtor's filings is in doubt. According to the Withdrawal Motion, Applicant represents that Mr. Paul used Applicant's Pacer/ECF credentials to file ECF Nos. 10, 15, 16, 19, 20, 21, 24, and 25. ECF No. 31 at pg. 10 of 15. Document 25 is the Retention Application. Applicant also represented that Mr. Paul altered information on the Petition before it was filed. *Id.* at pg. 6 of 15. Questions as to the Pacer/ECF credentials remain. How did Mr. Paul obtain access to these credentials? How did Applicant allow someone outside the firm to obtain access to them? How was Mr. Paul able to file documents after Applicant learned these credentials were compromised?

20. It is not credible that "Flat Pay of $2,100.00 paid upfront" is sufficient compensation to represent a chapter 11 debtor through confirmation. A plain reading of the phrase "flat pay" indicates that filing fees and expenses will not be separately billed. The filing fee for the petition alone would use up a significant portion of this amount. Once again, this points to Applicant's unfamiliarity with the entire bankruptcy process.

21. The UST must assume that the Applicant to this Retention Application is Lento Law Group, because that is what the docket reflects, and because there is no dispute that Lento Law Group is the attorney of record for this Debtor. However, to the extent that the Court determines that the Applicant is, in fact, Mr. Paul, that does not change any of the troubling facts of this case nor does it change the UST's analysis.

### III. Applicant Failed to Comply with 11 U.S.C. § 329(a) of the Bankruptcy Code

22.    Section 329(a) requires a debtor's attorney to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a). Bankruptcy Rule 2016(b) echoes this requirement, and requires such statement be filed within 14 days of the petition date. Rule 2016(b) further requires an attorney to file a supplemental statement "within 14 days after any payment or agreement not previously disclosed."

23.    If Applicant is to be employed, they must comply with section 329(a) and Bankruptcy Rule 2016(b). Applicant failed to disclose the retainer they received, if any, and any other fees they received in connection with his representation of the Debtor.

### IV. Applicant Failed to Satisfy the Requisite Disclosure Requirements

24.    Pursuant to Federal Rule of Bankruptcy Procedure 2014, an application to employ an estate professional must:

> [S]tate the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FRBP 2014(a).

25.    Courts construe the disclosure requirements of Bankruptcy Rule 2014 "strictly." *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881

(9th Cir. 1995). "Full, complete, and timely disclosure by an attorney proposing to represent a debtor "goes to the heart of the integrity of the bankruptcy system." *In re etoys, Inc.* 331 B.R. 176, 187-189 (Bankr. D. Del. 2005). A court cannot effectively determine an attorneys' eligibility for employment pursuant to section 327 or root out impermissible conflicts of interest without proper disclosure on the part of an applicant. *Id.* The disclosure rules are not discretionary. *In re Moten Metal Tech, Inc.* 289 B.R. 505, 5111 (Bankr. D.Mass. 2003).

26. Applicant has failed to certify to their compensation arrangement, any retainer received, and whether they have any connections to the Debtor, creditors or any other parties in interest in violation of section 327(a). Applicant also failed to file a Rule 2016(b) statement.

27. Applicant must comply with Section 327(a) and Rule 2014 before the Court can consider the Retention Application. Applicant must certify that they have no interest adverse to the Debtor and that they are disinterested as defined in the Bankruptcy Code. In this case, Applicant should also disclose his experience in representing chapter 11 debtors, given the issues that have arisen in the case thus far.

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests that this Court deny the Retention Application and grant such other and further relief as is deemed just and equitable.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGION 3 and 9

By: /s/ David Gerardi
      David Gerardi
      Trial Attorney

Dated: August 18, 2021