IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

    Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

### DECLARATION OF CARLINE BOLIVAR, CREDITOR AND PRINCIPAL OF SUPPORTIVE HEALTH LLC

I, Carline Bolivar, of full age, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am the sole-member and principal of Supportive Health LLC ("Supportive Health"), a New Jersey LLC, and I have full knowledge of the facts set forth herein.

    2.    I am also a creditor of Supportive Health LLC as I have invested $366,000 cash of seed capital into the company as exhibited in Supportive Health's Operating Agreement (see Exhibit A).

    3.    I am submitting this motion *pro se* in the capacity of a creditor and as principal of Supportive Health.

    4.    I have been unable to retain counsel to represent Supportive Health LLC.

    5.    I have called *every* bankruptcy attorney in the state of New Jersey as listed in Google. Of those that I have called, only about ten of them do Chapter 11 bankruptcies and Chapter 7 business bankruptcies.

    6.    I have also reached out to the New Jersey State Bar Association for attorney referral assistance and contacted every attorney to whom a referral was made.

7. All of the attorneys have declined to take the case. Some have cited the "case history" as a factor.

8. The Chapter 7 liquidation bankruptcy is moving at an aggressive pace and I fear that it may be too late for me to interject in the process when or if I ever find a NJ bankruptcy attorney who is willing to take the case.

9. Given what is at stake -- my livelihood and most of my life's work -- I beg the court to consider this motion.

10. On June 18, 2021, the Lento Law Group was retained to file a voluntary Chapter 11 bankruptcy on behalf of Supportive Health LLC (the "Debtor").

11. The Lento Law Group was retained at the advice of Perrault Jean-Paul.

12. Perrault Jean-Paul is an individual from whom Supportive Health LLC acquired properties through business dealings.

13. Unbeknownst to Supportive Health LLC at the time of acquiring Mr. Jean-Paul's properties, the properties had municipal liens from fines for building violations and fees owed by Mr. Jean-Paul for razing his properties in Milwaukee, Wisconsin.

14. It is because Supportive Health LLC *unknowingly* acquired these liens from Mr. Perrault Jean-Paul that Supportive Health has now been thrown into this sea of litigation.

15. As Mr. Jean-Paul is responsible for Supportive Health's legal troubles and due to my health condition, I have allowed Mr. Jean-Paul to assist in finding and interfacing with legal counsel to help Supportive Health.

16. The Lento Law Group filed the Chapter 11 petition in this case (case number 21-15113-VFP) on June 22, 2021.

17. A number of documents were provided to Mr. Jean-Paul that were then forwarded to the Lento Law Group to file the petition.

3 | Page

18. I was not privy to the filings and was not aware of any deficiencies in the filings.

19. On August 22, to my surprise, I received notice that the Lento Law Group was withdrawing from the case.

20. I reached out to the Lento Group to understand what was going on but was advised that they could not speak to me and that I had to review the filings.

21. I was further informed that there would be a hearing, but was not given any details on how to attend this hearing.

22. Further, as I had communicated with the Lento Group, I have severe Inflammatory Bowel Disease and am severely impaired. Most of the time I cannot get out of bed due to weakness and I have to get an IV multiple times a week so I do not get dehydrated and go into shock.

23. The Lento Group was hired to deal with the stress of Bankruptcy Chapter 11 so I can reorganize the debt of my company and reduce stress. Instead, my stress has been increased 100 fold and am now in danger of having my sole source of income liquidated!

24. First, the information reported on the Chapter 11 Bankruptcy filing is not accurate. Assets were omitted from the filing. There is also non-existent debt (i.e. from the law firm of Schmidlkofer, Toth, Loeb & Drosen, LLC) and a very large exaggeration of the debt owed to the City of Milwaukee.

25. Second, the Lento Group was incompetent in handling my bankruptcy case. It failed to meet deadlines and filed a very inaccurate petition that neither reflects the correct assets of Supportive Health LLC nor the actual debt of Supportive Health LLC. The incompetence of Supportive Health's attorney has directly led to a Chapter 7 based on greatly inaccurate data that has been taken by the court as fact.

26. Third, the Lento Law Group took no action to defend Supportive Health LLC against the motion to convert the case to a Chapter 7 bankruptcy. Instead, it was given permission to withdraw and leave Supportive Health LLC stranded without counsel.

27. Despite Supportive Health LLC being left without counsel, the Chapter 7 bankruptcy has proceeded at an alarming rate to the point where Supportive Health's two properties are being listed for sale.

28. Fourth, Supportive Health LLC and its principal, me, are being denied Due Process of Law. Supportive Health has not been given an opportunity to retain new counsel and a number of key motions are being decided without providing Supportive Health with an opportunity to be heard.

29. Fifth, the Lento Group asserts in its motion to withdraw that *it never filed the Chapter 11 Petition* (see ECF Doc #31). The Lento Law Group incredibly claims that it was Mr. Jean-Paul who filed the Chapter 11 petition. Based on that assertion, the Lento Law Group was given permission to withdraw from the bankruptcy case and leave Supportive Health stranded in the bankruptcy process.

30. Based on the assertion of the Lento Law Group the case should be dismissed as a matter of law. Based on the assertion, Supportive Health's Chapter 11 filing was not done by an attorney and the petition, thus, cannot be attached to Supportive Health.

31. Due to my health issues, I did not have a chance to review or sign the petition prior to its filing and was not aware of its contents.

32. Supportive Health LLC has the ability to repay its actual debt in full right now. The information that the court relied on to proceed under Chapter 7 is completely flawed. The petition does not fully lists the assets of Supportive Health and Supportive Health absolutely has

enough liquid assets to pay back its debt --- a debt that is far lower than what is reported in the bankruptcy filing.

33. The properties owned by Supportive Health are both fully insured (see Exhibit B) and well maintained. There is absolutely no danger of loss.

34. The defective and unauthorized Chapter 11 petition should be the basis of the dismissal of the Chapter 7 bankruptcy case. Supportive Health should be given an opportunity file a new Chapter 11 bankruptcy with competent legal representation.

35. The current Chapter 7 proceedings, as further validated by the U.S. Trustee, is based on a flawed petition that excludes assets, provides an incorrect account of debt owed, includes a non-existent creditor, and far exaggerates the debt owed. To continue the case under Chapter 7 would be a clear abuse of the Bankruptcy Code. A chapter 7 bankruptcy should be based on correct financial information. The Chapter 11 petition does not provide accurate information and cannot be used to justify a liquidation.

36. The Chapter 7 proceedings cannot continue with information from the Lento Law Group that it did not file the Chapter 11 petition and information from Supportive Health that the petition is unauthorized and that information reported in the petition is completely inaccurate.

37. To continue the accelerated procedure of liquidating Supportive Health's property -- property that is relied upon by me, a chronically ill woman whose sole source of income is the property owned by Supportive Health -- without legal representation of Supportive Health and with the knowledge that a flawed and inaccurate petition was filed without legal representation would be a clear violation of Due Process of Law and a travesty of the legal system.

I declare under penalty of perjury that the forgoing is true and correct.

/s/ *Carline Bolivar*
Carline Bolivar
Sole-Member, Supportive Health LLC

DATED: October 28, 2021