IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

    Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CARLINE BOLIVAR FOR AN ORDER DISMISSING CASE

### The Filing of the Chapter 11 was Unauthorized and was not done with Attorney Representation

The Chapter 11 Bankruptcy filing in this smatter was *unauthorized*. I provided a very small set of documents to the Lento Law Group ("Lento") via Perrault Jean-Paul. As I was quite ill in July and August, I simply did not have the energy to search my many boxes of paper records to provide all of the records that Lento requested. I was advised to provide what I could find and that the schedules could be updated in the future to reflect any additional information. I never reviewed the Chapter 11 petition and I did not sign the Chapter 11 petition. The information in the filing is wrong and is not an accurate picture of Supportive Health LLC. I would not have consented to the filing of the incomplete and inaccurate information.

Further, Lento in its motion to withdraw (ECF #31) makes incredible claims that alone warrant the dismissal of the bankruptcy. Mr. Joseph Lento claims that he never completed nor filed any of the documents in this case and that all of the filings were done by Mr. Perrault Jean-

1 | P a g e

Paul, a non-attorney! Mr. Lento further claims he never reviewed the bankruptcy petition and that the petition was filed without his knowledge!

In essence, a bankruptcy petition was completed and filed for Supportive Health without the authorization or knowledge of Supportive Health's attorney. A bankruptcy petition was filed for Supportive Health by an unauthorized party who is not an attorney. I, the principal of Supportive Health, did not have a chance to review or sign it.

The case must be dismissed as a matter of law.

### Due Process of Law Mandates the Dismissal of the Bankruptcy

The Fifth Amendment right to Due Process of Law mandates that "No person shall.... be deprived of life, liberty, or property, without due process of law". Due process of law requires an opportunity to be heard. In the present case, Supportive Health and I stand to lose property without due process of law.

The first violation of the Due Process of law is the filing of an inaccurate and unauthorized bankruptcy petition for Supportive Health without the representation of counsel. Second, the attorney of record for Supportive Health, the Lento Law Group, was allowed to withdraw at the critical juncture where Supportive Health needed to defend itself against a motion to convert to a Chapter 7 bankruptcy. As a result, no opposition was filed for Supportive Health against the U.S. Trustee's motion to shorten time or to convert to a Chapter 7 bankruptcy.

Further, the case has been allowed to continue at an accelerated pace despite Supportive Health not having any counsel, and no opportunity has been provided to Supportive Health (i.e. a stay) to allow Supportive Health to retain new counsel.

Because of the significant violations of Due Process of Law, the bankruptcy should be dismissed.

### The Chapter 11 Filing is Defective and Replete with Errors

The unauthorized Chapter 11 petition that was filed for Supportive Health LLC is defective and replete with errors. It is defective because I did not have a chance to review this petition nor did I sign it.

Second the assets reported on the Chapter 11 filing is not accurate. Supportive Health LLC is the owner of record of properties in Milwaukee County, Wisconsin that were not listed in the bankruptcy filing. The U.S. Trustee has confirmed this finding in their motion to dismiss or convert (ECF #22).

Third, the alleged debt owed by Supportive Health is far exaggerated. Schmidlkofer, Toth, Loeb & Drosen, LLC is not a creditor of Supportive Health. The reporting of Schmidlkofer, Toth, Loeb & Drosen, LLC as a creditor is incorrect.

Fourth, the amount of debt owed to the City of Milwaukee is greatly exaggerated. Most of the debt allegedly owed to the City of Milwaukee is still being disputed in the state courts and is not ripe for a bankruptcy action.

For these reasons, the bankruptcy filing should be dismissed.

### Properties for which Supportive Health is the owner of record are ensured and do not pose a risk to creditors

The properties owed by Supportive Health are well maintained and ensured. They are in no danger and do not pose a potential loss to creditors. The U.S. Trustee, in their motion, used the lack of filing of the dwelling insurance policies of the properties as cause to shorten time. That

cause did not exist. The documents were not filed because Supportive Health did not have competent counsel -- in fact, based on the certification of Joseph Lento, Supportive Health did not have ANY counsel. The insurance policies are attached as Exhibit B.

### Chapter 7 Bankruptcy is not appropriate for Supportive Health LLC.

Chapter 7 bankruptcy is not appropriate for Supportive Health LLC. The debt owed by Supportive Health LLC is substantially lower than the amount stated in the Chapter 11 filing. Supportive Health LLC has more assets than what is stated in the Chapter 11 filing. Contrary to the information provided in the filing, Supportive Health LLC has cash flow to repay its debt without the need for a liquidation.

WHEREFORE, for the foregoing reasons, Carline Bolivar, sole-member and owner of Supportive Health LLC respectfully requests that this Court enter an order dismissing the Chapter 7 Bankruptcy without prejudice to renew as a Chapter 11 bankruptcy with competent counsel.

/s/ Carline Bolivar
Carline Bolivar
Sole-Member and Principal, Supportive Health LLC

DATED: October 28, 2021