| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N. J. LBR 9004-2 (c)**<br><br>**BECKER LLC**<br>354 Eisenhower Parkway<br>Plaza Two, Suite 1500<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>Attorney for Chapter 7 Trustee, Eric R. Perkins<br>Justin S. Baumgartner, Esq.<br>Email: jbaumgartner@becker.legal | |
| In re:<br><br>Supportive Health LLC,<br><br>                            Debtor. | Case No. 21-15113-VFP<br><br>Chapter 7<br><br>Judge: Hon. Vincent F. Papalia<br><br>Hearing Date:    November 30, 2021<br>                                 at 10:00 a.m. |

**VERIFIED APPLICATION IN SUPPORT OF TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 541(a), 542(a) AND 704(a)(1) AND (a)(4) DEEMING TENANTS' RENTS PROPERTY OF THE BANKRUPTCY ESTATE, COMPELLING THE TURNOVER OF ALL RENTS HELD BY TENANTS AND PERRAULT JEAN PAUL TO THE CHAPTER 7 TRUSTEE AND FOR OTHER RELATED RELIEF**

Eric R. Perkins, Chapter 7 Trustee (the "Trustee") for the debtor herein, Supportive Health LLC (the "Debtor"), by and through his undersigned counsel, Becker LLC, as and for his verified application in support of the entry of an Order pursuant to 11 U.S.C. §§ 105(a), 541(a), 542(a) and 704(a)(1) and (a)(4) Deeming Tenants' Rents Property of the Bankruptcy Estate, Compelling the Turnover of All Rents Held by

Tenants and Perrault Jean Paul to the Chapter 7 Trustee and for other related relief (the "Motion"), respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a), 541(a), 542(a), 704(a)(1) and (a)(4) as well as Rules 6009 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PROCEDURAL HISTORY

4. On June 22, 2021 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") (ECF No. 1).

5. On August 11, 2021, the Office of the United States Trustee (the "UST") filed a Motion to Convert the Debtor's Case to Chapter 7 based on, among other things, non-debtor party Perrault Jean Paul, filing unauthorized and potentially fraudulent pleadings on behalf on the Debtor, thereby compromising the integrity of the Court's docket (ECF Nos. 22, 27).

6. On August 19, 2021, the Court entered an Order granting the UST's Motion to convert the Debtor's case to Chapter 7 (ECF No. 34).

7.    Thereafter, on August 19, 2021, the UST appointed the Trustee to administer Debtor's Estate pursuant to Bankruptcy Code § 701 (ECF No. 35).

## FACTUAL BACKGROUND

8.    On its bankruptcy petition, the Debtor lists the nature of its business as a "single property LLC" (ECF No. 1 at p. 6 of 13).

9.    Among the assets listed on the Debtor's Schedule A/B is a 100% interest in real property located at 2229 E. Eden Place, St. Francis, Wisconsin (the "Eden Place Property") (ECF No. 10 at p. 7 of 38).

10.    The Eden Place Property is the only real property listed on the Debtor's Schedule A/B.

11.    As stated in the Certification of Francyne D. Arendas, Bankruptcy Auditor, in support of the UST's Motion to Convert the Debtor's case to Chapter 7, a public records search of the Eden Place Property shows that the property was purchased on December 7, 2012 by Perrault Jean Paul and on February 17, 2016, Perrault Jean Paul transferred the Eden Place Property via quitclaim deed to the Debtor (ECF No. 22-1 at ¶ 15). This quitclaim deed is attached hereto as **Exhibit A**.

12.    Public records also provide that the Debtor holds title to a property located at 3269 S. New York Ave, Milwaukee, WI (the "New York Ave. Property"). These records reflect that Perrault Jean Paul purchased the New York Ave. Property on September 19, 2003 and then transferred the property via quitclaim deed to the Debtor on February 17, 2016.

13.     On October 13, 2021, the Trustee conducted site visits at both the Eden Place and New York Ave. Properties.

14.     During these visits, the Trustee discovered that the Eden Place Property is currently being rented and occupied by tenants Patrick Newbury and Jennifer Newbury (collectively the "Tenants") pursuant to a 12-month residential lease, which commenced on March 1, 2021 and expires on February 28, 2022 (the "Lease Agreement"). The Lease Agreement is attached hereto as **Exhibit B**.

15.      Notably, the Lease Agreement was entered into between Perrault Jean Paul, as lessor, and the Tenants, as lessee, on February 18, 2021. Accordingly, at the time that Perrault Jean Paul entered into the Lease Agreement, he was not the legal owner of the Eden Place Property since he transferred his interest in the property to the Debtor on February 17, 2016 via quitclaim deed.

16.     As such, Perrault Jean Paul has absolutely no interest in the Tenants' rents, the Lease Agreement is void *ab initio*, and all rents derived from the Tenants' use of the Eden Place Property constitute property of the Estate pursuant to Bankruptcy Code § 541(a).

17.     On October 29, 2021, the Trustee sent notice to Mr. Newbury advising him that as the Chapter 7 Trustee of the Debtor's bankruptcy Estate all rents should be remitted to him and not Perrault Jean Paul.

18.     In response to this notice, Mr. Newbury advised that he was willing send all future rents to the Trustee, but requested an Order from this Court authorizing the Trustee to

collect such rents in order to protect himself and Ms. Newbury from Perrault Jean Paul filing an eviction action against them in Wisconsin for the non-payment of rents.

19.    Moreover, the Trustee and the Tenants have come to an understanding, whereby the Trustee will allow them to remain in the Eden Place Property until February 28, 2022 via a use and occupancy agreement in exchange for the Tenants' cooperation in allowing showings of the property once the Trustee lists it for sale.

20.    The Trustee has further agreed that he will not close on any potential sale until after February 28, 2022, unless a potential purchaser has agreed to purchase the property subject to the Tenants' use and occupancy up to February 28, 2022.

21.    Based on the above understanding, the Trustee requests authorization from the Court to enter into a short-term use and occupancy agreement with the Tenants that will expire on February 28, 2022.

### THE TENANTS AND PERRAULT JEAN PAUL SHOULD BE COMPELLED TO TURNOVER RENT PAYMENTS TO THE TRUSTEE

22.    Section 541(a) provides that "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case" are included as property of the estate. 11 U.S.C. § 541(a)(1). Property becomes property of the estate regardless of location or by whom it is held. *In re Whittick*, 547 B.R. 628, 634 (Bankr. D.N.J. 2016).

23.    Section 541(a)(6) further provides that property of the estate also includes the "[p]roceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case." 11 U.S.C. § 541(a)(6).

5

24.     Under § 704, a trustee has a duty to "collect and reduce to money the property of the estate" and to "investigate the financial affairs of the debtor."  11 U.S.C. § 704(a)(1) and (4).

25.     In furtherance of the Trustee's duty to collect funds of a debtor, § 542(a) in turn requires all persons to turnover to the trustee property of the estate:

> Except as provided in subsection (c) or (d) of this section, <u>an entity … shall deliver to the trustee, and account for, such property or the value of such property</u>, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a) (emphasis added).

26.     In this case, the Trustee seeks an Order compelling the Tenants to turnover all rents to the Trustee for as long as they remain in the Eden Place Property under § 542(a) as such rents constitute property of the Estate as provided by § 541(a)(6).

27.     Moreover, the Trustee is also seeking under § 542(a) to compel Perrault Jean Paul to turnover all previously collected rents since the Petition Date of June 22, 2021 and to provide an accounting of all rents he has collected since the Petition Date.

28.     Finally, by virtue of both the Eden Place Property and the rents resulting therefrom being property of the Estate, the Trustee seeks entry of an Order stating that only the Trustee has to the power to evict the Tenants during the pendency of this bankruptcy proceeding.

**WHEREFORE** the Trustee respectfully requests the entry of an Order, pursuant to 11 U.S.C. §§ 105(a), 541(a), 542(a) and 704(a)(1) and (a)(4), deeming the Tenants' rents property of the bankruptcy Estate, compelling the Tenants and Perrault Jean Paul to

turnover all past and future rents as of the Petition Date to the Trustee, directing that only the Trustee may evict the Tenants during the pendency of this Chapter 7 bankruptcy proceeding, and authorizing the Trustee and the Tenants to enter into a use and occupancy agreement to allow the Tenants to remain in the Eden Place Property until February 28, 2022.

                                          **BECKER LLC**
                                          Attorneys for Trustee

                                          By: /s/ Justin S. Baumgartner
                                                Justin S. Baumgartner, Esq.

Dated: November 9, 2021

## VERIFICATION

I have read the foregoing Application and certify that the contents thereof are true to the best of my knowledge, information and belief.

Executed on November 9, 2021

                                          /s/ Eric R. Perkins
                                          ERIC R. PERKINS