IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

    Debtor.

**Case No.: 21-15113-VFP**

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

## DECLARATION OF CARLINE BOLIVAR, CREDITOR TO AND PRINCIPAL OF SUPPORTIVE HEALTH LLC IN SUPPORT OF CROSS-MOTION

I, Carline Bolivar, of full age, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am the principal of Supportive Health LLC ("Supportive Health"), a New Jersey LLC, and I have full knowledge of the facts set forth herein.

2. I am also a creditor of Supportive Health LLC as I have invested $366,000 cash of seed capital into the company as exhibited in Supportive Health's Operating Agreement (see Exhibit A of the Motion to Dismiss, ECF #53).

3. I am submitting this motion *pro se* in the capacity of a creditor and as principal of Supportive Health.

4. On August 11, 2021, the U.S. Trustee filed an application to shorten time in the instant matter for "The Debtor has failed to provide proof of insurance. ".

5. At the time the motion was filed, the law firm of Lento Law Group was the attorney of record for Supportive Health LLC.

6. The Lento Law Group failed to take any action to oppose the motion to shorten time.

7. In fact, the Lento Law group cross moved to withdraw from the case and the withdrawal on the basis that it did not represent Supportive Health LLC, did not file the petition and that all filings and communications had been done with stolen credentials.

8. The Lento Group was granted permission to withdraw from the case based on its motion and Supportive Health was left without counsel to represent it.

9. Further, the court did not adjourn the return dates of the trustees motion despite the withdrawal of the Lento Law Group and rendered unopposed decisions against Supportive Health at the same time it allowed Supportive Health's attorney of record to withdraw.

10. The properties, 2229 E Eden Pl, St. Francis, WI and 3269 S New York Ave, Milwaukee, WI have been insured for many years, were insured when the bankruptcy was filed and continue to be insured (please see Exhibit B of the motion to Dismiss – ECF #53).

11. With this proof, Carline Bolivar now asks the court to vacate the order to shorten time as Supportive Health was not given an opportunity to present evidence of insurance.

12. Further, Carline Bolivar asks the court to stay proceedings until the adjudication of the motion to dismiss.

13. Despite the filing of the motion to dismiss, the trustee continued to file motions with return dates prior to the return date of the motion to dismiss.

14. These motions are disruptive as the motion to dismiss is a dispositive motion that can terminate all proceedings in this matter.

15. The motion to dismiss should dismiss the case on several bases, including:

   a. The debtor, Supportive Health LLC, was not represented by an attorney and an attorney did not file the bankruptcy petition. As such the petition can not be attached to Supportive Health LLC.

    b. The sole officer of the company did not authorize the filing of the bankruptcy petition and did not sign it. As such, the bankruptcy filing is not valid and not be legally bound.

    c. The bankruptcy petition is laden with errors and is not a sound basis to proceed with bankruptcy proceedings.

    d. The company has assets that were not represented in the petition and has sufficient cash flow to repay its debt without the need to liquidate.

    e. The bulk of the debt in question is not final for bankruptcy as it is still being litigated in state courts and is not ripe for bankruptcy.

16. In light of the motion to dismiss, Carline Bolivar moves the court for a stay of proceedings pending adjudication of the motion to dismiss.

I declare under penalty of perjury that the forgoing is true and correct.

_____
Carline Bolivar

DATED: November 10, 2021