UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N. J. LBR 9004-2 (c)**

**BECKER LLC**
354 Eisenhower Parkway
Plaza Two, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100
Attorney for Chapter 7 Trustee, Eric R. Perkins
Justin S. Baumgartner, Esq.
Email: jbaumgartner@becker.legal

| | |
|---|---|
| In re:<br><br>Supportive Health LLC,<br><br>Debtor. | Case No. 21-15113-VFP<br><br>Chapter 7<br><br>Judge: Hon. Vincent F. Papalia<br><br>Hearing Date:    December 7, 2021<br>at 10:00 a.m. |

## CHAPTER 7 TRUSTEE'S OBJECTION TO THE DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE WITHOUT PREJUDICE

Eric R. Perkins, Chapter 7 Trustee (the "Trustee") for the debtor herein, Supportive Health LLC (the "Debtor"), by and through his undersigned counsel, Becker LLC, hereby objects to the Debtor's Motion to Dismiss its Chapter 7 Case (the "Motion to Dismiss") and states as follows:

## PROCEDURAL HISTORY

1. On June 22, 2021 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") (ECF No. 1).

2.      Upon information and belief, the purpose of this Chapter 11 filing was solely to hinder the collection efforts of the Debtor's creditors, while maintaining control of all property within the bankruptcy estate as a debtor-in-possession. This is evidenced by the fact that the Debtor filed schedules and statements containing extremely limited information concerning its assets and liabilities. *See* Debtor's Petition and Schedules, ECF Nos. 1, 10, 16.

3.      During the pendency of the Debtor's Chapter 11 case, non-debtor third party Perrault Jean Paul fraudulently represented that he was a member of the Debtor's former counsel's law firm, Lento Law Group. Mr. Paul engaged in this activity in order to obtain electronic filing credentials from this Court and file unauthorized pleadings and documents on behalf on the Debtor. *See* UST's Motion to Convert Case to Chapter 7, ECF No. 27 at ¶ 8.

4.      Based on this conduct and the fact that the integrity of the Court's docket had been compromised, on August 11, 2021, the Office of the United States Trustee (the "UST") filed a Motion to Convert the Debtor's Case to Chapter 7 in order to appoint a Chapter 7 trustee to safeguard the assets of the bankruptcy estate and conduct an investigation into the Debtor's financial affairs (ECF Nos. 22, 27).[1]

5.      On August 19, 2021, the Court entered an Order granting the UST's Motion to convert the Debtor's case to Chapter 7 (ECF No. 34).

---

[1] It is notable and suspect that the return address on the envelope containing the Debtor's Motion to Dismiss sent to the Clerk's Office for filing lists Perrault Jean Paul's name and address and makes no mention of Ms. Bolivar, the Debtor's principal. *See* ECF No. 53-7.

6.     Also on August 19, 2021, the Court granted Lento Law Group's Motion to withdraw as Debtor's counsel based on the above-referenced conduct of Mr. Paul.

7.     Thereafter, on August 19, 2021, the UST appointed the Trustee to administer Debtor's Estate pursuant to Bankruptcy Code § 701 (ECF No. 35).

## FACTUAL BACKGROUND

### A.     Debts Owed to the City of Milwaukee

8.     On or around March 15, 2016, the Circuit Court of Milwaukee, Wisconsin entered a civil judgment in favor of the City of Milwaukee and against Perrault Jean Paul stemming from certain charges related to razing a property within Milwaukee that was owned by Perrault Jean Paul.

9.     Shortly before this judgment, on or around February 17, 2016, Perrault Jean Paul transferred his interest in his property located at 2229 E. Eden Place, St. Francis, Wisconsin (the "Eden Place Property") to the Debtor via quitclaim deed.

10.     Upon information and belief, the impetus for this transfer was solely to protect the Eden Place Property from being foreclosed on to satisfy the City of Milwaukee's judgment against Perrault Jean Paul.

11.     On or around November 3, 2017, the City of Milwaukee filed a subsequent action in the Circuit Court of Milwaukee against Mr. Paul and the Debtor, which among other things, sought to collect on the judgment owed against both parties.

12.     The pre-petition debt owed by the Debtor to the City of Milwaukee is reflected on the Debtor's Schedule E/F in the amount of $115,000 (ECF No. 10 at p. 15 of 38).

**B.**     **The Debtor's Real Property**

13.     On its bankruptcy petition, the Debtor lists the nature of its business as a "single property LLC" (ECF No. 1 at p. 6 of 13).

14.     Among the assets listed on the Debtor's Schedule A/B is a 100% interest in the Eden Place Property (ECF No. 10 at p. 7 of 38).

15.     The Eden Place Property is the only real property listed on the Debtor's Schedule A/B.

16.     Notwithstanding, public records also provide that the Debtor holds title to a property located at 3269 S. New York Ave, Milwaukee, WI (the "New York Ave. Property"). These records reflect that Mr. Paul purchased the New York Ave. Property on September 19, 2003 and then transferred the property via quitclaim deed to the Debtor on February 17, 2016.

17.     On October 13, 2021, the Trustee conducted site visits at both the Eden Place and New York Ave. Properties.

18.     During these visits, the Trustee discovered that the Eden Place Property is currently being rented and occupied by tenants Patrick Newbury and Jennifer Newbury (collectively the "Tenants") pursuant to a 12-month residential lease, which commenced on March 1, 2021 and expires on February 28, 2022 (the "Lease Agreement").

19.     Notably, the Lease Agreement was entered into between Mr. Paul, as lessor, and the Tenants, as lessee, on February 18, 2021. Accordingly, at the time that Perrault Jean Paul entered into the Lease Agreement, he was not the legal owner of the Eden Place

Property since he transferred his interest in the property to the Debtor on February 17, 2016 via quitclaim deed.

20.     As such, Mr. Paul has absolutely no interest in the Tenants' rents, the Lease Agreement is void *ab initio*, and all rents derived from the Tenants' use of the Eden Place Property constitute property of the estate pursuant to Bankruptcy Code § 541(a).

21.     On October 29, 2021, the Trustee sent notice to Mr. Newbury advising him that as the Chapter 7 Trustee of the Debtor's bankruptcy estate all rents should be remitted to him and not Perrault Jean Paul.

22.     On November 9, 2021, the Trustee filed his Motion for the Turnover off all rents associated with the Eden Place and New York Ave. Properties. This Motion is set to be heard concurrently with the Debtor's Motion to Dismiss.

**C.    The Trustee's Attempts to Hold the Debtor's § 341 Meeting of Creditors**

23.     Despite the Debtor's case being converted to Chapter 7 on August 19, 2021 and the UST scheduling the Debtor's Chapter 7 § 341 meeting for October 18, 2021, the Debtor made no attempt to attend the meeting or contact the Trustee in any way to request an adjournment.

24.     As such, on October 27, 2021, the Trustee sent a letter to the Debtor to the attention of Carline Bolivar, the Debtor's managing member, that requested she provide the Trustee with certain documents relevant to the Debtor's bankruptcy filing and schedules as well as Ms. Bolivar's contact information for future communications.

25.    The Debtor and Ms. Bolivar to date have been completely unresponsive to the

Trustee's October 27, 2021 letter. As such, the Trustee has not been able to hold the

Debtor's § 341 meeting.

## **TRUSTEE'S OBJECTION TO THE DEBTOR'S MOTION TO DISMISS**

26.    As a preliminary matter, a debtor may seek to dismiss its case under § 707(a) of

the Bankruptcy Code "for cause." 11 U.S.C. § 707(a). Although the Bankruptcy Code

does not define "cause," bankruptcy courts determine whether cause exists by looking at

whether dismissal would be in the best interest of all parties in interest. *In re Segal*, 527

B.R. 85, 90 (Bankr. E.D.N.Y. 2015). A debtor does not have unbridled "discretion to

withdraw his case once it has been commenced." *In re Klein*, 39 B.R. 530, 532 (Bankr.

E.D.N.Y. 1984). A debtor has the burden of establishing "cause," and a finding of cause

"is committed to the sound discretion of the bankruptcy court." *In re Jong Hee Kang*, 467

B.R. 327, 335 (Bankr. D.N.J. 2012).

27.    In this case, the Debtor cities the following reasons as to why its case should be

dismissed: (1) the sole officer of the Debtor, Ms. Bolivar, did not authorize the

bankruptcy petition or sign it; (2) the bankruptcy petition allegedly contains numerous

errors; (3) the company has assets with which to pay its creditors making the liquidation

of the Debtor's real properties unnecessary; (4) the debts in question are allegedly not

final and therefore a bankruptcy filing is premature; and (5) the Debtor is still not

represented by an attorney. The Trustee will address each of these issues in turn.

28.    In regard to the Debtor's contention that Ms. Bolivar did not actually authorize or

execute the petition, the Trustee believes that this statement is nothing more than an

excuse to justify the Debtor not having to go through a Chapter 7 liquidation proceeding. Indeed, in the Debtor's Motion to Dismiss, Ms. Bolivar provides very few details of the circumstances surrounding the Debtor's bankruptcy filing. Put simply, if she did not authorize the bankruptcy filing then who did.

29.    Additionally, through the Motion to Dismiss, Ms. Bolivar suggests that she authorized Mr. Paul to assist in finding legal counsel and procuring the documents needed to file the Debtor's Chapter 11 filing. *See* Motion to Dismiss at ¶ 15. As such, she clearly intended to have the Debtor file for Chapter 11, notwithstanding her admission, that she did not personally sign the Debtor's bankruptcy schedules.

30.    Next, as is often the case, a bankruptcy petition or schedules that contain errors is not "cause" to dismiss a case. Instead, it is the Debtor's duty to correct all such errors by filing an amended petition and/or schedules pursuant to § 521(a). 11 U.S.C. § 521(a); *see also In re Blount*, 624 B.R. 590, 597-98 (Bankr. D.N.J. 2020) (holding that debtors have an affirmative duty of full disclosure under § 521(a)).

31.    Third, in the event the Debtor has post-petition assets to pay off its creditors, including the City of Milwaukie, it should do so through the present Chapter 7 liquidation proceeding by engaging with the Trustee and making an offer to purchase back the Debtor's real properties, which are currently property of the bankruptcy estate. To date, neither Ms. Bolivar nor any other representative of the Debtor has even attempted to communicate with the Trustee, despite the Trustee attempting to reach out to Ms. Bolivar on multiple occasions. Thus, the Debtor and Ms. Bolivar should not be able to hide from the Trustee just because they are not in favor of a liquidation proceeding and then be

rewarded for such bad faith conduct by having the Debtor's bankruptcy petition dismissed.

32.    Fourth, one or more of the Debtor's creditors having claims that are disputed or unliquidated is also not cause to dismiss this bankruptcy proceeding. Instead, it is up to the Trustee to properly assess the validity of these claims once such proofs of claim are duly filed. As a preliminary matter however, the Trustee has no indication that the Debtor's largest creditor the City of Milwaukie has an invalid claim as at least part of its would-be claim was reduced to judgment by the Milwaukie Circuit Court.

33.    Finally, the fact that the Debtor is still not represented by an attorney despite its previous counsel formally withdrawing from this case on August 19, 2021, over three months ago, is also not cause to dismiss this case. Simply put, if Ms. Bolivar was actively engaged in retaining new counsel for the Debtor, the Debtor would have an attorney by now. Moreover, at this juncture, the Trustee should not be forestalled in administering the Debtor's estate simply because Ms. Bolivar has not taken the necessary steps to retain new counsel in furtherance of her goal of getting this Chapter 7 proceeding dismissed. Further, if the Debtor has the funds to pay off its creditors then it should certainly have the funds necessary to retain an attorney.

34.    In sum, the Debtor and by extension Ms. Bolivar should not be rewarded for their bad faith behavior in refusing to engage with the Trustee in the hope that it will delay or discontinue the liquidation of the Debtor's bankruptcy estate. *See In re Segal*, 527 B.R. at 95 (holding that a bankruptcy case should not be dismissed if the debtor has failed to

account honestly for its assets as such a failure indicates the likelihood of further questionable practices to the detriment of creditors).

35.    Indeed, the Debtor through the current bankruptcy proceeding is seeking to enjoy the benefit of having a breathing spell from its creditors with none of the attendant detriments of a bankruptcy filing such as filing accurate schedules and cooperating with the Trustee. This cannot be allowed as it is extremely prejudicial to the Debtor's creditors as well as the extensive efforts the Trustee has already undertaken to liquidate the Debtor's properties and administer the bankruptcy estate.

**WHEREFORE** the Trustee respectfully requests that the Court enter an order denying the Debtor's and Ms. Bolivar's request to dismiss this Chapter 7 case and allow the Trustee to immediately proceed with administering the Debtor's bankruptcy estate.

**BECKER LLC**
Attorneys for Trustee

By: /s/ Justin S. Baumgartner
　　　Justin S. Baumgartner, Esq.

Dated: November 30, 2021