**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

In re:

Supportive Health LLC,

    Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

## REPLY OF CREDITOR AND DEBTOR'S PRINCIPAL CARLINE BOLIVAR TO TRUSTEE ERIC PERKINS OPPOSITION TO THE MOTION TO DISMISS

Carline Bolivar, in her capacity as a creditor to the debtor, Supportive Health LLC, and further as principal of Supportive Health LLC, hereby files this reply to the trustee's objection ("Objection") to the her motion to dismiss.

The Trustee invokes a number of arguments in an attempt to validate the bankruptcy filing and maintain his control over the debtor's assets. However, despite all of his arguments, he fails to refute the fatal defects present with the bankruptcy that render the bankruptcy void *ab initio*.

1. The attorney of record of the bankruptcy, Joseph Lento, who was allowed to withdraw, advised that he never filed the petition, and did not file any of the documents of the documents filed for the debtor in this bankruptcy (ECF #31).

2. Mr. Lento advised, in his certification, that the filing was done by a non-attorney, Perrault Jean-Paul. He advises that he did not consent to the filings and only had knowledge of the Chapter 11 petition, which he did not file.

3. Mr. Lento further claims that the bankruptcy filings were fraudulent as his electronic filing information was stolen. He states in his cross motion to withdraw:

> Jean-Paul impersonated Mr. Lento to obtain a CM/ECF filing account for the New Jersey Bankruptcy Court. JacksonCert., ,i 6, Lento Cert., ,i 8. He did this without Mr. Lento' s knowledge or consent, in order to take over the case and impersonate Mr. Lento by filing documents using Mr. Lento' s account. Lento Cert., #8.

4. Based on the certification of Mr. Lento, the bankruptcy case is void *ab initio*. Supportive Health LLC's petition was not filed by an attorney. Supportive Health LLC's schedules were not filed by an attorney. Mr. Lento believed that Perrault Jean-Paul was an attorney appearing in the case *Pro Hac Vice*. Mr. Lento nor any member of his firm ever spoke to the Debtor. Mr. Lento never consulted Supportive Health or served in any capacity as an attorney for Supportive Health. Mr. Lento never filed and had no knowledge of the multitude of documents filed for Supportive Health. (ECF #31)

5. Mr. Lento, the attorney of record, based on this certification, was allowed to withdraw at a critical juncture in the case -- at the cross motion to convert the case to a Chapter 7 bankruptcy -- leaving Supportive Health LLC defenseless and clearly violating the Due Process rights of Supportive Health as Supportive Health was not given an opportunity to find new counsel or even to be heard on a motion to liquidate its assets.

6. A company must be represented by an attorney in a bankruptcy filing. In this case, pursuant to the certification of the attorney of record Joseph Lento, Supportive Health was never represented by Mr. Lento. Supportive Health was never represented by an attorney.

7.    A company must appear through its attorney or not at all. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (citing *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) ("it is settled law that a corporation cannot appear other than by its attorney")). Here, Supportive Health's petition was filed by a non-attorney and all of the schedules and supplementary documentation were filed by a non-attorney. The petition is a legal nullity.

8.    I, as the principal of Supportive Health, did not sign the petition or any of the schedules. The key certification, *Resolution to File Chapter 11, Subchapter V Reorganization*, was not signed by me. The signature on that certification is clearly not mine (compare my signature on the Opposition to the Motion to Turn Over Rent with the signature on the *Resolution to File Chapter 11, Subchapter V Reorganization*). In fact, the U.S. Trustee even notes the discrepancy in signatures in his motion to convert to Chapter 7 (see ECF#22).

9.    A bankruptcy case filed on behalf of an entity by one without authority under state law to so act for that entity is improper and must be dismissed. See, e.g., Hager v. Gibson, 108 F.3d 35, 38-39 (citing *Price v. Gurney*, 324 U.S. 100, 106, 65 S.Ct. 513, 89 L.Ed. 776 (1945)); *In re Gen-Air Plumbing & Remodeling, Inc.*, 208 B.R. 426, 430-31 (Bankr.N.D.Ill.1997); *In re Arkco Properties, Inc.*, 207 B.R. 624, 627-28 (Bankr. E.D.Ark.1997). And, in *In re Council Golf & Country Club, Inc.*, 82 I.B.C.R. 207 (Bankr.D.Idaho 1982), the Court concluded that a chapter 11 filing was without corporate authority and therefore had to be dismissed.

10.    I never reviewed the contents of the bankruptcy prior to its filing and did not authorize its filing. As a sole member, I am the only person who can authorize the filing of a bankruptcy for Supportive Health LLC. I never authorized or intended to authorize the bankruptcy filing that was filed. The fact that the signature on the "Resolution to File Chapter

11, Subchapter V Reorganization" is NOT MINE is testament to that fact. The petition Chapter 11 petition was filed by someone without corporate authority to file and therefore must be dismissed.

11. Contrary to the Trustee's statements, I called and left a voicemail for Trustee Eric Perkins on October 14, 2021 at 1 PM informing him that the bankruptcy was not filed by me and requesting his assistance to close the matter. The trustee never responded to me.

12. I never received any notice of a "341 Meeting" and was never provided with information on how to attend the Motion to Convert/Dismiss/Withdraw Hearing which, contrary to the notice of motions, <u>were not</u> held at the U.S. Federal Building at Newark.

13. Milwaukee Case No. 2020CV006391 is still pending in Milwaukee Circuit Court and has the potential to dismiss a judgment that has accrued to about $80,0000 -- more than 2/3 of the alleged debt to the City of Milwaukee. At the heart of the case is that the City of Milwaukee committed fraud by obtaining a default judgment for four times the cost it billed Mr. Jean-Paul for razing one of Mr. Jean-Paul's properties.

14. As the bulk of the debt in question is not final as it is still being litigated in state courts, it is not ripe for bankruptcy.

15. Further, to liquidate Supportive Health's assets without having given Supportive Health an opportunity to be heard through counsel would be a blatant violation of Due Process of Law.

WHEREFORE, for the foregoing reasons, Carline Bolivar, respectfully requests that this Court grant her motion to dismiss the instant bankruptcy.

_____
Carline Bolivar

DATED: December 1, 2021

4 | Page

