IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

   Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

**RECEIVED**
JEANNE A. NAUGHTON, CLERK
DEC 10 2021
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

## CARLINE BOLIVAR'S MOTION FOR RECONSIDERATION

Carline Bolivar, in her capacity as an equity stake hold of the debtor, Supportive Health LLC, and further as principal of Supportive Health LLC, hereby files this motion for reconsideration of her motion to dismiss this instant bankruptcy.

1. The court entered its decision denying my motion to dismiss the bankruptcy on December 9, 2021.

2. The court states in its decision that the motion to dismiss was based on the "grounds that the petition was not properly authorized." However, the motion to dismiss was based on several grounds that the court seems to not have considered in its decision. The most significant of those grounds is that the case was not filed by an attorney and Supportive Health is not and has never been represented by an attorney. This assertion is directly from the certification of the prior attorney of record, Joseph Lento.

**THE BANKRUPTCY IS VOID *AB INITIO* AS SUPPORTIVE HEALTH WAS NEVER REPRESENTED BY AN ATTORNEY AND THE BANKRUPTCY FILING WAS FRADULENT**

2 | Page

3. **First, in the motion to dismiss and reply papers, I argue that the bankruptcy was not filed by an attorney and that Supportive Health was not represented by an attorney at any point during the bankruptcy process.**

4. The bankruptcy case was filed fraudulently without attorney representation.

5. The attorney of record of the bankruptcy, Joseph Lento, who was allowed to withdraw, advised that he never filed the petition, and did not file any of the documents of the documents filed for the debtor in this bankruptcy (ECF #31).

6. Mr. Lento advised, in his certification, that the filing was done by a non-attorney, Perrault Jean-Paul. He advises that he did not consent to the filings and only had knowledge of the Chapter 11 petition, which he did not file.

7. Mr. Lento further claims that the bankruptcy filings were fraudulent as his electronic filing information was stolen. He states in his cross motion to withdraw:

> Jean-Paul impersonated Mr. Lento to obtain a CM/ECF filing account for the New Jersey Bankruptcy Court. JacksonCert., ¶ 6, Lento Cert., ¶ 8. He did this without Mr. Lento's knowledge or consent, in order to take over the case and impersonate Mr. Lento by filing documents using Mr. Lento's account. Lento Cert., #8.

8. Mr. Lento never filed an appearance in the case.

9. Mr. Lento claims that he did not file the Application for Retention for him to serve as the attorney for Supportive Health LLC in the bankruptcy matter.

10. The court DENIED the same Application for Retention – so no attorney was ever retained to represent Supportive Health LLC.

11. Based on the certification of Mr. Lento, the bankruptcy case is void *ab initio*. Supportive Health LLC's petition was not filed by an attorney. Supportive Health LLC's

schedules were not filed by an attorney. Mr. Lento believed that Perrault Jean-Paul was an attorney appearing in the case *pro hac vice*. He writes:

```
On or about June 19, 2021, I was contacted by an individual named
Jean-Paul Perrault, identifying himself as a New York licensed
attorney. He advised that he needed assistance in filing a
Chapter 11 Bankruptcy and asked if we would be local counsel
while he would apply for pro hac vice admission.
```

Perrault Jean-Paul is not an attorney.

12. Mr. Lento nor any member of his firm ever spoke to the Debtor. Mr. Lento never consulted Supportive Health or served in any capacity as an attorney for Supportive Health. Mr. Lento never filed and had no knowledge of the multitude of documents filed for Supportive Health. (ECF #31)

13. Mr. Lento, the attorney of record, based on this certification, was allowed to withdraw at a critical juncture in the case -- at the cross motion to convert the case to a Chapter 7 bankruptcy -- leaving Supportive Health LLC defenseless and clearly violating the Due Process rights of Supportive Health as Supportive Health was not given an opportunity to find new counsel or even to be heard on a motion to liquidate its assets.

14. **A company must be represented by an attorney in a bankruptcy filing.** In this case, pursuant to the certification of the attorney of record Joseph Lento, Supportive Health was never represented by Mr. Lento. Supportive Health was never represented by an attorney.

15. A company must appear through its attorney or not at all. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (citing *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) ("it is settled law that a corporation cannot appear other than by its attorney")). Here, Supportive Health's petition was filed by a non-

attorney and all of the schedules and supplementary documentation were filed by a non-attorney. The petition is a legal nullity.

### SUPPORTIVE HEALTH IS NOT RIPE FOR BANKRUPTCY AS THERE IS AN ACTIVE STATE CASE THAT CAN DRAMATICALLY AFFECT THE DEBT OWED BY DEBTOR IN THE INSTANT BANKRUPTCY

16. Milwaukee Case No. 2020CV006391 is still pending in Milwaukee Circuit Court and has the potential to dismiss a judgment that has accrued to about $80,0000 -- more than 2/3 of the alleged debt to the City of Milwaukee.

17. At the heart of the case is that the City of Milwaukee committed fraud by obtaining **a default judgment** for four times the cost it billed Mr. Jean-Paul for razing one of Mr. Jean-Paul's properties. The default judgment is exhibited as Exhibit A. The complaint for the default judgment is attached as Exhibit B. In the complaint it is clear that the city is charging $61,015.29 for razing 3409 W Vine St, Milwaukee, WI. The bill for the razing of 3409 W Vine St, Milwaukee, WI, dated January 16, 2015, attached as Exhibit C. The City of Milwaukee is charging $15,115.00 in the bill but obtained a default judgment for $61,015.29.

18. The City of Milwaukee has denied this fraud and have incorrectly claimed that this fraud was raised and adjudicated in a prior state hearing. That claim is patently false and the Milwaukee Circuit Court must be allowed to adjudicate the law suit against the City of Milwaukee that collaterally attacks this judgment.

19. As the bulk of the debt in question is not final as it is still being litigated in state courts, it is not ripe for bankruptcy.

### THE BANKRUPTCY COURT HAS BEEN TURNED INTO A STAGING GROUND FOR TWO PARTIES: THE CITY OF MILWAUKEE AND SUPPORTIVE HEALTH LLC.

## THE CASE IS NOT PROPERLY IN THE BANKRUPTCY COURT AND ITS

## CONTINUANCE IN THE COURT IS AN ABUSE OF THE BANKRUPTCY CODE

20. The instant bankruptcy case has been converted to an involuntary Chapter 7 Bankruptcy in clear violation of Due Process of Law.

21. There is only one creditor in the case, the City of Milwaukee. The other creditor listed on the schedules, Schmidlkofer, Toth, Loeb and Drosen LLC is not a creditor and wants no part of the bankruptcy.

22. Even 11 U.S. Code § 303 requires three or more creditors to file an Involuntary bankruptcy case, the instant case has only one creditor, the City of Milwaukee.

23. The action is not properly in the bankruptcy court and should be allowed to continue in the state court unfettered by the actions of the bankruptcy court.

WHEREFORE, for the foregoing reasons, Carline Bolivar, respectfully requests that this Court grant her motion to dismiss the instant bankruptcy.

Carline Bolivar

DATED: December 10, 2021