IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

    Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

## CARLINE BOLIVAR'S MOTION FOR RECONSIDERATION OF THE DECISION ON THE MOTION TO TURNOVER PROPERTY

    Carline Bolivar, in her capacity as an equity stake hold of the debtor, Supportive Health LLC, and further as principal of Supportive Health LLC, hereby files this motion for reconsideration of the decision of the trustee's motion to turnover property. The court should reverse its decision in the motion to turnover rent for the following reasons:

1. The court entered its decision granting the trustees motion to turnover rent on December 8, 2021.

2. The court relied on 11 U.S.C. §§ 105(a), 541(a), 542(a) and 704(a)(1) and (a)(4) in granting the trustee's motion to turn over funds.

3. The application of those bankruptcy rules that allow the court to exert its power over the estate and empowers the trustee to act to administer the estate is predicated on the existence of a valid bankruptcy.

4. In the instant case, the bankruptcy is not valid pursuant to Fed.R. Bankr. P. 9011.

5. The court allowed the attorney of record, Joseph Lento, to withdraw because Mr. Lento advised the court that:

a) His ECF filing information had been stolen by an individual named Perrault Jean-Paul who misled him into believing that he was an attorney who was appearing in the case *pro hac vice*

b) He did not file any of the documents that were filed in the case. All of the documents, from the bankruptcy petition to the schedules, were eFiled in the case via the ECF system with stolen credentials with the "/s/ Jane Doe" electronic signature.

The only document where an actual signature was used is *Resolution to File Chapter 11, Subchapter V Reorganization*. However, as evinced by the passport that I submitted to the court, the signature on the resolution is not my signature.

6. NJ Bankruptcy Court Administrative Procedure and Fed.R. Bankr. P. 9011 provide a very narrow framework to electronically sign documents filed in bankruptcy court. Documents filed with the "/s/ Jane Doe" electronic signature are only valid if the requirements ascribed by NJ Bankruptcy Court Administrative Procedure are met. Namely, "Filing any document using a login and password issued by the Court, shall constitute the Participant's signature for purposes of signing the document under Fed.R. Bankr.P. 9011."

7. Fed.R. Bankr. P. 9011 provides "an unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Because Mr. Lento's ECF account was stolen, and because Mr. Lento never electronically filed any of the papers in the case -- where only the "/s/ Jane Doe" electronic signature exists -- and because Mr. Lento never authorized or even had knowledge of the filings, the papers have the effect of being **UNSIGNED** and should be stricken. The bankruptcy filing is void *ab initio*.

8. As the bankruptcy is void *ab initio*, all proceedings in the bankruptcy are void.

WHEREFORE, for the foregoing reasons, Carline Bolivar, respectfully requests that this Court grant her motion to deny Trustee's motion to turnover property.

I declare under penalty of perjury that the forgoing is true and correct.

_____
Carline Bolivar

DATED: December 12, 2021