IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

## CARLINE BOLIVAR'S SUPPLEMENTAL CERTIFICATION TO THE MOTION FOR RECONSIDERATION

Carline Bolivar, in her capacity as an equity stake hold of the debtor, Supportive Health LLC, and further as principal of Supportive Health LLC, hereby files this supplemental certification in further support of her motion for reconsideration of her motion to dismiss this instant bankruptcy.

1. The bankruptcy petition and all schedules, which were filed electronically through the courts ECF system, are void *ab initio* pursuant to the New Jersey Bankruptcy Court administrative procedure and Fed.R. Bankr.P. 9011.

2. Fed.R. Bankr.P. 9011(a) states:

    (a) Signature. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of

1 | P a g e

the signature is corrected promptly after being called to the attention of the attorney or party.

3. The United States Bankruptcy Court, District Of New Jersey, Administrative Procedures For Filing, Signing, And Verifying Documents By Electronic Means (II)(c) asserts:

C. Signatures

1. Filing any document using a login and password issued by the Court, shall constitute the Participant's signature for purposes of signing the document under Fed.R. Bankr.P. 9011. The name of the Participant under whose log-in and password the document is submitted must be displayed by an "/s/" and typed in the space where the signature would otherwise appear, e.g.,"/s/Jane Doe." No person shall knowingly utilize or cause another person to utilize the password of a Participant unless such a person is an authorized employee of the law firm

2. Documents that are electronically filed and require original signatures, other than that of the Participant ("third party signatures"), must be maintained in paper form by the Participant for a period not less than seven years from the date of closure of the case or proceeding in which the document is filed. Upon request, the original document must be provided to other parties or the court for review. The document requiring third party signatures must be electronically filed either by (1) submitting a scanned document containing the third party signature; or (2) by submitting a document displaying the name of the person signing the document, preceded by an "/s/" and typed in the space where the signature would otherwise appear, e.g., "/s/Jane Doe."

4. Pursuant to Administrative Procedure, ECF allows the use of the electronic signature "/s/ Jane Doe" only for attorneys who log into the electronic filing system using their user name and password. The administrative Procedure asserts that the "/s/ Jane Doe" shall constitute the attorney's signature for purposes of Fed.R. Bankr.P. 901. When "/s/ Jane Doe" is used for a third-party signer, such as the principal of the debtor in this case, the attorney is required to maintain paper signatures and that such signatures must be provided to the court for review upon request.

5. In the instant case, the petition and all documents were filed electronically. All signatures, including the alleged signature of the attorney and alleged signature of the principal, me, were signed with "/s/ Jane Doe" for of electronic signature. The only document where an actual signature was used is *Resolution to File Chapter 11, Subchapter V Reorganization*. However, as evinced by the passport submitted to the court of the principal, Carline Bolivar, the signature on the resolution is not Carline's signature.

6. Joseph Lento, the attorney of record who was allowed to withdraw at a critical juncture in the case -- at the cross motion to dismiss or convert the case to a Chapter 7 bankruptcy – certified (ECF #31):

   a. His ECF Filing credentials were stolen he never authorized the filing of any of the documents electronically. He writes:

   ```
   This information from Mr. Jackson included the fact that Mr.
   Perrault had somehow established a Bankruptcy Efile account.
   Mr. Perrault then added an email to this Efile account that is
   not my firms' email, but rather a Gmail account that neither I
   nor my office established or authorized, and then proceeded to
   file a number of documents in this case using my credentials,
   ```

without the knowledge or consent of myself or anyone at Lento Law Group.

b. His login information was compromised and that he did not file any documents through the ECF:

I then contacted the System's Administrator of the United States Bankruptcy Court and advised then that I was not the one filing and that my login information was compromised.

7. The court found the certification credible as the court approved the drastic action of allowing Mr. Lento to withdraw from the case on a cross motion to convert/dismiss and rendered a decision on the motion to convert/dismiss without giving the debtor an opportunity to be heard.

8. If the court accepts the truthfulness of Mr. Lento's certification, then the court has no choice but to dismiss the case as it is void *ab initio*.

9. As Mr. Lento's ECF account was stolen and as he never filed any of the documents in this case (the petition and schedules were filed via the ECF system), the bankruptcy filing violates NJ Bankruptcy Court Administrative Procedure and violates Fed.R. Bankr. P. 9011 and the filings should be stricken as a matter of law.

10. NJ Bankruptcy Court Administrative Procedure and Fed.R. Bankr. P. 9011 provide a very narrow framework to electronically sign documents filed in bankruptcy court. Documents filed with the "/s/ Jane Doe" electronic signature are only valid if the requirements ascribed by NJ Bankruptcy Court Administrative Procedure are met. Namely, "Filing any document using a login and password issued by the Court, shall constitute the Participant's signature for purposes of signing the document under Fed.R. Bankr.P. 9011."

*11.* Fed.R. Bankr. P. 9011 provides "an unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Because Mr. Lento's ECF account was stolen, and because Mr. Lento never electronically filed any of the papers where only the "/s/ Jane Doe" electronic signature exists, and because Mr. Lento never authorized or even had knowledge of the filings, the papers have the effect of being UNSIGNED and should be stricken. The bankruptcy filing is void *ab initio.*

WHEREFORE, for the foregoing reasons, Carline Bolivar, respectfully requests that this Court grant her motion to dismiss the instant bankruptcy.

I declare under penalty of perjury that the forgoing is true and correct.

_____
Carline Bolivar

DATED: December 10, 2021