| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N. J. LBR 9004-2 (c)**<br><br>**BECKER LLC**<br>354 Eisenhower Parkway<br>Plaza Two, Suite 1500<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>Attorney for Chapter 7 Trustee, Eric R. Perkins<br>Justin S. Baumgartner, Esq.<br>Email: jbaumgartner@becker.legal | |
| In re:<br><br>Supportive Health LLC,<br><br>                                    Debtor. | Case No. 21-15113-VFP<br><br>Chapter 7<br><br>Judge: Hon. Vincent F. Papalia<br><br>Hearing Date:    January 11, 2022<br>                            at 10:00 a.m. |

**CHAPTER 7 TRUSTEE'S OMNIBUS OBJECTION TO THE DEBTOR'S PRINCIPAL, CARLINE BOLIVAR'S, MOTIONS TO (1) RECONSIDER THE COURT'S ORDER DENYING DISMISSAL OF BANKRUPTCY CASE (ECF NO. 71), (2) RECONSIDER THE COURT'S ORDER DEEMING TENANTS' RENTS PROPERTY OF THE BANKRUPTCY ESTATE AND COMPELLING THE TURNOVER OF ALL RENTS HELD BY TENANTS AND PERRAULT JEAN PAUL TO THE CHAPTER 7 TRUSTEE (ECF NO. 56), (3) COMPEL TRUSTEE TO FURNISH AN ACCOUNTING, (4) COMPEL ABANDONMENT OF MILWAUKEE, WI PROPERTY, AND (5) COMPEL PRODUCTION OF ORIGINAL SIGNATURES AND TRUSTEE'S CROSS-MOTION FOR ENTRY OF AN ORDER (1) BARRING CARLINE BOLIVAR FROM FUTURE PRO SE FILINGS AND (2) COMPELLING CARLINE BOLIVAR TO ATTEND DEBTOR'S ADJOUNRED § 341 HEARING**

Eric R. Perkins, Chapter 7 Trustee (the "Trustee") for the debtor herein, Supportive Health LLC (the "Debtor"), by and through his undersigned counsel, Becker LLC, hereby objects to the Debtor's principal, Carline Bolivar's, motions to: (1)

reconsider the Court's Order Denying Dismissal of Bankruptcy Case (ECF No. 71); (2) reconsider the Court's Order Deeming Tenants' Rents Property of the Bankruptcy Estate and Compelling the Turnover of all Rents Held by Tenants and Perrault Jean Paul to the Chapter 7 Trustee (ECF No. 56); (3) compel the Trustee to furnish an accounting; (4) compel the Trustee to abandon the Debtor's property located in Milwaukee, WI; and (5) Compel the Production of Original Signatures (collectively the "Motions to Reconsider and Compel") and files the within cross-motion for the entry of an Order (1) barring Carline Bolivar ("Ms. Bolivar") from future *pro se* filings and (2) compelling Ms. Bolivar's attendance at the Debtor's § 341 meeting of creditors (the "Cross-Motion"); and states as follows:

## PROCEDURAL HISTORY

1. On June 22, 2021 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") (ECF No. 1).

2. Upon information and belief, the purpose of this Chapter 11 filing was solely to hinder the collection efforts of the Debtor's creditors, while maintaining control of all property within the bankruptcy estate (the "Estate") as a debtor-in-possession. This is evidenced by the fact that the Debtor filed schedules and statements containing extremely limited information concerning its assets and liabilities. *See* Debtor's Petition and Schedules, ECF Nos. 1, 10, 16.

3. During the pendency of the Debtor's Chapter 11 case, non-debtor third party Perrault Jean Paul fraudulently represented that he was a member of the Debtor's former

2

counsel's law firm, Lento Law Group, P.C. Mr. Jean Paul engaged in this activity in order to obtain electronic filing credentials from this Court and file unauthorized pleadings and documents on behalf on the Debtor. *See* UST's Motion to Convert Case to Chapter 7, ECF No. 27 at ¶ 8.

4. Based on this conduct and the fact that the integrity of the Court's docket had been compromised, on August 11, 2021, the Office of the United States Trustee (the "UST") filed a Motion to Convert the Debtor's Case to Chapter 7 in order to appoint a Chapter 7 trustee to safeguard the assets of the Estate and conduct an investigation into the Debtor's financial affairs (ECF Nos. 22, 27).

5. On August 19, 2021, the Court entered an Order granting the UST's Motion to convert the Debtor's case to Chapter 7 (ECF No. 34).

6. Also on August 19, 2021, the Court granted Lento Law Group's Motion to withdraw as Debtor's counsel based on the above-referenced conduct of Mr. Jean Paul.

7. Thereafter, on August 19, 2021, the UST appointed the Trustee to administer Debtor's Estate pursuant to Bankruptcy Code § 701 (ECF No. 35).

8. Despite the Debtor's case being converted to Chapter 7 on August 19, 2021 and the UST scheduling the Debtor's Chapter 7 § 341 meeting for October 18, 2021, the Debtor made no attempt to attend the meeting or contact the Trustee in any way to request an adjournment.

9. As such, on October 27, 2021, the Trustee sent a letter to the Debtor to the attention of Ms. Bolivar, the Debtor's sole managing member, that requested she provide

3

the Trustee with certain documents relevant to the Debtor's bankruptcy filing and schedules as well as Ms. Bolivar's contact information for future communications.

10. The Debtor and Ms. Bolivar to date have been completely unresponsive to the Trustee's October 27, 2021 letter.

11. On November 2, 2021, Ms. Bolivar filed a Motion to dismiss the present bankruptcy case, stating that it was the result of an unauthorized filing (the "Motion to Dismiss," ECF No. 53).

12. On November 9, 2021, the Trustee filed a Motion to Compel the Turnover of all Rents Held by Tenants and Perrault Jean Paul to the Chapter 7 Trustee and deeming such rents property of the Bankruptcy Estate (the "Motion to Turnover Rents," ECF No. 56).

13. On December 8, 2021, the Court entered an Order denying Ms. Bolivar's Motion to Dismiss (ECF No. 71).

14. Also on December 8, the Court entered an Order granting the Trustee's Motion to Turnover Rents (ECF No. 72).

15. Between December 9 and December 15, 2021, Ms. Bolivar filed her five Motions to Reconsider and Compel.

16. On December 10 2021, the Trustee, through undersigned counsel, contacted Ms. Bolivar in an attempt to schedule the Debtor's adjourned § 341 meeting.

17. To date, Ms. Bolivar has refused to cooperate with the Trustee to schedule and attend the Debtor's § 341 meeting.

## TRUSTEE'S OBJECTIONS TO MS. BOLIVAR'S MOTIONS TO RECONSIDER AND COMPEL

18.  As a preliminary matter, the Trustee submits that each of Ms. Bolivar's Motions to Reconsider and Compel are meritless on their face and are merely an attempt to delay and hinder the Trustee's administration of the Debtor's Estate. Notwithstanding, the Trustee will address each of Ms. Bolivar's motions in turn.

**A. Ms. Bolivar's Motion to Reconsider the Court's Order Denying Dismissal of the Debtor's Bankruptcy Case**

19.  Through her Motion to Reconsider the Court's Order Denying Dismissal of the present bankruptcy case (ECF No. 78), Ms. Bolivar states the same grounds for reconsideration as were originally asserted in her Motion to Dismiss. These reasons are: (1) Ms. Bolivar, as the sole officer of the Debtor, did not authorize the bankruptcy petition or sign it; (2) the bankruptcy petition was not filed by an attorney; (3) the debts in question are allegedly not final and therefore the bankruptcy filing is premature; and (4) this bankruptcy case involves a two party dispute between the City of Milwaukee and the Debtor.

20.  Motions for reconsideration in bankruptcy court are governed by Bankruptcy Rule 9023. *In re Christie*, 222 B.R. 64, 67 (Bankr. D.N.J. 1998). Rule 9023 provides that motions for a new trial or amendment of judgments will be governed by Rule 59 the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59.

5

21. Under the Federal Rules of Civil Procedure, motions to reconsider are typically treated as motions to alter or amend judgment under F. R. Civ. P. 59(e).[1] *Id*. Pursuant to Bankruptcy Rule 9023, the moving party can move to alter or amend a judgment within 14 days of the entry of the order. *See* Fed. R. Bankr. P. 9023. The moving party has the burden of proof when filing a motion for reconsideration. *Id.*

22. A court may grant a motion for reconsideration under Rule 59 for three reasons: (1) an intervening change of controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Id*.

23. In this case, the Trustee submits that the reasons cited by Ms. Bolivar in her motion to reconsider do not address *any* of the above-referenced grounds for reconsideration. As such, Ms. Bolivar's motion should be denied on its face.

24. Moreover, in regard to Ms. Bolivar's contention that she did not actually authorize or execute the petition, the Trustee submits that this statement is nothing more than an excuse to justify the Debtor not having to go through a Chapter 7 liquidation proceeding.

25. Additionally, the Court at the hearing on Ms. Bolivar's Motion to Dismiss specifically found that the Debtor's bankruptcy filing, while not properly signed, was nonetheless ratified since the Debtor, through Ms. Bolivar, had actively participated in

---

[1] Federal Rule of Civil Procedure 60(b), which is incorporated into bankruptcy cases by operation of Federal Rule of Bankruptcy Procedure 9024 may also be used as a basis for a Motion to Reconsider. However, since Ms. Bolivar's Motions for Reconsideration were filed within the 14 day time period provided for in Federal Rule of Bankruptcy Procedure 9023, neither Federal Rule of Civil Procedure 60(b) nor Federal Rule of Bankruptcy Procedure 9024 have any application to the merits of Ms. Bolivar's reconsideration motions. *In re Zimmer*, 624 B.R. 92, n. 1 (Bankr. W.D. Pa. 2021) (citing *United States v. McGlory*, 202 F.3d 664, 668 (3rd Cir. 2000) (motion to "reconsider" filed within the time period set forth in Rule 59 is decided under Rule 59)).

the bankruptcy case. *See* ECF No. 94 (letter dated August 18, 2021 from Ms. Bolivar to the Court asking that the Debtor's bankruptcy case not be dismissed and that the Debtor be given additional time to find new counsel).

26.    The Court further ruled that Ms. Bolivar and the Debtor were equitably estopped from now asserting the Debtor's case should be dismissed due to an unauthorized filing because the Debtor enjoyed the benefits of the bankruptcy filing through the automatic stay, while refusing to comply with any of its detriments such as filing accurate schedules and cooperating with the Trustee.

27.    What's more, Ms. Bolivar's assertion that because Mr. Jean Paul fraudulently impersonated an attorney in order to electronically file the Debtor's petition, the bankruptcy filing is now somehow invalid is completely ridiculous and does not comport with any of the above-cited bases to grant a motion for reconsideration.

28.    Indeed, Ms. Bolivar is essentially asking that the Court to use Mr. Jean Paul's deliberately fraudulent and egregious actions as the basis for dismissing the Debtor's bankruptcy case outright, even though Ms. Bolivar herself charged Mr. Jean Paul with the task of filing the Debtor's bankruptcy petition.

29.    Ms. Bolivar's assertion that one or more of the Debtor's creditors have claims, which are disputed or unliquidated is also not cause to reconsider the Court's order denying dismissal. To the contrary, it is up to the Trustee to properly assess the validity of these claims once such proofs of claim are duly filed.

30.    Finally, Ms. Bolivar's contention that this is bankruptcy is essentially a two party dispute between the Debtor and the City of Milwaukee is facially untrue. This is

evidenced by the IRS's proof of claim in the amount of $28,560.00 (POC No. 1-1). Moreover, even if this bankruptcy case were a two party dispute, this does not constitute cause to grant Ms. Bolivar's reconsideration motion.

**B.    Ms. Bolivar's Motion to Reconsider the Court's Order Deeming Tenants' Rents Property of the Bankruptcy Estate and Compelling the Turnover of all Rents Held by Tenants and Perrault Jean Paul to the Chapter 7 Trustee**

31.    Through her Motion to Reconsider the Court's Order Granting the Trustee's Motion for Turnover of Rents (ECF No. 92), Ms. Bolivar does not seek reconsideration on any substantive provision of the Court's order; instead she seeks to have the Order vacated based on her continued assertion that the Debtor's bankruptcy filing was never signed by her and all /s/ signatures were unauthorized.

32.    The Trustee objects to this Motion because, as stated above, this is not a valid reason to assert a motion for reconsideration. Moreover, the Court's ruling denying dismissal in this case specifically took into account that the petition was not properly signed by Ms. Bolivar. Indeed, as stated above, the Court at the hearing specifically found that the Debtor's bankruptcy filing was ratified since the Debtor, through Ms. Bolivar, had actively participated in the bankruptcy case and that the Debtor and Ms. Bolivar were now equitably estopped from moving to dismiss the Debtor's bankruptcy case.

**C.    Ms. Bolivar's Motion to Compel the Production of Original Signatures Pursuant to Bankruptcy Rule 9011**

33.    Ms. Bolivar has also filed a Motion for the Production of the original signatures associated with the Debtor's petition and schedules, which were filed with an /s/

8

designation. Presumably, Ms. Bolivar is requesting these signatures from the Debtor's former counsel, Joseph Lento, Esq. and his firm the Lento Law Group, P.C.

34. Specifically, through her motion, Ms. Bolivar states that "[i]f the original signature of Joseph Lento and Carline Bolivar are not produced or are unable to be produced for the documents filed, I move the Court to deem the documents UNSIGNED and dismiss the instant bankruptcy pursuant to NJ Bankruptcy Court Administrative Procedure and Fed. R. Bankr. P. 9011." *See* Bolivar Motion to Compel Production of Original Signatures at ¶ 5.

35. Simply put, this is another transparent and egregious attempt by Ms. Bolivar to get the Debtor's bankruptcy case dismissed based on Mr. Jean Paul's deliberately fraudulent and egregious conduct of impersonating Mr. Lento; conduct that Ms. Bolivar either authorized or was later made aware of and did absolutely nothing to correct.

36. Moreover, it is the ultimate irony that Ms. Bolivar would use Bankruptcy Rule 9011, which regulates the proper conduct of attorneys and self-represented parties before the Court, to contend that Mr. Jean Paul's fraudulent conduct, at her direction, now somehow justifies dismissal of this bankruptcy case.

37. To repeat once more, the Court has held that the Debtor has ratified its petition through Ms. Bolivar's active participation in this bankruptcy case notwithstanding Ms. Bolivar failure to sign the Debtor's original Chapter 11 petition and schedules. As such, the Court should deny Ms. Bolivar's Motion to Compel Production of Original Signatures in its entirety.

**D.     Ms. Bolivar's Motion to Compel the Trustee to Furnish an Accounting**

38.     Through her Motion to Compel the Trustee to Furnish an Accounting (ECF No. 74), Ms. Bolivar seeks to compel the Trustee pursuant to § 704 of the Bankruptcy Code to provide her with a detailed list of the debts owed by the Debtor, the status of each debt, whether the debt is final or disputed, contact information for the creditor asserting that a debt is due, and whether the Trustee has examined the validity of each such debt.

39.     Put simply, the Trustee objects to Ms. Bolivar's motion because at this time he does not have such information predominately due to the fact that Ms. Bolivar and the Debtor continue to refuse to file accurate lists, schedules, and statements with the Court and to attend a § 341 meeting.

40.     Under § 521 of the Bankruptcy Code, the Debtor is required file a list of creditors, a schedule of current assets and liabilities, and a statement of the Debtor's financial affairs among many other documents.

41.     As the Court is aware, the Trustee needs and uses all this information to ascertain the Debtor's assets and liabilities and to begin the process of administering the Estate.

42.     As the Trustee, through undersigned counsel, explained in his email to Ms. Bolivar on December 10, 2021, the Debtor providing complete and accurate lists, schedules, and statements is the starting point for the Trustee in investigating the Debtor's financial affairs and asking creditors to file proofs of claim against the Estate. Undersigned counsel's December 10, 2021 email to Ms. Bolivar is attached hereto as **Exhibit A**.

43. Moreover, the Trustee, through counsel, informed Ms. Bolivar that an authorized representative of Supportive Health has an obligation to cooperate with the Trustee under § 521(a)(3) of the Bankruptcy Code to enable the Trustee to carry out his duties under the Bankruptcy Code.

44. Notwithstanding this obligation and the Trustee's numerous requests, the Debtor and by extension Ms. Bolivar have failed to file complete lists, schedules, and statements.

45. Further, despite the Trustee's repeated requests for Ms. Bolivar to provide the Trustee with a date she is available to attend the Debtor's § 341 meeting, Ms. Bolivar has refused to provide her availability for the meeting.

46. In sum, without the Debtor amending its original incomplete schedules filed with the Court, which Ms. Bolivar has admitted were laden with errors, and attending the Debtor's 341 meeting, the Trustee cannot provide an accounting to Ms. Bolivar or any other party. As such, the Court should deny Ms. Bolivar's Motion to Compel to Trustee to provide an accounting in its entirety.

**E.     Ms. Bolivar's Motion to Compel the Trustee to Abandon the Debtor's Milwaukee Property**

47. Through her Motion to Compel the Trustee to Abandon Property of the Debtor (ECF No. 74), Ms. Bolivar seeks to compel the Trustee to abandon the Debtor's real property located at 3269 S New York Ave, Milwaukee, Wisconsin (the "NY Ave. Property") because, in Ms. Bolivar's view, liquidation of the Debtor's other property at 2229 E Eden Pl., St. Francis, Wisconsin (the "Eden Place Property") is more than sufficient to pay the claims of the Debtor's creditors.

11

48. Ms. Bolivar further states that the NY Ave. Property is encumbered by a mortgage of approximately $180,000 and has an estimated value of $220,900. Accordingly, Ms. Bolivar is effectively asserting that there is approximately $40,000 in equity in the property that could go toward paying unsecured creditors.

49. Under § 554(b) of the Bankruptcy Code, on request of a party in interest and after notice and a hearing, the court may order a trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(b).

50. In this case, Ms. Bolivar's own assertions and exhibits demonstrate that the NY Ave. Property has approximately $20,000 in equity, which if liquidated, could go to pay the claims of unsecured creditors. Accordingly, the NY Ave. Property is clearly not burdensome or inconsequential to the Estate.

51. Moreover, a trustee's decision to abandon assets when exercising his duties under § 704 of the Bankruptcy Code is discretionary. *See In re Celentano*, No. 10-22833 NLW, 2012 WL 3867335, at *3 (Bankr. D.N.J. Sept. 6, 2012). As stated above, the Trustee is only in the very beginning stages of administering the Debtor's Estate because Ms. Bolivar's refusal to provide amended, complete, and accurate lists, schedules, and statements for the Debtor. As such, at this juncture, the Trustee cannot properly assess whether the NY Ave. Property will have to be liquidated in order to pay off the claims of the Estate's creditors.

52. Further, the Debtor is now attempting to hinder and delay the Trustee's administration of the Debtor's Estate by filing repetitive and meritless motions which the Trustee must respond to and refusing to obtain legal counsel for the Debtor.

53. Based on the foregoing, the Trustee respectfully requests that Ms. Bolivar's Motion to Compel the Trustee to Abandon the NY Ave. Property be denied in its entirety.

### TRUSTEE'S CROSS-MOTION TO BAR MS. BOLIVAR FROM FUTURE FILINGS WITHOUT COUNSEL AND TO COMPEL MS. BOLIVAR TO ATTEND DEBTOR'S § 341 MEETING

**A.    Trustee's Cross-Motion to Bar Future *Pro Se* Filings of Ms. Bolivar**

54. In light of Ms. Bolivar's numerous meritless filings, which have caused the Trustee and his professionals to devote significant additional time and resources to this case, the Trustee requests that the Court enter an Order barring Ms. Bolivar from future filings in this case without counsel.

55. As an initial matter, it is well settled that a corporate entity must appear and litigate through counsel, and cannot proceed *pro se*. *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985). Notwithstanding this rule, Ms. Bolivar in her individual capacity and without counsel continues to file pleadings, which should be filed by the Debtor itself.

56. Bankruptcy courts have the inherent authority to impose a bar on a litigant's filing capabilities in order to deter vexatious conduct presented before the court. *See In re Dyer,* 322 F.3d 1178, 1196 (9th Cir.2003) ("The inherent sanction authority allows a bankruptcy court to deter ... improper litigation tactics.").

57. In circumstances where courts seek to issue an order restricting meritless filings three conditions should be met: (1) exigent circumstances must exist, "such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions"; (2) the litigant must be given notice of the proposed injunctive relief and an opportunity to show cause why the injunctive relief should not issue; and (3) the order must be "narrowly tailored to fit the particular circumstances of the case." *United States v. Swint*, No. CR 94-276, 2014 WL 12714743, at *3 (E.D. Pa. June 17, 2014); *see also In re Cheryl Ackerman*, Case No. 17-17032-RG, at ECF No. 152 (Bankr. D.N.J. 2018) (Judge Gambardella Order imposing filing restrictions on the debtor and adopting the *United States v. Swint* conditions).

58. In this case, it is beyond dispute that Ms. Bolivar has already filed numerous meritless and repetitive actions.

59. Further, notice and service of this Cross-Motion and Ms. Bolivar's response to same, if any, in writing or at the hearing on the Motions to Reconsider and Compel comports with the procedural safeguards contained in the second *Swint* element.

60. Finally, the Trustee's request for a filing bar is narrowly tailored as it only seeks to prevent future *pro se* meritless filings from Ms. Bolivar and would have no effect on filings by counsel for the Debtor in the event counsel is retained.

61. Accordingly, the filing bar would have no impact on the rights of the Debtor itself, only Ms. Bolivar and her collateral attacks on the Court's orders and the Trustee's efforts to administer the Estate. As such, unless Ms. Bolivar can provide the Court with sufficient cause as to why she should be permitted to continue with her repetitive and

meritless filings, the Court should enter an Order barring Ms. Bolivar from all future filings in this case unless she or the Debtor is represented by counsel.

### B. Trustee's Cross-Motion to Compel Ms. Bolivar's Attendance at the Debtor's § 341 Meeting

62. As stated above, the Debtor and by extension Ms. Bolivar have refused to submit to a § 341 meeting, despite the Trustee's numerous written requests.

63. As such, the Trustee now requests that the Court compel Ms. Bolivar, as the Debtor's sole member, to sit for the Debtor's § 341 meeting.

64. Indeed, Ms. Bolivar's testimony at the Debtor's § 341 meeting will allow the Trustee to begin to gain the knowledge of the Debtor's assets and liabilities necessary to effectively administer the Debtor's bankruptcy estate.

65. The Debtor's appearance at a § 341 hearing is mandatory pursuant to § 343 of the Bankruptcy Code.

66. Without an order compelling her attendance, it is likely that Ms. Bolivar will fail to appear once again, and as a result, the Trustee and all interested parties will incur further unnecessary expense.

67. Further, the Trustee submits that it is necessary to question Ms. Bolivar at the adjourned § 341 meeting in order to fulfill his statutory duty to investigate the financial affairs of the Debtor. This is made even more necessary by the Debtor's failure to file essential information during the Chapter 11 proceeding and to file amended schedules in the current Chapter 7 proceeding, as required, which has substantially hampered the Trustee's ability to administer the Estate.

**WHEREFORE** the Trustee respectfully requests that the Court enter an order denying Ms. Bolivar's various Motions to Reconsider and Compel and grant the Trustee's Cross-Motions to (1) bar Ms. Bolivar from future *pro se* filings and (2) compel Ms. Bolivar to attend the Debtor's adjourned § 341 meeting.

                                              **BECKER LLC**
                                              Attorneys for Trustee

                                              By: /s/ Justin S. Baumgartner
                                                      Justin S. Baumgartner, Esq.

Dated: January 4, 2022