FILED
JEANNE A. NAUGHTON, CLERK
JAN 06 2022
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

    Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date: January 11, 2022 at 10 AM

## OPPOSITION TO TRUSTEES CROSS MOTIONS

Carline Bolivar, in her capacity as an interested party in this instant bankruptcy, hereby files this opposition to the trustee's cross-motions to bar me from future filings without counsel and to compel me to attend Debtor's 341 Hearing.

**A. Opposition to Trustee's Cross-Motion to Bar Future Pro Se Filings of Ms. Bolivar**

1.    The trustee moves the court to bar me from filing any additional documents in this case *pro se* on the basis that my filings are meritless and that I am acting as an attorney of the debtor, Supportive Health LLC.

2.    It is ironic and hypocritical that the trustee sets forth case law (Palazzo v. Gulf Oil Corp., 764F.2d 1381, 1385 (11th Cir. 1985)) that asserts that a corporation can only proceed with an attorney. That same case law, argued in my motion to dismiss, should have been sufficient basis to dismiss the case as the instant bankruptcy was NOT filed by an attorney and that an attorney NEVER represented Supportive Health throughout the bankruptcy process.

3.    Yet, in the land of double standards, here we are. Here, we have a trustee who is trying to validate a facially invalid bankruptcy that should have been dismissed solely based on the certification of the attorney of record – the same certification that the court used as the basis to allow the attorney of record to withdraw from the case.

4. Contrary to the trustee's allegations, I am NOT representing Supportive Health in my filings to the court. The filings are being made by me and for me as an interested party. By the filings, I seek to protect my own interest.

5. The trustee has not argued that the filings are frivolous and a review of the filings will clearly show that that they are not frivolous in nature. The trustee has not selected a single filing and discussed how that filing is frivolous or meritless. In fact, each filing was made pursuant to civil procedure and raised bona fide points before the court, supported by Bankruptcy Code and case law.

6. It is part of civil procedure for a litigant to file motions for reconsideration. It is part of civil procedure for a litigant to file motions to compel pursuant to black and white bankruptcy law. The filings have referenced clear bankruptcy law and case law. The court has no basis to bar me from protecting my interest in the debtor's properties. To do so without just cause would be a blatant violation of Due Process of Law.

7. The conditions required under *United States v. Swint* to bar me from future filings cannot be met in this case. First, exigent circumstances do not exist. I have not filed meritless or repetitive motions. Every motion I have filed were within the guidelines of the law and had legally cognizable arguments that referenced both case law and Bankruptcy Code.

8. A motion to bar me from filing pro se documents with the court does not rise to the standard of notice. Further, an opportunity to show cause should be granted to me before the imposition of such a Draconian measure.

9. Third, the order must be tailored to fit the specific circumstances of the case. I am not aware of any circumstances in this case that can give rise to an order to bar filing of documents with the court *pro se* to protect my own interests.

10. As an interested party I have every right to file documents with the court pro se without the need for an attorney. This attempt by the Trustee to silence me arises out of frustration that it cannot enrich itself with the property of the debtor as quickly as it would like. The issuance of such an order would be a clear violation of Due Process of Law.

**B. Opposition to Trustee's Cross-Motion to Compel me to Attend the Debtor's 341 Hearing**

11. The trustee moves the court to compel me to attend the 341 Hearing to give "testimony at the Debtor's § 341 meeting [that] will allow the Trustee to begin to gain the knowledge of the Debtor's assets and liabilities necessary to effectively administer the Debtor's bankruptcy estate."

12. The trustee further asserts "The Debtor's appearance at a § 341 hearing is mandatory pursuant to § 343 of the Bankruptcy Code."

13. Indeed § 343 of the Bankruptcy Code asserts:

```
The debtor shall appear and submit to examination under oath at
the meeting of creditors under section 341(a) of this title.
Creditors, any indenture trustee, any trustee or examiner in the
case, or the United States trustee may examine the debtor. The
United States trustee may administer the oath required under this
section.
```

14. In the present case, I am NOT the debtor.

15. The debtor is Supportive Health LLC, a separate independent entity, and as the trustee has already pointed out, the debtor may only appear through an attorney.

16. I am not an attorney. I am expressly forbidden from representing Supportive Health LLC before the court. I cannot sign any documents or make any representations for

10 | Page

11 | Page

Supportive Health LLC at a 341 Hearing without an attorney present to represent Supportive Health LLC.

17. Further, despite my best efforts, I have not been able to find an attorney to represent Supportive Health LLC due to the case history in this bankruptcy.

18. I cannot attend the 341 Hearing in any form as a representative of Supportive Health LLC without Supportive Health having counsel present.

WHEREFORE, for the foregoing reasons, Carline Bolivar, respectfully requests that this Court deny the trustee's cross motion to bar me from future filings and to compel me to attend the 341 Hearing to provide testimony for Supportive Health LLC.

_____
Carline Bolivar

DATED: January 5, 2022