FILED
JEANNE A. NAUGHTON, CLERK
JAN 06 2022
U.S BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

    Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date: January 11, 2022 at 10 AM

**REPLY OF INTERESTED PARTY CARLINE BOLIVAR TO TRUSTEE OPPOSITION OF HER MOTIONS AND OPPOSITION TO TRUSTEE'S CROSS MOTIONS**

    Carline Bolivar, in her capacity as an interested party in this instant bankruptcy, hereby files this reply to the trustee's objections to her motions and opposes the trustee's cross motions.

    1.    The trustee makes the blanket assertion that my motions are meritless, but in no way clarifies how the motions are meritless. I do not see how the trustee can justify this assertion as all of the motions are based on black and white Bankruptcy Code and case law. At the core of this bankruptcy is that the bankruptcy filings are all UNSIGNED. As described in detail in the Supplemental Certification in Support of the Motion for Reconsideration of the Order Denying the Motion to Dismiss (ECF #93), Fed.R. Bankr.P. 9011(a), Fed.R. Bankr.P. 5005 (c) and United States Bankruptcy Court, District Of New Jersey, Administrative Procedures For Filing, Signing, And Verifying Documents By Electronic Means (II)(c) requires the integrity of the Electronic Filing Account of an attorney who electronically files documents with the bankruptcy court.

    2.    As Joseph Lento testified that his electronic filing account information was stolen and that he neither filed nor authorized to file the documents filed electronically in this case, the

court has no other option – per Bankruptcy Code, but to deem the filings UNSIGNED and strike them from the record --- rendering the bankruptcy void *ab initio*.

3.  The references made to Mr. Jean-Paul or the automatic stay are irrelevant. The court does not have jurisdiction to proceed with this bankruptcy based on the sworn oath of Mr. Joseph Lento.

4.  The trustee also spews wild, unfounded allegations about my conduct throughout his papers. The fact that he is eagerly defending a clearly invalid bankruptcy filing in anticipation of a large payday, and is moving to court to silence an interested party in clear contradiction of Due Process of Law speaks volumes as to his motives. I will not join him in spewing negativity.

## A. Reply to Trustee's Opposition to my Motion to Reconsider the Court's Order Denying Dismissal of the Debtor's Bankruptcy Case

5.  My motion is bought under Bankruptcy Rule 9023 which permits a court to grant a motion for reconsideration under Rule 59 when "it is necessary to correct a clear error of law or prevent manifest injustice." In the instant case, it is a clear error of law to proceed with the bankruptcy given that the attorney of record testified under oath that his electronic filing credentials were stolen and that he did not file any of the documents filed in the bankruptcy. The attorney of record was allowed to withdraw at a critical juncture in the case based on this certification to the court. The law is very specific in addressing this situation. The law (Fed.R. Bankr.P. 9011(a)) states:

> (a) Signature. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by

2 | Page

an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. **An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.**

6. The law (Fed.R. Bankr.P. 5005 (c)) further states:

(C) *Signing*. A filing made through a person's electronic-filing account and **authorized by that person,** together with that person's name on a signature block, constitutes the person's signature.

7. And finally, the law (United States Bankruptcy Court, District Of New Jersey, Administrative Procedures For Filing, Signing, And Verifying Documents By Electronic Means (II)(c)) states:

C. Signatures

1. **Filing any document using a login and password issued by the Court, shall constitute the Participant's signature for purposes of signing the document under Fed.R. Bankr.P. 9011.** The name of the Participant under whose log-in and password the document is submitted must be displayed by an "/s/" and typed in the space where the signature would otherwise appear, e.g., "/s/Jane Doe." No person shall knowingly utilize or cause another person to utilize the password of a Participant unless such a person is an authorized employee of the law firm

8. Based on the law and the testimony of Joseph Lento, the court made an error in law in its failure to dismiss the bankruptcy as void *ab initio*.

9. Any arguments referencing equitable estoppel are irrelevant as the court has not acquired jurisdiction over this void bankruptcy since, by law, all of the filings must be deemed UNSIGNED and stricken.

**B. Reply to Trustee's Opposition to my Motion to Reconsider the Court's Order Granting Trustee's Motion to Turn Over Rent**

10. Again, this motion is properly filed as a motion for reconsideration as it is necessary to correct a clear error of law. Pursuant to the Bankruptcy Rule 9011, Bankruptcy Rule 5005 and NJ Bankruptcy Administrative Code, coupled with the certification of Joseph Lento, the bankruptcy petition and all filings must be deemed UNSIGNED and stricken. This would leave the court without jurisdiction to continue the bankruptcy and mandate the dismissal of the bankruptcy as void *ab initio*.

11. The trustee constantly attempts to frame my motion to dismiss as one involving my denial of the authorization to file the bankruptcy. Frankly, that issue is ancillary as the fundamental issue regarding the validity of the signing of the petition and supporting documents *by the attorney of record* must first be resolved by the court.

**C. Reply to Trustee's Opposition to my Motion to Compel the Production of Original Signatures Pursuant to Bankruptcy Rule 9011 and NJ Bankruptcy Administrative Code**

12. The trustee discounts my motion to compel as "another transparent and egregious attempt by Ms. Bolivar to get the Debtor's bankruptcy case dismissed based on Mr. Jean Paul's deliberately fraudulent and egregious conduct of impersonating Mr. Lento; conduct that Ms. Bolivar either authorized or was later made aware of and did absolutely nothing to correct".

13. The relevance of these UNFOUNDED, venomous and malicious statement *a propos* my motion to compel escapes me.

14. My motion to compel is based on black and white law. Specifically, The United States Bankruptcy Court, District Of New Jersey, Administrative Procedures For Filing, Signing, And Verifying Documents By Electronic Means (II)(c)(2) asserts:

> 2. Documents that are electronically filed and require original signatures, other than that of the Participant ("third party signatures"), must be maintained in paper form by the Participant for a period not less than seven years from the date of closure of the case or proceeding in which the document is filed. **Upon request, the original document must be provided to other parties or the court for review.** The document requiring third party signatures must be electronically filed either by (1) submitting a scanned document containing the third party signature; or (2) by submitting a document displaying the name of the person signing the document, preceded by an "/s/" and typed in the space where the signature would otherwise appear, e.g., "/s/Jane Doe."

15. The operative clause in the law is "Upon request, the original document must be provided to other parties or the court for review."

16. The law does not leave it to the discretion of the court to compel the production of original documents with original signatures.

17. I am moving the court to compel the production of documentation that I am rightfully entitled to receive per the law.

## D. Reply to Trustee's Opposition to my Motion to Furnish an Accounting of the Bankruptcy Estate

18. The trustee opposes the motion to furnish an accounting of the debtor's estate pursuant to § 521 of the Bankruptcy Code on the basis that the Debtor has not provided accurate

schedules and that the Debtor has not made itself available for the 341 Meeting. First, the state of the Bankruptcy Estate is constantly changing based on the filings by the various parties involved in the bankruptcy. I have asked for the trustee to furnish an accounting of the *current* state of the estate. Filing of amended schedules and/or attending a 341 Hearing should not preclude him from being able to furnish such an accounting.

19. Further, with regards to the filing of amended schedules and attending the 341 Hearing, it should be noted that Supportive Health LLC has not be able to find an attorney to take the case. All bankruptcy attorneys have declined to take the case upon reviewing the case history.

20. I am not an attorney and I cannot represent Supportive Health LLC. All of my filings with the court are in my personal capacity as an interested party. I will not sign any documents or make any representations for Supportive Health LLC at a 341 Hearing without an attorney present to represent Supportive Health LLC.

## E. Reply to Trustee's Opposition to my Motion to Compel the Trustee to Abandon the Debtor's Milwaukee Property at 3269 S New York Ave

21. The Trustee claims that it does not have sufficient information about the estate for it to be compelled to abandon 3269 S New York Ave – despite the fact that property is burdened with a mortgage and its value is not significant to the estate's ability to pay its only creditor – City of Milwaukee.

22. The proof of claim deadline is January 10th, 2022 and to date the only claim that has been filed is my Proof of Interest. No other creditor has submitted any other proof of claim.

23. After the deadline for the proof of claim has been reached, the trustee should have a clear picture of all the debt claimed against the estate. As such, I request that the court tolls the return date of this motion until after the proof of claim deadline – assuming that the court chooses not to dismiss the bankruptcy as void *ab initio*.

24. As already asserted, I am not an attorney and I cannot represent Supportive Health LLC. I cannot sign any documents on behalf of Supportive Health without an attorney to represent Supportive Health. Despite my best efforts, I have not been able to find an attorney to represent Supportive Health LLC due to the case history in this bankruptcy.

WHEREFORE, for the foregoing reasons, Carline Bolivar, respectfully requests that this Court grant her motions for reconsideration and to compel.

_____
Carline Bolivar

DATED: January 5, 2022