FILED
JEANNE A. NAUGHTON, CLERK
JAN 18 2022
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY D. [signature] DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

    Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

## OBJECTION TO PROPOSED ORDERS DRAFTED BY TRUSTEE

Carline Bolivar, in her capacity as an interested party and an equity stake holder of the debtor, Supportive Health LLC, and further as principal of Supportive Health LLC, hereby files this objection ("Objection") to the Trustee Eric Perkins proposed orders for the motions heard in court on January 11, 2022, and respectfully states as follows:

**Objection to Proposed Order Granting my Motion to Compel Production of Original Signatures**

1. The court cannot facially grant a motion where what is being granted is not what the movant moved the court to order.

2. In the instant case, I have moved the court to compel Joseph Lento, the attorney whose electronic filing account was used to file the brief and schedules in this case, to produce original documents with original signatures for all documents electronically filed.

3. I have not moved the court to compel any other party besides Joseph Lento to produce documents with original signatures.

1 | Page

4. The law (The United States Bankruptcy Court, District Of New Jersey, Administrative Procedures For Filing, Signing, And Verifying Documents By Electronic Means (II)(c)(2) asserts:

> Documents that are electronically filed and require original signatures, other than that of the Participant ("third party signatures"), must be maintained in paper form by the Participant for a period not less than seven years from the date of closure of the case or proceeding in which the document is filed. Upon request, the original document must be provided to other parties or the court for review. The document requiring third party signatures must be electronically filed either by (1) submitting a scanned document containing the third party signature; or (2) by submitting a document displaying the name of the person signing the document, preceded by an "/s/" and typed in the space where the signature would otherwise appear, e.g., "/s/Jane Doe."

5. The law only requires the "Participant" (i.e. the owner of the ECF account under which the documents are electronically filed) to maintain original documents for a period of seven years after the closure of the case.

6. Further, in my motion, I asked the court to compel the original signature of Mr Lento on the brief and schedules filed as Mr. Lento testified that he did not file the brief or schedules and DID NOT AUTHORIZE THEIR ELECTRONIC FILING.

7. Also, in my motion, I moved the court to deem the brief and schedules UNSIGNED if Mr. Lento is unable to produce the original documents.

8. If the court is not willing to grant my motion, the court should deny it and provide me with an opportunity to appeal. The court cannot "grant" a motion where what is being granted is not the relief that I sought.

9. As the movant, I have attached my own version of the proposed order for the court as Exhibit A.

### Order Granting in Part And Denying in Part Chapter 7 Trustee's Cross-motion To Bar Carline Bolivar From Future Pro Se Filings

10. The trustees proposed "Order Granting in Part And Denying in Part Chapter 7 Trustee's Cross-motion To Bar Carline Bolivar From Future Pro Se Filings" is a circuitous hodgepodge of legalese that seems to have intentionally been made overcomplicated.

11. During the hearing, it is my understanding that the court ruled that I was not to file any further motions to reconsider my motion to dismiss the case or the motion to turn over rent without first obtaining approval from the court.

12. What the trustee has drafted places far more limitations than what was decided by the court and is drafted to be confusing.

13. The court ruling only applied to motions to reconsider the two aforementioned motions.

14. I have attached my own version of the proposed order as Exhibit B.

### Order Granting Chapter 7 Trustee's Cross-motion To Compel Carline Bolivar's Attendance At The Debtor's Rescheduled § 341 Meeting Of Creditors

15. I object to this proposed order primarily because primarily because of the last paragraph in the proposed order which states "**ORDERED** that by February 21, 2022, the Debtor shall file with the Court, through counsel or through Ms. Bolivar if counsel has

3 | Page

not been retained, all required lists, schedules, and statements pursuant to § 521(a) of the Bankruptcy Code."

16. As mentioned in my opposition to this motion, I am not an attorney. I cannot represent Supportive Health and refuse to represent Supportive Health as such would be illegal. To demand that I file all required lists, schedules and statements with or without an attorney is illegal as that would require that I represent Supportive Health as it's attorney. Further, I am not an attorney and do not have the expertise or legal capacity to file the documents the trustee seeks for me to file.

17. I can certainly attend the hearing. However, I will not represent Supportive Health or answer questions on behalf of Supportive Health without Supportive Health having an attorney present. I will continue to seek an attorney for Supportive Health.

WHEREFORE, for the foregoing reasons, Carline Bolivar, respectfully requests that this review her objections to the Trustee's proposed orders and makes the modifications as described herein.

_____
Carline Bolivar

DATED: January 15, 2022

4 | Page

# EXHIBIT A

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N. J. LBR 9004-2 (c) | |
| In re:<br><br>Supportive Health LLC,<br><br>Debtor. | Case No. 21-15113-VFP<br><br>Chapter 7<br><br>Judge: Hon. Vincent F. Papalia<br><br>Hearing Date:   January 11, 2022<br>at 10:00 a.m. |

## ORDER GRANTING CARLINE BOLIVAR'S MOTION TO COMPEL THE PRODUCTION OF ORIGINAL SIGNATURES PURSUANT TO FED. R. BANKR. P. 9011

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED.**

Debtor: Supportive Health LLC

Case No.: 21-15113-VFP

Caption of Order: Order Granting Carline Bolivar's Motion to Compel the Production of Original Signatures Pursuant to Fed. R. Bankr. P. 9011

---

**THIS MATTER** having been brought before the Court upon the *pro se* motion of Carline Bolivar ("Ms. Bolivar"), an equity stake holder, the managing member and principal of the debtor in the above-captioned case Supportive Health LLC (the "Debtor"), to compel the production of all original signatures from the Debtor's petition and all attendant lists, schedules, and statements (the "Motion," ECF No. 95); and Eric R. Perkins, Esq. in his capacity as Chapter 7 Trustee (the "Trustee") having filed an objection thereto as part of his Omnibus Objection to Ms. Bolivar's various motions for Reconsideration and to Compel and Cross-Motions to Bar Future *Pro Se* Filings from Ms. Bolivar and Compel Ms. Bolivar's Attendance at the Debtor's § 341 Meeting (ECF No. 106); and creditor the City of Milwaukee, Wisconsin having filed a joinder to the Trustee's objection; and Ms. Bolivar having filed a reply to the Trustee's objection (ECF No. 109); and the Court having considered the submissions of the parties; and having heard oral argument; and due notice having been given; and for good cause shown; and for the reasons set forth onthe record on January 11, 2022, it is

**ORDERED** that Ms. Bolivar's Motion to compel the production of all original signatures from the Debtor's petition and all attendant lists, schedules, and statements is **GRANTED** as stated herein; and it is further

Debtor: Supportive Health LLC

Case No.: 21-15113-VFP

Caption of Order: Order Granting Carline Bolivar's Motion to Compel the Production of Original Signatures Pursuant to Fed. R. Bankr. P. 9011

---

**ORDERED** that Joseph Lento, pursuant to the United States Bankruptcy Court, District Of New Jersey, Administrative Procedures For Filing, Signing, And Verifying Documents By Electronic Means (II)(c), shall file with the court a copy of the original documents with wet signatures, including the petition and all schedules filed electronically in the case, within fifteen (15) days of this order and make the original hand signed wet signature copy of the documents available for inspection to any party in interest who requests same within a reasonable amount of time of such request and at a mutually convenient time and place.

**ORDERED** that should Joseph Lento fail to produce the brief and schedules electronically filed within fifteen days of this order, the brief and schedules will be deemed unsigned.

# EXHIBIT B

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N. J. LBR 9004-2 (c) |  |
|---|---|
| **BECKER LLC**<br>354 Eisenhower Parkway<br>Plaza Two, Suite 1500<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>Attorney for Chapter 7 Trustee, Eric R. Perkins<br>Justin S. Baumgartner, Esq.<br>Email: jbaumgartner@becker.legal |  |
| In re:<br><br>Supportive Health LLC,<br><br>Debtor. | Case No. 21-15113-VFP<br><br>Chapter 7<br><br>Judge: Hon. Vincent F. Papalia<br><br>Hearing Date:    January 11, 2022<br>at 10:00 a.m. |

## ORDER GRANTING IN PART AND DENYING IN PART CHAPTER 7 TRUSTEE'S CROSS-MOTION TO BAR CARLINE BOLIVAR FROM FUTURE *PRO SE* FILINGS

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED.**

Page 2 of 4

Debtor:            Supportive Health LLC

Case No.:          21-15113-VFP

Caption of Order:  Order Granting In Part and Denying In Part Chapter 7 Trustee's Cross-Motion to Bar Carline Bolivar From Future *Pro Se* Filings

---

**THIS MATTER** having been brought before the Court upon the cross-motion of Eric R. Perkins, Esq. in his capacity as Chapter 7 Trustee in the above-captioned case of Supportive Health LLC (the "Debtor"), by and through his counsel Becker LLC, to bar future *pro se* filings from Carline Bolivar ("Ms. Bolivar"), the Debtor's managing member and principal (the "Cross-Motion," ECF No. 106); and Ms. Bolivar having filed an objection to the Trustee's Cross-Motion (ECF No. 109); and the Court having considered the submissions of the parties; and having heard oral argument; and due notice having been given; and for good cause shown; and for the reasons set forth on the record on January 11, 2022, it is

**ORDERED** that the Trustee's Cross-Motion to bar future *pro se* filings of Ms. Bolivar is **GRANTED IN PART AND DENIED IN PART** as stated herein; and it is further

**ORDERED** that Ms. Bolivar is prohibited and barred from filing any future motions to reconsider the Court's Orders: (1) Denying Ms. Bolivar's Motion to Dismiss the present bankruptcy case (the "Denial of Dismissal Order," ECF No. 71); and (2) Granting the Trustee's Motion to Deem Tenants' Rents Property of the Bankruptcy Estate and to Compel the Turnover of All Rents Held by Tenants and Perrault Jean Paul to the Chapter 7 Trustee (the "Turnover Order," ECF No. 72) without prior approval from the court; and it is further

Page 3 of 4

| | |
|---|---|
| Debtor: | Supportive Health LLC |
| Case No.: | 21-15113-VFP |
| Caption of Order: | Order Granting In Part and Denying In Part Chapter 7 Trustee's Cross-Motion to Bar Carline Bolivar From Future *Pro Se* Filings |

**ORDERED** that any future motions to reconsider filed by Ms. Bolivar to reconsider her motion to dismiss or the trustee's motion to turn over rents ("the two orders") must bepreceded by a letter or other supporting document certifying under penalty of perjurythat the basis for the motion to reconsider involves new and additional grounds for relief that were not previously raised by the parties or considered by the Court; and it is further

**ORDERED** that all parties in interest shall have seven (7) days from the date Ms. Bolivar's certification is filed with the Court to object to same; and it is further

**ORDERED** that in the event of an objection is filed, the Court will decide on the papers if Ms. Bolivar's motion to reconsider either of the two orders is in fact based on new and additional grounds for relief that were not previously raised by the parties or considered by the Court; and it is further

Debtor: Supportive Health LLC

Case No.: 21-15113-VFP

Caption of Order: Order Granting In Part and Denying In Part Chapter 7 Trustee's Cross-Motion to Bar Carline Bolivar From Future *Pro Se* Filings

---

**ORDERED** that should the Court decide that sufficient new grounds exist for Ms. Bolivar to file a motion to reconsider the two orders, the Court will schedule a return date for said motion in its ordinary course; and it is further

**ORDERED** that in the event Ms. Bolivar files a motion to reconsider the two orders without the above-referenced certification, the Court will not schedule a return date for such motion; and it is further

**ORDERED** that if Ms. Bolivar complies with the preceding conditions of this Order and no party in interest files an objection to her certification within seven (7) days of the certification being filed on the Court's docket, the Court shall schedule a return date for said motion in its ordinary course;

CLERK
UNITED STATES DISTRICT COURT
NEWARK, NEW JERSEY 07101

OFFICIAL BUSINESS

Bankruptcy Court

2022 JAN 18  P 12: 33