UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N. J. LBR 9004-2 (c)**

**BECKER LLC**
354 Eisenhower Parkway
Plaza Two, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100
Attorney for Chapter 7 Trustee, Eric R. Perkins
Justin S. Baumgartner, Esq.
Email: jbaumgartner@becker.legal

| | |
|---|---|
| In re:<br><br>Supportive Health LLC,<br><br>                              Debtor. | Case No. 21-15113-VFP<br><br>Chapter 7<br><br>Judge: Hon. Vincent F. Papalia<br><br>Hearing Date:    January 11, 2022<br>                          at 10:00 a.m. |

**CHAPTER 7 TRUSTEE'S RESPONSE TO CARLINE BOLIVAR'S OBJECTIONS TO THE TRUSTEE PROPOSED ORDERS (1) GRANTING MS. BOLIVAR'S MOTION TO COMPEL PRODUCTION OF ORIGINAL SIGNATURES; (2) GRANTING IN PART AND DENYING IN PART THE TRUSTEE'S CROSS-MOTION TO BAR MS. BOLIVAR FROM FUTURE *PRO SE* FILINGS; AND (3) GRANTING THE TRUSTEE'S CROSS-MOTION TO COMPEL MS. BOLIVAR TO ATTEND DEBTOR'S ADJOUNRED § 341 MEETING OF CREDITORS**

Eric R. Perkins, Chapter 7 Trustee (the "Trustee") for the debtor herein, Supportive Health LLC (the "Debtor"), by and through his undersigned counsel, Becker LLC, hereby responds to the Debtor's principal, Carline Bolivar's, objections to the Trustee's proposed forms of order (1) Granting Ms. Bolivar's Motion To Compel Production of Original Signatures; (2) Granting In Part And Denying In Part the

Trustee's Cross-Motion to Bar Ms. Bolivar From Future *Pro Se* Filings; and (3) Granting

the Trustee's Cross-Motion to Compel Ms. Bolivar to Attend Debtor's Adjourned § 341

Meeting of Creditors; and states as follows:

### The Trustee's Response to Ms. Bolivar's Objection to Trustee's Proposed Form of Order Granting Ms. Bolivar's Motion to Compel Production of Original Signatures

1.      Ms. Bolivar states that the Trustee's proposed order granting her Motion to

Compel Original Signatures goes beyond what she originally requested in the her motion.

2.      Ms. Bolivar is correct on this point. In her motion, Ms. Bolivar only requested that

Joseph Lento, Esq., the Debtor's former counsel, produce his copy of the Debtor's

petition and schedules wherein he affixed his original wet signature.

3.      Notwithstanding, the Court's ultimate ruling was broader than Ms. Bolivar's

motion and required all interested parties that affixed their electronic signature to the

Debtor's petition and/or attendant lists, schedules, and statements in electronic form,

including Ms. Bolivar herself, to produce a copy of the original document with the

handwritten signature.

4.      The Trustee believes that the proposed order he submitted to the Court comports

with and memorializes the Court's broad ruling on Ms. Bolivar's Motion to Compel the

Production of Original signatures.

5.      Further, Ms. Bolivar's request to "to deem the brief and schedules UNSIGNED if

Mr. Lento is unable to produce the original documents" was expressly rejected by the

Court in its oral ruling, which held that the Debtor's bankruptcy petition had been ratified

since the Debtor, through Ms. Bolivar, had actively participated in the bankruptcy case.

Accordingly, this provision should not be included in any proposed form of order.

6.      As such, the Trustee's proposed order, as submitted to chambers, properly reflects

the Court's ruling and should be entered in its current form over the objection of Ms.

Bolivar.

### The Trustee's Response to Ms. Bolivar's Objection to Trustee's Proposed Form of Order Granting In Part and Denying In Part Trustee's Cross-Motion to Bar Ms. Bolivar from Future *Pro Se* Filings

7.      The Trustee strongly disagrees and takes exception to Ms. Bolivar's

characterization of his proposed form of order being "a circuitous hodgepodge of legalese

that seems to have intentionally been made overcomplicated."

8.      To the contrary, the Trustee believes his proposed form of order once again

accurately reflects the Court's oral ruling and provides a well thought-out screening

procedure in the event Ms. Bolivar chooses to file future motions to reconsider the

Court's orders.

9.      Undersigned counsel and the Trustee's understanding of the Court's oral ruling

was that it denied the Trustee's request to bar Ms. Bolivar from any and all future *pro se*

filing, but did grant the limited relief of instituting a screening procedure for all future

motions to reconsider filed by Ms. Bolivar.

10.     It is the Trustee's understanding that this screening procedure was meant to ensure

that any future grounds for reconsideration asserted by Ms. Bolivar were new and not

previously considered by the Court.

11.     Indeed, motions to reconsider cannot and should not be used by the moving party to take a second bite at the apple based on the same underlying facts and legal arguments asserted by such party through its initial motion.

12.     Additionally, the Trustee believes that the screening procedure included in his proposed order should apply to all motions to reconsider filed by Ms. Bolivar as of the Court's oral ruling on January 11, 2022.

13.     Based on the foregoing, the Trustee believes that his proposed order, as submitted to chambers, properly reflects the Court's ruling and should be entered in its current form over the objection of Ms. Bolivar.

### The Trustee's Response to Ms. Bolivar's Objection to Trustee's Proposed Form of Order Granting Trustee's Cross-Motion to Compel Ms. Bolivar's Attendance at the Debtor's § 341 Meeting of Creditors

14.     Ms. Bolivar objects to the last paragraph of the Trustee's proposed order, which compels Ms. Bolivar, should she not retain counsel, to file with the Court all of the Debtor's required lists, schedules, and statements pursuant to § 521(a) in advance of the Debtor's § 341 meeting.

15.     Ms. Bolivar argues that because she is not an attorney she cannot fill out the Debtor's lists, schedules, and statements and therefore the above language should not be included in the Trustee's proposed order.

16.     Put simply, Ms. Bolivar is presumably the only person with firsthand knowledge of the Debtor's financial affairs and therefore the only one capable of furnishing the information necessary to complete the Debtor's lists, schedules, and statements.

17.     Further, while counsel could undoubtedly assist Ms. Bolivar in completing the Debtor's schedules, such assistance should not be a prerequisite for the Debtor to have complete and accurate schedules filed with the Court. Indeed, the Trustee can only administer this case for the benefit of the Debtor's creditors if such information is provided to him.

18.     Moreover, Ms. Bolivar's statement that she will refuse to answer any question asked by the Trustee relating to the Debtor at the Debtor's § 341 meeting is completely ridiculous and blatantly against her duty as the Debtor's sole principal to cooperate with the Trustee.

19.     Additionally, even if counsel is present at the Debtor's § 341 meeting, the answers to the Trustee's questions would still need to come directly from Ms. Bolivar as she will be the one testifying under oath.

20.     Accordingly, the Trustee concurrently with this Response, is submitting a revised proposed order Granting his Cross-Motion to Compel Ms. Bolivar's Attendance at the Debtor's § 341 Meeting of Creditors which adds an additional decretal paragraph that compels Ms. Bolivar to cooperate with the Trustee to the maximum extent possible under § 521(a)(3) subject to her fifth amendment right against self-incrimination. This revised proposed order is attached hereto as **Exhibit A**.

21.      Based on the foregoing, the Trustee believes that his revised proposed order should be entered over Ms. Bolivar's objections.

Respectfully Submitted,

/s/ Justin S. Baumgartner

Justin S. Baumgartner, Esq.

**BECKER LLC**
Attorneys for Trustee

Dated: January 19, 2022