| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **BECKER LLC**<br>354 Eisenhower Parkway<br>Plaza Two, Suite 1500<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>Attorney for Chapter 7 Trustee, Eric R. Perkins<br>Justin S. Baumgartner, Esq.<br>Email: jbaumgartner@becker.legal | Order Filed on January 25, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>Supportive Health LLC,<br><br>                              Debtor. | Case No. 21-15113-VFP<br><br>Chapter 7<br><br>Judge: Hon. Vincent F. Papalia<br><br>at 10:00 a.m.<br>Hearing Date: January 11, 2022 |

### ORDER GRANTING CARLINE BOLIVAR'S MOTION TO COMPEL THE PRODUCTION OF ORIGINAL SIGNATURES PURSUANT TO FED. R. BANKR. P. 9011 AND NEW JERSEY BANKRUPTCY COURT ADMINISTRATIVE PROCEDURES AND GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED.**

**DATED: January 25, 2022**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Page 2

| | |
|---|---|
| Debtor: | Supportive Health LLC |
| Case No.: | 21-15113-VFP |
| Caption of Order: | Order Granting Carline Bolivar's Motion to Compel the Production of Original Signatures Pursuant to Fed. R. Bankr. P. 9011 and New Jersey Bankruptcy Court Administrative Procedures and Granting Related Relief |

---

**THIS MATTER** having been brought before the Court upon the *pro se* motion of Carline Bolivar ("Ms. Bolivar"), the managing member and principal of the debtor in the above-captioned case Supportive Health LLC (the "Debtor"), to compel the production of all original signatures from the Debtor's petition and all attendant lists, schedules, and statements pursuant to Fed. R. Bankr. P. 9011 and this Court's Administrative Procedures (the "Administrative Procedures") for Filing, Signing and Verifying Documents by Electronic Means (the "Motion," ECF No. 95); and Eric R. Perkins, Esq. in his capacity as Chapter 7 Trustee (the "Trustee"), having filed an objection thereto as part of his Omnibus Objection to Ms. Bolivar's various Motions for Reconsideration and to Compel and his Cross-Motions to Bar Future *Pro Se Filings* from Ms. Bolivar and Compel Ms. Bolivar's Attendance at the Debtor's § 341 Meeting (ECF No. 106); and creditor the City of Milwaukee, Wisconsin having filed a joinder to the Trustee's objections; and Ms. Bolivar having filed a reply to the Trustee's objection (ECF No. 109); and the Court having considered the submissions of the parties; and having heard oral argument; and due notice having been given; and for good cause shown; and for the reasons set forth on the record on January 11, 2022; and the Court having considered the objections of Ms. Bolivar to the proposed form of Order submitted by the Trustee, the Trustee's response and Ms. Bolivar's reply thereto;

and the Court having considered the entire record of these proceedings in rendering its decision and addressing the objections to the proposed form of Order, including the significant

| | |
|---|---|
| Debtor: | Supportive Health LLC |
| Case No.: | 21-15113-VFP |
| Caption of Order: | Order Granting Carline Bolivar's Motion to Compel the Production of Original Signatures Pursuant to Fed. R. Bankr. P. 9011 and New Jersey Bankruptcy Court Administrative Procedures and Granting Related Relief |

involvement in these proceedings of Mr. Jean Paul Perrault, a/k/a Perrault Jean Paul ("Mr. Perrault"), who has the same address as Ms. Bolivar; and it appearing that Mr. Perrault improperly used the ECF Credentials of the Lento Law Firm to make certain improperly authorized filings on behalf of Debtor; and there having been produced substantial evidence in these proceedings that this bankruptcy filing was authorized by the Debtor through Ms. Bolivar and that Mr. Perrault and/or others may have originally or electronically signed and/or authorized the signing of such documents as part of a fraudulent scheme orchestrated by Mr. Perrault and possibly others; and it further appearing that, in prior submissions to the Court, Ms. Bolivar effectively acknowledged that the bankruptcy filing was authorized and indicated that the Debtor sought to continue to pursue this bankruptcy case;

and this Court, acting pursuant to its inherent authority to manage the integrity of the proceedings before it, and the authority set forth in 11 U.S.C. § 105(a), which (among other things) acknowledges the authority of this Court to, "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process"; and for other good cause shown, it is hereby

**ORDERED** that Ms. Bolivar's Motion to compel the production of all original signatures from the Debtor's petition and all attendant lists, schedules, and statements is **GRANTED** on the terms set forth herein; and it is further

**ORDERED** that any party, including (but not limited to) the Debtor's former counsel Joseph Lento, Esq., Ms. Bolivar, and Mr. Perrault, who affixed his or her signature(s) in electronic

Page 4

| | |
|---|---|
| Debtor: | Supportive Health LLC |
| Case No.: | 21-15113-VFP |
| Caption of Order: | Order Granting Carline Bolivar's Motion to Compel the Production of Original Signatures Pursuant to Fed. R. Bankr. P. 9011 and New Jersey Bankruptcy Court Administrative Procedures and Granting Related Relief |

___

or original form to the Debtor's petition, lists, schedules, and/or statements, including all amended versions thereof (collectively, the "Bankruptcy Documents"), or authorized any such filing, shall file with the Court a Certification (or similar document signed under penalties of perjury) attesting to the authenticity or authorization of each such signature, along with a copy of the original hand signed document, if available or, if such originally hand signed document is not available, a statement indicating it is not available and why; and it is further

**ORDERED** that any party who affixed (or authorized the affixing) of his or her signature on any of the Debtor's Bankruptcy Documents, whether hand signed or in electronic form, shall make the original hand signed wet signature or electronically signed copy of the document available for inspection to any other party-in-interest who requests same within a reasonable amount of time of such request and at a mutually convenient time and place; and it is further

**ORDERED** that to the extent this Motion may be deemed to include a request for dismissal of this case, that request is **DENIED** for the reasons set forth on the record in the Court's prior rulings denying Ms. Bolivar's Motion to Dismiss by Order entered on December 8, 2021 (ECF. No. 71) and denying Ms. Bolivar's Motion for Reconsideration of that Order by Order entered on even date; and it is further.

**ORDERED** that the Trustee shall serve a copy of this Order via first class and certified mail, return receipt requested (and via email, if known) upon: (i) Ms. Bolivar; (ii) Mr. Perrault; (iii) Joseph D. Lento, Esq.; and (iv) Samuel Jackson, Esq. and shall file a certification of such service (along with a second certification of service as necessary to report the result of service).