UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**BECKER LLC**
354 Eisenhower Parkway
Plaza Two, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100
Attorney for Chapter 7 Trustee, Eric R. Perkins
Justin S. Baumgartner,  Esq.
Email: jbaumgartner@becker.legal

| | |
|---|---|
| In re: | Case No. 21-15113-VFP |
| Supportive Health LLC, | Chapter 7 |
| Debtor. | Judge: Hon. Vincent F. Papalia |
| | Hearing Date:    January 11, 2022 at 10:00 a.m. |

Order Filed on January 25, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**ORDER GRANTING IN PART AND DENYING IN PART CHAPTER 7 TRUSTEE'S CROSS-MOTION TO BAR CARLINE BOLIVAR FROM FUTURE *PRO SE* FILINGS**

The relief set forth on the following pages, numbered two (2) through five (5), is

hereby **ORDERED.**

 **DATED: January 25, 2022**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Page 2

Debtor:              Supportive Health LLC

Case No.:            21-15113-VFP

Caption of Order:    Order Granting In Part and Denying In Part Chapter 7 Trustee's
                     Cross-Motion to Bar Carline Bolivar From Future *Pro Se* Filings

_____

**THIS MATTER** having been brought before the Court upon the cross-motion of

Eric R. Perkins, Esq. in his capacity as Chapter 7 Trustee (the "Trustee") in the above-

captioned case of Supportive Health LLC (the "Debtor"), by and through his counsel

Becker LLC, to bar future *pro se* filings from Carline Bolivar ("Ms. Bolivar"), the

Debtor's managing member and principal (the "Cross-Motion," ECF No. 106); and Ms.

Bolivar having filed an objection to the Trustee's Cross-Motion (ECF No. 109); and the

Court having considered the submissions of the parties; and having heard oral argument;

and due notice having been given; and for good cause shown; and for the reasons set

forth on the record on January 11, 2022; and the Court having considered the objection

of Ms. Bolivar to the proposed form of Order submitted by the Trustee, the Trustee's

response and Ms. Bolivar's reply thereto; it is

**ORDERED** that the Trustee's Cross-Motion to bar future *pro se* filings of Ms.

Bolivar is **GRANTED IN PART AND DENIED IN PART** as set forth herein; and it is

further

**ORDERED** that Ms. Bolivar is prohibited and barred from filing any future

motions to reconsider the Court's Orders: (1) Denying Ms. Bolivar's Motion to Dismiss

the present bankruptcy case (ECF No. 71) and denying her Motion for

Reconsideration of the Denial of Dismissal Order (collectively, the "Denial

of Dismissal Orders"); (2) Granting the Trustee's Motion to Deem Tenants' Rents

Page 3

Debtor:              Supportive Health LLC

Case No.:            21-15113-VFP

Caption of Order:    Order Granting In Part and Denying In Part Chapter 7 Trustee's
                     Cross-Motion to Bar Carline Bolivar From Future *Pro Se* Filings

---

Property of the Bankruptcy Estate and to Compel the Turnover of All Rents Held by

Tenants and Perrault Jean Paul to the Chapter 7 Trustee (ECF No. 72) and denying her

Motion for Reconsideration of the Turnover Order (collectively, the "Turnover Orders") ;

and (3) all subsidiary issues decided in connection with the issuance of such Orders,

including (without limitation) whether the Debtor's bankruptcy filing was properly

authorized, without the prior approval of this Court in accordance with the procedures set

forth in this Order; and it is further

**ORDERED** that any future motions  to reconsider filed by  Ms. Bolivar

relating to the Dismissal Orders and/or the Turnover Orders, and all subsidiary

issues decided in connection with the issuance of such Orders, must be preceded by a

letter or other supporting document certifying or affirming under penalty of perjury

that the basis for the motion to reconsider involves new and additional grounds for

relief that were not previously raised by or known to the parties or considered by the

Court; and it is further

**ORDERED** that all parties-in-interest shall have seven (7) days from the date Ms.

Bolivar's certification or affirmation is filed with the Court to object to same; and it is further

**ORDERED** that in the event an objection is filed, the Court will decide on

the papers if Ms. Bolivar's Motion to Reconsider is in fact based on new and

additional grounds for relief that were not previously raised by the parties or considered by the

Page 4

Debtor:              Supportive Health LLC

Case No.:            21-15113-VFP

Caption of Order:    Order Granting In Part and Denying In Part Chapter 7 Trustee's
                     Cross-Motion to Bar Carline Bolivar From Future *Pro Se* Filings
_____

Court or the Court may conduct a hearing to decide whether such approval should

be granted; and it is further

    **ORDERED** that if the Court decides that sufficient new grounds exist for Ms.

Bolivar to file a Motion to Reconsider, the Court will advise the interested parties that

her request has been approved and that the Motion may be filed and will be

scheduled for hearing in the ordinary course; and it is further

    **ORDERED** that if the Court decides that no such sufficient new grounds exist

for Ms. Bolivar to file a Motion to Reconsider, the Court will advise the interested

parties that the request has not been approved.  In such event, the Motion may not be

filed and it will not be scheduled for hearing; and it is further

    **ORDERED** that in the event Ms. Bolivar files a Motion to Reconsider without

the above-referenced certification, the Court will not consider or schedule a return

date for such Motion; and it is further

    **ORDERED** that if Ms. Bolivar complies with the preceding conditions of this

Order and no party-in-interest files an objection to her certification within seven (7) days

of the certification being filed on the Court's docket, the Court shall schedule a return

date for said Motion in the ordinary course; and it is further

Page 5

Debtor:                    Supportive Health LLC

Case No.:                  21-15113-VFP

Caption of Order:          Order Granting In Part and Denying In Part Chapter 7 Trustee's
                           Cross-Motion to Bar Carline Bolivar From Future *Pro Se* Filings

_____

**ORDERED** that the conditions set forth herein shall apply to all motions to
reconsider (or seeking similar relief) filed by Ms. Bolivar on or after January 11, 2022
and shall also apply to any similar motions filed by or on behalf of the Debtor or Mr. Jean
Paul Perrault, a/k/a Perrault Jean Paul (Mr. "Perrault"); and it is further

**ORDERED** that the Trustee shall serve a copy of this Order via first class and
certified mail, return receipt requested (and via email if known) upon:  (i) Ms. Bolivar;
(ii) Mr. Perrault; (iii) Joseph D. Lento, Esq.; and (iv) Samuel Jackson, Esq. and shall file
a certification of such service (along with a second certification of service as necessary to
report the result of service).