FILED
JEANNE A. NAUGHTON, CLERK
JAN 25 2022
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____ DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

## RESPONSE TO REPLY TO OBJECTION TO PROPOSED ORDERS DRAFTED BY TRUSTEE

Carline Bolivar, in her capacity as an interested party and an equity stake holder of the debtor, Supportive Health LLC, and further as principal of Supportive Health LLC, hereby files her response to the trustee's reply to her objection ("Objection") to the Trustee Eric Perkins proposed orders for the motions heard in court on January 11, 2022, and respectfully states as follows:

**Response to Reply to Objection to Proposed Order Granting my Motion to Compel Production of Original Signatures**

1.  If the court cannot grant my motion in full, then the court should grant in part and deny in part. The trustee has stated that the court orally denied the part of my motion that moves the court to deem the documents unsigned if Mr. Lento is unable to produce original signatures. If the court denies this part of my motion, then the court has to specifically deny it in its order such that I can appeal it.

1 | Page

2. As for the trustee's characterization of the order as more broad than requested, that characterization is not correct. The motion follows the word of the law in demanding that the ECF participant furnishes original documents when requested. The law does that obligate any other party to furnish original signatures.

3. As for ratification, that issue is argued more thoroughly in the appeal brief. However, a bankruptcy for a company cannot be ratified when

a) The attorney who filed it claims that his ECF account was stolen

b) The attorney never filed any of the documents of the case

c) The attorney never authorized the electronic filing of any of the documents, and that he only authorized the paper filing (not electronic filing) of the petition because a third party misrepresented his status as a NY Attorney filing the case *pro hac vice*

d) The never represented Supportive Health in any capacity as it's attorney and all communications were with this third party and all money were received by the third party solely for letting him appear *pro hac vice*

In the present case not only is the debtor claiming that the bankruptcy is unauthorized, the attorney of record is also making the same claim.

**Order Granting in Part And Denying in Part Chapter 7 Trustee's Cross-motion To Bar Carline Bolivar From Future Pro Se Filings**

4. Again, this order should be clear that it only applies to two motions: a) the motion to reconsider my motion to dismiss the case and b) the motion to turn over rent without first obtaining approval from the court.

**Order Granting Chapter 7 Trustee's Cross-motion To Compel Carline Bolivar's Attendance At The Debtor's Rescheduled § 341 Meeting Of Creditors**

5.  I have already made my objections to the trustee's proposed order.

6.  I fully intend to cooperate with the Trustee. However, I cannot and will not draft or file any schedules without Supportive Health having an attorney present. I will not speak for Supportive Health without Supportive Health having an attorney present.

*Carline Bolivar*

DATED: January 19, 2022