UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

BECKER LLC
354 Eisenhower Parkway
Plaza Two, Suite 1500
Livingston, NJ  07039
(973) 422-1100
Justin S. Baumgartner, Esq.
Email:  jbaumgartner@becker.legal
Attorneys for Eric R. Perkins, Chapter 7 Trustee

| | |
|---|---|
| In Re:<br><br>SUPPORTIVE HEALTH LLC,<br><br>Debtor. | Case No.:   21-15113 (VFP)<br><br>Chapter:   7<br><br>Judge:   Vincent F. Papalia, USBJ |

**ORDER SHORTENING TIME PERIOD FOR NOTICE,
SETTING HEARING AND LIMITING NOTICE**

The relief set forth on the following pages, numbered two (2) and three (3), is hereby **ORDERED**.

After review of the application of Chapter 7 Trustee, Eric R. Perkins for a reduction of time for a hearing on Trustee's Motion For The Entry of an Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission from the Sale Proceeds; (3) Waiving the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for Other Related Relief (the "Sale Motion")

under Fed. R. Bankr. P. 9006(c)(1), it is

ORDERED as follows:

1. A hearing will be conducted on the matter on November 1, 2022 at 10:00 AM in the United States Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, New Jersey, Courtroom No. 3B.

2. The Applicant must serve a copy of this Order, and all related documents, on the following parties: (1) The Office of the United States Trustee; (2) the Debtor; (3) Jean Paul Perrault, the former owner of the Property; (4) Carline Bolivar, the Debtor's principal; (5) Patrick and Jennifer Newbury, the current occupants of the Property; (6) The City of Milwaukee, creditor; (7) J. Nicole Knox, Esq., counsel to initial bidder King James Investments LLC;

by ☐ each, ☐ any of the following methods selected by the Court:

☐ fax, ☐ overnight mail, ☐ regular mail, ☐ email, ☐ hand delivery.

3. The Applicant must also serve a copy of this Order, and all related documents, on the following parties: _____
_____

by ☐ each, ☐ any of the following methods selected by the Court:

☐ fax, ☐ overnight mail, ☐ regular mail, ☐ email, ☐ hand delivery.

4. Service must be made:

☐ on the same day as the date of this order, or

☐ within _____ day(s) of the date of this Order.

5. Notice by telephone:

☐ is not required

☐ must be provided to _____

2

    ☐ on the same day as the date of this Order, or

    ☐ within _____ day(s) of the date of this Order.

  6. A *Certification of Service* must be filed prior to the hearing date. The Trustee is authorized but not directed to use Stretto to serve the Sale Motion, this Order, and all accompanying documents. The costs associated with this service are authorized to be paid from the Estate's proceeds from the contemplated sale.

  7. Any objections to said motion/application identified above:

    ☐ must be filed with the Court and served on all parties in interest by electronic or overnight mail _____ day(s) prior to the scheduled hearing; or

    ☐ may be presented orally at the hearing.

  8. ☐ Court appearances are required to prosecute said motion/application and any objections.

    ☐ Parties may request to appear by phone by contacting Chambers prior to the return date.

*rev.1/12/22*