| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **BECKER LLC**<br>Eisenhower Plaza II<br>354 Eisenhower Parkway, Suite 1500<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>ERIC R. PERKINS, ESQ.<br>Email: eperkins@becker.legal<br>Counsel for Eric R. Perkins, as Chapter 7 Trustee for Supportive Health LLC | |
| In Re:<br><br>SUPPORTIVE HEALTH LLC,<br><br>                Debtor. | Case No.: 21-15113 (VFP)<br><br>Chapter 7<br><br>Hon. Vincent F. Papalia, USBJ<br><br>Hearing Date: November 22, 2022<br>                at 2:00 p.m. |

**FIRST INTERIM FEE APPLICATION OF BECKER LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO ERIC R. PERKINS, CHAPTER 7 TRUSTEE, FOR THE PERIOD OF SEPTEMBER 20, 2021 THROUGH OCTOBER 20, 2022**

TO:    HONORABLE VINCENT F. PAPALIA
         UNITED STATES BANKRUPTCY JUDGE

The Application of Becker LLC ("Becker"), as Counsel to Eric R. Perkins, Chapter 7 Trustee (the "Trustee") in the Chapter 7 case of Supportive Health LLC (the "Debtor"), respectfully represents as follows as to Becker's first interim fee application (the "Fee Application") for the period September 20, 2021 through October 20, 2022 the ("Fee Period"):

1

**I.      BACKGROUND.**

**A.     The Debtor's Bankruptcy Case.**

1. On June 22, 2021, (the "Petition Date"), the Debtor filed a voluntary petition for liquidation under Chapter 7 11f title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") commencing the Debtor's above-captioned case (the "Supportive Case").

2. On August 19, 2021, the case was converted to a Chapter 7, and on the same date, Eric R. Perkins was appointed as the Chapter 7 Trustee for the Debtor's bankruptcy estate (the "Estate") pursuant to § 701 of the Bankruptcy Code.

3. On September 20, 2021, the Trustee filed his Application to retain Becker LLC ("Becker") as counsel to the Chapter 7 Trustee in the Supportive Case.

4. On September 28, 2021, the Bankruptcy Court entered an Order Authorizing the Retention of Becker LLC as Counsel to the Chapter 7 Trustee with fees and disbursements subject to further Order of this Court (the "Becker Retention Order"). The Becker Retention Order is attached hereto as **Exhibit A**.

**B.     Introductory Statement.**

5. Throughout the Fee Period, Becker worked closely with the Trustee and performed a variety of services on behalf of the Trustee and the Supportive Estate. The services rendered provided benefit to the Supportive Estate.

6. The following section details the significant areas in which Becker rendered professional services to the Trustee during the Fee Period. A more comprehensive description of the professional services rendered by Becker to the Trustee during the Fee

2

Period is contained in the in-house computer printout attached hereto as **Exhibit B**. This printout itemizes all services performed by Becker's attorneys and its paralegals during the Fee Period.

## II.    LEGAL SERVICES AS COUNSEL TO THE CHAPTER 7 TRUSTEE

7.    During the pendency of the Debtor's Chapter 11 case, a non-debtor third party, Perrault Jean Paul, fraudulently represented that he was a member of the Debtor's former counsel's law firm, Lento Law Group, P.C., which ultimately led to the Lento Law Group withdrawing as attorneys for the Debtor and leaving the Debtor without counsel.

8.    On October 14, 2021, Carline Bolivar (hereinafter "Ms. Bolivar"), Sole-Member and Principal of the Debtor, and Creditor of the Debtor, sent a letter to Judge Papalia requesting additional time to retain an attorney to represent the Debtor in the Chapter 7.  To date, the Debtor has been unable to locate counsel to represent it.

9.    Throughout the course of the Debtor's Chapter 7 case, the Trustee and Becker were consistently met with resistance from the Debtor and Ms. Bolivar, who refused to cooperate with the Trustee in the performance of his statutory duties, resulting in a multitude of motion practice and telephonic court appearances.

10.    More specifically, the Trustee and Becker made attempts to amicably collect rent and liquidate property owned by the Debtor located at 3269 S. New York Ave, Milwaukee, WI (the "New York Ave. Property"), but the Debtor, Mr. Perrault Jean

Paul and Ms. Bolivar were very uncooperative with the process, if not, as it appears, outright attempts to obstruct the Trustee in the performance of his duties.

11. On November 2, 2021, Ms. Bolivar filed a Motion to Dismiss the bankruptcy case, stating that it was the result of an unauthorized filing. Becker, on behalf of the Trustee, submitted opposition to the Motion to Dismiss and appeared for oral argument.

12. On November 9, 2021, Becker prepared and filed a Motion to Compel the Turnover of all Rents Held by Tenants and Perrault Jean Paul to the Chapter 7 Trustee and deeming such rents property of the Bankruptcy Estate (the "Motion to Turnover Rents").

13. On December 8, 2021, the Court entered an Order denying Ms. Bolivar's Motion to Dismiss, and on the same date, the Court entered an Order granting the Trustee's Motion to Turnover Rents.

14. Between December 9 and December 15, 2021, Ms. Bolivar filed five (5) Motions to Reconsider and Compel (the "Bolivar Motions"), which caused Becker to devote significant time and resources in order to respond to the filings by Ms. Bolivar.

15. Since the Court denied the Bolivar Motions, Ms. Bolivar proceeded to file Notices of Appeal with the Court causing Becker to spend additional time and resources on reviewing, conducting research and objecting to the Appeals where appropriate.

16. Becker also had to make several attempts to contact Ms. Bolivar to schedule and attend the Debtor's § 341 meeting, but Ms. Bolivar refused to cooperate.

This ultimately required an application to the Court for an order compelling Ms. Bolivar's appearance at the 341 Meeting of Creditors. The Debtor, Mr. Perrault Jean Paul and Ms. Bolivar have failed and refused to produce Debtors books and records including without limitation, mortgage statements, bank accounts, lease agreement and rent rolls.

**C.    Sale of Property.**

17.    Becker worked closely with the Trustee and the Court retained realtor to negotiate an agreement to sell the Debtor's property located at 2229 E. Eden Place, St. Francis, WI 53235 (the "Eden Place Property").

18.    On October 17, 2022, Becker prepared and filed a Motion to Sell the Eden Place Property and Application for an Order to Shorten Time with the Bankruptcy Court. A hearing date is scheduled for November 1, 2022.

**D.    Additional Services.**

19.    Becker also performed the following general services with respect to the Supportive Case:

    a. Prepared and filed Becker's retention application;

    b. Reviewed correspondence, docket, petition and schedules;

    c. Prepare and filed retention applications for The Cream City Real Estate Company's as Realtor, Root River Realty as Successor Realtor and Bayer Sonz LLC as Building Manager to assist in collecting the rents from the New York Ave Property;

      d.  Reviewed, analyzed, and communicated with the Trustee regarding any and all motions filed in the Supportive Case;

      e.  Prepared and filed Becker's First Interim Fee Application; and

20. Becker submits that all of these services provided were necessary to the administration of the Supportive Case and benefited the Supportive Estate.

### III. QUALIFICATIONS OF BECKER FIRM AND CONCLUSION

21. Becker has rendered professional services as counsel to the Trustee as requested, necessary and appropriate, in furtherance of the Trustee's duties and functions in the Supportive Case. In accordance with the factors enumerated in § 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given (a) the time expended, (b) the nature and extent of the services rendered, (c) the value of such services, and (d) the cost of comparable services in a similar case under the Bankruptcy Code.

22. Becker provides distinguished service as a team of professionals in the bankruptcy and reorganization area. Thus, Becker was equipped to provide the Trustee with a full range of services and expertise necessary to adequately represent the Estate.

23. Becker's professionals have acted in a professional capacity in countless proceedings under the various chapters of the Bankruptcy Code, either as attorneys for debtors and debtors-in-possession or as attorneys for creditors' committees, or trustees in bankruptcy and enjoy a reputation as experts in the field of bankruptcy and insolvency.

24. When the services described in this Application are measured by the standards propounded by various bankruptcy courts – the nature and extent of the services, the complexity and urgency of the problems presented, the time expended, the result obtained, and the expertise required – Becker respectfully submits that the fees requested represent the fair and reasonable value for the services rendered for the Fee Period.

25. Annexed hereto as **Exhibit B** is an in-house computer printout itemizing all services performed by attorneys and paralegals of Becker for the Trustee during the Fee Period. As shown on Exhibit B, Becker devoted 150.90 hours to this matter during this period, having a value of $52,051.50 at this firm's billing rates. The names of the attorneys and paralegals from Becker involved in this matter, the time spent by each of them, and their normal billing rates in matters of this type are:

| NAME OF PROFESSIONAL | YEAR ADMITTED | HOURS | RATE | FEE |
|---|---|---|---|---|
| 1. Eric R. Perkins | 1984 | 12.80 | $675.00 | $8,640.00 |
| 2. Justin Baumgartner | 2017 | 135.10 | $315.00 | $42,556.50 |
| 3. Tiffany Colombini Paralegal | | 3.00 | $285.00 | $855.00 |
| **TOTALS:** | | **150.90** | | **$52,051.50** |

**WHEREFORE**, Becker respectfully requests the entry of an Order granting it an allowance of interim fees in the amount of $52,051.50 for services rendered as counsel to the Trustee as well as an allowance for the reimbursement of expenses in the amount of $745.80, for a total of $52,797.30 for the period of September 20, 2021 through October 20, 2022.

                                          **BECKER LLC**
                                          Counsel to Eric R. Perkins,
                                          Chapter 7 Trustee

                              By:  /s/Eric R. Perkins
                                          ERIC R. PERKINS

Dated:  October 24, 2022