# BECKER LLC
## ATTORNEYS AT LAW

JUSTIN BAUMGARTNER

MEMBER OF NJ BAR
MEMBER OF NY BAR

Becker LLC
Eisenhower Plaza II
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039

Direct:      (973) 251-8920
Main:       (973) 422-1100
Facsimile:  (973) 422-9122

jbaumgartner@becker.legal

October 25, 2022

**Via ECF and Email**
The Honorable Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
50 Walnut Street, Courtroom 3B
Newark, NJ 07102
chambers_of_vfp@njb.uscourts.gov

> Re: **In re Supportive Health, LLC.**
> **Case No. 21-15113 (VFP)**
> **Chapter 7**
>
> **Trustee's Motion to Sell Property Located at 2229 East Eden Place, St. Francis, Wisconsin 53235 Free and Clear of Liens under Section 363(f) (ECF No. 199)**

Your Honor:

As the Court is aware, this firm represents Eric R. Perkins, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the Debtor Supportive Health, LLC (the "Debtor") in the above-referenced matter. Currently pending before the Court is the Trustee's above-referenced Motion to sell the Debtor's real property located at 2229 East Eden Place, St. Francis, Wisconsin 53235 (the "Sale Motion"). The Sale Motion is scheduled to be heard on shortened notice on November 1, 2022 pursuant to the Court's Order Shortening Time (ECF No. 201).

Please accept this letter as a formal objection to Carline Bolivar's email request to chambers seeking an adjournment of the November 1, 2022 Sale Motion hearing date in order to give her additional time to file an objection to the Sale Motion. While the Trustee appreciates Ms. Bolivar's current health situation, it is not cause to delay the Court's consideration of the Sale Motion for the following reasons.

First, Ms. Bolivar does not represent the Debtor and cannot file pleadings on the Debtor's behalf as a *pro se* party. The Trustee and the Court have made this clear to Ms. Bolivar on numerous occasions during this bankruptcy case and have urged Ms. Bolivar, as the sole

member of the Debtor, to retain counsel on the Debtor's behalf. However, despite these repeated requests and warnings, Ms. Bolivar has refused to do so. Put simply, Ms. Bolivar has no standing in her personal capacity to object to the Sale Motion.

Second, contrary to Ms. Bolivar's email requesting an adjournment of the Sale Motion, the above-referenced property is not owned by Ms. Bolivar. It is owned by the Debtor because on February 17, 2016, Jean Paul Perrault transferred the Property via quitclaim deed to the Debtor. *See* Sale Motion at Exhibit A. As the Court is aware, Mr. Perrault has engaged in numerous instances of potentially fraudulent conduct during the course of this bankruptcy case, including filing schedules for the Debtor by hacking into the Debtor's former attorney's ECF account. More recently, the Trustee has reason to believe that Mr. Perrault has attempted to hinder the Trustee's administration of this bankruptcy proceeding by communicating with the tenants of the Debtor's other property located at 3269 S. New York Ave, Milwaukee, WI and advising them that all rents should continue to be remitted to him. This is despite the Court entering an order explicitly stating that all rents derived from the Debtor's two properties are property of the bankruptcy estate and therefore should be remitted directly to the Trustee. *See* Order Deeming Tenants' Rents Property of the Bankruptcy Estate (ECF No. 72).

Third, as provided in the Sale Motion, the sale of the East Eden Place property is subject to the current occupants, Patrick Newbury and Jennifer Newbury's, continued use and occupancy of the property. Accordingly, the Sale Motion does not seek to evict any party from the property to be sold. Moreover, Ms. Bolivar lives in Jersey City, New Jersey so the sale of the property will have no impact of her current living situation.

Finally, the Trustee's proposed purchaser, Milwaukee Property Buyers, LLC, is ready to close upon the Court's entry of the Order authorizing the sale of the Property and waiving the stay under Bankruptcy Rule 6004(h).

For the foregoing reasons, the Trustee respectfully requests that the hearing on the Sale Motion proceed as scheduled on November 1, 2022 and that Ms. Bolivar's adjournment request be denied. As always, the courtesies of the Court are greatly appreciated.

Respectfully submitted,
BECKER LLC

*/s/ Justin S. Baumgartner*

Justin S. Baumgartner

CC: Carline Bolivar via email (donotreply@supportivehealth.com)