UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

BECKER LLC
354 Eisenhower Parkway
Plaza Two, Suite 1500
Livingston, NJ  07039
(973) 422-1100
Justin S. Baumgartner, Esq.
Email:  jbaumgartner@becker.legal
Attorneys for Eric R. Perkins, Chapter 7 Trustee

In Re:

SUPPORTIVE HEALTH LLC,

      Debtor.

Case No.:  22-15113 (VFP)

Chapter 7

Hon. Vincent F. Papalia, USBJ

Hearing Date: November 8, 2022 at 10:00 AM

**CERTIFICATION OF ERIC R. PERKINS IN REPLY TO THE OBJECTION OF CARLINE BOLIVAR AND IN FURTHER SUPPORT OF TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER (1) AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S RESIDENTIAL REAL PROPERTY LOCATED AT 2229 E. EDEN PLACE, ST. FRANCIS, WISCONSIN FREE AND CLEAR OF ANY LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b) and (f); (2) AUTHORIZING PAYMENT OF REAL ESTATE BROKERS' COMMISSION FROM THE SALE PROCEEDS; (3) WAIVING THE STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (4) FOR OTHER RELATED RELIEF**

ERIC R. PERKINS, being of full age, certifies as follows:

  1.  I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of Supportive Health LLC (the "Debtor"). As such, I have personal knowledge of the facts set forth herein or have developed such knowledge based on my investigation to date.

  2.  I submit this additional certification in reply to the objection of Carline Bolivar and in further support of the Motion for entry of an Order (1) Authorizing Chapter 7 Trustee to

Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin 53235 Free and Clear of any Liens, Claims, and Encumbrances pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission from the Sale Proceeds; (3) Waiving the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for other related relief (the "Sale Motion").

**Subsequent Efforts to Market the Property and Higher and Better Offers**

3.     The Property has been marketed by Root River Realty (the "Broker") since approximately July 2022 on behalf of myself as Trustee.

4.     As the Court is aware, I entered into good faith negotiations with Milwaukee Property Buyers, LLC to purchase the Property pursuant to the terms set forth in the Agreement[1] for the purchase price of $105,000.

5.     However, since filing the Sale Motion on October 17, 2022, my Broker has continued to market the Property and I have received several other offers with the highest and best offer being made by King James Investments LLC, the initial bidder, in the amount of $125,000. King James Investments LLC made the first bid on the Property on September 1, 2022 in the amount of $65,000.

6.     Specifically, since the filing of the Sale Motion, I have received the following bids for the Property: (1) King James Investment LLC in the amount of $115,000.00; (2) 1st Gen Investments LLC in the amount of $120,000.00; and (3) King James Investments LLC in the amount of $125,000.00. The email chain between myself, counsel for King James Investments LLC, and my Broker reflecting this bidding is attached hereto as **Exhibit A**.

7.     Additionally, 1st Generation Investments LLC's offer of $120,000 included a clause to be considered as a backup bidder in the event King James Investments LLC's $125,000

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

offer does not close. As such, I now seek authorization from the Court to treat 1st Generation Investments LLC as a backup bidder and close on the sale of the Property to it in the event that King James Investments LLC is unable to close at the $125,000 purchase price.

8. Based on my most recent conversations with my Broker, there will be no additional bidding and there are no other parties interested in purchasing the Property. Accordingly, I am now considering all bidding closed.

9. The bidding for the Property even after the Sale Motion was filed is further evidence of a fair bidding process that was subject to the competition of an open market. As such, in my business judgment the sale of the Property to King James Investments LLC for $125,000 constitutes a good faith sale at arm's length and for fair value satisfying the requirements for a section 363 sale as set forth in *Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149-50 (3d Cir. 1986).

**Carline Bolivar's Objection to the Sale Motion is Without Merit**

10. As has been argued *ad nauseam*, Ms. Bolivar's contention that she did not actually authorize or execute the petition is nothing more than an excuse to justify the Debtor not having to go through a Chapter 7 liquidation proceeding and the sale of the Property.

11. The Court at the hearing on Ms. Bolivar's Motion to Dismiss on December 7, 2021 specifically found that the Debtor's bankruptcy petition, while not properly signed, was nonetheless ratified since the Debtor, through Ms. Bolivar, had actively participated in the bankruptcy case. *See* ECF No. 94 (letter dated August 18, 2021 from Ms. Bolivar to the Court asking that the Debtor's bankruptcy case not be dismissed and that the Debtor be given additional time to find new counsel).

12. The Court further ruled that Ms. Bolivar and the Debtor were equitably estopped from asserting that the Debtor's case should be dismissed due to an unauthorized filing because the Debtor enjoyed the benefits of the bankruptcy filing through the automatic stay, while refusing to comply with any of its detriments such as filing accurate schedules and cooperating with myself as Trustee.

13. On January 25, 2022, the Court further ordered that Ms. Bolivar was prohibited from filing any future Motions for Reconsideration regarding the Denial of her Motion to Dismiss this bankruptcy case (ECF No. 124).

14. Finally, it also should be noted that at one point in this case, Ms. Bolivar even certified that she expected me to sell the Property to pay off the estate's creditors because said Property was not encumbered by a mortgage. *See* Declaration of Carline Bolivar in Support of Motion to Compelling Trustee Eric Perkins to Abandon Property of the Debtor at ¶¶ 6, 9-11 (ECF No. 91-1).

15. Based on the foregoing, it is beyond dispute that the Debtor's bankruptcy case is valid and there is nothing preventing the Trustee from liquidating the assets of the Debtor's bankruptcy estate.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

CHAPTER 7 TRUSTEE

Dated: November 4, 2022        */s/ Eric R. Perkins*
                                ERIC R. PERKINS