UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

BECKER LLC
354 Eisenhower Parkway
Plaza Two, Suite 1500
Livingston, NJ  07039
(973) 422-1100
Justin S. Baumgartner, Esq.
Email:  jbaumgartner@becker.legal
Attorneys for Eric R. Perkins, Chapter 7 Trustee

In Re:

SUPPORTIVE HEALTH LLC,

      Debtor.

Case No.:  22-15113 (VFP)

Chapter 7

Hon. Vincent F. Papalia, USBJ

Hearing Date: November 8, 2022 at 10:00 AM

**CERTIFICATION OF HOLLY SPERANZA OF ROOT RIVER REALTY IN REPLY TO THE OBJECTION OF CARLINE BOLIVAR AND IN FURTHER SUPPORT OF TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER (1) AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S RESIDENTIAL REAL PROPERTY LOCATED AT 2229 E. EDEN PLACE, ST. FRANCIS, WISCONSIN FREE AND CLEAR OF ANY LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b) and (f); (2) AUTHORIZING PAYMENT OF REAL ESTATE BROKERS' COMMISSION FROM THE SALE PROCEEDS; (3) WAIVING THE STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (4) FOR OTHER RELATED RELIEF**

Holly Speranza, being of full age, certifies as follows:

   1.  I am a real estate broker and agent for the real estate brokerage Root River Realty, which has been duly retained by the Chapter 7 Trustee for the bankruptcy estate of Supportive Health LLC (the "Debtor") to assist with and facilitate the sale of the property located at 2229 E. Eden Place, St. Francis, Wisconsin (the "Property"). As such, I have personal knowledge of the facts set forth herein.

2. I have been a licensed realtor for more than 15 years and have extensive experience in the greater Milwaukee residential real estate market, including foreclosures and bankruptcy sales.

3. I submit this certification in reply to Carline Bolivar's objection to the Chapter 7 Trustee's Motion for entry of an Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin 53235 Free and Clear of any Liens, Claims, and Encumbrances pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission from the Sale Proceeds; (3) Waiving the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for other related relief (the "Sale Motion") and in further support of the Sale Motion.

**Efforts to Market the Property**

4. Ms. Bolivar's assertion that the Property was not properly marketed is patently false. I have a huge pool of over 1500 contacts, including investors, wholesalers, agents, contractors, hard money lenders, etc., all of which are associated with the real estate investment market in Milwaukee. I marketed the Property to these contacts to the best of my ability and focused on specific people or entities that I believed would have the most interest.

5. The Trustee in consultation with myself decided not to list the Property on the Multiple Listing Service (MLS) because the Property has major foundation issues that would cost around $28,000.00 to remedy as stated by the estimate of the Gaidish Foundation Company attached as Exhibit B to the Sale Motion. The need for these foundation repairs were also confirmed by an additional basement contractor that visited the Property with me on October 24, 2022 and a structural engineer who also visited the Property with me on October 31, 2022.

6. Based on the Property's foundation issues, prospective buyers seeking conventional financing would likely be unable to secure a loan, leaving only prospective buyers that could afford to pay all cash for the Property or obtain a hard money or other investment-type loan. Thus, the decision was made to market the Property directly to these types of buyers outside of the MLS.

7. Moreover, the Property was not listed on the MLS because the sale of the Property is subject to the rights of the current occupants, Patrick and Jennifer Newbury (the "Occupants") and the interior of the Property is cluttered to the point of a borderline hoarder situation. Accordingly, showings have been difficult.

8. Finally, likely due to the interior condition of the Property, the Occupants were initially very reluctant to allow anyone access for showings. This was another factor in why the Trustee ultimately decided not to list the Property on the MLS.

**The Value of the Property**

9. As to the current value of Property, based on my experience representing buyers and sellers of similar properties in the Milwaukee area as well as current market conditions, I believe the Property in its current condition is worth between $100,000 and $120,000.

10. Further, I believe the $190,000 Zillow value cited by Ms. Bolivar in her objection to the sale assumes the Property is free from structural issues, vacant, and relatively clean. As stated above, this is not the case. As such, I believe the most recent offer of King James Investments LLC to purchase the Property for $125,000 is more than a reasonable offer given the circumstances.

**Certificate of Occupancy**

11. In my opinion, before the city of St. Francis, Wisconsin would issue a Certificate of Occupancy several aspects of the Property would likely need to be addressed. Specifically, the basement of the Property floods when it rains as a result of cracks in the foundation. Additionally,

certain aspects of the above-described hoarding are causing maintenance and other issues to the Property that would likely preclude the city from issuing a Certificate of Occupancy to a new occupant.

12. Based on the foregoing, I believe the sale of the Property is being conducted in good faith and for fair value.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 4, 2022

*Holly Speranza*  11/04/22
_____
Holly Speranza
Root River Realty