IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF NEW JERSEY

In re:

Supportive Health

LLC, Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

FILED
JEANNE A. NAUGHTON, CLERK

NOV 07 2022

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

## OBJECTION TO MOTION TO SELL AND CROSS MOTION TO WITHDRAW IRS PROOF OF CLAIM AND COMPEL CITY OF MILWAUKEE TO ACCEPT PAYMENT OF LIEN AND WITHDRAW PROOF OF CLAIM

Carline Bolivar, in her capacity as an interested party and an equity stake holder of the debtor, Supportive Health LLC, and further as principal of Supportive Health LLC ("Supportive Health"), hereby files this objection ("Objection") to the Trustee Eric Perkins' Motion to Sell 2229 E Eden Pl in St Francis, WI, authorizing payment of real estate commission, waiving the 14 day stay, and respectfully states as follows:

### PRELIMINARY STATEMENT

1. As argued in many prior motions before the court, the instant bankruptcy is a legal nullity that should be deemed void *ab initio* as it was not authorized by a principal of Supportive Health, was commenced under fraudulent pretenses where an attorney was coaxed into allowing his name to be used for the electronic filing of the bankruptcy petition using stolen credentials (see Joseph Iento Certification), and the filing violated bankruptcy code as it did not comply with either NJ Bankruptcy Court Administrative Procedure and Fed.R. Bankr. P. 9011.

2. I filed multiple appeals in the beginning of this year with the aim of dismissing the bankruptcy. However, due to extreme health issues (i.e. cancer and chemotherapy), I was not able to perfect the appeal. I have submitted for filing motions to the Federal District to Vacate the Dismissals such that I may perfect the appeals.

1

3. Before us today is an application by Trustee Perkins to essentially dupe me and the creditors of Supportive Health LLC by attempting to sell the property at almost one-half (1/2) of its market value with no rational basis for such action, and against the best interest of the creditors.

4. First, Mr. Perkins never had the property listed on the Multiple Listing Service (MLS) to field offers for it despite having the property listed with Cream City Realty for over a year! As such, the property has not been marketed in the best interest of the creditors and equity holder as the general public has not been given a chance to bid on the purchase of the property.

5. Second, Mr. Perkins never obtained an appraisal from a licensed appraiser to ascertain the true value of the property. I believe that an appraisal of the property would yield a market value of greater than $200,000 based on the sale price of comparative properties.

6. Instead, Mr. Perkins relied on some black box private sale, with the false claim that the property would not be able to obtain a Certificate of Occupancy (CO), in his attempt to defraud the creditors and myself, the equity holder, of a substantial amount of money.

7. Further, multiple attempts were made to pay the City of Milwaukee the alleged debt by both Supportive Health and Mr. Perrault Jean-Paul. The City of Milwaukee has refused to has refused to accept any payment to pay the debt alleged in its notice of claim.

8. Supportive Health has filed past year tax returns with the IRS to settle the debt ESTIMATED by the IRS. The tax burden due to the IRS, per the filings, is $0.00. The filings were submitted in June 2022.

9. The Trustee is attempting to liquidate over $600,000 in assets to pay off about $75,000 in debt! The trustee and the City of Milwaukee, to ensure their fraudulent windfall profit, has refused to entertain the payment of the alleged debt by Supportive Health to end the bankruptcy proceedings.

10. A Chapter 7 bankruptcy proceeding is used to liquidate assets when debts can not be repaid. In the instant case, the debt can be repaid and attempts have been made to repay it with a general refusal by the sole creditor – City of Milwaukee.

## ARGUMENTS

**Property should not be sold as the bankruptcy is not valid and should be dismissed as void ab initio**

11. As argued in the motion to dismiss and subsequent motions, the instant bankruptcy is a legal nullity that should be deemed void *ab initio* as it was not authorized by a principal of Supportive Health, was commenced under fraudulent pretenses where an attorney was coaxed into allowing his name to be used for the electronic filing of the bankruptcy petition using stolen credentials (see Joseph Lento Certification), and the filing violated bankruptcy code as it did not comply with either NJ Bankruptcy Court Administrative Procedure and Fed.R. Bankr. P. 9011.

12. Joseph Lento, the attorney of record for the filing, testified that he did not electronically file the petition or any of the schedules. He further testified that his ECF credentials were stolen.

13. Joseph Lento was unable to provide original signatures, in response to a motion to compel pursuant to United States Bankruptcy Court, District Of New Jersey, Administrative Procedures For Filing, Signing, And Verifying Documents By Electronic Means (II)(c). Despite the failure to provide original signatures, the court did not deem the petition and scheduled UNSIGNED and declined to dismiss the bankruptcy action.

**Carline Bolivar objects to the private sale of the property under the terms outlined by the Trustee**

14. The trustee is attempting to sell the subject property for $105,000 to a private party, allegedly through marketing to a list of private investors of the retained realtor, Root River Realty. The trustee substantiates the use of a private sale by claiming "any purchaser would not be able to obtain a certificate of occupancy without the foundation issues being remedied."

15. The allegation that a Certificate of Occupancy could not be obtained by a new owner based on the foundation is patently false. The St Francis building department on multiple occasions and has personally reviewed the work performed by the prior owner of the property to address foundation settlement issues. It has been at the house as recently as April 2021 and has not found the foundation of

3

the house to be in such disrepair that it condemns the property and forces out the tenants (i.e. deems that that the property cannot be occupied). Further, the property was built on filled wetlands near Lake Michigan. All of the properties within that area have settled unevenly based on the fact that their foundations rest primarily on sand.

16. **The trustee is attempting to sell the property for half its market value via a private party sale purely based on CONJECTURE.** A recent Zillow Property Estimate for the property shows that its market value is approximately $194,000 (*see* Exhibit A). The trustee has done zero due diligence to substantiate its claim that the property would not be given a Certificate of Occupancy.

17. Further, despite being listed with Cream City Realty for over a year, the subject property has never been listed on the Multiple Listing Service (MLS). As such, Cream City Realty has failed to properly market the property at the detriment to the creditors and the equity stake holder.

18. The trustee produces an estimate to address some of the settlement issues in the subject property. The estimate in no way avers to the safety of the house or the inability to obtain a certificate of occupancy if the work is not corrected. The estimate in no way substantiates the trustees basis for a private sale at half of the market value of the property.

19. Before the sale, the property needs to acquire an appraisal by a licensed appraiser to determine the market value of the property. Further, the property needs to be marketed via the MLS to get the best possible visibility. The trustee has failed to do either and, as such, the motion to sell should be denied.

### The 14 Day Stay of the Sale Should Not be Waived

20. The trustee correctly states "*Federal Rule of Bankruptcy Procedure 6004(h), unless the Court orders otherwise, orders authorizing the sale of the assets pursuant to § 363 of the Bankruptcy Code are automatically stayed for fourteen (14) days after entry of the order. The purpose of Rule 6004(h) is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented.*"

21. However the trustee has <u>not articulated a good reason for the court to override an</u>

4

automatic right and deny a debtor an opportunity to appeal the sale and request a stay. The trustee has not articulated why his need for immediacy should override the automatic provision of 11 U.S. Code § 363. There is no immediate need wherein a 14 day stay, as proscribed by Bankruptcy Code, would so prejudice the creditors that the court would have no choice but to override it.

I declare under penalty of perjury that the forgoing is true and correct.

*[signature]*

Carline Bolivar
Sole-Member, Supportive Health LLC

DATED: October 30, 2022

22.

5

# EXHIBIT A

# Zillow

< Back to Your homes

2229 E Eden Pl
Saint Francis, WI 53235

Public view

Zestimate: $190,400

3 Beds · 1 Bath · 1,028 sq ft



EDIT FACTS | LIST HOME ⌄ | MORE ⌄



**Tap into your home's equity**
Zillow makes it simple to explore your cash-out refinance options.

Start now

Zillow Group Marketplace, Inc. NMLS #1303160

## Your Home Value



Zestimate

# $190,400



Zestimate range
**$162,000 - $213,000**

Last 30-day change

- $3,403 (-1.8%)



Zestimate per sqft
**$99**

Zestimate history & details ⌄

## Your Home Equity

### Est. Home Equity ⓘ
### $133,042



**ONE-YEAR EQUITY FORECAST**
$ -- (-- %)



**EST. REMAINING MORTGAGE** ⓘ
$57,358

Track your estimated home equity to understand your buying or refinancing options. The accuracy of your estimate is determined by the info you provide below.

Edit details ⌄

Estimated net proceeds
**$109,629**

| | |
|---|---|
| Est. selling price of your home | $ 190,400 |
| Est. remaining mortgage ? | $ 59,576 |