| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>BECKER LLC<br>354 Eisenhower Parkway<br>Plaza Two, Suite 1500<br>Livingston, NJ  07039<br>(973) 422-1100<br>Justin S. Baumgartner, Esq.<br>Email:  jbaumgartner@becker.legal<br>Attorneys for Eric R. Perkins, Chapter 7 Trustee |

In Re:

SUPPORTIVE HEALTH LLC,

                Debtor.

Case No.:  21-15113

Chapter 7

Hon. Vincent F. Papalia, USBJ

Hearing Date: November 8, 2022 at 10:00 AM

**SUPPLEMENTAL CERTIFICATION OF ERIC R. PERKINS IN FURTHER SUPPORT OF TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER (1) AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S RESIDENTIAL REAL PROPERTY LOCATED AT 2229 E. EDEN PLACE, ST. FRANCIS, WISCONSIN FREE AND CLEAR OF ANY LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b) and (f); (2) AUTHORIZING PAYMENT OF REAL ESTATE BROKERS' COMMISSION FROM THE SALE PROCEEDS; (3) WAIVING THE STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (4) FOR OTHER RELATED RELIEF**

ERIC R. PERKINS, being of full age, certifies as follows:

      1.      I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of Supportive Health LLC (the "Debtor"). As such, I have personal knowledge of the facts set forth herein or have developed such knowledge based on my investigation to date.

      2.      I submit this supplemental certification in further support of my Motion for entry of an Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property

Located at 2229 E. Eden Place, St. Francis, Wisconsin 53235 Free and Clear of any Liens, Claims, and Encumbrances pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission from the Sale Proceeds; (3) Waiving the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for other related relief (the "Sale Motion").

**Subsequent Bidding for Higher and Better Offers**

3. As previously indicated to the Court, the Property was marketed by Root River Realty (the "Broker") since approximately July 2022 on my behalf as Trustee.

4. As stated in my initial Certification in support of the Sale Motion, I entered into good faith negotiations with Milwaukee Property Buyers, LLC (the "Stalking Horse Bidder") to sell the Property to the Stalking Horse Bidder pursuant to the terms set forth by the Agreement[1] for the purchase of $105,000.

5. Also as indicated in my Reply Certification to the Objection of Carline Bolivar filed with the Court last Friday, my Broker continued to market the Property since the filing of the Sale Motion. As a result, there was what can only be described as spirited bidding for the Property between interested parties.

6. I received the following bids for the property: (1) King James Investment LLC in the amount of $115,000.00; (2) 1st Gen Investments LLC in the amount of $120,000.00; and (3) King James Investments LLC in the amount of $125,000.00. There were no bidders willing to make an offer greater than $125,000.00.

7. Each of the bidders are wholly unrelated parties and each of the entities are owned by entirely separate individuals. To my knowledge, there has been no conversations between the bidders. The bidding process was conducted, as the emails attached to my Reply Certification

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

showed, through me and the Broker. The fact the 1st Gen. Investments LLC wishes to maintain its position as the backup bidder indicates a lack of communication between the bidders.

8. The successful bidder King James Investments LLC executed a Contract for the purchase of the Property for $125,000.00, which is similar to the contract signed by the Stalking Horse Bidder. The main difference is that the break-up fee language contained in the original Contract has been removed. A copy of the Contract with King James Investments is attached hereto as **Exhibit A.**

9. Additionally, 1st Generation Investments LLC's offer of $120,000 is to be considered as a backup bidder in the event King James Investments LLC's $125,000 did not close on the transaction for whatever reason. Attached hereto as **Exhibit B** is a copy of the Contract of Sale providing for 1st Generation Investments LLC as the backup bidder. Except to the backup bidder language in the Contract, the 1st Generation Investments LLC contract is virtually identical to the contract signed by King James Investments, LLC, attached hereto as **Exhibit A**.

10. Subsequent to my exchanges with these bidders, I inquired of my realtor if there were any other interested parties. She indicated there were none. As a result of the bidding between these parties and not having been contacted by any other third parties expressing interest in purchasing the Property since the filing of the Sale Motion, I have determined that the bidding is now closed. Since all the contracts are identical on the essential terms, except for the purchase price, I submit that the bid of King James Investments LLC is the highest and best offer for the Property.

11. Consequently, I am presenting the Contract of King James Investments LLC for $125,000.00 for the Court's consideration and request entry of an Order that I be allowed to proceed with that sale.

12. As stated in my recently submitted Reply Certification of November 4, 2022, all of the requirements for a section 363 sale as articulated in *Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 149-50 (3d Cir. 1986) have been met. The sale was at arm's length, is in good faith, and provides for fair value satisfying those requirements. Since there were three (3) different and unrelated parties, the arm's length and good faith test requirements have been met. Also, having three unrelated parties bidding on the Property, the market has set the value of the Property at $125,000.00. The value of the Property is further supported by the Certification of my realtor, Holly Speranza, who estimated the top value of the Property at $120,000.00. Her value was based on the current condition of the Property, which includes a foundation that requires substantial repair work and the sale of the Property being subject to the occupancy of Mr. and Mrs. Newbury. I have received no other inquiries or expressions of interest in purchasing the Property. Thus, the fair value requirement has also been met.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

CHAPTER 7 TRUSTEE

Dated:  November 7, 2022         */s/ Eric R. Perkins*
                                  ERIC R. PERKINS