UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY



**Caption in Compliance with D.N.J. LBR 9004-1(b)**

BECKER LLC
354 Eisenhower Parkway
Plaza Two, Suite 1500
Livingston, NJ  07039
(973) 422-1100
Justin S. Baumgartner, Esq.
Email:  jbaumgartner@becker.legal
Attorneys for Eric R. Perkins, Chapter 7 Trustee

**Order Filed on November 9, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

SUPPORTIVE HEALTH LLC,

               Debtor.

Case No.:  21-15113 (VFP)

Chapter 7

Hon. Vincent F. Papalia, USBJ

Hearing Date: November 8, 2022 at
10:00 AM

 

       **ORDER (1) AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S
RESIDENTIAL REAL PROPERTY LOCATED AT 2229 E. EDEN PLACE, ST. FRANCIS, WISCONSIN
FREE AND CLEAR OF ANY LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C.
§ 363(b) and (f); (2) AUTHORIZING PAYMENT OF REAL ESTATE  BROKERS'
COMMISSION FROM THE SALE PROCEEDS;  (3) DENYING WAIVER OF THE STAY
PURSUANT TO FED. BANKR. P. 6004(h); AND (4) AUTHORIZING OTHER RELATED RELIEF; AND
DENYING WITHOUT PREJUDICE THE CROSS-MOTION OF MS. CARLINE BOLIVAR**

       The relief set forth on the following pages numbered two (2) through nine (9) is hereby

ORDERED.
**DATED: November 9, 2022**

_____
       **Honorable Vincent F. Papalia
       United States Bankruptcy Judge**

**Case Name:**   **Supportive Health LLC**
**Case No.:**    **22-15113 (VFP)**
**Caption:**     **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission From the Sale Proceeds; (3) Denying Waiver of the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for Other Related Relief**

This matter comes before this Court on the motion of Eric R. Perkins, Esq., the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Supportive Health LLC (the "Debtor"), by and through his counsel, Becker LLC, for an Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin 53235 Free and Clear of any Liens, Claims, and Encumbrances pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission from the Sale Proceeds; (3) Waiving the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for other related relief (the "Sale Motion"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the relief requested in the Sale Motion is in the best interest of creditors and the estate; proper and sufficient notice of the Sale Motion having been given; and the Court having determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing, and for the reasons set forth on the record on November 8, 2022, THE COURT HEREBY FINDS AND DETERMINES that:[1]

    A.    The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334.

    B.    As evidenced by the certificate of service filed with the Court and based on representations of counsel at the hearing, if any, (i) proper, timely, adequate, and sufficient notice of the Sale Motion and Hearing has been provided in accordance with section 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9007; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Sale Motion, hearing or entry of this Order shall be required.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law as findings of fact where appropriate.

Case Name:     **Supportive Health LLC**
Case No.:      **22-15113 (VFP)**
Caption:       **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission From the Sale Proceeds; (3) Denying Waiver of the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for Other Related Relief**

C.      The purchase price constitutes fair consideration and constitutes reasonably equivalent value for the Property.[2]

D.      King James Investments, LLC (the "Buyer") is a purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, with respect to the Property.  The Agreement was negotiated, proposed and entered into by the parties in good faith, from arms-length bargaining positions and without collusion, and therefore, the Buyer is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the Property. Neither the Trustee nor the Buyer has engaged in any conduct that would cause or permit the Agreement to be void or voidable.

E.      1st Gen Investments, LLC (the "Backup Bidder") is a purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, with respect to the Property.  The purchase agreement between the Trustee and the Backup Bidder (the "Backup Bidder Agreement") was negotiated, proposed and entered into by the parties in good faith, from arms-length bargaining positions and without collusion, and therefore, the Backup Bidder is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the Property. Neither the Trustee nor the Backup Bidder has engaged in any conduct that would cause or permit the Backup Bidder Agreement to be void or voidable.

F.      Approval of the Agreement and the Backup Bidder Agreement and sale of the Property is in the best interest of the Debtor's creditors and its estate.

G.      The Trustee has articulated sound business reasons for consummating the transaction contemplated by the Agreement and Backup Bidder Agreement.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion and/or the Agreement, as applicable.

3

Case Name:          **Supportive Health LLC**
Case No.:           **22-15113 (VFP)**
Caption:            **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission From the Sale Proceeds; (3) Denying Waiver of the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for Other Related Relief**

H.      The Trustee may sell the Property to the Buyer free and clear of all interests, claims, encumbrances and liens (collectively, "Liens and Claims") in accordance with, and to the extent permitted by, section 363(f) of the Bankruptcy Code.  As a condition of purchasing the Property, Buyer requires that the Property be sold free and clear of all Liens and Claims.  Buyer would not have entered into the Agreement and would not consummate the transaction contemplated thereby, thus adversely affecting the Debtor's estate and its creditors, if the sale of the Property were not free and clear of all Liens and Claims or, if Buyer would, or in the future could, be liable for any such Liens and Claims asserted by the Trustee, Debtor, or Debtor's creditors.

I.      The Debtor's estate is the lawful owner of the Debtor's 100% ownership interest in the Property. Accordingly, the Trustee has good and marketable title to the Property and the transfer of the Property to the Buyer is or will be a legal, valid, and effective transfer of the Property, and will vest the Buyer with all right, title, and interest in and to the Property, free and clear of all Liens and Claims pursuant to section 363(f) of the Bankruptcy Code and applicable laws.

J.      Non-debtor parties holding valid Liens and Claims in or with respect to the Property who did not object to the Motion, who withdrew their objections to the Motion and/or whose objections were overruled shall have no further right to object to the sale of the Property free and clear of their Liens or Claims in or with respect to the Property pursuant to section 363(f)(2) of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1.      All findings of fact and conclusions of law set forth above are incorporated herein by reference, and the Sale Motion is granted as provided herein.

4

Case Name:       **Supportive Health LLC**
Case No.:        **22-15113 (VFP)**
Caption:         **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission From the Sale Proceeds; (3) Denying Waiver of the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for Other Related Relief**

2.      The Agreement, attached hereto as **Exhibit A**, and the terms set forth therein are fair and reasonable and shall be, and hereby are approved.

3.      The Backup Bidder Agreement attached hereto as **Exhibit B**, and the terms set forth therein are fair and reasonable and shall be, and hereby are approved.

4.      All objections to the Sale Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied and any further unasserted objections are barred.

5.      The Agreement, and all ancillary documents and transactions contemplated therein, including transfer of the Property to the Buyer, are approved and authorized under the Bankruptcy Code, including sections 105(a) and 363(b) and (f) thereof.

6.      Further, in the event that the Trustee and the Buyer do not close on the sale of the Property as contemplated in the Agreement, the Trustee is authorized to sell the Property to the Backup Bidder as contemplated in the Backup Bidder Agreement and in accordance with the provisions of this Order concerning the Agreement.

7.      The Trustee and the Buyer are authorized and directed to perform their respective obligations under the Agreement when due, and take such other actions as are necessary to execute and perform all obligations referenced in, contemplated by, or otherwise necessary under the Agreement.

8.      The Trustee is authorized to sell the Property to the Buyer, pursuant to the terms of the Agreement, on an AS IS, WHERE IS basis.

9.      Upon closing, the Buyer and its successors and assigns expressly waive any claims against the Debtor, the Debtor's estate, the Trustee, the Trustee's professionals, and/or their successors

Case Name:      **Supportive Health LLC**
Case No.:       **22-15113 (VFP)**
Caption:        **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission From the Sale Proceeds; (3) Denying Waiver of the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for Other Related Relief**

and assigns related to the Property following the Closing.  This release shall not release any obligations of the Trustee, as Trustee of the Debtor's estate contained in the Agreements.

10.     The transfer of the Property by the Trustee to the Buyer upon Closing will be a valid, legal, and effective transfer of the Property notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15) of the Bankruptcy Code) except as otherwise set forth in the Agreement.

11.     Pursuant to section 363(b) of the Bankruptcy Code, the Trustee is hereby authorized to sell and transfer the Property to the Buyer pursuant to and in accordance with the terms and conditions of the Agreement and to take all other actions as necessary to effectuate all of the terms thereof and to consummate the transactions contemplated therein, including, without limitation, such actions as are necessary to execute and deliver all documents referenced in and/or contemplated by the Agreement without further authorization of the Court.

12.     The sale of the Property to the Buyer pursuant to section 363(f) of the Bankruptcy Code and all other applicable laws, is free and clear of any and all interests, claims, charges, liens, security interests, and encumbrances (collectively, the "Liens and Claims"), with any Liens and Claims to attach only to the proceeds of sale of the Property in order of their priority and with the same validity, force, and effect that existed with respect to the Property prior to the closing date, subject to any and all rights, claims, defenses, and objections of the Trustee and any other party-in-interest.

13.     As stated in the Agreement, the sale is subject to the occupancy of the Property by Patrick Newberry and his family, and Mr. Newberry and his family's personal possessions are not included in the sale.

Case Name:    **Supportive Health LLC**
Case No.:    **22-15113 (VFP)**
Caption:    **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission From the Sale Proceeds; (3) Denying Waiver of the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for Other Related Relief**

14.    This Order and the Agreement shall be binding upon, and shall inure to the benefit of, the Trustee, the Buyer, and their respective successors and assigns.

15.    Root River Realty ("Broker") has earned a realtor commission of 6.0% of the purchase price as stated in the Agreement and the Listing Agreement appended as Exhibit D to the Sale Motion and thus the Trustee is authorized to pay the real estate commission from the sale proceeds at the Closing.

16.    The Cream City Real Estate Company, the Trustee's former real estate broker, is entitled to a fee of $1,000.00 as stated in the Trustee's Application for Retention of Cream City as realtor for the estate and the attendant listing agreement and thus the Trustee is authorized to pay said fee from the sale proceeds at the closing.

17.    The Trustee is authorized to pay the reasonable and necessary costs and expenses of preserving and disposing of the Property from the sale proceeds at closing pursuant to 11 U.S.C. § 506(c).

18.    This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Agreement and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order and the Agreement, or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue of dispute concerning the transfer of the Property free and clear of Liens and Claims.

19.    Upon the Trustee's receipt of the consideration set forth in the Agreement at closing, each of Debtor's creditors are authorized and directed to execute documents and take all other actions

| Case Name: | **Supportive Health LLC** |
|---|---|
| Case No.: | **22-15113 (VFP)** |
| Caption: | **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission From the Sale Proceeds; (3) Denying Waiver of the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for Other Related Relief** |

as may be necessary to release any Liens and Claims against or in the Property, as such Liens and Claims may have been recorded or otherwise exist.

20.    Each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Property conveyed to the Buyer.

21.    The Buyer shall be entitled to the protection of section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal. The purchase by the Buyer of the Property is a purchase in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code, and therefore, the Buyer is entitled to the protection of section 363(m) of the Bankruptcy Code. Accordingly, the reversal, modification or appeal of the authorization provided herein to consummate the Agreement and sale of the Property shall not affect the validity of the sale to the Buyer, unless such authorization is duly stayed pending such appeal before the Closing.

22.    The sale approved by this Order is not subject to avoidance or imposition of costs and damages pursuant to section 363(n) of the Bankruptcy Code.  The consideration set forth in the Agreement to be provided by the Buyer in exchange for the Property shall be deemed to constitute reasonably equivalent value and fair consideration.

23.    The Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such

| | |
|---|---|
| Case Name: | **Supportive Health LLC** |
| Case No.: | **22-15113 (VFP)** |
| Caption: | **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 2229 E. Eden Place, St. Francis, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission From the Sale Proceeds; (3) Denying Waiver of the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for Other Related Relief** |

modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

24.     The failure to specifically include any particular provision of the Agreement in this Order shall not diminish or impair the efficacy of any such provision, it being the intent of this Court that the Agreement and each and every provision, term and condition thereof be authorized or approved in their entirety.  In the case of an inconsistency between this Order and the Agreement, the Agreement shall control.

25.     Nothing herein precludes the rights of the Trustee to file an application to the Court pursuant to section 506(c) of the Bankruptcy Code.

26.     The Trustee's request of a waiver of the stay provided by Bankruptcy Rule 6004(h) is denied.

27.     The  Cross-motion filed by Ms. Carline Bolivar to dismiss the claim of the IRS and compel the City of Milwaukee to accept payment of its judgment lien is denied without prejudice as it was: (i) untimely filed under Local Bankruptcy Rule 9013-2; (ii) not properly served, nor was proof of service provided; and (iii) not properly related to the original Motion, as required by Local Bankruptcy Rule 9013-2.

EXHIBIT "A"

### AGREEMENT OF SALE

THIS AGREEMENT OF SALE ("Agreement"), made as of the 4th day of November, 2022, by and between ERIC R. PERKINS, Chapter 7 Trustee for the Bankruptcy Estate of Supportive Health, having an office c/o Becker LLC, 354 Eisenhower Parkway, Plaza II, Suite 1500, Livingston, New Jersey 07039 ("Trustee" or "Seller"), and King James Investments, LLC having an address of 6 Azalea Lane, Cedar Grove, New Jersey 07009 ("Buyer").

### W I T N E S S E T H

WHEREAS, a Voluntary Petition pursuant to Title 11, Chapter 11 of the United States Code ("Bankruptcy Code") was filed by Supportive Health, LLC ("Debtor") on June 22, 2021 in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), Case No. 1-15113-VFP; and

WHEREAS, upon a motion filed by the Office of the U.S. Trustee on August 11, 2021, the Bankruptcy Court entered an Order on August 19, 2021 converting the case to a Chapter 7 under the Bankruptcy Code; and

WHEREAS, Seller is the Chapter 7 Trustee for the Bankruptcy Estate of Supportive Health, LLC (the "Estate") having been appointed by the Office of the United States Trustee on August 19, 2021; and

WHEREAS, the Trustee seeks to liquidate certain assets of the Estate; and

WHEREAS, the Trustee enters into this Agreement in an effort to maximize the return to the creditors of the Debtor; and

WHEREAS, Buyer submitted an offer in the total amount of $125,000.00 to purchase the real property, including land, improvements, buildings, structures, fixtures, together with all and singular the tenements, hereditaments and appurtenances pertaining thereto, including any estate, right, title, interest, property, claim and demand of Seller in and to all streets, alleys, rights-of-way, sidewalks, easements, railroad spurs or sidetrack agreements, and utility lines or agreements located at 2229 East Eden Place, St. Francis, Wisconsin 53235(the "Property") from the Trustee, subject to higher and better offers; and

WHEREAS, Buyer has represented that it is fully qualified under the laws of the State of Wisconsin to purchase the Property; and

WHEREAS, upon receiving bankruptcy court approval, the Trustee desires to sell the Property and the Buyer desires to purchase the Property on the terms and conditions hereinafter set forth.

NOW, THEREFORE, for and in consideration of the covenants and agreements hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and the mutual promises herein made, it is agreed as

2

follows:

1. **SALE.** The Trustee agrees to sell and Buyer agrees to purchase the Trustee's right, title and interest in and to the Property for the Purchase Price (as hereinafter defined) and upon the terms and conditions hereinafter provided.

2. **PURCHASE PRICE**. The purchase price for the Property is One Hundred Twenty-Five Thousand and 00/100 Dollars ($125,000.00), payable as follows:

A.   Within 10 days of the execution of this Contract, Buyer shall deposit with the Trustee earnest money in the amount of Twelve Thousand Five Hundred and 00/100 Dollars ($12,500.00) (the "Deposit"), which shall be maintained by the Trustee in a non-interest bearing account.

B.   The Deposit shall be held in escrow by the Trustee and released to the Trustee upon the earlier of (1) the Closing Date; or (2) a Ruling/Order by a Court of Competent Jurisdiction that the Deposit shall be released to the Trustee.  The Deposit shall be returned to Buyer only if: (a) the Trustee cancels this Agreement pursuant to the terms hereof; (b) the Trustee is unable to deliver marketable title insurable at regular rates; or (c) the Agreement is cancelled by the Buyer in accordance with the terms herein.

C.   At the closing of title ("Closing"), the Buyer (or Buyer's lender) shall pay the Settlement Agent the balance of Purchase Price by wire transfer, attorney trust account, certified,

3

cashier's or bank check.

D. **FINANCING.**  This transaction is not contingent upon the Buyer obtaining financing from a lender to complete the herein transaction.

D. **ADJUSTMENTS.**  All adjustments, including without limitation, real estate taxes, utilities, assessments and water and sewer charges (collectively "Adjustments"), shall be adjusted, apportioned and allowed as of the Closing Date.  All assessments for improvements completed prior to the Closing Date shall be paid by Trustee, all incomplete or unconfirmed assessments shall be paid by Buyer.

3. **CLOSING DOCUMENTS.**

A.   At the Closing, the Trustee shall execute and/or deliver to the Buyer a Trustee's Deed (the "Deed"), in proper form for recording, together with such other Instruments as may be reasonably required by Buyer's attorney or Buyer's title insurance company to effectuate the within transaction.

B.   At the Closing, Buyer shall execute and/or deliver to the Trustee such other documents and/or instruments as may be reasonably required by the Trustee's attorney or Buyer's title insurance company to effectuate the within transaction.

4. **TITLE.**

At Closing, Seller will convey, subject to an order of the United States Bankruptcy Court for the District of New Jersey, pursuant to 11 U.S.C. § 363 and Federal Rules of Bankruptcy

4

Procedure 6004 and 9014, good, marketable, and insurable title, insurable at regular rates, by any reputable title insurance company licensed to do business in the State of Wisconsin, free of liens and encumbrances, with valid liens and encumbrances to attach to the proceeds of sale. The sale is subject to easements and restrictions of record, if any, and such state of facts as an accurate survey might disclose, provided that such facts do not render title unmarketable or uninsurable at regular rates. The sale is also subject to applicable zoning ordinances. The sale is also subject to the occupancy by Patrick Newberry and his family, and Mr. Newberry and his family's personal possessions are not included in the sale. Seller represents that to the best of his knowledge, the Property is a single-family residence and that this use does not violate any applicable zoning ordinance, building code or other law.

5    **RISK OF LOSS AND CONDEMNATION.**

A.    The Trustee does not assume the risk of any material loss or damage to the Property. If, however, all or a substantial part of the Property suffers material loss or damage due to fire or other casualty, or otherwise, Buyer may terminate this Agreement and the Deposit shall be refunded. Substantial damage is defined as damage with costs of repair that exceed 5% of the Purchase Price.

B.    If prior to Closing all or part of the Property shall be condemned or taken as the result of the exercise of the power of eminent domain, then this Agreement shall automatically terminate, and there shall be no further obligations hereunder except that the Deposit shall be returned to Buyer.

C.    There shall be no remedy against either the Trustee, his representative and agents for any undisclosed liens that fail to appear on the Buyer's title report at Closing.  The only remedy available for any undisclosed liens that fail to appear on the Buyer's title report at Closing shall be against the Buyer's Title Company.

6.  **APPROVAL.**  Notwithstanding anything contained in this Agreement to the contrary, Trustee shall not proceed to Closing unless and until the Bankruptcy Court shall have issued an approval order approving of this Agreement and the transactions contemplated herein (the "Approval Order"), and the Approval Order shall not be subject to any stay; or, alternatively, Trustee shall be in receipt of a certification of no objection from the Bankruptcy Court prior to Closing.  In the event that the Bankruptcy Court does not issue such Approval Order or the aforementioned certification within sixty (60) days of the date of this Agreement, either Buyer or Trustee may terminate this Agreement by providing written notice of same to Buyer.  In the event of such termination, the Deposit shall be returned to Buyer

and neither party shall have any further liability to the other.

7.   **"WHERE IS" AND "AS IS".** Buyer acknowledges and agrees that it has had or will have the opportunity to inspect the Property, including, but not limited to, all of the improvements, fixtures and the land comprising the Property and that the Buyer has made or will make a complete and independent investigation of all facts and data which it has deemed necessary or desirable to enter into and/or consummate this transaction. The Buyer acknowledges that it is purchasing the Property "**WHERE IS**" and "**AS IS**" without reliance upon any warranty or representation made by the Trustee or by any of his agents or representatives of any kind or nature, including, without limitation, the structural or environmental condition of the Property. Buyer shall be responsible, at its sole cost and expense, to obtain whatever governmental certificates, approvals, or licenses that might be necessary to convey the Property to Buyer and Seller shall cooperate in providing the necessary information and/or signatures so that Buyer may obtain the necessary approvals/certificates. Notwithstanding the above, the Trustee will give good and marketable title to Buyer.

8.   **RIGHTS AND OBLIGATIONS OF BUYER**. Buyer shall be entitled to possession of the Property immediately upon the delivery of the Deed and Closing of title.

8A.  **TENANCIES.**  Seller shall deliver the Property to Buyer subject to the occupancy of Mr. Newberry and his family.  Seller represents that there is no lease in existence between seller and Mr. Newberry and his family, but that they have been occupying the premises on a month to month arrangement, paying $1300.00 per month as an occupancy fee.

9.  **CLOSING OF TITLE**.  The Closing shall take place 14 days following the Approval Order or such other commercially reasonable time as may be agreed upon between the Trustee and Buyer.  The Closing shall be held at the offices of the Buyer's counsel, or at such other location as may be mutually agreed by the parties, or by mail, at a time mutually convenient for the parties.

10.  **ENTIRE AGREEMENT**.  This Agreement constitutes the entire agreement between the parties.  To the extent any of the terms in this Agreement conflict with any previous agreement or contract between the parties, the terms of this Agreement prevail.  No variations or modifications of or amendments to the terms of this Agreement shall be binding unless reduced to writing and signed by the parties hereto.

11.  **BINDING EFFECT**.  This Agreement shall be binding on and shall inure to the benefit of the Trustee and Buyer and its respective successors and assigns.

12.   **CONSTRUCTION**.  The laws of the State of New Jersey shall govern the interpretation, construction and performance of this Agreement.  The Bankruptcy Court shall retain jurisdiction to any action relating to this Agreement.

13.   **FURTHER ASSURANCES**.  Each party agrees that, at any time or from time to time upon written request of the other party, they will execute and deliver all such further documents and do all such other acts and things as may be reasonably required to confirm or consummate this transaction.

14.   **CAPTIONS**.  The captions preceding the paragraphs of this Agreement are intended only as a matter of convenience for reference and in no way define, limit or describe the scope of this Agreement or the intent of any provision hereof.

15.   **NOTICES**.  All notices required to be given pursuant to this Agreement shall be sent by certified mail, return receipt requested, or by any overnight delivery service to the parties at the following addresses;

A.   If to the Trustee, at his address set forth in the heading to this Agreement, with a copy to Justin Baumgartner, Esq., Becker LLC 354 Eisenhower Parkway, Plaza II, Suite 1500, Livingston, New Jersey 07039.

B.   If to the Buyer, at his address set forth in the heading to this Agreement, with a copy to 1601 S 77th Street West

9

Allis, WI 53214. Either party may change the notice address by written notice to the other party.

16. **REMEDIES**. If Buyer defaults in its obligations hereunder, the Trustee shall have the right to avail himself of all rights and remedies available at law or in equity, including but not limited to retention of the Deposit. If the Trustee shall default in his obligations hereunder or shall fail to close title hereunder for any reason, then Buyer, as his sole and exclusive remedy, shall be entitled to the return of the Deposit, and thereafter neither party shall have any further obligations to the other.

17. **WAIVER OF CONDITIONS**.

A. Buyer and the Trustee each shall have the right to waive any of the terms or conditions of this Agreement which are strictly for their respective benefit and to complete the Closing in accordance with the terms and conditions of this Agreement, which have not been so waived. Any such waiver shall be effective and binding only if made in writing and signed by the party who benefits from the condition being waived.

B. No waiver by either party of any failure or refusal by the other party to comply with their obligations hereunder shall be deemed a waiver of any other or subsequent failure or refusal by the other party so to comply.

18.   **NO RECORDING**.  Except as may be filed with the Bankruptcy Court, Buyer shall not record this Agreement or any memorandum or short form hereof in any place or office of public record.

19.   **SEVERABILITY**.  The terms, conditions, covenants and provisions of this Agreement shall be deemed to be severable.  If any clause or provision herein contained shall be determined to be invalid or unenforceable by a court of competent jurisdiction or by operation of applicable law, the same shall be deemed to be severable and shall not affect the validity of any other clause or provision of this Agreement and such other clauses and provisions shall remain in full force and effect.  If, however, the severed clause or provision relates to the Purchase Price or other monies to be paid hereunder, or if the severance would result in this Agreement not being in compliance with Bankruptcy Court approval, the Trustee shall have the right to terminate this Agreement on notice to Buyer.  If this Agreement is terminated, there shall be no further obligations hereunder except that the Deposit shall be returned to Buyer.

20.   **GENDER**.  As used in this Agreement, the masculine gender shall include the feminine or neuter gender, the neuter gender shall include the masculine or feminine genders, the singular shall include the plural and the plural shall include the singular, wherever appropriate to the context.

21. **BROKER.** Trustee and Buyer agree that neither party has had negotiations with or dealt with any broker other than Root River Realty, as the listing broker, and Rich Hickles Real Estate, as the Buyer's broker (collectively, "Broker"), in connection with the sale of the Property. Trustee shall be solely liable for the payment of Broker. Buyer agrees to indemnify Trustee against, and hold each harmless from, any loss, damage, cost or expense, including without limitation, attorneys' fees and disbursements, incurred as a result of any misrepresentation hereunder made by Buyer. The provisions of this Paragraph 21 shall survive delivery of the Deed or any earlier termination of this Agreement.

22. All terms of the Contract providing for an automatic waiver of a right resulting from a failure of either party to take action or provide a notice to the other are deleted. Should a party fail to take such timely action or provide such timely notice, the other party shall provide a written five (5) days-notice of such failure. If, after the five (5) days passes, the party continues to fail to give such notice or take such action, the party shall be deemed to have waived any rights granted to him or her by giving such timely notice or taking such timely action.

**IN WITNESS WHEREOF**, the parties hereto have hereunto executed and delivered this Agreement the day and year first

above written.

WITNESS:                          ERIC R. PERKINS, Chapter 7
                                  Trustee for Debtor,


_____     _____
                                  By: ERIC R. PERKINS
                                      Chapter 7 Trustee, Seller


WITNESS:                          King James Investments, LLC, Purchaser


_____     _____
                                  By: Jamila Nicole James, Managing
                                  Member


WITNESS:                          King James Investments, LLC, Purchaser


_____     _____
                                  By: Orenthia James, Managing Member


13

EXHIBIT "B"

Authentisign ID: FB7F2500-4C5D-ED11-ADE6-0050F2765AB1

### AGREEMENT OF SALE

THIS AGREEMENT OF SALE ("Agreement"), made as of the _____
day of November, 2022, by and between ERIC R. PERKINS, Chapter 7
Trustee for the Bankruptcy Estate of Supportive Health, having an
office c/o Becker LLC, 354 Eisenhower Parkway, Plaza II, Suite
1500, Livingston, New Jersey 07039 ("Trustee" or "Seller"), and
1st Gen Investments LLC having an address of 333 Bishops Way,
Suite 122-1,Brookfield, WI 53005 ("Buyer").

### W I T N E S S E T H

WHEREAS, a Voluntary Petition pursuant to Title 11, Chapter
11 of the United States Code ("Bankruptcy Code") was filed by
Supportive Health, LLC ("Debtor") on June 22, 2021 in the United
States Bankruptcy Court for the District of New Jersey
("Bankruptcy Court"), Case No. 1-15113-VFP; and

WHEREAS, upon a motion filed by the Office of the U.S.
Trustee on August 11, 2021, the Bankruptcy Court entered an Order
on August 19, 2021 converting the case to a Chapter 7 under the
Bankruptcy Code; and

WHEREAS, Seller is the Chapter 7 Trustee for the Bankruptcy
Estate of Supportive Health, LLC (the "Estate") having been
appointed by the Office of the United States Trustee on August
19, 2021; and

WHEREAS, the Trustee seeks to liquidate certain assets of the Estate; and

WHEREAS, the Trustee enters into this Agreement in an effort to maximize the return to the creditors of the Debtor; and

WHEREAS, King James Investments LLC (the "Initial Purchaser") has entered into a contract to purchase the real property, including land, improvements, buildings, structures, fixtures, together with all and singular the tenements, hereditaments and appurtenances pertaining thereto, including any estate, right, title, interest, property, claim and demand of Seller in and to all streets, alleys, rights-of-way, sidewalks, easements, railroad spurs or sidetrack agreements, and utility lines or agreements located at 2229 East Eden Place, St. Francis, Wisconsin 53235(the "Property") from the Trustee, subject to higher and better offers for $125,000.00 and subject to Bankruptcy Court approval; and

WHEREAS, Buyer had submitted an offer in the total amount of $120,000.00 to purchase the Property; and

WHEREAS, in the event the higher offer from the Initial Purchaser is not approved by the Court or does not close for any reason, Buyer wishes to be considered as the back-up bidder; and

WHEREAS, Buyer has represented that it is fully qualified under the laws of the State of Wisconsin to purchase the Property; and

WHEREAS, upon receiving bankruptcy court approval, the

2

Trustee desires to sell the Property and the Buyer desires to purchase the Property on the terms and conditions hereinafter set forth.

NOW, THEREFORE, for and in consideration of the covenants and agreements hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and the mutual promises herein made, it is agreed as follows:

1. **SALE**. In the event the offer for $125,000.00 to purchase the property is not approved by the Bankruptcy Court or does not close and is terminated, Trustee agrees to sell and Buyer agrees to purchase the Trustee's right, title and interest in and to the Property for the Purchase Price (as hereinafter defined) and upon the terms and conditions hereinafter provided.

2. **PURCHASE PRICE**. The purchase price for the Property is One Hundred Twenty Thousand and 00/100 Dollars ($120,000.00), payable as follows:

A. Within 10 days of notice that the transaction for $125,000 is not approved by the Bankruptcy Court or does not close or is otherwise terminated, Buyer shall deposit with the Trustee earnest money in the amount of Twelve Thousand and 00/100 Dollars ($12,000.00) (the "Deposit"), which shall be maintained by the Trustee in a non-interest bearing account.

B. The Deposit shall be held in escrow by the Trustee

3

and released to the Trustee upon the earlier of (1) the Closing Date; or (2) a Ruling/Order by a Court of Competent Jurisdiction that the Deposit shall be released to the Trustee. The Deposit shall be returned to Buyer only if: (a) the Trustee cancels this Agreement pursuant to the terms hereof; (b) the Trustee is unable to deliver marketable title insurable at regular rates; or (c) the Agreement is cancelled by the Buyer in accordance with the terms herein.

C.  At the closing of title ("Closing"), the Buyer (or Buyer's lender) shall pay the Settlement Agent the balance of the Purchase Price by wire transfer, attorney trust account, certified, cashier's or bank check.

D.  **FINANCING**.  This transaction is not contingent upon the Buyer obtaining financing from a lender to complete the herein transaction.

E.  **ADJUSTMENTS**.  All adjustments, including without limitation, real estate taxes, utilities, assessments and water and sewer charges (collectively "Adjustments"), shall be adjusted, apportioned and allowed as of the Closing Date. All assessments for improvements completed prior to the Closing Date shall be paid by Trustee, all incomplete or unconfirmed assessments shall be paid by Buyer.

3.  **CLOSING DOCUMENTS**.

A.   At the Closing, the Trustee shall execute and/or deliver to the Buyer a Trustee's Deed (the "Deed"), in proper

4

Authentisign ID: FB7F2500-4C5D-ED11-ADE6-0050F27E5AB1

form for recording, together with such other Instruments as may
be reasonably required by Buyer's attorney or Buyer's title
insurance company to effectuate the within transaction.

      B.  At the Closing, Buyer shall execute and/or deliver
to the Trustee such other documents and/or instruments as may be
reasonably required by the Trustee's attorney or Buyer's title
insurance company to effectuate the within transaction.

      4.  **TITLE**.

    At Closing, Seller will convey, subject to an order of the
United States Bankruptcy Court for the District of New Jersey,
pursuant to 11 U.S.C. § 363 and Federal Rules of Bankruptcy
Procedure 6004 and 9014, good, marketable, and insurable title,
insurable at regular rates, by any reputable title insurance
company licensed to do business in the State of Wisconsin, free
of liens and encumbrances, with valid liens and encumbrances to
attach to the proceeds of sale. The sale is subject to easements
and restrictions of record, if any, and such state of facts as an
accurate survey might disclose, provided that such facts do not
render title unmarketable or uninsurable at regular rates. The
sale is also subject to applicable zoning ordinances. The sale
is also subject to the occupancy by Patrick Newberry and his
family, and Mr. Newberry and his family's personal possessions
are not included in the sale. Seller represents that to the best
of his knowledge, the Property is a single-family residence and
that this use does not violate any applicable zoning ordinance,

5

Authentisign ID: FB7F2500-4C5D-ED11-ADE6-0050F27E5AB1

building code or other law.

5    **<u>RISK OF LOSS AND CONDEMNATION.</u>**

A.    The Trustee does not assume the risk of any material loss or damage to the Property. If, however, all or a substantial part of the Property suffers material loss or damage due to fire or other casualty, or otherwise, Buyer may terminate this Agreement and the Deposit shall be refunded. Substantial damage is defined as damage with costs of repair that exceed 5% of the Purchase Price.

B.    If prior to Closing all or part of the Property shall be condemned or taken as the result of the exercise of the power of eminent domain, then this Agreement shall automatically terminate, and there shall be no further obligations hereunder except that the Deposit shall be returned to Buyer.

C.    There shall be no remedy against either the Trustee, his representative and agents for any undisclosed liens that fail to appear on the Buyer's title report at Closing. The only remedy available for any undisclosed liens that fail to appear on the Buyer's title report at Closing shall be against the Buyer's Title Company.

6.    **<u>APPROVAL.</u>** Notwithstanding anything contained in this Agreement to the contrary, Trustee shall not proceed to Closing unless and until the Bankruptcy Court shall have issued an approval order approving of this Agreement and the transactions contemplated herein (the "Approval Order"), and the Approval

Authentisign ID: FB7F2500-4C5D-ED11-ADE6-0050F27E5AB1

Order shall not be subject to any stay; or, alternatively, Trustee shall be in receipt of a certification of no objection from the Bankruptcy Court prior to Closing.  In the event that the Bankruptcy Court does not issue such Approval Order or the aforementioned certification within sixty (60) days of the date of this Agreement, either Buyer or Trustee may terminate this Agreement by providing written notice of same to Buyer.  In the event of such termination, the Deposit shall be returned to Buyer and neither party shall have any further liability to the other.

7.    **"WHERE IS" AND "AS IS".** Buyer acknowledges and agrees that it has had or will have the opportunity to inspect the Property, including, but not limited to, all of the improvements, fixtures and the land comprising the Property and that the Buyer has made or will make a complete and independent investigation of all facts and data which it has deemed necessary or desirable to enter into and/or consummate this transaction.  The Buyer acknowledges that it is purchasing the Property **"WHERE IS"** and **"AS IS"** without reliance upon any warranty or representation made by the Trustee or by any of his agents or representatives of any kind or nature, including, without limitation, the structural or environmental condition of the Property.  Buyer shall be responsible, at its sole cost and expense, to obtain whatever governmental certificates, approvals, or licenses that might be necessary to convey the Property to Buyer and Seller shall

cooperate in providing the necessary information and/or signatures so that Buyer may obtain the necessary approvals/certificates. Notwithstanding the above, the Trustee will give good and marketable title to Buyer.

8.    **RIGHTS AND OBLIGATIONS OF BUYER**. Buyer shall be entitled to possession of the Property immediately upon the delivery of the Deed and Closing of title.

8A.    **TENANCIES**. Seller shall deliver the Property to Buyer subject to the occupancy of Mr. Newberry and his family. Seller represents that there is no lease in existence between seller and Mr. Newberry and his family, but that they have been occupying the premises on a month to month arrangement, paying $1300.00 per month as an occupancy fee.

9.    **CLOSING OF TITLE**. The Closing shall take place 14 days following the Approval Order or such other commercially reasonable time as may be agreed upon between the Trustee and Buyer. The Closing shall be held at the offices of the Buyer's counsel, or at such other location as may be mutually agreed by the parties, or by mail, at a time mutually convenient for the parties.

10.    **ENTIRE AGREEMENT**. This Agreement constitutes the entire agreement between the parties. To the extent any of the terms in this Agreement conflict with any previous agreement or contract between the parties, the terms of this Agreement prevail. No variations or modifications of or amendments to the

8

Authentisign ID: FB7F2500-4C5D-ED11-ADE6-0050F27F5AB1

terms of this Agreement shall be binding unless reduced to writing and signed by the parties hereto.

11.  **BINDING EFFECT**.  This Agreement shall be binding on and shall inure to the benefit of the Trustee and Buyer and its respective successors and assigns.

12.  **CONSTRUCTION**.  The laws of the State of New Jersey shall govern the interpretation, construction and performance of this Agreement.  The Bankruptcy Court shall retain jurisdiction to any action relating to this Agreement.

13.  **FURTHER ASSURANCES**.  Each party agrees that, at any time or from time to time upon written request of the other party, they will execute and deliver all such further documents and do all such other acts and things as may be reasonably required to confirm or consummate this transaction.

14.  **CAPTIONS**.  The captions preceding the paragraphs of this Agreement are intended only as a matter of convenience for reference and in no way define, limit or describe the scope of this Agreement or the intent of any provision hereof.

15.  **NOTICES**.  All notices required to be given pursuant to this Agreement shall be sent by certified mail, return receipt requested, or by any overnight delivery service to the parties at the following addresses;

A.  If to the Trustee, at his address set forth in the heading to this Agreement, with a copy to Justin Baumgartner, Esq., Becker LLC 354 Eisenhower Parkway, Plaza II, Suite 1500,

9

Livingston, New Jersey 07039.

B.    If to the Buyer, at his address set forth in the heading to this Agreement, with a copy to 1601 S 77th Street West Allis, WI 53214. Either party may change the notice address by written notice to the other party.

16.    **REMEDIES**.    If Buyer defaults in its obligations hereunder, the Trustee shall have the right to avail himself of all rights and remedies available at law or in equity, including but not limited to retention of the Deposit. If the Trustee shall default in his obligations hereunder or shall fail to close title hereunder for any reason, then Buyer, as his sole and exclusive remedy, shall be entitled to the return of the Deposit, and thereafter neither party shall have any further obligations to the other.

17.    **WAIVER OF CONDITIONS**.

A.    Buyer and the Trustee each shall have the right to waive any of the terms or conditions of this Agreement which are strictly for their respective benefit and to complete the Closing in accordance with the terms and conditions of this Agreement, which have not been so waived. Any such waiver shall be effective and binding only if made in writing and signed by the party who benefits from the condition being waived.

B.    No waiver by either party of any failure or refusal by the other party to comply with their obligations hereunder shall be deemed a waiver of any other or subsequent

10

Authentisign ID: FB7E2500-4C5D-ED11-ADE6-0050F27E5AB1

failure or refusal by the other party so to comply.

18. **NO RECORDING**. Except as may be filed with the Bankruptcy Court, Buyer shall not record this Agreement or any memorandum or short form hereof in any place or office of public record.

19. **SEVERABILITY**. The terms, conditions, covenants and provisions of this Agreement shall be deemed to be severable. If any clause or provision herein contained shall be determined to be invalid or unenforceable by a court of competent jurisdiction or by operation of applicable law, the same shall be deemed to be severable and shall not affect the validity of any other clause or provision of this Agreement and such other clauses and provisions shall remain in full force and effect. If, however, the severed clause or provision relates to the Purchase Price or other monies to be paid hereunder, or if the severance would result in this Agreement not being in compliance with Bankruptcy Court approval, the Trustee shall have the right to terminate this Agreement on notice to Buyer. If this Agreement is terminated, there shall be no further obligations hereunder except that the Deposit shall be returned to Buyer.

20. **GENDER**. As used in this Agreement, the masculine gender shall include the feminine or neuter gender, the neuter gender shall include the masculine or feminine genders, the singular shall include the plural and the plural shall include the singular, wherever appropriate to the context.

11

Authentisign ID: FB7F2500-4C5D-ED11-ADE6-0050F27E5AB1

21.  **BROKER**.  Trustee and Buyer agree that neither party has had negotiations with or dealt with any broker other than Root River Realty, as the listing broker, and as the Buyer's broker (collectively, "Broker"), in connection with the sale of the Property.  Trustee shall be solely liable for the payment of Broker.  Buyer agrees to indemnify Trustee against, and hold each harmless from, any loss, damage, cost or expense, including without limitation, attorneys' fees and disbursements, incurred as a result of any misrepresentation hereunder made by Buyer. The provisions of this Paragraph 21 shall survive delivery of the Deed or any earlier termination of this Agreement.

22. All terms of the Contract providing for an automatic waiver of a right resulting from a failure of either party to take action or provide a notice to the other are deleted.  Should a party fail to take such timely action or provide such timely notice, the other party shall provide a written five (5) days-notice of such failure.  If, after the five (5) days passes, the party continues to fail to give such notice or take such action, the party shall be deemed to have waived any rights granted to him or her by giving such timely notice or taking such timely action.

**IN WITNESS WHEREOF,** the parties hereto have hereunto executed and delivered this Agreement the day and year first

Authentisign ID: FB7F2500-4C5D-ED11-ADE6-0050F2765AB1

above written.


WITNESS:                          ERIC R. PERKINS, Chapter 7
                                  Trustee for Debtor,


_____           _____
                                  By: ERIC R. PERKINS
                                       Chapter 7 Trustee, Seller


WITNESS:


                                  1st Gen Investments, LLC, Purchaser


                                  _AJ Vermiglio_____  11/05/22
_____           _____
                                  By:              Managing Member


13