## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re<br>**SUPPORTIVE HEALTH LLC**<br>Debtor<br><br>**CARLINE BOLIVAR**<br>Appellant, Pro Se<br><br>V.<br><br>**ERIC R. PERKINS**<br>Appellee | U.S. BANKRUPTCY COURT<br>FILED<br>NEWARK, N.J.<br>2022 NOV 21  P 1:3<br>JEANNE A. NAUGHTON<br>BY: ____<br>DEPUTY CLERK<br><br>Docket No. ____<br><br>Bankruptcy Court<br>Case No.: 21-15113-VFP<br><br>*Civil Action*<br><br>**BRIEF IN SUPPORT OF EMERGENCY MOTION TO STAY PENDING APPEAL AND FOR TEMPORARY STAY PENDING CONSIDERATION OF MOTION**<br><br>**Judge:** Judge Susan D. Wigenton |

### BRIEF IN SUPPORT OF EMERGENCY MOTION TO STAY PENDING APPEAL AND FOR TEMPORARY STAY PENDING CONSIDERATION OF MOTION

### PRELIMINARY STATEMENT

Carline Bolivar, in her capacity as an interested party and an equity stake holder of the debtor, Supportive Health LLC, and further as principal of Supportive Health LLC ("Supportive Health"), hereby files this emergency motion for a stay of the bankruptcy enforcement actions pending appeal and for a temporary stay pending consideration of the motion, pursuant to Federal Rules of Bankruptcy Procedure Rule § 8007. Amongst the enforcement actions is the current order being appealed from -- the immediate approval to sell one of the two properties that form the assets of the bankruptcy entered by the bankruptcy court on November 9, 2022.

The stay is necessary to maintain the status quo to provide the court with an opportunity to right an awful wrong that is being perpetrated by both the bankruptcy trustee and the bankruptcy court. The bankruptcy trustee and the bankruptcy court are attempting to undermine

2

and ignore glaring bankruptcy law in order to commit a travesty of the bankruptcy code. They are attempting to steal $600,000 worth of property for an alleged $76,000 of debt, which is allegedly owed to one creditor, for a corporate bankruptcy that was never authorized and filed through the fraudulent "hijacking" of the eFile account of an attorney – who withdrew as soon as he became aware of the fraud. The bankruptcy court is setting a dangerous precedent by essentially claiming that any hacker can infiltrate the account of an attorney and file a bankruptcy for a corporate entity without the authorization of that entity, and that entity would be estopped from dismissing that fraudulent bankruptcy filing because it has "enjoyed" the benefit of the automatic stay. The logic used by the trustee and the bankruptcy court to commit their heinous abuse of the bankruptcy code is absolutely ludicrous. The fact that the trustee and bankruptcy court plows forward with their crime knowing that the only opposition is the *pro se* sole proprietor of the limited liability company who, now gravely ill and unable to mount an effective defense, completely relies on the assets of the company is even more shameful.

As will be shown herein, an emergency motion to stay proceedings of the bankruptcy pending appeal both has merit and is favored by the balance of harms, which warrants an immediate stay. On the one hand, we have a "fake" bankruptcy with one creditor that was started by fraudulent means per the affidavit of the attorney who allegedly started it. Further, we have a greedy trustee who disregards bankruptcy code to fill his pockets by liquidating over $600,000 in assets for an alleged debt of $76,000 from one creditor.

On the other hand, we have a sole proprietor of a limited liability company whose owner is fighting for her life with cancer and who is barely able to defend herself in this bankruptcy. The two residential houses that are the assets of the limited liability company represents the life savings of the owner. Given her fight for her life from cancer, those two assets are more important than ever as they are the sole means of income for the owner and without which the

3

owner would suffer *irreparable harm*. This owner, from her first motion to the court – a motion to dismiss -- certified that she did not authorize the bankruptcy, offered to pay the sole debtor the debt to end the bankruptcy and has repeatedly filed motions with the court to dismiss the bankruptcy. The "automatic stay" from this bankruptcy has been b a weapon against this sole owner as it has allowed the alleged sole debt to accumulate interest and the sole owner has not "enjoyed" any benefit from it.

The court should grant the stay pending appeal to prevent the thieves from prevailing in their attempt to steal everything from me that I have worked my entire life for and my sole means of support. If the court does not grant the stay, I will forever lose my property and any future appeals will be moot regardless of merit. The Trustee, on the other hand, would not be prejudiced by a stay as there is no immediacy to the sell. I pray that GOD and the district court intervenes to prevent this travesty.

## STATEMENT AND PROCEDURAL HISTORY

One June 22, 2021 a voluntary petition for bankruptcy was eFiled under Chapter 11 on behalf of Supportive Health LLC (ECF No. 1) with attorney Joseph Lento's eFile account being used for the filing.

On August 11, 2021, the US Trustee moved to dismiss the case or convert the Chapter 11 case to a Chapter 7 case (ECF Nos. 22, 27). The trustee cited fraud in the case based on the certification of the attorney of record.

On August 11, 2021, the attorney of record, Joseph Lento, cross moved to withdraw from the case as attorney. With his motion, Mr. Lento submitted a shocking revelation to the court (ECF 31) wherein he certified:

- He never filed the petition, and did not file any of the documents filed for the debtor in this bankruptcy.

4

- Mr. Lento advised that the filing was done by a non-attorney, Perrault Jean-Paul. He advises that he did not consent to the eFilings and only had knowledge of the Chapter 11 petition, which he did not file.

- Mr. Lento further claims that ALL of the bankruptcy filings were fraudulent as his electronic filing credentials was stolen. He states that an ECF account was fraudulently created using information for his law firm without his knowledge or consent, and that Jean-Paul, the hijacker, "impersonated Mr. Lento". his ECF account was hijacked and a false email address was created for his law firm to procure this hijacking.

On August 19, 2021 the court entered an order (ECF 34) to convert the case to a chapter 7 case instead of outright dismissing it as mandated by Bankruptcy Code based on the certification of the alleged attorney of record.

On November 9, 2021, the trustee filed a motion to turn over funds (ECF 56). After receiving calls from tenants, I became aware of the bankruptcy and filed an objection to the motion to turn over funds (ECF 59) and cross motion to dismiss the case (ECF 61).

I, as the sole proprietor of Supportive Health LLC did not authorize the bankruptcy filing. I did not sign any of the forms.  The signature on the forms is not mine (See certification  filed with Cross Motion to Dismiss the Case ECF 61).  In my certification, I also advised that I was ready and willing to pay the sole creditor in the case – the City of Milwaukee.

From October 2021 to September 2022, multiple attempts were made to obtain a payoff amount from the City of Milwaukee by both Supportive Health and the original debtor, Perrault Jean-Paul.  The City of Milwaukee has refused to receive payment.

On December 8, 2021, the court denied my cross motion to dismiss and granted the trustee's motion to turn over funds (ECF 71, 72).

5

Thereafter, I filed a number of motions to dismiss the fraudulent bankruptcy. The bankruptcy court denied every motion to dismiss the bankruptcy. I filed a notice of appeal of each decision and planned to file appeal briefs. However, in March 2022, I was diagnosed with colon cancer after many weeks of gruesome pain, vomiting and blood loss. My focus shifted to fighting for my life, and I was not able to defend myself and my company in the ongoing fraudulent bankruptcy.

On December 9, 2022 a motion to compel the trustee to provide accounting was filed (ECF 74). That motion was denied by the court.

On December 10, 2022 a motion for reconsideration was filed (ECF 78) on the basis that the court had not properly applied bankruptcy code in its denial of my motion to dismiss. That motion was denied by the court on January 25, 2022 (ECF 123-130).

On December 10, 2022, a motion to compel abandonment was filed (ECF 91). That motion was denied by the court (ECF 123-130).

On December 14, 2022, a motion to reconsider the granting of the trustee's motion to turn over funds was filed (ECF 92). That motion was denied by the court (ECF 123-130).

Finally, on October 17, 2022 (ECF 199), the trustee filed a motion to sell the property at 2229 E Eden Pl, St Francis, WI. I objected to that motion and cross moved to pay off the sole creditor – the City of Milwaukee (ECF 209). The court granted the trustee's motion to sell and denied my cross motion (ECF 212, 213).

## PRACITCABILITY OF MOVING IN BANKRUPTCY COURT

It would be impracticable to first move in the bankruptcy court. The core argument of my motion stay pending appeal is that the bankruptcy was unauthorized, filed fraudulently using the hijacked account of an attorney, does not meet the signature requirements of Fed.R. Bankr. P. 9011 and is thus unsigned, and must be deemed *void ab initio* as a matter of law. Motions to

6

dismiss based on these arguments have been filed with the bankruptcy court (see ECF 61, 78, 91) and the bankruptcy court has denied all of those motions on the basis that it believes that I am estopped from dismissing the bankruptcy despite the glaring violations of bankruptcy law and the clear fraud perpetrated in its filing.  It is thus not practicable to move before the bankruptcy court as the bankruptcy court's opinion on this matter is clear and not open to reconsideration.

## ARGUMENT

## POINT I: BANKRUPTCY SHOULD BE DISMISSED AS VOID AB INITIO AS IT WAS NOT AUTHORIZED AND COMMENCED THROUGH FRAUD VIA THE HIJACKING OF AN ATTORNEY'S ACCOUNT

The bankruptcy is a legal nullity that should be deemed void *ab initio* as it was not authorized by a principal of Supportive Health, was commenced through fraud and the hacking of the ECF account of an attorney (see Joseph Iento Certification, ECF 31), and the filing violated bankruptcy code as it did not comply with either NJ Bankruptcy Court Administrative Procedure or  Fed.R. Bankr. P. 9011.

**The Bankruptcy Should be Dismissed as Supportive Health LLC did not Authorize the Filing of the Bankruptcy**

I am the sole proprietor of Supportive Health LLC.  I, as the principal of Supportive Health, did not sign the petition or any of the schedules (*See* certification  filed with Cross Motion to Dismiss the Case ECF 61).  The key certification, *Resolution to File Chapter 11, Subchapter V Reorganization*, was not signed by me.  The signature on that certification is clearly not mine (compare my signature on the Opposition to the Motion to Turn Over Rent with the signature on the *Resolution to File Chapter 11, Subchapter V Reorganization*).  In fact, the U.S. Trustee even notes the discrepancy in signatures in his motion to convert to Chapter 7 (see ECF#22).

7

A bankruptcy case filed on behalf of an entity by one without authority under state law to so act for that entity is improper and must be dismissed. See, e.g., Hager v. Gibson, 108 F.3d 35, 38-39 (*citing Price v. Gurney, 324 U.S. 100, 106, 65 S.Ct. 513, 89 L.Ed. 776 (1945))*; In re Gen-Air Plumbing & Remodeling, Inc., 208 B.R. 426, 430-31 (Bankr.N.D.Ill.1997); In re Arkco Properties, Inc., 207 B.R. 624, 627-28 (Bankr. E.D.Ark.1997). And, in *In re Council Golf & Country Club, Inc., 82 I.B.C.R. 207 (Bankr.D.Idaho 1982)*, the Court concluded that a chapter 11 filing was without corporate authority and therefore had to be dismissed.

I never reviewed the contents of the bankruptcy prior to its filing and did not authorize its filing. As a sole member, I am the only person who can authorize the filing of a bankruptcy for Supportive Health LLC.   I never authorized or intended to authorize the bankruptcy filing that was filed.  The fact that the signature on the "Resolution to File Chapter 11, Subchapter V Reorganization" is NOT MINE is testament to that fact. The petition Chapter 11 petition was filed by someone without corporate authority to file and therefore must be dismissed.

### The Bankruptcy Should be Dismissed as Supportive Health Appeared without an Attorney

Joseph Lento, the attorney of record for the filing, testified that he did not electronically file the petition or any of the schedules.  He further testified that his ECF credentials were stolen. Mr. Lento further claims that the bankruptcy filings were fraudulent as his electronic filing information was stolen.  He states in his cross motion to withdraw:

> Jean-Paul impersonated Mr. Lento to obtain a CM/ECF filing account for the New Jersey Bankruptcy Court. Jackson Cert., ,i 6, Lento Cert., ,i 8. He did this without Mr. Lento' s knowledge or consent, in order to take over the case and impersonate Mr. Lento by filing documents using Mr. Lento' s account. Lento Cert., #8.

Based on the certification of Mr. Lento, the bankruptcy case is void *ab initio*.  Supportive Health LLC's petition was not filed by an attorney.  Supportive Health LLC's schedules were not filed

by an attorney.  Mr. Lento believed that Perrault Jean-Paul was an attorney appearing in the case *Pro Hac Vice*.  Mr. Lento nor any member of his firm ever spoke to the Debtor.  Mr. Lento never consulted Supportive Health or served in any capacity as an attorney for Supportive Health.  Mr. Lento never filed and had no knowledge of the multitude of documents filed for Supportive Health.  (ECF #31)

Mr. Lento, the attorney of record, based on this certification, was allowed to withdraw at a critical juncture in the case -- at the cross motion to convert the case to a Chapter 7 bankruptcy -- leaving Supportive Health LLC defenseless and clearly violating the Due Process rights of Supportive Health as Supportive Health was not given an opportunity to find new counsel or even to be heard on a motion to liquidate its assets.

A company must be represented by an attorney in a bankruptcy filing.  In this case, pursuant to the certification of the attorney of record Joseph Lento, Supportive Health was never represented by Mr. Lento.  Supportive Health was never represented by an attorney.

A company must appear through its attorney or not at all. *Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (citing Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967)* ("it is settled law that a corporation cannot appear other than by its attorney")). Here, Supportive Health's petition was filed by a non-attorney and all of the schedules and supplementary documentation were filed by a non-attorney. The petition is a legal nullity.

**The Withdrawn Attorney of Record was unable to Provide Original Signatures Pursuant to Fed.R. BankR. P, 9011. The case should be dismissed as the petition is Unsigned.**

Joseph Lento, the withdrawn attorney of record whose eFile account was hijacked for the bankruptcy filing,  was unable to provide original signatures, in response to a motion to compel (ECF 74) pursuant to United States Bankruptcy Court, District Of New Jersey, Administrative

Procedures For Filing, Signing, And Verifying Documents By Electronic Means (II)(c). Despite the failure to provide original signatures, the court did not deem the petition and scheduled UNSIGNED and declined to dismiss the bankruptcy action.

The United States Bankruptcy Court, District Of New Jersey, Administrative Procedures For Filing, Signing, And Verifying Documents By Electronic Means (II)(c) asserts:

```
C. Signatures
1. Filing any document using a login and password issued by the
Court, shall constitute the Participant's signature for purposes
of signing the document under Fed . R. Bankr . P. 9011 . The name of
the Participant under whose log- in and password the document is
submitted must be displayed by an " /s/" and typed in the space
where the signature would otherwise appear, e . g . ,"/s/Jane Doe."
No person shall knowingly utilize or cause another person to utilize
the password of a Participant unless such a person is an
authorized employee of the law firm
2. Documents that are electronically filed and require original
signatures, other than that of the Participant ("third party
signatures"), must be maintained in paper form by the Participant
for a period not less than seven years from the date of closure
of the case or proceeding in which the document is filed. Upon
request, the original document must be provided to other parties
or the court for review. The document requiring third party
signatures must be electronically filed either by (1) submitting
a scanned document containing the third party signature; or (2)
by submitting a document displaying the name of the person
signing the document, preceded by an "/s/" and typed in the space
where the signature would otherwise appear, e.g., "/s/Jane Doe."
```

Pursuant to Administrative Procedure, ECF allows the use of the electronic signature "/s/ Jane Doe" only for attorneys who log into the electronic filing system using their user name and password. The administrative Procedure asserts that the "/s/ Jane Doe" shall constitute the attorney's signature for purposes of Fed.R. Bankr.P. 9011. When "/s/ Jane Doe" is used for a third-party signer, such as the principal of the debtor in this case, the attorney is required to maintain paper signatures and that such signatures must be provided to the court for review upon request.

Pursuant to United States Bankruptcy Court, District Of New Jersey, Administrative Procedures For Filing, Signing, And Verifying Documents By Electronic Means (II)( c ), I moved the court to compel the production of original signatures for

10

Carline Bolivar on the petition and all schedules signed and submitted electronically using the eFile
account of Joseph Lento.

I, further, moved the court to compel the original signatures of Mr. Joseph Lento,
the attorney who electronically signed the petition and schedules with *"/s/* Joseph Lento", as Mr.
Lento testified under oath that his ECF filing credentials were stolen and that he did not file any
of the documents in the bankruptcy.

I moved the court to deem the documents UNSIGNED and dismiss the bankruptcy pursuant
to NJ Bankruptcy Court Administrative Procedure and Fed.R. Bankr. P. 9011 if the original signature
of Joseph Lento and Carline Bolivar were not produced for the documents filed. Joseph Lento
responded that he was not able to produce any of the signatures and claim that any such documents
would be with the alleged hijacker, Perrault Jean-Paul. **Based on this inability to produce the
original signatures, the bankruptcy court should have dismissed the bankruptcy.**
**The bankruptcy cannot proceed as there is one creditor, and as multiple attempts have
been made to pay off the debt. Debtor has offered multiple times to pay off this sole debt
and the creditor has refused.**
The bankruptcy vehicle is used to settle debt where the debtor is unable to pay and where there
are sufficient creditors present to substantiate a bankruptcy. In the instant bankruptcy,
Supportive Health has reached out to the sole creditor, the City of Milwaukee, multiple times to
pay the debt. The City has refused to accept payment and instead, out of spite, wants to see me
lose everything that I have worked for. The bankruptcy code is being abused and the court
should put a stop to this abuse.

**The bankruptcy should be dismissed as it was procured through fraud**

As certified (ECF 31) by Joseph Lento, the withdrawn attorney of record, his ECF
credentials were stolen and his ECF account was hijacked to create an eFiling account with the
US Bankruptcy Court of New Jersey to procure this bankruptcy. Further, he was duped by the

11

hijacker into believing that the hijacker was an attorney and moved the court to withdraw from the case as all of the filings in the case were fraudulently made with his stolen credentials. Further, he testified that he does not practice bankruptcy, has not represented Supportive Health in any capacity in the filing and would be utterly unable to represent Supportive Health in the filing.

Based on this *fraud on the court*, the bankruptcy case should be dismissed as a matter of law as "the integrity of the judicial process ha[s] been fraudulently subverted." *11 Wright, Miller Kane, Federal Practice and Procedure: Civil 2d § 2870 at 416.*


## POINT II: THE BALANCE OF HARMS WARRANT AN IMMEDIATE STAY

A stay pending appeal is an equitable remedy that requires the balance of harms to the parties in the action. In the instant case, the trustee is attempting to sell one of two properties owned by me through my company, Supportive Health LLC. The property in question is insured. The trustee also retained a property management company to maintain the property. There is no eminent danger present in a short delay of the sale of the property and the bankruptcy proceedings by the trustee.

In sharp contrast, I, as the sole proprietor of Supportive Health LLC have the world to lose if the court does not grant a stay pending appeal. I am gravely ill with cancer and the two properties under my LLC represent a lifetime of my savings. I have no money left and all of my money is vested in those properties. Given my health condition, I have no other means to support myself besides these properties. I have worked my entire life, sweat and bled to be able to acquire these properties. If the property is allowed to be sold, there is no recourse to getting it back as any attempt would be rendered moot. The liquidation by the trustee ensures that there is no money for me from the sale via this unauthorized and fraudulent procured bankruptcy. In the

12

balance of harms, it is absolutely that substantially more harm would befall me if the court does not grant a stay.

## CONCLUSION

Based on the foregoing arguments, given the clear merit in dismiss the unauthorized and fraudulently procured bankruptcy, coupled with the substantial harm that would befall me if a stay pending appeal and a stay pending the consideration of the motion to stay pending appeal is not granted, the most equitable remedy is to grant a stay.

I declare under penalty of perjury that the forgoing is true and correct.

Carline Bolivar
Sole-Member, Supportive Health LLC

DATED: November 16, 2022

13