**BECKER LLC**
ATTORNEYS AT LAW

JUSTIN BAUMGARTNER

MEMBER OF NJ BAR
MEMBER OF NY BAR

Becker LLC
Eisenhower Plaza II
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039

Direct:     (973) 251-8920
Main:      (973) 422-1100
Facsimile: (973) 422-9122

jbaumgartner@becker.legal

December 8, 2022

<u>Via ECF</u>
The Honorable Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
50 Walnut Street, Courtroom 3B
Newark, NJ 07102

Re:   **In re Supportive Health, LLC.**
      **Case No. 21-15113 (VFP)**
      **Chapter 7**

**Opposition of Eric R. Perkins, Chapter 7 Trustee, to Carline Bolivar's Motion to Stay Bankruptcy Proceeding and Compel Sole Creditor City of Milwaukee to Accept Payment of its Proof of Claim and Dismiss IRS Proof of Claim**

Your Honor:

As the Court is aware, this firm represents Eric R. Perkins, the Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estate (the "<u>Estate</u>") of the Debtor Supportive Health, LLC (the "<u>Debtor</u>") in the above-referenced matter. Please accept this letter in lieu of a more formal pleading to express the Trustee's Opposition to Ms. Bolivar's Motion to Stay Bankruptcy Proceeding and Compel Sole Creditor City of Milwaukee to Accept Payment of its Proof of Claim and Dismiss IRS Proof of Claim (the "<u>Motion</u>," ECF No. 227).

Ms. Bolivar, through her Motion, is effectively seeking a back door dismissal of Supportive Health's bankruptcy case by representing that she and/or Mr. Perrault John Paul (a person that committed fraud upon his Court by fraudulently obtaining the ECF filing credentials of the Debtor's former counsel) are attempting to pay off or resolve the claims of Supportive Health's two main creditors The City of Milwaukee and the IRS. Despite Ms. Bolivar's efforts, there is absolutely no merit to her Motion and the Court should deny it in its entirety for the following reasons.

As a preliminary matter, there are additional creditors in this proceeding besides The City of Milwaukee and the IRS. Specifically, the Office of United States Trustee has filed a



$500.00 administrative proof of claim relating to unpaid quarterly fees dating back to when this case was proceeding under Chapter 11 (POC No. 4-1). Additionally, while it has not yet filed a proof of claim, the Debtor's former state court counsel Schmidlkofer, Toth, Loeb & Drozen LLC is also listed on the Debtor's Schedule E/F as an unsecured creditor in the amount of $5,000.00 (ECF No. 10 at p. 15 of 38). Most glaringly, Ms. Bolivar completely fails to account for the administrative expense claims incurred by Becker LLC as the Trustee's counsel. Indeed, Becker LLC is an administrative creditor in this case and has incurred attorney's fees in excess of $52,051.50 and expenses of over $745.80. The Court has entered an order approving these fees and expenses on an interim basis (ECF No. 225). As the Court is aware, Becker LLC's fees and expenses have predominantly been incurred as a direct result of it having to respond to Ms. Bolivar's numerous frivolous motions to dismiss this bankruptcy proceeding in one form or another. It also should be noted that the Court recently approved the Trustee's retention of Bederson LLP as accountants for the Debtor's bankruptcy estate for the purpose of filing the Debtor's post-petition tax returns (ECF No. 216). In sum, the above-referenced additional creditors lead to the unavoidable conclusion that even if Ms. Bolivar's and/or Perrault Jean Paul's purported efforts to pay off or resolve the claims of The City of Milwaukee and the IRS were successful, this would not be cause to dismiss this bankruptcy proceeding.

Moreover, Ms. Bolivar's representation in her Motion that "[a]s of June 2022, all tax returns due (tax returns from 2017 to Present) were filed with the IRS" is highly suspect. *See* Motion at ¶ 5. This is because Ms. Bolivar has already expressly contradicted this statement in a letter she sent to Tim King, CPA of Bederson LLP on November 16, 2022, which concerned Mr. King's request for all accounting and tax records for the Debtor in the last three years. Specifically, in this letter, Ms. Bolivar stated, "Please be advised that I have no accounting records or tax returns in my possession for Supportive Health LLC." Mr. King's November 15, 2022 letter to Ms. Bolivar requesting the Debtor's accounting and tax records and Ms. Bolivar's November 16, 2022 response letter are attached hereto as **Exhibit A**. Based on the foregoing contradictory statements, Ms. Bolivar's representation that she has resolved the Debtor's outstanding tax debt with the IRS is not credible and cannot be taken at face value without the affirmative confirmation of the IRS.

Finally, the Trustee submits that in a Chapter 7 case, the trustee is generally responsible for reviewing and objecting to claims. *See* 11 U.S.C. § 704(a)(5) (stating that a Chapter 7 trustee shall "if a purpose would be served, examine proofs of claim and object to the allowance of any claim that is improper."). Further, while the rule states that a "party in interest" may object, the Advisory Committee Note to Rule 3007 explains that "the demands of orderly and expeditious administration have led to a recognition that the right to object is generally exercised by the trustee." Fed. R. Bankr. P. 3007 (Advisory Committee Note 1983). *See also In re Ruggiero*, No. 19-11385 (JKF), 2020 WL 2858678, at *2 (Bankr. E.D. Pa. June 2, 2020). In accordance with the above provisions, the Trustee fully intends to review and object to any proof of claims or interests without adequate supporting documentation. However, at this juncture, he should not be preempted from doing so by Ms. Bolivar, a party in interest that's sole goal is to have this bankruptcy proceeding dismissed by any means necessary.



Based on the foregoing, the Trustee respectfully requests that the Court deny Ms. Bolivar's Motion in its entirety.

Respectfully submitted,
BECKER LLC

*/s/ Justin S. Baumgartner*

Justin S. Baumgartner