|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N. J. LBR 9004-2 (c)** |  |
| **CITY OF MILWAUKEE**<br>Office of the City Attorney<br>841 North Broadway<br>Milwaukee, WI 53202<br>(414) 286-2601<br>Representative for Creditor, City of Milwaukee<br>Hannah R. Jahn, Wis. Bar No. 1088851<br>Email: hjahn@milwaukee.gov |  |
| In re:<br><br>Supportive Health, LLC,<br><br>Debtor. | Case No. 21-15113-VFP<br><br>Chapter 7<br><br>Judge: Hon. Vincent F. Papalia<br><br>Hearing Date:   December 15, 2022<br>                       at 11:30am |

CREDITOR CITY OF MILWAUKEE'S RESPONSE TO DEBTOR SUPPORTIVE HEALTH, LLC'S EMERGENCY MOTION TO STAY PENDING APPEAL AND FOR TEMPORARY STAY PENDING CONSIDERATION OF MOTION

Creditor City of Milwaukee joins the Chapter 7 Trustee in their opposition to the debtor's motions (Doc 223), and adds the following certification.

Hannah R. Jahn certifies as follows:

1. I am an Assistant City Attorney for the City of Milwaukee, secured creditor of the debtor.

2. Supportive Health alleges that "[f]rom October 2021 to September 2022, multiple attempts were made to obtain a payoff amount from the City of

    Milwaukee by both Supportive Health and the original debtor, Perrault Jean-Paul. The City of Milwaukee has refused to receive payment." (Doc 223 at 4.)

3. In the debtor's certification, the debtor claims "I have attempted several times, through the attorney for Supportive Health in a state case in Wisconsin, to pay off the debt to the City of Milwaukee. The City has refused to accept payment in collusion with the trustee to liquidate all of my assets." (Doc 223-1 at 2, ¶ 8.)

4. Supportive Health has not alleged the specific dates or times those alleged attempts were made, nor did it name the City departments or representatives it allegedly contacted to make payment.

5. The City Attorney's Office has not been contacted by the debtor with any offer to pay *the full amount* of Claim #3 ("the Claim"), whether as a lump sum or in installments.

6. I am responsible for supervision of the City's contract collection counsel, Kohn Law Firm. I confirmed the status of the judgment with Kohn Law Firm shareholder Jason Hermersmann.

7. The City of Milwaukee, through former counsel Aaron Birnbaum at Kohn Law Firm, did communicate payoff amounts to Supportive Health and/or Perrault Jean-Paul on June 4, 2021 and on July 12, 2022.

8. However, Kohn Law Firm has not received an offer to pay off the Claim from Supportive Health or Jean-Paul.

9. Neither Kohn Law Firm nor the City of Milwaukee has received any offers of payment from debtor's Wisconsin counsel, Attorney Basil Loeb of Schmidlkofer, Toth, Loeb & Drosen, LLC.

10. Neither Kohn Law Firm nor the City of Milwaukee would refuse to accept payment on the judgment underlying the City's Claim.

11. I contacted other City departments to inquire whether Supportive Health or Jean-Paul had ever offered payment on the City's Claim.

12. I confirmed with City Treasurer manager Margarita Gutierrez that the debtor has not contacted her office with an offer to pay the Claim.

13. I confirmed with Department of Neighborhood Services representatives Tanz Rome and Marge Piwaron that the debtor has not contacted them with an offer to pay the Claim.

14. I confirmed with Municipal Court Clerk Sheldyn Himle that the debtor has never contacted the court with an offer to pay the Claim; Perrault Jean-Paul is currently making payments on different, unrelated municipal charges.

15. The Court will remember that multiple times within the past year, the debtor argued that the City Claim and its underlying judgment was invalid. (*See* Doc. 53-1 filed 11/02/21 at ¶ 24, "a very large exaggeration of the debt owed to the City of Milwaukee," at ¶ 33 "a debt that is far lower than what is reported in the bankruptcy filing." *See also*, Doc. 53-2, at p. 3: "Fourth, the amount of debt owed to the City of Milwaukee is greatly exaggerated. Most of the debt allegedly owed to the City of Milwaukee is still being disputed in the state

courts and is not ripe for a bankruptcy action." *See also* Doc. 59, ¶ 2. E., filed on 11/16/2021: "The bulk of the debt in question is not final for bankruptcy as it is still being litigated in state courts.")

16. The Wisconsin state court matter, Milwaukee County Case No. 2017-CV-12487, in which I appear as counsel for the City along with Kohn Law Firm, is currently stayed pending this bankruptcy.

17. On December 5, 2022, I called the law firm of Schmidlkofer, Toth, Loeb & Drosen, LLC, and left a message for Attorney Loeb, to inquire as to the allegation that he tried to pay off the debtor's debt to the City, but he did not return my call.

18. It is in the City's best interest for the secured Claim to be paid as soon as possible, and the Trustee's plan to effectuate that payment of the judgment is satisfactory to the City.

19. This certification is being made assist the Court in making an informed decision.

20. I certify under penalty of perjury that the above is true.

Date: December 6, 2022

_Hannah R. Jahn_
Hannah R. Jahn, Assistant City Attorney