**BECKER LLC**
ATTORNEYS AT LAW

JUSTIN BAUMGARTNER

MEMBER OF NJ BAR
MEMBER OF NY BAR

Becker LLC
Eisenhower Plaza II
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039

Direct:    (973) 251-8920
Main:     (973) 422-1100
Facsimile: (973) 422-9122

jbaumgartner@becker.legal

December 16, 2022

<u>Via ECF</u>
The Honorable Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
50 Walnut Street, Courtroom 3B
Newark, NJ 07102

Re:   In re Supportive Health, LLC.
      Case No. 21-15113 (VFP)
      Chapter 7

      **Status Letter Regarding Trustee's Sale of 2229 E. Eden Place, St. Francis, Wisconsin and Administration of Estate Assets**

Your Honor:

This firm represents Eric R. Perkins, the Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estate (the "<u>Estate</u>") of the Debtor Supportive Health, LLC (the "<u>Debtor</u>") in the above-referenced matter. Please accept this letter as a status report of the sale of Debtor's property located at 2229 E. Eden Place, St. Francis, Wisconsin (the "<u>Property</u>") and the Trustee's efforts to administer the Estate.

As the Court is aware, on November 9, 2022, the Court entered an Order authorizing the Trustee to sell the Property free and clear of any liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(b) and (f) (the "Sale Order," ECF No. 212). In accordance with this Order, the Trustee and the proposed purchaser King James Investments, LLC closed on the sale of the Property on December 14, 2022. From the sale of the Property for $125,000, the Estate received $109,976.30 in net proceeds. The Trustee has also filed a Report of Sale documenting the sale of the Property for the above purchase price (ECF No. 234).

Based on the foregoing, the Trustee submits that any appeal or new or pending motion by Ms. Bolivar or the Debtor seeking to unwind or overturn the sale of the Property is now moot pursuant to 11 U.S.C. § 363(m). This is because the Court in the Sale Order specifically found, in compliance with § 363(m), that King James Investments, LLC was a good faith purchaser and the Sale Order was not stayed pending Ms. Bolivar's appeal by either this Court,

the District Court, or the Third Circuit Court of Appeals prior to the December 14, 2022 closing.

Additionally, in anticipation of the January 18, 2023 hearing on Ms. Bolivar's Motion to Stay Bankruptcy Proceeding and Compel Sole Creditor City of Milwaukee to Accept Payment of its Proof of Claim by City of Milwaukee and Dismiss IRS Proof of Claim (the "Motion to Stay Bankruptcy Proceeding," ECF No. 227), it is important to note that whether or not Ms. Bolivar is successful in paying off or resolving the claims of the above-referenced creditors, there will still be significant administrative expenses in this case. Indeed, Becker LLC is the predominant administrative creditor in this case and the Court recently entered an Order approving Becker's first interim application for legal fees in the amount of $52,051.50 and expenses of $745.80 (ECF No. 225).

Somewhat ironically, the vast majority of these fees have been incurred having to continuously respond to Ms. Bolivar's unrelenting attempts to dismiss this bankruptcy proceeding in one manner or another. For example, after the District Court promptly entered an order denying Ms. Bolivar's motion for a stay pending appeal of the Sale Order (the "Stay Denial Order"), she promptly filed both a Motion to Reconsider the Stay Denial Order with the District Court and appealed said Order to the Third Circuit Court of Appeals. Ms. Bolivar then filed another motion for an emergency stay of the Sale Order with the Third Circuit. These actions are in addition to Ms. Bolivar's initial appeal of the underlying Sale Order, which remains pending in the District Court.

Moreover, Ms. Bolivar, also filed objections in the Trustee's eviction action in connection with Debtor's property located at 3269 S. New York Avenue, Milwaukee, Wisconsin (the "New York Ave. Property"). This action seeks to evict the tenants of the New York Ave. Property for unpaid rent and is currently pending in Milwaukee County Circuit Court. Specifically, Ms. Bolivar's objections in the eviction proceeding have forced the Trustee to devote significant additional time and resources to this matter, including undersigned counsel having to file pleadings rebutting Ms. Bolivar's false assertions surrounding the validity of this bankruptcy proceeding and appearing at the initial eviction hearing.

The Trustee was compelled to take these actions regarding the New York Ave. Property due to the continued lack of cooperation by Ms. Bolivar and Perrault Jean Paul. These actions were also despite the fact that the Court entered an Order specifically stating that the New York Ave. Property, as well as all rents generated therefrom, are property of the Estate and thus under the control of the Trustee. *See* Order Deeming Tenants' Rents Property of the Bankruptcy Estate and Compelling The Turnover of All Rents Held By Tenants and Perrault Jean Paul (the "Rent Turnover Order," ECF No. 72). Ms. Bolivar and Mr. Jean Paul have continued to conduct themselves as if the Bankruptcy they filed does not exist. Put simply, neither Ms. Bolivar nor Mr. Jean Paul have made any attempt to turn over the rents generated by the New York Ave. Property or even to give the names of the property's current tenants to the Trustee. Instead, both parties have steadfastly attempted to obstruct the Trustee's efforts to administer the Estate at every opportunity. In short, this is what ultimately resulted in the Trustee commencing the New York Ave. eviction action since he has reason to believe that



Ms. Bolivar and/or Perrault Jean-Paul successfully instructed the property's tenants to ignore the Trustee and his agents' communications regarding the rent payments in spite of the Rent Turnover Order.

Further, the Trustee recently engaged Bederson & Co., to serve as the accountants to the Estate. As stated in the Trustee's Opposition to Ms. Bolivar's pending Motion to Stay Bankruptcy Proceeding (ECF No. 231), in response to a request by Tim King, a managing partner of Bederson & Co., for all accounting and tax records of the Debtor for the last three (3) years, Ms. Bolivar responded that she has no such records in her possession. This is in spite of the fact that she has made affirmative representations in connection with the claim of the IRS that all outstanding tax returns for the Debtor were filed as of June 2022. Thus, once again, the Trustee is left to issue a Rule 2004 Subpoena to Ms. Bolivar to try to obtain those tax and the business records, which results in more legal fees. This is but another example of why the Estate's legal fees continue to mount in spite of Becker's best efforts to contain them.

Finally, while the Trustee is sympathetic to Ms. Bolivar's current medical conditions, her recent telephonic appearances in this Court and her audio only Zoom appearance in the eviction proceeding, both using an electronic voice generator, raises questions as to whether it is Ms. Bolivar that is actually appearing at these hearings. We raise this issue not to place any additional hurtles for Ms. Bolivar to appear before this Court, but only to verify the integrity of future hearings given that this Chapter 7 proceeding is entirely the result of Mr. Perrault John Paul having committed past acts of fraud upon this Court, which consisted of him pretending to be someone he is not.

Notwithstanding the numerous obstacles presented by Ms. Bolivar's plethora of pleadings, the Trustee will continue to administer the assets of the Estate in the most practical and efficient manner possible. Should the Court have any questions about the Trustee's sale of the Property or any other matter related to this case, please have someone from Your Honor's chambers reach out to me at the Court's convenience.

As always, the courtesies of the Court are greatly appreciated.

Respectfully submitted,
BECKER LLC

*/s/ Justin S. Baumgartner*

Justin S. Baumgartner