FILED
JEANNE A. NAUGHTON, CLERK
DEC 20 2022
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No.: 21-15113-VFP |
| Supportive Health LLC, | Chapter 7 |
| Debtor. | Honorable Vincent F. Papalia |
| | Hearing Date |

## MOTION TO DISMISS THE CITY OF MILWAUKEE PROOF OF CLAIM FOR FRAUD, ISSUE SANCTIONS AGAINST THE CITY OF MILWAUKEE, AND TERMINATE THE BANKRUPTCY

Carline Bolivar, in her capacity as an equity stake hold of the debtor, Supportive Health LLC, and further as principal of Supportive Health LLC, hereby files this motion to Dismiss the City of Milwaukee Proof of Claim for Fraud, issue sanctions against the City of Milwaukee and the Kohn Law Firm and Terminate the Bankruptcy.

1. First and foremost, this motion is made on the basis that the entire bankruptcy is *void ab initio*. The bankruptcy is *void ab initio* as:

   a. Supportive Health LLC did not authorize the filing of the bankruptcy

   b. Supportive Health appeared without an attorney

   c. The withdrawn attorney of record was unable to provide original signatures pursuant to Fed.R. BankR. P, 9011. The case should be dismissed as the petition is Unsigned.

   d. The bankruptcy should be dismissed as it was procured through fraud as certified by withdrawn attorney of record Joseph Lento.

2. The proof of claim filed the City of Milwaukee on January 7, 2022 is fraudulent and must be dismissed. I was not aware that a proof of claim had been filed by the City of Milwaukee, and I did not see the proof of claim until December 13, 2022, upon receiving the claim from Milwaukee attorney Hannah Jahn, in response to my email request. Neither I nor Supportive Health LLC was served a copy of the proof of claim.

3. The proof of claim makes a very serious misrepresentation of the debt alleged by the City of Milwaukee. The City of Milwaukee asserts that its claim is "unsecured" by responding "No" to the question "Is all or part of the claim secured?" in Quesiton 9 of the Proof of Claim (see Exhibit A).

4. The other option Question 9 is "Yes. The claim is secured by a lien on property."

5. The City of Milwaukee's claim is secured by an Judgment obtained by Milwaukee against "Jean-Paul Perrault" that the City attached to the property owned by Jean-Paul Perrault at 2229 E Eden Pl, St Francis, WI and later pursued the sale thereof via Milwaukee County, Wisconsin Circuit Court Case No. 17CV012487.

6. As such, Milwaukee is fully aware that the debt they allege in their proof of claim is secured by property and has intentionally misrepresented a material fact to the court.

7. The City of Milwaukee is represented by attorneys who can clearly read and understand the meaning of Question 9 and discern between secured and unsecured debt. Milwaukee, Jahna... and the Kohn Law Firm are involved.

8. As such, claiming that the debt is unsecured in the proof of claim is INTENTIONAL.

9. In a Chapter 7 case, the trustee is generally responsible for reviewing and objecting to claims. See 11 U.S.C. § 704(a)(5) (stating that a Chapter 7 trustee

10. shall "if a purpose would be served, examine proofs of claim and object to the allowance of any claim that is improper.")

11. The trustee, in this instant, is clearly not doing his job. Or rather he is doing a job only to benefit his bank account. The misrepresentation is designed to maximize the amount of money the trustee, Eric Perkins, can suck out of the estate of the debtor.

12. The trustee has made a request for exorbitant legal fees that far exceed the reasonable standard. The legal fees amount to more than 50% of the actual debt claimed.

13. The trustee and the City of Milwaukee are well aware that the estate, whose assets are valued well over $500,000, can easily pay off the debt alleged by the City of Milwaukee. As such, the trustee aims to ensure that he gets his exorbitant and unreasonable compensation before the City of Milwaukee sees any money -- money that the City of Milwaukee will get anyway given the value of the estate. Filing the claim as unsecured debt puts it last in line to be paid. However, given the asets in the estate of the devtor, the payment of the $76,000 in debt is a non-issue.

14. As such, the trustee is not acting in the best interest of the creditors by not objecting to the proof of claim, and potentially colluding with the City of Milwaukee to unnecessarily drain money from the estate.

15. The trustee is only acting in the best interest of his pockets and not the creditors nor the estate of Supportive Health LLC.

16. A proof of claim is a sworn and signed document attesting to the validity of a claim. Any misrepresentations in the proof of claim or the documents attached can provide a basis for disallowance and sanctions. (See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 133 (2d Cir. 2005))

17. The signatory of a proof of claim represents that all of the information included is true to the best of the signatory's knowledge. The standard proof of claim form specifically and

unequivocally notes that the signatory is representing under penalty of perjury. Proofs of claim include sworn declarations from a representative of the creditor setting out the basis for the claim asserted.

18. An incorrect proof of claim may constitute or include fraudulent statements while under oath, which can include perjury, fraud on the court, or dereliction of an attorney's duty of candor before the court. It is not enough to feign ignorance or to blame others for shoddy or incomplete information. The most serious risk inherent in filing a proof of claim is that the filer and any signatories to signed declarations run a risk of subjecting herself and others to personal liability because of material misrepresentations made under penalty of perjury.

*19.* Rule 9011 applies to proof of claim abuse and court "should test the signer's conduct by inquiring what was reasonable to believe at the time the [claim] was submitted."; *Rogers v. B-Real, L.L.C. (In re Rogers),391 B.R. 317, 323 (Bankr.M.D.La.2008)*. Rule 9011 can be used to sanction a creditor that files a proof of claim without proper prefiling investigation and support."; *In re Dansereau,274 B.R. 686, 688-89 (Bankr.W.D.Tex. 2002); In re McAllister,123 B.R. 393, 395 (Bankr.D.Or.1991); Adair v. Sherman,230 F.3d 890, 895 n. 8 (7th Cir.2000);In re Chaussee, 399 B.R. 225, 240 (B.A.P. 9th Cir. 2008)*.

20. The City of Milwaukee and the Kohn Law Firm intentionally submitted a fraudulent proof of claim with the complacence, or even collusion, of the trustee. Based on this fraud, the proof of claim of the City of Milwaukee should be dismissed.

21. As the only pending proof of claim is that of the City of Milwaukee, the bankruptcy should be dismissed upon the dismissal of the proof of Claim of the City of Milwaukee.

WHEREFORE, for the foregoing reasons, Carline Bolivar, respectfully requests that this Court grant her motion to Dismiss the City of Milwaukee Proof of Claim for Fraud, issue

Case 21-15113-VFP    Doc 236    Filed 12/20/22    Entered 12/21/22 15:17:06    Desc Main
Document      Page 5 of 5

Case 21-15113-VFP    Doc 236    Filed 12/20/22    Entered 12/21/22 15:17:06    Desc Main
Document      Page 5 of 5

sanctions against the City of Milwaukee and the Kohn Law Firm and Terminate the Bankruptcy.

I declare under penalty of perjury that the forgoing is true and correct.

*[signature]*

Carline Bolivar
Sole-Member, Supportive Health LLC

DATED: December 13, 2022