**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: SUPPORTIVE HEALTH, LLC, Debtor, | Civil Action No. 22-cv-06709 (SDW) |
| CARLINE BOLIVAR, Appellant, | **WHEREAS OPINION** |
| v. | December 23, 2022 |
| ERIC R. PERKINS, Chapter 7 Trustee, Appellee. | |

**THIS MATTER** having come before the Court by way of *pro se* Appellant Carline Bolivar's[1] ("Appellant" or "Bolivar") Motion to Alter Denial of Motion to Stay Pending Appeal ("Motion to Alter Judgment"),[2] (D.E. 7),[3] pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), and this Court having carefully reviewed and considered Appellant's submission, (D.E. 7), and Appellee's opposition, (D.E. 9); and

**WHEREAS** on June 22, 2021, Supportive Health, LLC (the "Debtor") filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. (*See* D.E. 2 at 3.) On August 11, 2021, the Trustee moved under 11 U.S.C. § 1112(b) for an order converting the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. (*See id.*) Also on August 11, 2021, the Debtor's

---

[1] Bolivar is the sole member and manager of Supportive Health, LLC (the "Debtor")).

[2] Appellant's instant Motion pertains to this Court's November 22, 2022 denial of an Emergency Motion to Stay Pending Appeal ("Emergency Motion to Stay"). (D.E. 3, 4.)

[3] All citations to "D.E." refer to docket entries in the instant appeal.

attorney of record, Joseph Lento ("Lento"), moved to withdraw from the matter due to alleged fraudulent filings submitted by a third party in Lento's name. (*Id.* at 3-4.) On August 19, 2021, the bankruptcy court entered an order converting the Debtor's case to a case under Chapter 7 of the Bankruptcy Code (the "Conversion Order"). (*Id.* at 4.) On November 9, the Trustee filed a motion to turn over funds, which the bankruptcy court granted on December 8, 2021. (*Id.* at 4.) Appellant filed numerous subsequent motions in the bankruptcy court, including motions to dismiss, a motion to compel an accounting, motions for reconsideration, a motion to compel abandonment, and a motion to pay off the primary creditor, the City of Milwaukee, each of which were denied. (*Id.* at 5.) On October 17, 2022, the Trustee filed a motion to sell Debtor's real property in the City of Milwaukee (the "Property"). (*Id.*) Bolivar objected and cross moved to pay debt owed to the City of Milwaukee. (*Id.*) The bankruptcy court granted the Trustee's motion and denied Bolivar's cross motion. (*Id.*) Appellant filed an Emergency Motion to Stay on November 21, 2022, (D.E. 1), and this Court denied that Motion on November 22, 2022, (D.E. 3, 4). On December 7, 2022, Appellant filed the instant Motion to Alter Judgment. (D.E. 7.) On December 14, 2022, the Appellee closed the sale of the Property, and "the Estate received $109,976.30 in net proceeds." (D.E. 9 at 2.) Appellee filed a Response in Opposition letter on December 20, 2022. (D.E. 9.); and

     **WHEREAS** Rule 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e); and

     **WHEREAS** Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith,

2

> whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). "[S]ection 363(m) was created to promote the policy of the finality of bankruptcy court orders, and to prevent harmful effects on the bidding process resulting from the bidders' knowledge that the highest bid may not end up being the final sale price." *Krebs Chrysler-Plymouth, Inc. v. Valley Motors*, 141 F.3d 490, 500 (3d Cir. 1998) (citing *Pittsburgh Food & Beverage, Inc. v. Ranallo*, 112 F.3d 645, 647–48 (3d Cir. 1997)). Further, "there are two prerequisites for [§] 363(m) 'statutory' mootness: (1) the underlying sale or lease was not stayed pending the appeal, and (2) the court, if reversing or modifying the authorization to sell or lease, would be affecting the validity of such a sale or lease." *Id.* at 499. When considering the second prerequisite, a court must consider the remedy or remedies requested by the appellant or appellants and analyze "whether a remedy can be fashioned that will not affect the validity of the sale." *Id.*; and

**WHEREAS** Appellant's Motion to Alter Judgment, (D.E. 7), is timely according to the timeframe elucidated in Rule 59(e). The Motion, however, is moot according to the policy of finality set forth in Bankruptcy Code § 363(m). 11 U.S.C. § 363(m). Regarding the first prerequisite this Court must consider, the sale of the Property was not stayed pending the appeal and, in accordance with § 363(m), the Trustee closed the sale on December 14, 2022. (D.E. 9 at 2.) That prerequisite alone establishes that Plaintiff's Motion to Alter Judgment, (D.E. 7), and underlying appeal, (D.E. 1), are moot. As for the second prerequisite, Appellant requests that this Court grant a stay to stop the sale of the Property. (*See* D.E. 7.) However, at this point, the sale of the Property has been consummated, thus this remedy is no longer available. (*See* D.E. 9.) In

3

accordance with § 363(m) of the Bankruptcy Code, this Court declines to disturb the sale of the Property.  11 U.S.C. § 363(m); *see also Krebs Chrysler-Plymouth, Inc.*, 141 F.3d at 499–500. Consequently, per the second prerequisite, the instant Motion and underlying appeal are likewise moot; therefore

Appellant's Motion to Alter Judgment, (D.E. 7) is **DENIED** as moot, and Appellant's underlying appeal, (D.E. 1) is **DISMISSED** as moot and the matter shall be closed.  An appropriate order follows.


              __/s/ Susan D. Wigenton____
              **United States District Judge**

Orig:  Clerk
cc:    Parties