# BECKER LLC
## ATTORNEYS AT LAW

JUSTIN BAUMGARTNER

MEMBER OF NJ BAR
MEMBER OF NY BAR

Becker LLC
Eisenhower Plaza II
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039

Direct:      (973) 251-8920
Main:        (973) 422-1100
Facsimile:   (973) 422-9122

jbaumgartner@becker.legal

January 10, 2023

<u>Via ECF</u>
The Honorable Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
50 Walnut Street, Courtroom 3B
Newark, NJ 07102

Re:   In re Supportive Health, LLC.
      Case No. 21-15113 (VFP)
      Chapter 7

**Letter in Opposition to Carline Bolivar's Motion to Dismiss City of Milwaukee Proof of Claim and Terminate Bankruptcy Proceeding (ECF No. 236) and Giving Further Status Update on Administration of the Estate**

Your Honor:

This firm represents Eric R. Perkins, the Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estate (the "<u>Estate</u>") of the Debtor Supportive Health, LLC (the "<u>Debtor</u>") in the above-referenced matter. Please accept this letter in opposition to Carline Bolivar's Motion to Dismiss the City of Milwaukee's Proof of Claim and Terminate Bankruptcy Proceeding (ECF No. 236) and to give the Court a further status update on administration of the Estate.

As an initial matter, Ms. Bolivar's contention that the City of Milwaukee's claim is somehow fraudulent because it was filed as an unsecured claim as opposed to secured claim is completely without merit. Similarly, any assertion by Ms. Bolivar that the Trustee is engaging in fraud or colluding with the City of Milwaukee based on the City of Milwaukee decision to file an unsecured claim in this proceeding is patently false. Put simply, these contentions are yet another thinly veiled attempt to dismiss this bankruptcy proceeding to avoid the Debtor's assets being liquidated to pay creditors.

In regard to the City of Milwaukee's claim, the Trustee's understanding is that while the City of Milwaukee has a 2016 judgment against Perrault Jean Paul, its claim in this proceeding is unsecured as a result of the City's pending fraudulent transfer action against the

Debtor. Specifically, the City filed an action in Wisconsin Circuit Court under docket number 2017-CV-12487 because Perrault Jean Paul attempted to avoid enforcement of the City of Milwaukee's 2016 judgment against him by transferring the E. Eden Place Property and the New York Ave. Property to the Debtor and thereafter instructed or obtained permission from Ms. Bolivar to file for bankruptcy protection. In other words, as the Court has already determined, the Debtor used its Chapter 11 bankruptcy filing and the resulting automatic stay as a shield solely to defend against the City of Milwaukee's fraudulent transfer action against it.

Additionally, in anticipation of the hearing on the present motion as well as Ms. Bolivar's Motion to Stay Bankruptcy Proceeding and Compel Sole Creditor City of Milwaukee to Accept Payment of its Proof of Claim by City of Milwaukee and Dismiss IRS Proof of Claim (the "Motion to Stay Bankruptcy Proceeding," ECF No. 227), the Trustee has become aware of two other developments.

First, at the request of the Trustee's accountant Bederson LLP, on December 16, 2022, the Trustee issued a Rule 2004 subpoena to the Debtor and Ms. Bolivar seeking any tax returns or related documents from either party for tax years 2015 through 2021. Ms. Bolivar responded to this request by letter dated December 19, 2022, wherein she provided no substantive response and invoked her Fifth Amendment right to remain silent (the "Tax Return Response Letter"). The Tax Return Response Letter is attached hereto as **Exhibit A**. Put simply, the Trustee needs these tax returns in order for the Estate's accountant to properly file the Debtor's tax return for 2022. Additionally, Ms. Bolivar's response raises questions about the veracity of her affirmative representations in connection with the claim of the IRS that all outstanding tax returns for the Debtor were filed as of June 2022. *See* Motion to Stay Bankruptcy Proceeding at ¶ 5.

Second, as stated in the Trustee's Status Letter Regarding Trustees Sale of 2229 E. Eden Place, St. Francis, Wisconsin and Administration of Estate Assets (ECF No. 235), Ms. Bolivar, also filed objections in the Trustee's eviction action in connection with Debtor's New York Ave. Property. This action seeks to evict the tenants of the New York Ave. Property for unpaid rent and is currently pending in Milwaukee County Circuit Court. In connection with this action, on January 6, 2023, Ms. Bolivar disclosed for the first time that she is purportedly a tenant of the New York Ave. Property pursuant to a lease signed by her as managing member of the Debtor to her as a tenant in her individual capacity. This lease is dated January 30, 2020 and is for a month-to-month tenancy. A copy of Ms. Bolivar's opposition, which includes the New York Ave. Property lease, is attached hereto as **Exhibit B**.

Ms. Bolivar submitted this lease as part of her opposition to the Trustee's eviction action in the Milwaukee County Circuit Court in order to prove that she had standing as a tenant to object to the eviction. While the authenticity and veracity of this lease is highly suspect, even assuming *arguendo* that the lease is valid, this would mean that Ms. Bolivar has failed to pay the Trustee any sum of rent for the New York Ave. Property. This is despite the fact that this Court entered an Order specifically stating that the New York Ave. Property, as well as all rents generated therefrom, are property of the Estate and thus under the control of the Trustee. *See*

Order Deeming Tenants' Rents Property of the Bankruptcy Estate and Compelling The Turnover of All Rents Held By Tenants and Perrault Jean Paul (ECF No. 72). This is yet another example of Ms. Bolivar's consistent and prolonged attempts to obstruct the Trustee's efforts to administer the Estate by any means necessary.

Based on the foregoing, the Trustee submits that Ms. Bolivar's Motion to Dismiss the City of Milwaukee's Proof of Claim and Terminate Bankruptcy be denied in its entirety.

Respectfully submitted,
BECKER LLC

*/s/ Justin S. Baumgartner*

Justin S. Baumgartner