# Exhibit B

Case 2022SC028378, Filed 01-06-2023, Page 1 of 8
FILED
01-06-2023
Anna Maria Hodges
Clerk of Circuit Court
2022SC028378

**STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY**

Eric R Perkins, Chapter 7 Trustee

    *Plaintiff*,

vs.                                                                      Case No. **2022SC028378**

John Doe et al

    *Defendant.*

---

### CERTIFICATION IN FURTHER SUPPORT OF MOTION TO DISMISS EVICTION COMPLAINT AND STAY OF EXECUTION OF WRIT OF RESTITUTION PENDING CONSIDERATION OF MOTION

---

I, Carline Bolivar, being of full age, do hereby certify as follows:

1. Supportive Health LLC is the owner of 3269 S New York Ave, Milwaukee, WI 53207 ("the premises").[i]

2. I am the principal and sole proprietor of Supportive Health LLC.

3. I am also a tenant of the premises to a lease dated January 30, 2020 (see Exhibit A).

4. Supportive Health LLC is the debtor in a bankruptcy that is *void ab initio*. There are appeals pending in the U.S, Court of Appeals that challenge the bankruptcy.

5. The trustee filed an objection wherein it provided a set of alleged facts with regards to the bankruptcy that are one side and outside the purview of this court. What is the before the Circuit Court is the validity of the eviction filing, my standing to object to the eviction and the stay pending consideration of the motion in the interest of justice.

6. First, the trustee contends that the only order of the bankruptcy court that is on appeal is the order to sell another property owned by the debtor and, as such, the appeal has no bearing on the eviction. That contention is false. The appeal to the U.S. Court of Appeals, 3rd

1

Department (Case No. 22-3277) asks the court to stay ALL bankruptcy proceedings, including the instant eviction.

7. I have standing to appear before this court both as principal of the debtor and as a tenant of the premises.

8. Per the motion to dismiss, the instant eviction should be dismissed for a number of reasons.

9. First, the court has no personal jurisdiction as none of the tenants at the premises have been served. **As a tenant of the premises, I have not been served.** The building is a two family dwelling with two individual apartments. <u>Each individual tenant would have to be served</u>. The affidavit of service of the eviction complaint does not indicate which apartment was served. Further, the complaint incorrectly claims that the property is a single family property. As such, the court does not have personal jurisdiction over the occupants of 3269 S New York Ave, Milwaukee, WI and the complaint must be dismissed.

10. Second, the complaint is filed on the basis that Eric R. Perkins is the owner of the subject property from which the eviction is sought. The representation to the court is false as Mr. Perkins is not the owner of the subject property. Mr. Perkins, thus, has no standing to evict anyone from the subject property as the "owner." The complaint is, thus, fatally defective and must be dismissed.

11. Contrary to the false representations made in the complaint, the property at 3269 S New York Ave, Milwaukee, WI is a "covered dwelling" as the tenants in the property have residential leases. Second, the property is a "covered dwelling" as it is a "covered property" since it has a "(ii) Federally backed multifamily mortgage loan." As such, the misrepresentation renders the complaint defective and the eviction is barred by the CARES Act.

2

12.     I also object to the representation of plaintiff by attorney Justin Baumgartner.  Mr. Baumgartner is not licensed to practice law in Wisconsin.  As such, I further move to strike all pleadings/responses filed by Mr. Baumgartner.

## REQUEST FOR RELIEF

**WHEREFORE**, the following relief is requested:

1. Grant the Motion to Dismiss the Eviction
2. Grant the Motion for a Stay Pending Consideration of the Motion to Dismiss
3. And such relief as this Court deems just and proper.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Carline Bolivar
Sole-Member, Supportive Health LLC

Dated: January 5, 2023

3

# EXHIBIT A

# RESIDENTIAL LEASE

**WHEREAS**, Landlord is the fee owner of certain real property being, lying and situated in MILWAUKEE County, Wisconsin, such real property having a street address of ___3269 S New York Ave, Milwaukee, WI 53207, Apt 1_____ (hereinafter referred to as the "Premises").

**NOW, THEREFORE**, for good consideration, the receipt and sufficiency of which is hereby acknowledged, and the covenants and obligations contained herein, the parties hereto hereby agree as follows:

**LEASE AGREEMENT,** entered into between Perrault Jean-Paul (Landlord) and ___Carline Bolivar_____ (Tenant(s)).

1. **TERM:** This lease shall be for a month to month term of commencing on February 1, 2020.

2. **RENT:** Tenant shall pay Landlord in monthly payments of __$800.00_____, each payable monthly on the first day of each month in advance at such place as we may from time to time specify by written notice to you. A penalty of 5% (_$40.00_) will be assessed to rent received after the 5th of the month, as additional rent.

3. **NON-PAYMENT OF RENT:** Eviction Action will commence in the event that rent is not received by the 10th of the month. Tenant is liable for the costs of eviction and attorney's fees in the event that eviction is commenced as a result of non-payment of rent.

3. **SECURITY DEPOSIT:** Tenant shall pay a security deposit of __$800.00___, to be returned upon termination of this Lease, and the payment of all rents due and performance of all other obligations.

4. **TENANT'S HOLD OVER:** If Tenant remains in possession of the Premises with the consent of Landlord after the natural expiration of this Agreement, a new tenancy from month-to-month shall be created between Landlord, and Tenant which shall be subject to all of the terms and conditions hereof. Either party can terminate this month-to-month tenancy with 30 days written notice.

5. **SHOWING APARTMENT TO PROSPECTIVE TENANTS:** Upon notice of lease termination, Landlord reserves the right to show apartment to prospective tenants. Tenant will be given reasonable notice and showings will be conducted at reasonable times.

6. **UTILITIES AND SERVICES:** Tenant shall at its own expense provide the following utilities or services: Tenant must pay promptly as they become due all charges for furnishing electricity, gas and water to the premises during the lease term.

> Landlord does not warrant the quality or adequacy of the utilities or services specified above, nor does Landlord warrant that any of the utilities or services specified above will be free from interruption caused by repairs, improvements, or alterations of the building or the Apartment or any of the equipment and facilities of the building, any

labor controversy, or any other causes of any kind beyond Landlord's reasonable control. Any such interruption--and any other inability on Landlord's part to fulfill their lease obligations resulting from any such cause will not be considered an eviction or disturbance of Tenant's use and possession of the Apartment, or render Landlord liable to Tenant for damages, or relieve Tenant from performing your their obligations under this Agreement.

7. **CONDITION OF PREMISES:**  Tenant stipulates, represents and warrants that Tenant has examined the Premises, and that the premises is clean, in good order and that all fixtures are in good working condition.

Upon the expiration of the Lease, Tenant shall return possession of the Premises in its present condition, reasonable wear and tear excepted. Tenant shall commit no waste to the leased Premises.

8. **ALTERATIONS AND IMPROVEMENTS**:  Tenant shall make no alterations to the buildings or improvements on the Premises or construct any building or make any other improvements or changes on the Premises without the prior written consent of Landlord.

9. **COMPLIANCE WITH LAW:**  Tenant shall comply with all building, zoning and health codes and other applicable laws for the use of said premises.  Without limiting the generality of the foregoing, Tenant shall:

    (a)  Not create a nuisance on Premises;

    (b)  Deposit all trash, garbage, rubbish or refuse in the locations provided, and shall not allow any trash, garbage, rubbish or refuse to be deposited or permitted to stand on the exterior of any building or within the common elements;

    (c)  Not obstruct the driveways, sidewalks, courts, entry ways, stairs and/or halls, which shall be used for the purposes of ingress and egress only;

    (d)  Tenant shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises, or that might be considered hazardous or extra hazardous by any responsible insurance company.

10. **RIGHT OF ENTRY:**  Landlord and Landlord's agents shall have the right at all reasonable times during the term of this Agreement and any renewal thereof to enter the Premises, subject to 24-hour notice to inform the Tenant, for the purpose of inspecting the Premises, conducting general maintenance, on all buildings and improvements thereon.

    (a)  Tenant shall not cause or permit any change in the locks or hooks to be placed upon any door or window without the prior written consent of Landlord.

11. **ASSIGNMENT OR SUBLETTING:**  Tenant shall not assign or sublet said premises or allow any other person to occupy the leased Premises without Landlord's prior written consent.

12. **PETS:** Tenant shall not allow pets on the Premises.

13. **SUBORDINATION:** This Lease shall be subordinate to all present or future mortgages against the property.

14. **TIME OF ESSENCE:** Time is of the essence in this Agreement.

15. **RIGHT OF TERMINATION AND RE-ENTRY:** In the event of any breach of the payment of rent or any other allowed charge, or other breach of this Lease, Landlord shall have full rights to terminate this Lease in accordance with state law and re-enter and re-claim possession of the leased Premises, in addition to such other remedies available to Landlord arising from said breach.

16. **INDEMNITY:** Tenant will indemnify and hold Landlord and Landlord's property--including the leased premises--free and harmless from any liability for injury to or death of any person, including Tenant, or for damage to property arising from Tenant's using and occupying the premises or from the act or omission of any person or persons, including Tenant, in or about the premises with Tenant's express or implied consent.

17. **BINDING EFFECT:** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit and obligation of the heirs, legal representatives, and assigns of the parties hereto.

18. **RIGHTS AND REMEDIES CUMULATIVE:** The rights and remedies under this lease are cumulative, and either party's using any one right or remedy will not preclude or waive that party's right to use any other. These rights and remedies are in addition to any other rights the parties may have by law, statute, ordinance, or otherwise.

19. **GOVERNING LAW:** This agreement is to be construed under Wisconsin state law, and all obligations of the parties created under this lease are performable in MILWAUKEE County, Wisconsin.

20. **LEGAL CONSTRUCTION AND SEVERABILITY:** If any one or more of the lease provisions are for any reason held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability will not affect any other provision of this lease, which will be construed as if it had never included the invalid, illegal, or unenforceable provision.

21. **PRIOR AGREEMENT SUPERSEDED:** This agreement constitutes the only agreement of the parties and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter.

22. **AMENDMENT:** No amendment, modification, or alteration of this lease is binding unless in writing, dated subsequent to the date of this lease, and duly executed by the parties.

23. **ATTORNEY'S FEES:** Should it become necessary for Landlord to employ an attorney to enforce any of the conditions or covenants hereof, including the collection of rentals or gaining possession of the Premises, or entry therein,Tenant agrees to pay all expenses so incurred, including reasonable attorney's fees.

24. **ADDITIONAL LEASE TERMS:**

_____

_____

Signed this \_\_\_30th\_\_\_\_ day of \_January 2020\_\_ .

**IN WITNESS OF THIS AGREEMENT**, the Landlord and Tenant execute this agreement as of the day and year first above written.

**LANDLORD:**

By _____[signature]_____ [signature]
**Manager, Supportive Health LLC**

**TENANT:**

\_Carline Bolivar\_\_\_\_\_ [Tenant]                                    _____ [Tenant]

By \_\_[signature]\_\_ [signature]                                        By _____ [signature]

_____ [address]                                    _____ [address]

_____ [address]                                    _____ [address]