| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N. J. LBR 9004-2 (c)** | U.S. BANKRUPTCY COURT<br>FILED<br>NEWARK, NJ<br><br>2022 JAN 11 ₱ 3: 05 |
| **CITY OF MILWAUKEE**<br>Office of the City Attorney<br>841 North Broadway<br>Milwaukee, WI 53202<br>(414) 286-2601<br>Representative for Creditor, City of Milwaukee<br>Hannah R. Jahn, Wis. Bar No. 1088851<br>Email: hjahn@milwaukee.gov | JEANNE A. NAUGHTON<br>BY: _____<br>DEPUTY CLERK |
| In re:<br><br>Supportive Health, LLC,<br><br>                                        Debtor. | Case No. 21-15113-VFP<br><br>Chapter 7<br><br>Judge: Hon. Vincent F. Papalia<br><br>Hearing Date:    January 18, 2023,<br>                            10:00am |

## CREDITOR CITY OF MILWAUKEE'S OBJECTION
## TO DEBTOR SUPPORTIVE HEALTH, LLC'S MOTION TO DISMISS THE CITY OF MILWAUKEE'S PROOF OF CLAIM FOR FRAUD, ISSUE SANCTIONS AGAINST THE CITY OF MILWAUKEE, AND TERMINATE THE BANKRUPTCY

Creditor City of Milwaukee objects to Supportive Health, LLC and Carline Bolivar's Motions dated December 13, 2022, and adds the following certification in support of those objections.

First, Ms. Bolivar and Supportive Health's argument that the bankruptcy case is *void ab initio* has previously been heard and denied by this Court. See Doc. 71.

Second, the City of Milwaukee's proof of claim is not fraudulent, nor is there any evidence that the City or the Trustee engaged in any misrepresentation, intentional or otherwise, in pursuing payment of the City claim.

Hannah R. Jahn certifies as follows:

1. I am an Assistant City Attorney for the City of Milwaukee, creditor of the debtor.

2. I am responsible for supervision of the City's contract collection counsel, Kohn Law Firm. I conferred with Kohn Law Firm shareholder Jason Hermersmann in preparing this statement.

3. I verified that the City claim form was correct as it was submitted. The City claim was not secured on 3269 South New York Avenue, Milwaukee, WI ("New York Ave. Property") or 2229 East Eden Place, St. Francis, WI ("Eden Place Property") at the time the claim was filed.

4. Supportive Health asserted the City judgment in Milwaukee County Case No. 2016CV255 was part of the bankruptcy estate, so that is why the City filed a claim.

5. The City believes there should be a lien on the property, which is the basis for pending Milwaukee County Circuit Court Case 2017CV12487.

6. In 2017CV12487, the City sought to foreclose on the Eden Place Property through a declaration that the transfer of the real estate to Supportive Health by Mr. Jean-Paul by quit-claim deed in February 2016 was a fraudulent transfer to allow Mr. Jean-Paul avoid paying debt owed to the City. The circuit court

judge has not yet decided the issue because the case is stayed pending this

bankruptcy.

7. As stated in the City's letter to this Court dated December 3, 2021 (Doc. 69)

and supported by the electronic Real Estate Transfer Tax Returns attached to

Doc. 69:

> As of January 12, 2016, Jean-Paul owned property located at 2229
> East Eden Place, St. Francis, Wisconsin 53235 (hereinafter "Eden
> Place property"). On January 12, 2016, the City of Milwaukee
> (hereinafter "the City") filed Milwaukee County Case No. 16 CV
> 255 ("Underlying Case") alleging that Jean-Paul owed the City for
> certain raze charges that were incurred on separate properties
> owned by Jean-Paul. On January 21, 2016, Jean-Paul was served
> with the Summons and Complaint for the Underlying Case. On
> February 17, 2016, Jean-Paul transferred the Eden Place property
> to Supportive Health, LLC via a quit claim deed in order to avoid
> a judgment lien attachment. On that same date, Jean-Paul also
> transferred 3269 South New York Avenue, Milwaukee, Wisconsin
> 53207 to Supportive Health via a quit-claim deed. The agent for
> Supportive Health was Jean-Paul, who also prepared and filed the
> real estate transfer tax returns with the State of Wisconsin.

8. As shown in Claim 3-1 Part 2, on March 15, 2016, the Milwaukee County

Circuit Court docketed a judgment in favor of the City of Milwaukee against

Perrault Jean-Paul.

9. This certification is being made assist the Court in making an informed

decision.

10. I certify under penalty of perjury that the above is true.

Date: _Jan. 10, 2023_ _____

Hannah R. Jahn, Assistant City Attorney

