

JUSTIN BAUMGARTNER

MEMBER OF NJ BAR
MEMBER OF NY BAR

Becker LLC
Eisenhower Plaza II
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039

Direct:      (973) 251-8920
Main:       (973) 422-1100
Facsimile:  (973) 422-9122

jbaumgartner@becker.legal

January 24, 2023

**Via ECF and Email**
The Honorable Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
50 Walnut Street, Courtroom 3B
Newark, NJ 07102
chambers_of_vfp@njb.uscourts.gov

    Re:    **In re Supportive Health, LLC.**
           **Case No. 21-15113 (VFP)**
           **Chapter 7**

           **Trustee's Objection to Carline Bolivar's Application to
           Shorten Time Regarding Motion to Compel Trustee to Provide an
           Accounting (ECF Nos. 242, 243)**

Your Honor:

      As the Court is aware, this firm represents Eric R. Perkins, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the Debtor Supportive Health, LLC (the "Debtor") in the above-referenced matter. Currently pending before the Court is Ms. Bolivar's Application to Shorten Time for her above-referenced Motion to Compel the Trustee to Provide an Accounting (the "Motion to Compel"). The Court has not yet set a date for a hearing on Ms. Bolivar's Motion to Compel. Please allow this letter to serve as the Trustee's objection to Ms. Bolivar's Application to Shorten Time as well as a procedural objection to the Court setting any hearing date for her underlying Motion to Compel.

      As the Court may recall, on December 9, 2021, Ms. Bolivar filed an almost identical Motion for an Order Compelling the Trustee to Furnish Accounting of the Bankruptcy (ECF No. 74). By Order dated January 25, 2022, the Court denied Ms. Bolivar's Motion without prejudice (ECF No. 127). However, the order denying said motion also placed a condition on Ms. Bolivar filing another motion to compel an accounting of the Trustee. Specifically, the Order states "that Ms. Bolivar may only file a renewed Motion after the Debtor has submitted all necessary lists, schedules, and statements as required by § 521(a) of the Bankruptcy Code and the Trustee has conducted the Debtor's § 341 meeting of creditors." To date, while the

BECKER LLC
ATTORNEYS AT LAW

Debtor, through Ms. Bolivar, has sat for its § 341 meeting (during which Ms. Bolivar asserted her Fifth Amendment right against self-incrimination in response to every substantive question that the Trustee asked), the Debtor still has not filed any new or amended lists, schedules, or statements as required by the Order. Accordingly, at this time, Ms. Bolivar's present Motion to Compel should not be scheduled for a hearing whether on regular notice or shortened notice until she or another representative of the Debtor files the Debtor's required lists, schedules, and statements.

Additionally, even if Ms. Bolivar and/or the Debtor had complied with the above-cited requirement, there is still no reason to shorten to the notice period of the present Motion to Compel. This is because the Trustee does not have any sale or other motion currently pending before the Court seeking to further liquidate the Debtor's assets. Thus, contrary to Ms. Bolivar's assertions, there is no reason for the Court to schedule this Motion on shortened notice.

For the foregoing reasons, the Trustee respectfully requests that no hearing on Ms. Bolivar's current Motion to Compel be scheduled until the Debtor files complete and accurate lists, schedules, and statements in this case.

Respectfully submitted,
BECKER LLC

*/s/ Justin S. Baumgartner*

Justin S. Baumgartner

CC: Carline Bolivar via email (donotreply@supportivehealth.com)