Order Filed on January 25, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re: | Case No.:    21-15113 (VFP) |
| SUPPORTIVE HEALTH, LLC, | Chapter:    7 |
| | Hearing Date: January 18, 2023 |
| Debtor. | Judge:    Vincent F. Papalia |

**ORDER DENYING WITH PREJUDICE
THE MOTION OF CARLINE BOLIVAR:
(I) TO STAY BANKRUPTCY CASE; (II) TO COMPEL THE CITY
OF MILWAUKEE TO ACCEPT PAYMENT;
AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby

**ORDERED**.

**DATED: January 25, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page 2

| | |
|---|---|
| Case: | In re Supportive Health, LLC |
| Case No.: | 21-15113 (VFP) (Chapter 7) |
| Re: | Order Denying with Prejudice: (i) the Motion of Carline Bolivar to Stay Bankruptcy Case; (ii) to Compel the City of Milwaukee to Accept Payments; and (iii) Granting Related Relief |

---

This matter was opened to the Court on the motion (the "Motion") filed by Carline Bolivar ("Ms. Bolivar") to stay the bankruptcy case; to compel the City of Milwaukee ("Milwaukee") to accept payment on its Claim No. 3-1; and to disallow Claim No. 1-1 filed by the Internal Revenue Service (the "IRS") [Dkt. No. 227]; and the Chapter 7 Trustee, Eric R. Perkins., Esq. (the "Trustee"), Milwaukee and the IRS having filed objections thereto [Dkt. Nos. 231, 232, 233]; and that portion of the Motion relating to the IRS having been adjourned to February 7, 2023 on consent of Ms. Bolivar and the IRS; and the Court having considered the parties' submissions; and having heard oral argument; and due notice having been given; and for good cause shown;

And for the reasons set forth on the record on January 18, 2023, including that, after filing this Motion on an allegedly emergent basis on November 29, 2022 and obtaining an initial hearing on December 15, 2022, Ms. Bolivar requested a further adjournment to January 18, 2023, but still failed to produce *any* evidence to rebut the *prima facie* validity of Milwaukee's proof of claim (or the IRS's proof of claim) under Fed. R. Bankr. P. 3001(f) or her assertion that Milwaukee's claims was procured by fraud; failed to demonstrate that Debtor or its principals ever offered to immediately pay the Milwaukee proof of claim in full and, in contrast, Milwaukee provided competent evidence demonstrating that no such payment was offered or made to Milwaukee by Ms. Bolivar, the Debtor or Mr. Perrault Jean Paul; that Ms. Bolivar failed to timely provide tax information to the U.S. Attorney to enable the IRS to consider her request for a reduction in liability or other relief; and that Ms. Bolivar made inconsistent statements to the U.S. Attorney and to the Trustee's Accountant about the availability of and her access to Debtor's tax documents, among other inconsistent statements;

Case:      In re Supportive Health, LLC
Case No.:  21-15113 (VFP) (Chapter 7)
Re:        Order Denying with Prejudice (i) the Motion of Carline Bolivar to Stay
           Bankruptcy Case; (ii) to Compel the City of Milwaukee to Accept Payments; and
           (iii) Granting Related Relief

And it further appearing that Ms. Bolivar has repeatedly made motions before this Court to dismiss or stay all or a portion of these bankruptcy proceedings, and to the District Court and the Third Circuit Court of Appeals to stay this Court's Order approving a sale of the Debtor's property and granting related relief, all of which have been denied to date; and it appearing that these repetitive and unsupported applications have unnecessarily and vexatiously delayed and increased the costs of prosecution and administration of these proceedings, it is hereby

**ORDERED** that Ms. Bolivar's: (i) Motion to compel Milwaukee to accept payment on its proof of claim and (ii) renewed, inadequately supported and repeatedly denied request for a stay of these bankruptcy proceedings, are each **DENIED**, with prejudice, and it is further

**ORDERED** that pursuant to this Court's inherent authority to manage the cases before it and section 105 of the Bankruptcy Code, Ms. Bolivar may not file any further motion to dismiss, terminate or stay these proceedings or for reconsideration (directly or indirectly) of any Order entered in the captioned Bankruptcy Case, or, in each case, a motion that seeks effectively the same relief, unless she: (i) first sends a letter request to the Court that sets forth the new or different grounds on which such motion is based, which letter may include a summary or copy of the proposed motion to dismiss or stay these proceedings, for reconsideration, or for similar relief; (ii) simultaneously provides copies to all parties-in-interest; and (iii) receives a written response from the Court permitting the filing of such motion for reconsideration, for a stay, dismissal or other similar relief. If the response is affirmative, the Court will docket the motion as and when permitted to be submitted and Ms. Bolivar will serve it on the Chapter 7 Trustee and affected parties. If the response is negative, the motion shall not be filed and shall not be further considered by the Court; and it is further

**ORDERED** that Ms. Bolivar's failure to comply with the above Order may subject her, or any party acting on her behalf, to additional sanctions; and it is further

**ORDERED** that the Trustee shall serve a copy of this Order on all interested parties by regular mail and email (if an email address is known) within three (3) business days of the entry of this Order.