Order Filed on January 25, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In Re: | Case No.:   21-15113 (VFP) |
| SUPPORTIVE HEALTH, LLC, | Chapter:   7 |
| | Hearing Date: January 18, 2023 |
| Debtor. | Judge:   Vincent F. Papalia |

**ORDER DENYING WITH PREJUDICE THE
MOTION OF CARLINE BOLIVAR:
(I) TO DISALLOW CLAIM NO. 3-1 FILED BY THE CITY OF MILWAUKEE;
(II) TO DISMISS CASE; AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby

**ORDERED**.

**DATED: January 25, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Page 3
Case:        In re Supportive Health, LLC
Case No.:   21-15113 (VFP) (Chapter 7)
Re:         Order Denying with Prejudice the Motion of Carline Bolivar (i) to Disallow Claim No. 3-1 Filed by the City of Milwaukee; (ii) to Dismiss Case; and (iii) Granting Related Relief

---

This matter was opened to the Court on the motion (the "Motion") filed by Carline Bolivar ("Ms. Bolivar") to dismiss the case and to disallow Claim No. 3-1 filed by the City of Milwaukee ("Milwaukee) [Dkt. No. 236]; and Milwaukee and the Chapter 7 Trustee, Eric R. Perkins, Esq. (the "Trustee") having filed objections thereto [Dkt. Nos. 241, 240]; and the Court having considered the parties' submissions; and having heard oral argument; and due notice having been given; and for good cause shown;

And for the reasons set forth on the record on January 18, 2023, including that Ms. Bolivar failed to produce *any* competent evidence to rebut the *prima facie* validity under Fed. R. Bankr. P. 3001(f) of the Milwaukee proof of claim (which Ms. Bolivar alleged was procured by some unspecified fraud), and Ms. Bolivar having argued that Milwaukee's claim was actually secured, which would have benefited and enhanced Milwaukee's position in this case, but Milwaukee having in good faith taken the position that it is unsecured because it believed and alleged that Mr. Perrault Jean Paul, against whom it obtained a judgment, had improperly and fraudulently transferred the subject real property to the Debtor by quitclaim deed for no stated consideration after Milwaukee commenced an action against the Debtor on those grounds, but before Milwaukee could obtain judgment against the Debtor, and that, as a result, Milwaukee's subsequent action against the Debtor was stayed by the Debtor's bankruptcy filing;

And Ms. Bolivar having again failed to state any new or different grounds or offer any competent evidence to support of her renewed motion for dismissal of this case, including her claim that the petition was not properly authorized, an argument that the Court previously rejected twice by Orders entered on December 8, 2021 and on January 25, 2022 [Dkt. Nos. 71, 128], with Ms. Bolivar's appeal of the December 8, 2021 Order (among others) having been dismissed by the District Court;

Page 3
Case:       In re Supportive Health, LLC
Case No.:   21-15113 (VFP) (Chapter 7)
Re:         Order Denying with Prejudice the Motion of Carline Bolivar (i) to Disallow Claim No. 3-1 Filed by the City of Milwaukee; (ii) to Dismiss Case; and (iii) Granting Related Relief

---

And it further appearing that Ms. Bolivar has repeatedly made motions before this Court to dismiss or stay all or a portion of these bankruptcy proceedings, and then sought stays from the District Court and the Third Circuit Court of Appeals of this Court's approving a sale of the Debtor's property and granting related relief, all of which have been denied to date; and it appearing that these repetitive and unsupported applications have unnecessarily and vexatiously delayed and increased the costs of the prosecution and administration of these proceedings, it is hereby

**ORDERED** that Ms. Bolivar's Motion is **DENIED** in all respects, with prejudice, and it is further

**ORDERED** that pursuant to this Court's inherent authority to manage the cases before it and section 105 of the Bankruptcy Code, Ms. Bolivar may not file any further motion to dismiss, terminate or stay these proceedings or for reconsideration (directly or indirectly) of any Order entered in the captioned Bankruptcy Case, or, in each case, a motion that seeks effectively the same relief, unless she: (i) first sends a letter request to the Court via chambers email that sets forth the new or different grounds on which such motion is based, which letter may include a summary or copy of the proposed motion to dismiss or stay these proceedings, for reconsideration, or for similar relief; (ii) simultaneously provides copies to all parties-in-interest; and (iii) receives a written response from the Court permitting the filing of such motion for reconsideration, for a stay, dismissal or other similar relief. If the response is affirmative, the Court will docket the motion as and when permitted to be submitted and Ms. Bolivar will serve it on the Chapter 7 Trustee and other affected parties. If the response is negative, the motion shall not be filed and shall not be further considered by the Court; and it is further

**ORDERED** that Ms. Bolivar's failure to comply with the above Order may subject her, or any party acting on her behalf, to additional sanctions; and it is further

**ORDERED** that the Trustee shall serve a copy of this Order on all interested parties by regular mail and email (if an email address is known) within three (3) business days of the entry of this Order.