DAVID A. HUBBERT
Deputy Assistant Attorney General

GOKCE T. YUREKLI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
*Attorney for the United States of America*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | Judge Vincent F. Papalia |
| | ) | |
| Supportive Health LLC, | ) | Case No. 21-15113-VFP |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | Hearing: February 7, 2023 |

**UNITED STATES' OBJECTION TO CARLINE BOLIVAR'S MOTION TO STAY BANKRUPTCY PROCEEDINGS AND COMPEL SOLE CREDITOR CITY OF MILWAUKEE TO ACCEPT PAYMENT OF ITS PROOF OF CLAIM AND DISMISS IRS PROOF OF CLAIM**

The United States of America, on behalf of its agency the Internal Revenue Service ("IRS"), objects to Carline Bolivar's ("Ms. Bolivar") motion to stay bankruptcy proceedings and compel sole creditor City of Milwaukee to accept payment of its proof of claim and dismiss IRS proof of claim (the "Motion") (Doc. 227). The United States asks that Ms. Bolivar's Motion be denied as to the IRS because she has not provided any evidence to rebut the *prima facie* validity of the IRS's proof of claim under Fed. R. Bank. P. 3001(f).

Ms. Bolivar's objection to the amount of the claim of the IRS appears to be based on the contention that Supportive Health LLC filed returns showing "0.00" as income for the years in question. Because of this, she asserts the IRS should not have assessed penalties for failure to file

tax returns for those years. She also alleges Supportive Health LLC entered negotiations with the IRS to eliminate these penalties. Ms. Bolivar did not attach copies of the returns in support of her Motion. In response, the United States Attorney's Office[1] expressed that the IRS was willing to review whether Ms. Bolivar is entitled to relief, but requested she provide copies of her personal returns, Forms 1065 (U.S. Return of Partnership Income), and any documents regarding the alleged negotiations with the IRS. (*See* Doc 233). Ms. Bolivar did not provide any of these documents; instead, she provided copies of Form 1120 (U.S. Corporation Income Tax Return) and Form 843 (Claim for Refund) that she allegedly filed for the years in question.[2] These are not the correct returns.

As a partnership[3], Supportive Health LLC was required to file a Form 1065 informational return with the IRS every year, even if it generated zero income. 26 U.S.C. § 6031. Because partnerships are "pass through" entities the partners are required to report their share of the partnership's income or loss on their personal returns. 26 U.S.C. § 701-704. Accordingly, Ms. Bolivar should have filed Form 1065, or at the very least, provided copies of her personal income

---

[1] This case has been referred to the Department of Justice.

[2] The IRS records indicate only Form 1120 for 2020 and 2021 were received. The IRS is not in receipt of any Form 843.

[3] A domestic LLC with at least two members is classified as a partnership for federal income tax purposes unless it files Form 8832 (Entity Classification Election) and elects to be treated as a corporation. 26 CFR § 301.7701-3. Here, there are at least three members associated with Supportive Health LLC, including Roderick Sander, Perrault Jean Paul, and Carline Bolivar. There are no records indicating Supportive Health LLC filed a Form 8832. As such, Supportive Health LLC is considered a partnership and required to file Form 1065 every year. While Ms. Bolivar claims to be the only member of Supportive Health LLC, she has not proven this. A single-member LLC has the option of electing to be taxed as a corporation or to be disregarded as a separate entity, resulting in pass through taxation of its sole member. 26 C.F.R. § 301.7701-3(a). In the latter case, the member must report all LLC profits or losses on his or her personal return. In this case, there are no records of Supportive Health LLC electing to have it treated as a separate entity. Ms. Bolivar has also refused to provide copies of her tax returns or any documentation showing that she established Supportive Health LLC or that the LLC was transferred to her. Unless proven otherwise, Supportive Health LLC is treated as partnership for federal income tax purposes.

tax returns to show that Supportive Health LLC's income or loss "passed through" to her as a member. She has done neither. Because she invoked the 5th Amendment during the January 18, 2023 hearing on questions relating to her tax returns, it is unlikely that Ms. Bolivar will provide or answer questions about any of her personal returns. Lastly, as to the Forms 843 Ms. Bolivar submitted, employers cannot use Form 843 to request an abatement of income tax withholdings. *See* IRM § 4.10.11. Thus, because Ms. Bolivar has failed to offer any evidence to rebut the *prima facie* validity of the IRS's proof of claim, this Court should deny her Motion.

WHEREFORE, the United States respectfully requests that the Court deny Ms. Bolivar's Motion.

DATE: January 30, 2023

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Gokce T. Yurekli*
GOKCE T. YUREKLI
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
*Attorney for the United States of America*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 30, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically provide notification of filing to all registered users of the CM/ECF system.

      Further, on the same day, I emailed a copy of the foregoing document to the following:

Carline Bolivar  
72 Van Reipen Avenue  
#353  
Jersey City, NJ 07306  
donotreply@supportivehealth.com

                                                  */s/ Gokce T. Yurekli*  
                                                  GOKCE T. YUREKLI  
                                                  Trial Attorney, Tax Division  
                                                  U.S. Department of Justice