**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

In re:

Supportive Health LLC

Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date: January 11, 2022 at 10 AM

## REPLY OF INTERESTED PARTY CARLINE BOLIVAR TO TRUSTEE'S OPPOSITION OF HER MOTION TO COMPEL TRUSTEE TO PROVIDE AN ACCOUNTING AND ALLOW CARLINE BOLIVAR TO PAY OUTSTANDING DEBT TO TERMINATE THE BANKRUPTCY

Carline Bolivar, in her capacity as an interested party in this instant bankruptcy, hereby files this reply to the trustee's objections to her motion.

**Motion is not a Duplicate of Prior Motion to Compel**

1. This motion is not a duplicate of the prior motion to compel the trustee to provide an accounting of the estate (ECF #127) as the primary relief sought is different from the instant motion. The primary relief sought by the instant motion entitled "Compel Trustee to provide an accounting and allow Carline Bolivar to pay outstanding debt to terminate the bankruptcy" is to terminate the bankruptcy by paying whatever debt is owed after accounting for the sale of 2229 E Eden Pl in St., Francis, WI.

2. To arrive at this figure, the trustee has to provide an accounting of the estate of the debtor. This figure would include the exact amount of money the trustee has collected as rent from 2229 E Eden Pl and 3269 S New York Ave -- the estate of the debtor. Based on the notice

of claims submitted, the sale of Eden is suffice to satisfy the debt owed by the estate and terminate the bankruptcy.

3. There is no basis in law to liquidate any further properties of the debtor if the trustee has raised enough cash to pay the debt owed.

**Carline Bolivar exercises her 5th Amendment right to remain silent**

4. With regards to information sought by the trustee from me as the principal of Supportive Health, I have iterated "ad nauseam" that this bankruptcy is an unauthorized bankruptcy and this bankruptcy court has no personal jurisdiction over Supportive Health LLC. Notwithstanding my objections to the bankruptcy, I have elected my 5th Amendment right to remain silent, and I continue to exercise this right. The trustee is moving to liquidate the assets of Supportive Health LLC on documents that were not filed by any representative of the company. Further, Supportive Health is not represented by counsel and has attempted in vain to retain counsel. There is no way for the trustee to comply with bankruptcy code in a bankruptcy action that is *void ab initio.*

5. In a **voluntary** bankruptcy where the principal of the company affirms that a) she did not file any of the documents, b) none document bears her signature c) the schedules filed were not authorized by the principal d) the attorney of record affirms that he did not file the petition or any of the schedules in the bankruptcy and was granted immediate permission to withdraw from the case and e) the documents are unsigned as original signatures cannot be produced, the correct course of action is to dismiss the bankruptcy.

6. In a **voluntary** bankruptcy, the principal shall not be coerced to divulge or forcefully be deprived of her 5th Amendment right to remain silent. Throughout these sham proceedings, I have asserted my right to remain silent and I intend to continue to do so.

7. In fact, 11 U.S. Code § 521, which outlines the duties of the debtor, assert:

```
B) If the debtor fails to comply with clause (i) or (ii) of
subparagraph (A), the court shall dismiss the case unless the
debtor demonstrates that the failure to so comply is due to
circumstances beyond the control of the debtor.
(C) If a creditor requests a copy of such tax return or such
transcript and if the debtor fails to provide a copy of such tax
return or such transcript to such creditor at the time the debtor
provides such tax return or such transcript to the trustee, then
the court shall dismiss the case unless the debtor demonstrates
that the failure to provide a copy of such tax return or such
transcript is due to circumstances beyond the control of the
debtor.
```

8. No business has ever been transacted through Supportive Health LLC. Supportive Health LLC solely holds title to two companies in Wisconsin. Supportive Health has never conducted any business in Wisconsin or anywhere in the US. A bankruptcy against Supportive Health has no basis in law.

9. If the debtor fails to provide the information requested pursuant to 11 U.S. Code § 521, the only recourse is dismissal of the action in a voluntary bankruptcy

10. Based on countless bankruptcy codes, as detailed in many prior motions to dismiss and the code detailed above, it baffles my mind as to why the trustee maintains this void bankruptcy action.

**Bankruptcy Trustee has Fiduciary Duty to Provide an Accounting of the Estate**

11. 11 U.S. Code § 704 places a mandate on the trustee to provide an accounting of the estate of the debtor upon request from any interested party, The statute does require that the debtor update its schedules, or provide any information to the trustee such that the trustee can

furnish the accounting. The trustee must present an accounting of the state in its current state and note any issues in such accounting that have not been finalized. Again, if the debtor fails to provide the information, the only recourse is dismissal of the action in a voluntary bankruptcy.

12.   11 U.S. Code § 704 (7) states:

```
(7) unless the court orders otherwise, furnish such information
concerning the estate and the estate's administration as is
requested by a party in interest;
```

The trustee has an obligation to provide an accounting of the estate, without any other mandate of action by the debtor, as a matter of law.

**The Trustee is Acting with Gross Negligence in its administration of this bankruptcy**

13.   The bankruptcy trustee is fire-selling the properties of Supportive health without any type of accounting. The only accounting he has done is the accounting on his horrendous legal fees that represent more than half of the debt allegedly owed by the estate.

14.   The trustee is not acting in the best interest of the creditors and debtor. He is acting with gross negligence in disregarding the fatal defects with the bankruptcy filing and pursuing a bankruptcy that is void ab initio. The trustee is acting with gross negligence in rubber stamping all proof of claims, including a proof of a claim that is not even attached to Supportive Health LLC (see ECF #236).

15.   The gross negligence of the trustee's administration of the bankruptcy is further cause to compel the trustee to provide a *current state* accounting of the estate (see *Moser v. Barrow, 341 U.S. 267 (1951)*).

**The Application to Shorten Time is required to ensure that the Status Quo is preserved**

16.   With regards to the application to shorten time, throughout these proceedings the trustee has routinely filed applications to shorten time to expedite its path to liquidate the assets

4 | P a g e

of the debtor with full knowledge that the debtor was never represented by counsel, that there is fraud in the procurement of the bankruptcy and that the bankruptcy is *void ab initio*. The court has routinely granted each and every application without question. Why now, at the cusp of losing the last property I own --- the last of my life savings --- would the court feel that my application does not meet the standard to qualify for shortening time? Does a sale have to be approved to shorten time? A motion to sale can be filed at any time by the trustee and by that time it may already be too late to save my home.

WHEREFORE, for the foregoing reasons, Carline Bolivar, respectfully requests that this Court grant her motion to Compel Trustee to provide an accounting and allow Carline Bolivar to pay outstanding debt to terminate the bankruptcy.

*[signature]*
Carline Bolivar
Sole-Member, Supportive Health LLC

DATED: January 25, 2023