**BECKER LLC**
ATTORNEYS AT LAW

JUSTIN BAUMGARTNER

MEMBER OF NJ BAR
MEMBER OF NY BAR

Becker LLC
Eisenhower Plaza II
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039

Direct:    (973) 251-8920
Main:     (973) 422-1100
Facsimile: (973) 422-9122

jbaumgartner@becker.legal

February 8, 2023

<u>Via ECF</u>
The Honorable Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
50 Walnut Street, Courtroom 3B
Newark, NJ 07102

  **Re:**   **In re Supportive Health, LLC.**
     **Case No. 21-15113 (VFP)**
     **Chapter 7**

     **Trustee's Objection to Carline Bolivar's Motion to Compel Trustee to Provide an Accounting (ECF No. 242)**

Your Honor:

  As the Court is aware, this firm represents Eric R. Perkins, the Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estate (the "<u>Estate</u>") of the Debtor Supportive Health, LLC (the "<u>Debtor</u>") in the above-referenced matter. Currently pending before the Court is Ms. Bolivar's Motion to Compel the Trustee to Provide an Accounting (the "<u>Motion to Compel</u>"). Please allow this letter to serve as the Trustee's objection to Ms. Bolivar's Motion to Compel.

  As an initial matter, as stated in the Trustee's January 24, 2023 Objection to Ms. Bolivar's Motion to Shorten Time (ECF No. 244), on December 9, 2021, Ms. Bolivar filed an almost identical Motion for an Order Compelling the Trustee to Furnish Accounting of the Bankruptcy (ECF No. 74). By Order dated January 25, 2022, the Court denied Ms. Bolivar's Motion without prejudice (ECF No. 127). However, the order denying said motion also placed a condition on Ms. Bolivar filing another motion to compel an accounting of the Trustee. Specifically, the Order states "that Ms. Bolivar may only file a renewed Motion after the Debtor has submitted all necessary lists, schedules, and statements as required by § 521(a) of the Bankruptcy Code and the Trustee has conducted the Debtor's § 341 meeting of creditors." To date, while the Debtor, through Ms. Bolivar, has sat for its § 341 meeting (during which Ms. Bolivar asserted her Fifth Amendment right against self-incrimination in response to every substantive question that the Trustee asked), the Debtor still has not filed any new or amended lists, schedules, or statements as required by the Order.

**BECKER** LLC
ATTORNEYS AT LAW

As stated in the Trustee's objection to Ms. Bolivar's first motion to compel an accounting, the Trustee cannot give an accounting of all debts owed by the Debtor because the Debtor, through Ms. Bolivar, has outright refused to file accurate lists, schedules, and statements with the Court despite it being explicitly required under § 521 of the Bankruptcy Code and the Trustee requesting that Ms. Bolivar have the Debtor file same on numerous occasions.

In regard to Ms. Bolivar's request to compel the Trustee to provide an accounting of all monies acquired from the E. Eden Place property, the Trustee has already stated that the Estate received $109,976.30 in net proceeds from the sale of the property. *See* Status Letter Regarding Trustee's Sale of 2229 E. Eden Place, St. Francis, Wisconsin and Administration of Estate Assets (ECF No. 235). As to the rents collected from the E. Eden Place property, the Trustee received $16,900.00 in occupancy payments from March 2022 through December 2022 from the occupant of the property Patrick R. Newbury. Thus, the Estate has a total balance of $126,876.30.

It should be noted that Ms. Bolivar fails to mention in her Motion is that she and by extension Perrault Jean-Paul have continuously refused to turnover any post-petition rent payments that they received from either the E. Eden Place property or the New York Ave. property. In fact, Ms. Bolivar has refused to even give the Trustee the names of the tenants in the New York Ave property and it was only through one of tenants filing an objection to the Trustee's eviction complaint that the Trustee finally learned that tenant's identity and was able to speak with her and the other tenant at the property. Put simply, until last week this tenant had no idea that there even was a bankruptcy proceeding because Ms. Bolivar and Perrault Jean-Paul had been actively hiding this information from her in order to keep collecting the rents from the New York Ave. property. This is even more evidence of Ms. Bolivar's relentless attempts to obstruct this bankruptcy proceeding by any means necessary.

Based on the foregoing, the Trustee respectfully requests that Ms. Bolivar's Motion to Compel the Trustee to Provide an Accounting be denied in its entirety.

Respectfully submitted,
BECKER LLC

*/s/ Justin S. Baumgartner*

Justin S. Baumgartner

CC: Carline Bolivar via email (donotreply@supportivehealth.com)