Order Filed on February 23, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| In Re: | Case No.:    21-15113 (VFP) |
| SUPPORTIVE HEALTH, LLC, | Chapter:    7 |
|  | Hearing Date: February 22, 2023 |
| Debtor. | Judge:    Vincent F. Papalia |

# ORDER DENYING AS MOOT THE MOTION OF CARLINE BOLIVAR TO COMPEL CHAPTER 7 TRUSTEE ERIC R. PERKINS TO PROVIDE AN ACCOUNTING

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

**DATED: February 23, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

Case:              In re Supportive Health, LLC
Case No.:          21-15113 (VFP) (Chapter 7)
Re:                Order Denying as Moot the Motion of Carline Bolivar to Compel Chapter 7 Trustee Eric R. Perkins to Provide an Accounting
_____

This matter was opened to the Court on the motion (the "Motion to Compel") filed by Carline Bolivar ("Ms. Bolivar"), Debtor's principal, to compel Chapter 7 Trustee Eric R. Perkins (the "Trustee") to provide an accounting of estate funds on hand; to allow Ms. Bolivar to pay any balance due creditors; and to terminate the bankruptcy case [Dkt. No. 242]; and the Trustee having filed an objection and surreply thereto [Dkt. Nos. 244, 260]; and Ms. Bolivar, a reply [Dkt. No. 256]; and it further appearing that the Trustee filed a December 15, 2022 *Report of Sale of Assets of the Estate* following his sale of Debtor's real property at 2229 East Eden Place, St. Francis, Wisconsin [Dkt. No. 234]; and the Court previously having entered an Order on January 27, 2023 denying Ms. Bolivar's request to shorten time for the hearing on her Motion as there was no "imminent danger" of the balance of this estate being liquidated; and it further appearing that by the January 27, 2023 Order, the Court limited the scope of the Motion to Compel to Ms. Bolivar's request for an accounting from the Trustee, as (i) no Order of this Court is required to allow Ms. Bolivar to pay creditor claims against this estate in full; and she has provided no proof of her ability to do so in any event, and (ii) the Court is not required to consider that portion of the motion that seeks to "terminate" or dismiss this bankruptcy case, as that same relief has been repeatedly requested and denied by this Court, no new or different grounds are alleged for that relief, and no permission to file such a motion was requested by Ms. Bolivar or approved by this Court, as required by prior Orders of this Court; and the Court having considered the parties' submissions; and having heard oral argument; and due notice having been given; and for good cause shown; and for the reasons set forth on the record on February 22, 2023; it is

**ORDERED** that Ms. Bolivar's Motion to Compel is **DENIED** as **MOOT** as the Trustee has provided an accounting of funds received by the estate to date and a listing of all the claims filed against the estate, but Ms. Bolivar has failed and refused to provide the Trustee with any information as to any other claims against the estate; and it is further

**ORDERED** that Ms. Bolivar remains subject to all prior Orders that restrict her ability to file any further motions "to dismiss, terminate or stay these proceedings or for reconsideration (directly or indirectly) of any Order entered in the captioned Bankruptcy Case, or, in each case, a motion that seeks effectively the same relief" absent prior written approval from the Bankruptcy Court, particularly under the January 25, 2023 *Order Denying with Prejudice (i) the Motion of Carline Bolivar to Stay Bankruptcy Case; (ii) to Compel the City of Milwaukee to Accept Payments; and (iii) Granting Related Relief* [Dkt. No. 245] and its January 25, 2022 Order that provides for similar relief and permission to re-file such a motion.