| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>BECKER LLC<br>354 Eisenhower Parkway<br>Plaza Two, Suite 1500<br>Livingston, NJ 07039<br>(973) 422-1100<br>Justin S. Baumgartner, Esq.<br>Email: jbaumgartner@becker.legal<br>Attorneys for Eric R. Perkins, Chapter 7 Trustee | |
| In Re:<br><br>SUPPORTIVE HEALTH LLC,<br><br>                     Debtor. | Case No.: 22-15113 (VFP)<br><br>Chapter 7<br><br>Hon. Vincent F. Papalia, USBJ<br><br>Hearing Date: |

**CERTIFICATION OF ERIC R. PERKINS IN SUPPORT OF TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER (1) AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S RESIDENTIAL REAL PROPERTY LOCATED AT 3269 SOUTH NEW YORK AVENUE, MILWAUKEE, WISCONSIN FREE AND CLEAR OF ANY LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b) and (f); (2) AUTHORIZING PAYMENT OF REAL ESTATE BROKER'S COMMISSION FROM THE SALE PROCEEDS; (3) WAIVING THE STAY PURSUANT TO FED. R. BANKR. P. 6004(h); AND (4) FOR OTHER RELATED RELIEF**

ERIC R. PERKINS, being of full age, certifies as follows:

      1.      I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of Supportive Health LLC (the "Debtor"). As such, I have personal knowledge of the facts set forth herein or have developed such knowledge based on my investigation to date.

      2.      I submit this certification in support of the Motion for entry of an Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 3269

South New York Avenue, Milwaukee, Wisconsin 53207 Free and Clear of any Liens, Claims, and Encumbrances pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Brokers' Commission from the Sale Proceeds; (3) Waiving the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for other related relief (the "Sale Motion").

3. Since my appointment on August 19, 2021, I have contacted the relevant constituencies including the Debtor, through its principal Carline Bolivar, creditors and other parties with knowledge of or interest in this matter in order to assess a course of action in this case to maximize value for the estate and its creditors.

4. I have also consulted with my counsel, Becker LLC ("Becker"), and have carefully reviewed the value of the Debtor's Property located at 3269 South New York Avenue, Milwaukee, Wisconsin 53207 (the "Property").

5. The Property has been marketed by Root River Realty (the "Broker") since February 2023 on behalf of the Trustee.

6. I entered into good faith negotiations with Spa Life Furnished Oasis, LLC (the "Purchaser") to purchase the Property pursuant to the terms set forth by the Agreement.[1]

7. In my business judgment, the purchase price of $285,000.00 for the Property represents a fair price.

8. There are multiple sound business reasons for the sale of the Property, including, but not limited to, the following: a) sale of the Property will bring in funds to the estate for the benefit of creditors; b) the sale will remove the burden to the bankruptcy estate of any carrying costs for the Property; c) to the extent there are liens, claims or other encumbrances attached to the Property, such liens, claims or other encumbrances will attach to the proceeds of sale; d) the Property is in a state of significant disrepair; and e) the ability to consummate this sale represents a

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

substantial movement in the case which will bring the case closer to conclusion and would inure to the benefit of all parties in interest.

9. Further, the sale is subject to higher and better offers, which will ensure that the bankruptcy estate will receive the maximum value for the Property and that the purchase price that the estate realizes will be fair and reasonable.

10. The sale of the Property is being conducted in good faith and I have negotiated the terms of the sale at arm's length with the assistance of counsel.

11. I have no relationship or connection with the Purchaser. Further, the details of this sale are being fully disclosed.

12. For the aforementioned reasons, I submit that the proposed sale is in the best interest of the bankruptcy estate and should be approved.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                          CHAPTER 7 TRUSTEE

Dated: March 17, 2023                       */s/ Eric R. Perkins*
                                          ERIC R. PERKINS