**BECKER LLC**
ATTORNEYS AT LAW

JUSTIN BAUMGARTNER

MEMBER OF NJ BAR
MEMBER OF NY BAR

Becker LLC
Eisenhower Plaza II
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039

Direct:     (973) 251-8920
Main:       (973) 422-1100
Facsimile:  (973) 422-9122

jbaumgartner@becker.legal

March 23, 2023

**Via ECF and Email**
The Honorable Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
50 Walnut Street, Courtroom 3B
Newark, NJ 07102
chambers_of_vfp@njb.uscourts.gov

> Re:   In re Supportive Health, LLC.
>       Case No. 21-15113 (VFP)
>       Chapter 7
>
> **Trustee's Motion to Sell Property Located at 3269 South New York Avenue, Milwaukee, Wisconsin 53207 Free and Clear of Liens under Section 363(f) (ECF No. 268)**

Your Honor:

As the Court is aware, this firm represents Eric R. Perkins, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the Debtor Supportive Health, LLC (the "Debtor") in the above-referenced matter. Currently pending before the Court is the Trustee's above-referenced Motion to sell the Debtor's real property (the "Sale Motion") located at 3269 South New York Avenue, Milwaukee, Wisconsin 53207 (the "Property"). The Sale Motion is scheduled to be heard on shortened notice on April 4, 2023 pursuant to the Court's Order Shortening Time (ECF No. 270).

Please accept this letter as a formal objection to Carline Bolivar's email request to chambers seeking an adjournment of the April 4, 2023 Sale Motion hearing date in order to give her additional time to file an objection to the Sale Motion. While the Trustee appreciates Ms. Bolivar's current family situation, it is not cause to delay the Court's consideration of the Sale Motion for the following reasons.

First, contrary to Ms. Bolivar's email and pleading requesting an adjournment of the Sale Motion, the Property is not owned by Ms. Bolivar. It is owned by the Debtor because on February 17, 2016, Perrault Jean Paul transferred the Property via quitclaim deed to the Debtor.

*See* Application in Support of Sale Motion at Exhibit A. As the Court is aware, Mr. Jean Paul, likely with the tacit approval of Ms. Bolivar, engaged in numerous instances of potentially fraudulent conduct during the course of this bankruptcy case, including filing schedules for the Debtor by hacking into the Debtor's former attorney's ECF account. More recently, the Trustee has reason to believe that Mr. Perrault, through Ms. Bolivar, attempted to hinder the Trustee's administration of this bankruptcy proceeding by communicating with the tenants of the Debtor's Property and advising them that all rents should continue to be remitted to him. This continued until only recently when the Trustee was finally able to make direct contact with the occupants of the Property on or around January 31, 2023. What's more, due to Ms. Bolivar's obstruction, this contact was only made possible by the Trustee filing an eviction action in the Milwaukee County Circuit Court. *See* Application in Support of the Sale Motion at ¶¶ 25-42 (ECF No. 268). This is also despite the Court entering an order explicitly stating that all rents derived from the Debtor's two properties are property of the bankruptcy estate and therefore should be remitted directly to the Trustee. *See* Order Deeming Tenants' Rents Property of the Bankruptcy Estate (ECF No. 72).

Second, as provided in the Sale Motion, the sale of the Property is subject to the current occupants continued use and occupancy of the Property. Accordingly, the Sale Motion does not seek to evict any party from the Property to be sold. Moreover, Ms. Bolivar lives in Jersey City, New Jersey so the sale of the property will have no impact of her current living situation.

Third, the Trustee's proposed purchaser, Spa Life Furnished Oasis, LLC, is ready to close upon the Court's entry of the Order authorizing the sale of the Property and waiving the stay under Bankruptcy Rule 6004(h). The Trustee and undersigned counsel worked extremely hard to get the Property listed and marketed, despite the best efforts of Ms. Bolivar and Perrault Jean Paul, and have found a prospective buyer that submitted a very strong offer on a cash basis that wants to close as soon as possible.

Finally, it should also be noted, that Ms. Bolivar's complaint that she did not receive notice of the Trustee's Application to Shorten the Notice Period for the Sale Motion is meritless because such applications are regularly made ex parte under Bankruptcy Rule 9006(d). Notwithstanding, Ms. Bolivar received email notice of the Sale Motion on Monday, March 20, 2023 as directed by the Court in its Order Shortening the Notice Period. Thus, she had the Sale Motion for at least three days before asking the Court for an adjournment. It is also worth noting that Ms. Bolivar also requested an adjournment for the hearing on the Trustee's Motion to Sell the Debtor's E. Eden Place property, which the Court also set on shortened notice. Put simply, Ms. Bolivar, through the present adjournment request, is just further attempting to delay and hinder the Trustee's ability to sell the Debtor's properties through any means available.

For the foregoing reasons, the Trustee respectfully requests that the hearing on the Sale Motion proceed as scheduled on April 4, 2023. Alternatively, the Trustee is willing to consent to a two week adjournment of the Sale Motion should Ms. Bolivar agree to waive the stay under Bankruptcy Rule 6004(h). As always, the courtesies of the Court are greatly appreciated.

Respectfully submitted,
BECKER LLC

*/s/ Justin S. Baumgartner*

Justin S. Baumgartner

CC: Carline Bolivar via email (donotreply@supportivehealth.com)