IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

    Debtor.

Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

**OBJECTION TO APPLICATION TO SHORT TIME**

    Carline Bolivar, in her capacity as an interested party and an equity stake holder of the debtor, Supportive Health LLC, and further as principal of Supportive Health LLC, hereby files this objection ("Objection") to the Trustee Eric Perkins' Application to Shorten Time on the Motion to sell debtor's property at 3269 S New York Ave, Milwaukee, WI and respectfully states as follows:

1.     I move the court to vacate the decision on the application to shorten time. The application to shorten time was filed on March 17, 2023. The decision was rendered on March 19, 2023. I am not an attorney and do not receive electronic notification of filings.

2.     I was never served a copy of the application to shorten time and was never given an opportunity to object to the application. I object to the application to shorten time on the basis that it violates Due Process of Law as I have not been afforded time to respond.

3.     Besides a general "time is of essence" statement by the trustee, the trustee has not made a substantive showing as to why this motion to sell my property should be reviewed on an expedited basis.

4.     Given the many objections that I have to the motion to sell coupled with the fact that I lost my father and his funeral was concluded this past weekend, I request that the decision on the order be vacated.

WHEREFORE, for the foregoing reasons, Carline Bolivar, respectfully requests that the decision on the application to shorten time be vacated and that the application to shorten time be denied.

*Carline Bolivar*

DATED: March 23, 2023

2023 APR 14    A 6: 02
U.S. CLERK
DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF NEW JERSEY

In re:

Supportive Health LLC,

Debtor.

· Case No.: 21-15113-VFP

Chapter 7

Honorable Vincent F. Papalia

Hearing Date

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2023 APR 14  A 6: 12

## OBJECTION TO MOTION TO SELL

Carline Bolivar, in her capacity as an interested party and an equity stake holder of the debtor, Supportive Health LLC, and further as principal of Supportive Health LLC ("Supportive Health"), hereby files this objection ("Objection") to the Trustee Eric Perkins' Motion to Sell 3269 S New York Ave, Milwaukee, WI, authorizing payment of real estate commission, waiving the 14 day stay, and respectfully states as follows:

## PRELIMINARY STATEMENT

1. The trustee motion to sell debtor's property at 3269 S New York Ave, Milwaukee, WI ("the property") is wholly flawed.

2. First, as argued ad nauseam before the court, the instant bankruptcy is a legal nullity that should be deemed void *ab initio* as it was not authorized by a principal of Supportive Health, was commenced under fraudulent pretenses where an attorney was coaxed into allowing his name to be used for the electronic filing of the bankruptcy petition using stolen credentials (see Joseph lento Certification), and the filing violated bankruptcy code as it did not comply with either NJ Bankruptcy Court Administrative Procedure and Fed.R. Bankr. P. 9011.

3. As further argued in prior motions, the court has no personal jurisdiction over Supportive Health LLC as a result of the fraudulent filing of the bankruptcy, as the bankruptcy was not authorized by an officer of Supportive Health and as the bankruptcy petition is deemed unsigned as the petitition with

1

the original signatures could not be produced.

4. Second, there is no need to sell the property as the largest claim, a claim of $76,238.56 from the City of Milwaukee, has been paid in full (see Exhibit A). With the payment of this claim, the trustee has acquired sufficient funds from the sale of the assets of the debtor to satisfy all claims. Further, the deadline to file claims as elapsed. As such, there is no basis in law for the continuation of the liquidation of the estate.

5. Third, PHH Mortgage, the mortgagor, and Perrault Jean-Paul, the mortgagee, of the property were not served proper notices of the multiple proceedings of the bankruptcy as required by Bankruptcy Rule 2002.

6. Fourth, the property should be excluded from the estate of Supportive Health LLC as the transfer of the estate via quit claim deed from Perrault Jean-Paul to Supportive Health was not authorized by the mortgagee at the time of the transfer. As such the transfer is void pursuant to Wisc. Stat. Chapter 708 and the property must be excluded from the estate of the debtor.

7. For the foregoing reasons, the motion to sell the property should be denied.

## ARGUMENTS

### Property should not be sold as the bankruptcy is not valid and should be dismissed as void ab initio

8. As argued in the motion to dismiss and subsequent motions, the instant bankruptcy is a legal nullity that should be deemed void *ab initio* as it was not authorized by a principal of Supportive Health, was commenced under fraudulent pretenses where an attorney was coaxed into allowing his name to be used for the electronic filing of the bankruptcy petition using stolen credentials (see Joseph lento Certification), and the filing violated bankruptcy code as it did not comply with either NJ Bankruptcy Court Administrative Procedure and Fed.R. Bankr. P. 9011.

9. Joseph Lento, the attorney of record for the filing, testified that he did not electronically file the petition or any of the schedules. He further testified that his ECF credentials were stolen.

2

10. Joseph Lento was unable to provide original signatures, in response to a motion to compel pursuant to United States Bankruptcy Court, District Of New Jersey, Administrative Procedures For Filing, Signing, And Verifying Documents By Electronic Means (II)(c). Despite the failure to provide original signatures, the court did not deem the petition and scheduled UNSIGNED and declined to dismiss the bankruptcy action.

### The Court does not have personal jurisidction over Supportive Health LLC

11. A court must have jurisdiction to enter a valid, enforceable judgment on a claim. Where jurisdiction is lacking, litigants, through various procedural mechanisms, may retroactively challenge the validity of a judgment.

12. The filing of a complaint by a plaintiff renders the court with personal jurisdiction. A plaintiff implicitly consents to personal jurisdiction in the court where the plaintiff chooses to file. However, when the record clearly shows that the plaintiff neither authorized nor filed the petition, major issues of personal jurisdiction are raised.

13. *Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811 (1985)*, affirms that personal jurisdiction is applicable to plaintiffs by asserting: "The Fourteenth Amendment does protect 'persons,' not 'defendants,' however, so absent plaintiffs as well as absent defendants are entitled to some protection from the jurisdiction of a forum State which seeks to adjudicate their claims."

14. The court has no personal jurisdiction over Supportive Health LLC as a result of the fraudulent filing of the bankruptcy (ECF #31), as the bankruptcy was not authorized by an officer of Supportive Health (ECF #61) and as the bankruptcy petition is deemed unsigned as the petitition with the original signatures could not be produced (ECF #74).

### There is no need to sell the property as trustee has acquired sufficient assets to satisfy all claims

15. There largest claim, the claim from the City of Milwaukee, has been paid in full (see Exhibit A). With the payment of this claim, the trustee has acquired sufficient funds from the sale of the assets of the debtor to satisfy all claims. Further, the deadline to file claims as elapsed. As such, there is

3

no basis in law for the continuation of the liquidation of the estate.

Bankruptcy Rule 2002 and Due Process of Law dictate that interested parties be giving notice of the key proceedings in a bankruptcy matter, including notice of the meeting of creditors, applications for the proposed use, lease and sale of the estate, hearing for compensation and the time fixed for filing proof of claims. Specifically, Bankruptcy Rule 2002 requires:

```
(a) Twenty-One-Day Notices to Parties in Interest. Except as provided in subdivisions (h), (i), (l), (p), and (q) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of:

    (1) the meeting of creditors under §341 or §1104(b) of the Code, which notice, unless the court orders otherwise, shall include the debtor's employer identification number, social security number, and any other federal taxpayer identification number;

    (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice;

    (3) the hearing on approval of a compromise or settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d), unless the court for cause shown directs that notice not be sent;

    (4) in a chapter 7 liquidation, a chapter 11 reorganization case, or a chapter 12 family farmer debt adjustment case, the hearing on the dismissal of the case or the conversion of the case to another chapter, unless the hearing is under §707(a)(3) or §707(b) or is on dismissal of the case for failure to pay the filing fee;

    (5) the time fixed to accept or reject a proposed modification of a plan;

    (6) a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000;

    (7) the time fixed for filing proofs of claims pursuant to Rule 3003(c);

    (8) the time fixed for filing objections and the hearing to consider confirmation of a chapter 12 plan; and

    (9) the time fixed for filing objections to confirmation of a chapter 13 plan
```

16.     The trustee trustee has failed to serve Perrault Jean-Paul, the mortgagor, and PHH Mortgage, the mortgagee notice of virtually all of the key proceedings in the case as required by Rule 2002. The trustee identified that the property had a mortgage and that Perrault Jean-Paul was the mortgagee at the inception of the bankruptcy matter. The *gross negligence* by the trustee in his failure to comply with Bankruptcy Rule 2002 deprives the interested parties of Due Process of Law. The violation also invalidates the trustee's application to sell the property until proper notice is given and all interested

4

Document    Page 7 of 12

parties are afforded an opportunity to be heard.

### The Transfer of the Property from Perrault Jean-Paul to Supportive Health LLC was not valid

17. The property should be excluded from the estate of Supportive Health LLC as the transfer of the estate via quit claim deed from Perrault Jean-Paul to Supportive Health was not authorized by the mortgagee at the time of the transfer. Pursuant to Wisc. Stat. Chapter 708.01 "Effect of mortgage. A mortgage on real property creates a lien on the property mortgaged; except for the lien and subject to s. 708.11, the mortgagor retains the interest that the mortgagor had at the time of mortgage until that interest is divested by some later act."

18. The mortgage, serviced by PHH Mortgage, is a FNMA mortgage. There is a deeded restriction as part of the FNMA deed for the purchase of the property that forbids the transfer of the mortgage without first satisfying the mortgage. The transfer to the property from Perrault Jean-Paul to Supportive health LLC thus violates the deed restriction and as such nullifies the transfer. The property should thus be excluded as an asset of Supportive Health LLC.

### The 14 Day Stay of the Sale Should Not be Waived

19. The trustee correctly states "*Federal Rule of Bankruptcy Procedure 6004(h), unless the Court orders otherwise, orders authorizing the sale of the assets pursuant to § 363 of the Bankruptcy Code are automatically stayed for fourteen (14) days after entry of the order. The purpose of Rule 6004(h) is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented.*"

20. However the trustee has <u>not articulated a good reason for the court to override an automatic right and deny a debtor an opportunity to appeal the sale and request a stay.</u> The trustee has not articulated why his need for immediacy should override the automatic provision of 11 U.S. Code § 363. There is no immediate need wherein a 14 day stay, as proscribed by Bankruptcy Code, would so prejudice the creditors that the court would have no choice but to override it.

I declare under penalty of perjury that the forgoing is true and correct.

5

_____
Carline Bolivar
Sole-Member, Supportive Health LLC

DATED: April 3, 2023

# EXHIBIT A

Case 21-15113-VFP    Doc 275    Filed 04/12/23    Entered 04/12/23 09:07:23    Desc Main
Document    Page 9 of 12

4/10/23, 2:07 PM                                                Check Details - chase.com

# CHASE for BUSINESS®
Printed from Chase for Business

## $76,238.56
Total

Mar 31, 2023
Post date

2722
Check #



4/10/23, 2:08 PM

Check Details - chase.com

# CHASE 🟢 for BUSINESS®

Printed from Chase for Business

---

## $76,238.56
Total

Mar 31, 2023
Post date

2722
Check #

---

```
For Deposit Only
U.S. Bank

FOR DEPOSIT ONLY
TO ANY BANK OR BANKER BY
THE CITY TREASURER
CITY OF MILWAUKEE
Receipt No.:03025547    3/31/2023
Teller ID: 9718slarre
5360 D-Neighborhood Services
Acct\Lic\Inv No.: 73214
CK  2722
                           $76,238.56

Credited to Acct
1823805757526   03310306
Return Acct 1823805757526
```

---

JPMorgan Chase Bank, N.A. Member FDIC          ©2023 JPMorgan Chase & Co.          Equal Housing Opportunity

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2023 APR 14   A 6: 12