IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FILED
JEANNE A. NAUGHTON, CLERK
APR 13 2023
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

| | |
|---|---|
| In Re<br>**SUPPORTIVE HEALTH LLC**<br>        Debtor<br><br>**CARLINE BOLIVAR**<br>        Appellant, Pro Se<br><br>V.<br><br>**ERIC R. PERKINS**<br>        Appellee | Bankruptcy Court<br>Case No.: 21-15113-VFP<br><br>*Civil Action* |

**CERTIFICATION TO COURT OF APPEALS**

A notice of appeal having been filed in the above-styled matter on April 13, 2023, and Carline Bolivar who is an the appellant hereby certify to the court under 28 U.S.C. § 158(d)(2)(A) that a circumstance specified in 28 U.S.C. § 158(d)(2) exists as stated below. Leave to appeal in this matter is not required under 28 U.S.C. § 158(a).

This certification arises in an appeal from a final judgment, order, or decree of the United States Bankruptcy Court for the District of New Jersey entered on April 11, 2023. The judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for this circuit or of the Supreme Court of the United States, or involves a matter of public importance. AND, an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken

There circumstances of this case are so unique that there is no controlling decision in the court of appeal or the Supreme Court. Namely, the attorney of record in the case affirmed that he did not file the petition or any of the schedules in the bankruptcy. The attorney of record claims that his eFiling account was hacked, his credentials were stolen and all filings were

fraudulently filed. The attorney of record's affirmation was found to be credible by the bankruptcy court and the attorney of record was allowed to withdraw. The attorney of record claims that he does not have the original petition or any of the schedules that were electronically filed and such documents were not produced pursuant to a request for production under Fed.R. Bankr. P. 9011. As such, the petition and all schedules are deemed unsigned. The key question before the court is whether or not the bankruptcy court has personal jurisdiction over the debtor, a corporate entity, as the attorney of record claims that he never represented the debtor and that all filings were done fraudulently.

Date: April 13, 2023

_____
Carline Bolivar
Sole-Member, Supportive Health LLC
72 Van Reipen Ave #353
Jersey City, NJ 07306

2023 APR 13  A 11:44
RECEIVED
DISTRICT OF NEW JERSEY
U.S. DISTRICT COURT
CLERK