UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

BECKER LLC
354 Eisenhower Parkway
Plaza Two, Suite 1500
Livingston, NJ  07039
(973) 422-1100
Justin S. Baumgartner, Esq.
Email:  jbaumgartner@becker.legal
Attorneys for Eric R. Perkins, Chapter 7 Trustee



**Order Filed on April 11, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

SUPPORTIVE HEALTH LLC,

                    Debtor.

Case No.:  22-15113 (VFP)

Chapter 7

Hon. Vincent F. Papalia, USBJ

Hearing Date:

**ORDER (1) AUTHORIZING CHAPTER 7 TRUSTEE TO SELL THE DEBTOR'S RESIDENTIAL REAL PROPERTY LOCATED AT 3269 SOUTH NEW YORK AVENUE, MILWAUKEE, WISCONSIN FREE AND CLEAR OF ANY LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363(b) and (f); (2) AUTHORIZING PAYMENT OF REAL ESTATE BROKER'S COMMISSION FROM THE SALE PROCEEDS AND (3) FOR OTHER RELATED RELIEF**

The relief set forth on the following pages numbered two (2) through eight (8) is hereby

ORDERED.

**DATED: April 11, 2023**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

**Case Name:**    Supportive Health LLC
**Case No.:**    22-15113 (VFP)
**Caption:**    Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 3269 South New York Avenue, Milwaukee, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Broker's Commission From the Sale Proceeds; ); and (3) for Other Related Relief

This matter comes before this Court on the motion of Eric R. Perkins, Esq., the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Supportive Health LLC (the "Debtor"), by and through his counsel, Becker LLC, for an Order (1) Authorizing the Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 3269 South New York Avenue, Milwaukee, Wisconsin 53207 Free and Clear of any Liens, Claims, and Encumbrances pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Broker's Commission from the Sale Proceeds; (3) Waiving the Stay Pursuant to Fed. R. Bankr. P. 6004(h); and (4) for other related relief (the "Sale Motion"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the relief requested in the Sale Motion is in the best interest of creditors and the estate; proper and sufficient notice of the Sale Motion having been given; and the Court having determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; and the Court having considered the arguments and submissions of the parties; and after due deliberation thereon and sufficient cause appearing; and for the reasons set forth on the record on April 11, 2023 (the "Hearing");

THE COURT HEREBY FINDS AND DETERMINES that:[1]

    A.    The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334.

    B.    As evidenced by the certificate of service filed with the Court and based on representations of counsel at the hearing, if any, (i) proper, timely, adequate, and sufficient notice of the Sale Motion and Hearing has been provided in accordance with section 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 9007; (ii) such notice was good, sufficient and

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law as findings of fact where appropriate.

Case Name:   **Supportive Health LLC**
Case No.:    **22-15113 (VFP)**
Caption:     **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 3269 South New York Avenue, Milwaukee, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Broker's Commission From the Sale Proceeds; ); and (3) for Other Related Relief**

appropriate under the particular circumstances; and (iii) no other or further notice of the Sale Motion, hearing or entry of this Order shall be required.

C.    The purchase price constitutes fair consideration and constitutes reasonably equivalent value for the Property.[2]

D.    Spa Life Furnished Oasis, LLC (the "Buyer") is a purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, with respect to the Property. The Agreement was negotiated, proposed and entered into by the parties in good faith, from arms-length bargaining positions and without collusion, and therefore, the Buyer is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the Property. Neither the Trustee nor the Buyer has engaged in any conduct that would cause or permit the Agreement to be void or voidable.

E.    Approval of the Agreement and sale of the Property is in the best interest of the Debtor's creditors and its estate.

F.    The Trustee has articulated sound business reasons for consummating the transaction contemplated by the Agreement.

G.    The Trustee may sell the Property to the Buyer free and clear of all interests, claims, encumbrances and liens (collectively, "Liens and Claims") in accordance with, and to the extent permitted by, section 363(f) of the Bankruptcy Code. As a condition of purchasing the Property, Buyer requires that the Property be sold free and clear of all Liens and Claims. Buyer would not have entered into the Agreement and would not consummate the transaction contemplated thereby, thus adversely affecting the Debtor's estate and its creditors, if the sale of the Property were not free and

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion and/or the Agreement, as applicable.

3

Case Name:    **Supportive Health LLC**
Case No.:    **22-15113 (VFP)**
Caption:    **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 3269 South New York Avenue, Milwaukee, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Broker's Commission From the Sale Proceeds; ); and (3) for Other Related Relief**

clear of all Liens and Claims or, if Buyer would, or in the future could, be liable for any such Liens and Claims asserted by the Trustee, Debtor, or Debtor's creditors.

H.    The Debtor's estate is the lawful owner of the Debtor's 100% ownership interest in the Property. Accordingly, the Trustee has good and marketable title to the Property and the transfer of the Property to the Buyer is or will be a legal, valid, and effective transfer of the Property, and will vest the Buyer with all right, title, and interest in and to the Property, free and clear of all Liens and Claims pursuant to section 363(f) of the Bankruptcy Code and applicable laws.

I.    Non-debtor parties holding valid Liens and Claims in or with respect to the Property who did not object to the Sale Motion, who withdrew their objections to the Sale Motion and/or whose objections were overruled shall have no further right to object to the sale of the Property free and clear of their Liens or Claims in or with respect to the Property pursuant to section 363(f)(2) of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1.    All findings of fact and conclusions of law set forth above are incorporated herein by reference, and the Sale Motion is granted as provided herein.

2.    The Agreement, attached hereto as **Exhibit A**, and the terms set forth therein are fair and reasonable and shall be, and hereby are approved.

3.    All objections to the Sale Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are hereby overruled on the merits and denied and any further unasserted objections are barred; except that the Trustee's request for a waiver of the 14 day stay of this Order provided by Fed. R. Bankr. P. 6004(h), which was objected to by the Debtor's principal, Carline Bolivar, is denied.

Case Name:     **Supportive Health LLC**
Case No.:      **22-15113 (VFP)**
Caption:       **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 3269 South New York Avenue, Milwaukee, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Broker's Commission From the Sale Proceeds; ); and (3) for Other Related Relief**

4.      The Agreement, and all ancillary documents and transactions contemplated therein, including transfer of the Property to the Buyer, are approved and authorized under the Bankruptcy Code, including sections 105(a) and 363(b) and (f) thereof.

5.      The Trustee and the Buyer are authorized and directed to perform their respective obligations under the Agreement when due, and take such other actions as are necessary to execute and perform all obligations referenced in, contemplated by, or otherwise necessary under the Agreement.

6.      The Trustee is authorized to sell the Property to the Buyer, pursuant to the terms of the Agreement, on an AS IS, WHERE IS basis.

7.      Upon closing, the Buyer and its successors and assigns expressly waive any claims against the Debtor, the Debtor's estate, the Trustee, the Trustee's professionals, and/or their successors and assigns related to the Property following the Closing.  This release shall not release any obligations of the Trustee, as Trustee of the Debtor's estate contained in the Agreements.

8.      The transfer of the Property by the Trustee to the Buyer upon Closing will be a valid, legal, and effective transfer of the Property notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15) of the Bankruptcy Code) except as otherwise set forth in the Agreement.

9.      Pursuant to section 363(b) of the Bankruptcy Code, the Trustee is hereby authorized to sell and transfer the Property to the Buyer pursuant to and in accordance with the terms and conditions of the Agreement and to take all other actions as necessary to effectuate all of the terms thereof and to consummate the transactions contemplated therein, including, without limitation, such actions as are

5

Case Name:    **Supportive Health LLC**
Case No.:     **22-15113 (VFP)**
Caption:      **Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 3269 South New York Avenue, Milwaukee, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Broker's Commission From the Sale Proceeds; ); and (3) for Other Related Relief**

necessary to execute and deliver all documents referenced in and/or contemplated by the Agreement without further authorization of the Court.

10.    The sale of the Property to the Buyer pursuant to section 363(f) of the Bankruptcy Code and all other applicable laws, is free and clear of any and all interests, claims, charges, liens, security interests, and encumbrances (collectively, the "Liens and Claims"), with any Liens and Claims to attach only to the proceeds of sale of the Property in order of their priority and with the same validity, force, and effect that existed with respect to the Property prior to the closing date, subject to any and all rights, claims, defenses, and objections of the Trustee and any other party-in-interest.

11.    As stated in the Agreement, the sale is subject to the occupancy of the Property by Alexandria and Joseph Lenz and their family in Unit A and Damon Bruce and his family in Unit B and any personal possessions of such parties are not included in the sale.

12.    This Order and the Agreement shall be binding upon, and shall inure to the benefit of, the Trustee, the Buyer, and their respective successors and assigns.

13.    Root River Realty ("Broker") has earned a realtor commission of 6.0% of the purchase price as stated in the Listing Agreement plus $295.00 and thus the Trustee is authorized to pay the real estate commission from the sale proceeds at the Closing.

14.    The Trustee is authorized to pay the reasonable and necessary costs and expenses of preserving and disposing of the Property from the sale proceeds at closing pursuant to 11 U.S.C. § 506(c).

15.    This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Agreement and to resolve any issue or dispute concerning the interpretation, implementation or

**Case Name:**     Supportive Health LLC
**Case No.:**         22-15113 (VFP)
**Caption:**          Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at 3269 South New York Avenue, Milwaukee, Wisconsin Free and Clear of any Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate Broker's Commission From the Sale Proceeds; ); and (3) for Other Related Relief

enforcement of this Order and the Agreement, or the rights and duties of the parties hereunder or thereunder, including, without limitation, any issue of dispute concerning the transfer of the Property free and clear of Liens and Claims.

16.     Upon the Trustee's receipt of the consideration set forth in the Agreement at closing, each of Debtor's creditors are authorized and directed to execute documents and take all other actions as may be necessary to release any Liens and Claims against or in the Property, as such Liens and Claims may have been recorded or otherwise exist.

17.     Each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Property conveyed to the Buyer.

18.     The Buyer shall be entitled to the protection of section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal. The purchase by the Buyer of the Property is a purchase in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code, and therefore, the Buyer is entitled to the protection of section 363(m) of the Bankruptcy Code. Accordingly, the reversal, modification or appeal of the authorization provided herein to consummate the Agreement and sale of the Property shall not affect the validity of the sale to the Buyer, unless such authorization is duly stayed pending such appeal before the Closing.

19.     The sale approved by this Order is not subject to avoidance or imposition of costs and damages pursuant to section 363(n) of the Bankruptcy Code.   The consideration set forth in the

Case Name:      Supportive Health LLC
Case No.:       22-15113 (VFP)
Caption:        Order (1) Authorizing Chapter 7 Trustee to Sell the Debtor's Residential Real Property Located at
                3269 South New York Avenue, Milwaukee, Wisconsin Free and Clear of any Liens, Claims, and
                Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f); (2) Authorizing Payment of Real Estate
                Broker's Commission From the Sale Proceeds; ); and (3) for Other Related Relief

Agreement to be provided by the Buyer in exchange for the Property shall be deemed to constitute

reasonably equivalent value and fair consideration.

20.     The Agreement and any related agreements, documents, or other instruments may be

modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in

accordance with the terms thereof, without further order of this Court, provided that any such

modification, amendment, or supplement does not have a material adverse effect on the Debtor's

estate.

21.     The failure to specifically include any particular provision of the Agreement in this

Order shall not diminish or impair the efficacy of any such provision, it being the intent of this Court

that the Agreement and each and every provision, term and condition thereof be authorized or

approved in their entirety.  In the case of an inconsistency between this Order and the Agreement, the

Agreement shall control.

22.     Nothing herein precludes the rights of the Trustee to file an application to the Court

pursuant to section 506(c) of the Bankruptcy Code.

23.     The Trustee's request for a waiver of the 14 day stay of the effectiveness of this Order,

as provided by Fed. R. Bankr. P. 6004(h), is denied for the reasons set forth on the record at the Hearing,

with the Court having also determined that it would not grant any stay that extends beyond that 14 day period.

8

# Exhibit A

### AGREEMENT OF SALE

THIS AGREEMENT OF SALE ("Agreement"), made as of the __14__ day of March, 2023, by and between ERIC R. PERKINS, Chapter 7 Trustee for the Bankruptcy Estate of Supportive Health, having an office c/o Becker LLC, 354 Eisenhower Parkway, Plaza II, Suite 1500, Livingston, New Jersey 07039 ("Trustee" or "Seller"), and Spa Life Furnished Oasis, LLC having an address of 2919 S Superior St Unit 1, Milwaukee, WI 53207 ("Buyer").

### W I T N E S S E T H

WHEREAS, a Voluntary Petition pursuant to Title 11, Chapter 11 of the United States Code ("Bankruptcy Code") was filed by Supportive Health, LLC ("Debtor") on June 22, 2021 in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), Case No. 1-15113-VFP; and

WHEREAS, upon a motion filed by the Office of the U.S. Trustee on August 11, 2021, the Bankruptcy Court entered an Order on August 19, 2021 converting the case to a Chapter 7 under the Bankruptcy Code; and

WHEREAS, Seller is the Chapter 7 Trustee for the Bankruptcy Estate of Supportive Health, LLC (the "Estate") having been appointed by the Office of the United States Trustee on August 19, 2021; and

2

WHEREAS, the Trustee seeks to liquidate certain assets of the Estate; and

WHEREAS, the Trustee enters into this Agreement in an effort to maximize the return to the creditors of the Debtor; and

WHEREAS, Buyer submitted an offer in the total amount of $285,000.00 to purchase the real property, including land, improvements, buildings, structures, fixtures, together with all and singular the tenements, hereditaments and appurtenances pertaining thereto, including any estate, right, title, interest, property, claim and demand of Seller in and to all streets, alleys, rights-of-way, sidewalks, easements, railroad spurs or sidetrack agreements, and utility lines or agreements located at 3269 South New York Avenue, Milwaukee, Wisconsin 53207(the "Property") from the Trustee, which purchase price is subject to an escalation clause of $5,000 in excess of the next highest offer, not to exceed $350,000.00 in the event of a higher and better offer; and

WHEREAS, subject to the approval of the Bankruptcy Court, in the event Buyer is not selected as the ultimate purchaser of the Property and the Trustee instead accepts a competing offer, if said competing offer is approved by an order of the

3

Bankruptcy Court and closes, Buyer shall be paid a break-up fee constituting any expenses actually incurred from the date of this Agreement until the Trustee notifies Buyer that he has accepted a higher and better offer (the "Break-Up Fee"); and

WHEREAS, in order to receive the Break-Up Fee, Buyer must file an application with the Bankruptcy Court specifically listing each expense actually incurred in contemplation of this Agreement and seeking an order of the Bankruptcy Court approving said expenses (the "Break-Up Fee Application"); and

WHEREAS, upon the Bankruptcy Court entering an order approving the Break-Up Fee Application, the Trustee will remit to the Buyer within 30 days of such order a check or wire transfer for the Break-Up Fee; and

WHEREAS, Buyer has represented that it is fully qualified under the laws of the State of Wisconsin to purchase the Property; and

WHEREAS, upon receiving bankruptcy court approval, the Trustee desires to sell the Property and the Buyer desires to purchase the Property on the terms and conditions hereinafter set forth.

NOW, THEREFORE, for and in consideration of the covenants and agreements hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which is hereby

4

acknowledged, and the mutual promises herein made, it is agreed as follows:

1. **SALE**.  The Trustee agrees to sell and Buyer agrees to purchase the Trustee's right, title and interest in and to the Property for the Purchase Price (as hereinafter defined) and upon the terms and conditions hereinafter provided.

2. **PURCHASE PRICE**.  The purchase price for the Property is Two Hundred Eighty-Five Thousand and 00/100 Dollars ($285,000.00), subject to an escalation of the purchase price in the amount of $5,000.00 of the next highest offer, if there be any, up to and including $350,000.00, payable as follows:

A.  Within 5 days of the execution of this Contract, Buyer shall deposit with the Trustee earnest money in the amount of Five Thousand and 00/100 Dollars ($5,000.00) (the "Deposit"), which shall be maintained by the Trustee in a non-interest bearing account.

B.  The Deposit shall be held in escrow by the Trustee and released to the Trustee upon the earlier of (1) the Closing Date; or (2) a Ruling/Order by a Court of Competent Jurisdiction that the Deposit shall be released to the Trustee. The Deposit shall be returned to Buyer only if: (a) the Trustee cancels this Agreement pursuant to the terms hereof; (b) the Trustee is unable to deliver marketable title insurable at

5

regular rates; or (c) the Agreement is cancelled by the Buyer in accordance with the terms herein.

C. At the closing of title ("Closing"), the Buyer (or Buyer's lender) shall pay the Settlement Agent the balance of the Purchase Price by wire transfer, attorney trust account, certified, cashier's or bank check.

D. **FINANCING**. This transaction is not contingent upon the Buyer obtaining financing from a lender to complete the herein transaction.

D. **ADJUSTMENTS**. All adjustments, including without limitation, real estate taxes, utilities, assessments and water and sewer charges (collectively "Adjustments"), shall be adjusted, apportioned and allowed as of the Closing Date. All assessments for improvements completed prior to the Closing Date shall be paid by Trustee, all incomplete or unconfirmed assessments shall be paid by Buyer.

3. **CLOSING DOCUMENTS**.

A. At the Closing, the Trustee shall execute and/or deliver to the Buyer a Trustee's Deed (the "Deed"), in proper form for recording, together with such other Instruments as may be reasonably required by Buyer's attorney or Buyer's title insurance company to effectuate the within transaction.

6

B.    At the Closing, Buyer shall execute and/or deliver to the Trustee such other documents and/or instruments as may be reasonably required by the Trustee's attorney or Buyer's title insurance company to effectuate the within transaction.

4.    **TITLE**.

At Closing, Seller will convey, subject to an order of the United States Bankruptcy Court for the District of New Jersey, pursuant to 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 6004 and 9014, good, marketable, and insurable title, insurable at regular rates, by any reputable title insurance company licensed to do business in the State of Wisconsin, free of liens and encumbrances, with valid liens and encumbrances to attach to the proceeds of sale.    The sale is subject to easements and restrictions of record, if any, and such state of facts as an accurate survey might disclose, provided that such facts do not render title unmarketable or uninsurable at regular rates.    The sale is also subject to applicable zoning ordinances.    The sale is also subject to the occupancy by Alexandria and Joseph Lenz in Unit A  and their family and Damon Bruce in Unit B, as well as each occupant's  personal possessions, which are not included in the sale.    Seller represents that to the best of his knowledge, the Property is a

7

duplex, but makes no representation as to the Property's compliance with any applicable zoning ordinances, building codes or other law.

    5    **RISK OF LOSS AND CONDEMNATION.**

        A.   The Trustee does not assume the risk of any material loss or damage to the Property.  If, however, all or a substantial part of the Property suffers material loss or damage due to fire or other casualty, or otherwise, Buyer may terminate this Agreement and the Deposit shall be refunded.  Substantial damage is defined as damage with costs of repair that exceed 5% of the Purchase Price.

        B.   If prior to Closing all or part of the Property shall be condemned or taken as the result of the exercise of the power of eminent domain, then this Agreement shall automatically terminate, and there shall be no further obligations hereunder except that the Deposit shall be returned to Buyer.

        C.   There shall be no remedy against either the Trustee, his representative and agents for any undisclosed liens that fail to appear on the Buyer's title report at Closing.  The only remedy available for any undisclosed liens that fail to appear on the Buyer's title report at Closing shall be against the Buyer's Title Company.

    6.   **APPROVAL.**  Notwithstanding anything contained in this

8

Agreement to the contrary, Trustee shall not proceed to Closing unless and until the Bankruptcy Court shall have issued an approval order approving of this Agreement and the transactions contemplated herein (the "Approval Order"), and the Approval Order shall not be subject to any stay; or, alternatively, Trustee shall be in receipt of a certification of no objection from the Bankruptcy Court prior to Closing. In the event that the Bankruptcy Court does not issue such Approval Order or the aforementioned certification within sixty (60) days of the date of this Agreement, either Buyer or Trustee may terminate this Agreement by providing written notice of same to Buyer. In the event of such termination, the Deposit shall be returned to Buyer and neither party shall have any further liability to the other.

7.   **"WHERE IS" AND "AS IS".** Buyer acknowledges and agrees that it has had or will have the opportunity to inspect the Property, including, but not limited to, all of the improvements, fixtures and the land comprising the Property and that the Buyer has made or will make a complete and independent investigation of all facts and data which it has deemed necessary or desirable to enter into and/or consummate this transaction. The Buyer acknowledges that it is purchasing the Property **"WHERE IS"** and **"AS IS"** without reliance upon any

9

warranty or representation made by the Trustee or by any of his agents or representatives of any kind or nature, including, without limitation, the structural or environmental condition of the Property. Buyer shall be responsible, at its sole cost and expense, to obtain whatever governmental certificates, approvals, or licenses that might be necessary to convey the Property to Buyer and Seller shall cooperate in providing the necessary information and/or signatures so that Buyer may obtain the necessary approvals/certificates. Notwithstanding the above, the Trustee will give good and marketable title to Buyer.

8.   **RIGHTS AND OBLIGATIONS OF BUYER**.   Buyer shall be entitled to possession of the Property immediately upon the delivery of the Deed and Closing of title.

8A.   **TENANCIES**.   Seller shall deliver the Property to Buyer subject to the occupancy of Damon Bruce in Unit B of the Property and Alexandria and Joseph Lenz in Unit A of the Property (collectively the "Occupants"). Seller represents that there is no lease currently in existence between Seller and the respective Occupants, but Seller and the Occupants have executed a Use & Occupancy Agreement for the portion of the Property they are occupying. Mr. Bruce is paying $850.00 per month as an occupancy fee and Ms. Lenz and Mr. Lenz are paying $1,200.00 per month as an occupancy fee. The Seller is not in possession of

10

any security deposit.  A copy of the Use & Occupancy Agreements is being provided with this Agreement.

9.  **CLOSING OF TITLE**.  The Closing shall take place 14 days following the Approval Order or such other commercially reasonable time as may be agreed upon between the Trustee and Buyer.  The Closing shall be held at the offices of the Buyer's counsel, or at such other location as may be mutually agreed by the parties, or by mail, at a time mutually convenient for the parties.

10.  **ENTIRE AGREEMENT**.  This Agreement constitutes the entire agreement between the parties.  To the extent any of the terms in this Agreement conflict with any previous agreement or contract between the parties, the terms of this Agreement shall prevail.  No variations or modifications of or amendments to the terms of this Agreement shall be binding unless reduced to writing and signed by the parties hereto.

11.  **BINDING EFFECT**.  This Agreement shall be binding on and shall inure to the benefit of the Trustee and Buyer and its respective successors and assigns.

12.  **CONSTRUCTION**.  The laws of the State of New Jersey shall govern the interpretation, construction and performance of this Agreement.  The Bankruptcy Court shall retain jurisdiction to any action relating to this Agreement.

11

13. **FURTHER ASSURANCES**. Each party agrees that, at any time or from time to time upon written request of the other party, they will execute and deliver all such further documents and do all such other acts and things as may be reasonably required to confirm or consummate this transaction.

14. **CAPTIONS**. The captions preceding the paragraphs of this Agreement are intended only as a matter of convenience for reference and in no way define, limit or describe the scope of this Agreement or the intent of any provision hereof.

15. **NOTICES**. All notices required to be given pursuant to this Agreement shall be sent by certified mail, return receipt requested, or by any overnight delivery service to the parties at the following addresses:

A. If to the Trustee, at his address set forth in the heading to this Agreement, with a copy to Justin Baumgartner, Esq., Becker LLC 354 Eisenhower Parkway, Plaza II, Suite 1500, Livingston, New Jersey 07039.

B. If to the Buyer, at his address set forth in the heading to this Agreement, with a copy to Jim Miller . Either party may change the notice address by written notice to the other party.

16. **REMEDIES**. If Buyer defaults in its obligations hereunder, the Trustee shall have the right to avail himself of

12

all rights and remedies available at law or in equity, including but not limited to retention of the Deposit. If the Trustee shall default in his obligations hereunder or shall fail to close title hereunder for any reason, then Buyer, as his sole and exclusive remedy, shall be entitled to the return of the Deposit, and thereafter neither party shall have any further obligations to the other.

17. **WAIVER OF CONDITIONS**.

A. Buyer and the Trustee each shall have the right to waive any of the terms or conditions of this Agreement which are strictly for their respective benefit and to complete the Closing in accordance with the terms and conditions of this Agreement, which have not been so waived. Any such waiver shall be effective and binding only if made in writing and signed by the party who benefits from the condition being waived.

B. No waiver by either party of any failure or refusal by the other party to comply with their obligations hereunder shall be deemed a waiver of any other or subsequent failure or refusal by the other party so to comply.

18. **NO RECORDING**. Except as may be filed with the Bankruptcy Court, Buyer shall not record this Agreement or any

13

memorandum or short form hereof in any place or office of public record.

19. **SEVERABILITY**.  The terms, conditions, covenants and provisions of this Agreement shall be deemed to be severable. If any clause or provision herein contained shall be determined to be invalid or unenforceable by a court of competent jurisdiction or by operation of applicable law, the same shall be deemed to be severable and shall not affect the validity of any other clause or provision of this Agreement and such other clauses and provisions shall remain in full force and effect. If, however, the severed clause or provision relates to the Purchase Price or other monies to be paid hereunder, or if the severance would result in this Agreement not being in compliance with Bankruptcy Court approval, the Trustee shall have the right to terminate this Agreement on notice to Buyer.  If this Agreement is terminated, there shall be no further obligations hereunder except that the Deposit shall be returned to Buyer.

20. **GENDER**.  As used in this Agreement, the masculine gender shall include the feminine or neuter gender, the neuter gender shall include the masculine or feminine genders, the singular shall include the plural and the plural shall include the singular, wherever appropriate to the context.

14

21. **BROKER**. Trustee and Buyer agree that neither party has had negotiations with or dealt with any broker other than Root River Realty, as the listing broker, and as the Buyer's broker (collectively, "Broker"), in connection with the sale of the Property. Trustee shall be solely liable for the payment of Broker. Buyer agrees to indemnify Trustee against, and hold each harmless from, any loss, damage, cost or expense, including without limitation, attorneys' fees and disbursements, incurred as a result of any misrepresentation hereunder made by Buyer. The provisions of this Paragraph 21 shall survive delivery of the Deed or any earlier termination of this Agreement.

22. All terms of the Contract providing for an automatic waiver of a right resulting from a failure of either party to take action or provide a notice to the other are deleted. Should a party fail to take such timely action or provide such timely notice, the other party shall provide a written five (5) days' notice of such failure. If, after the five (5) days passes, the party continues to fail to give such notice or take such action, the party shall be deemed to have waived any rights granted to him or her by giving such timely notice or taking such timely action.

**IN WITNESS WHEREOF**, the parties hereto have hereunto

15

executed and delivered this Agreement the day and year first

above written.


WITNESS:                          ERIC R. PERKINS, Chapter 7
                                  Trustee for Debtor,

_____           By: ERIC R. PERKINS
                                      Chapter 7 Trustee, Seller


WITNESS:

                                  Spa Life Furnished Oasis, LLC

_____           By: James Miller, Managing Member

United States Bankruptcy Court
District of New Jersey

In re:                                                                                    Case No. 21-15113-VFP

Supportive Health LLC                                                                     Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0312-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Apr 11, 2023 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 13, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Supportive Health LLC, 72 Van Reipen St #353, Jersey City, NJ 07306-4408 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 13, 2023        Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 11, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| David Gerardi | on behalf of U.S. Trustee U.S. Trustee david.gerardi@usdoj.gov |
| Eamonn O'Hagan | on behalf of Creditor United States Internal Revenue Service eamonn.ohagan@usdoj.gov |
| Eric R. Perkins | on behalf of Attorney Becker LLC eperkins@becker.legal tcolombini@becker.legal;mambrose@becker.legal;jlawrence@becker.legal |
| Eric Raymond Perkins | eperkins@becker.legal  nj42@ecfcbis.com;tcolombini@becker.legal;eperkins@becker.legal |
| Eric Raymond Perkins | on behalf of Trustee Eric Raymond Perkins eperkins@becker.legal nj42@ecfcbis.com;tcolombini@becker.legal;eperkins@becker.legal |
| Gokce Tugce Yurekli | |

on behalf of Creditor United States Internal Revenue Service gokce.t.yurekli@usdoj.gov eastern.taxcivil@usdoj.gov;Thomas.P.Cole@usdoj.gov;Ari.D.Kunofsky@usdoj.gov

Justin Baumgartner

on behalf of Trustee Eric Raymond Perkins jbaumgartner@becker.legal  mambrose@becker.legal

Mitchell Hausman

on behalf of U.S. Trustee U.S. Trustee Mitchell.B.Hausman@usdoj.gov

Robert J. Schneider

on behalf of U.S. Trustee U.S. Trustee robert.j.schneider@usdoj.gov

Samuel Jackson

on behalf of Interested Party Joseph Lento sdjackson@lentolawgroup.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov


TOTAL: 11