

JUSTIN BAUMGARTNER

MEMBER OF NJ BAR
MEMBER OF NY BAR

Becker LLC
Eisenhower Plaza II
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039

Direct:      (973) 251-8920
Main:       (973) 422-1100
Facsimile:  (973) 422-9122

jbaumgartner@becker.legal

June 14, 2023

<u>Via ECF</u>
The Honorable Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
50 Walnut Street, Courtroom 3B
Newark, NJ 07102

    Re:    **In re Supportive Health, LLC.**
            **Case No. 21-15113 (VFP)**
            **Chapter 7**

            **Becker LLC's Reply to Carline Bolivar's Objection to Second Interim Fee Application**

Your Honor:

    This firm represents Eric R. Perkins, the Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estate (the "<u>Estate</u>") of the Debtor Supportive Health, LLC (the "<u>Debtor</u>") in the above-referenced matter. Please accept this letter as Becker LLC's reply to Carline Bolivar's ("<u>Ms. Bolivar</u>") objection to Becker LLC's Second Interim Fee Application (ECF No. 286), which has yet to be filed on the docket, but was emailed to Your Honor's chambers on June 6, 2023.

    In her objection, Ms. Bolivar states that the "Trustee has failed to substantiate the reasonableness of its exorbitant fees." Bolivar Objection at ¶ 7. As an initial matter, this is not the Trustee's fee application; it is the fee application of Becker LLC, the Trustee's counsel. Accordingly, the statutory cap on the Trustee's commission compensation under § 326 of the Bankruptcy Code is inapplicable.

    Additionally, contrary to Ms. Bolivar's insinuations, the vast majority of billed fees in the Becker's Second Interim Fee Application originated from undersigned counsel, not the Trustee. Moreover, the legal work that both undersigned counsel, Ms. Colombini as Becker's paralegal, and the Trustee, as a member of Becker LLC, performed are all outside the scope of the Trustee's traditional duties under § 704 of the Bankruptcy Code. Indeed, Ms. Bolivar does not point to a single specific instance of fees that are part of the Trustee's traditional duties



under § 704, which instead were billed by Becker LLC. Becker also performed all its legal services in this case at its customary rates. These are the same rates that it charges in every bankruptcy case for which it represents the Trustee. In other words, in this case, there is no deviation from Becker LLC's traditional billing practices. Becker LLC further submits that all rates contained in its Second Interim Fee Application are reasonable as said fees are in line with what other bankruptcy professionals with similar experience in New Jersey charge on an hourly basis to represent trustees.

In short, the reason that Becker LLC's Second Interim Fee Application totals $68,330.00 is not because the rate of its counsel fees are excessive, but because it was forced to spend 161.70 hours representing the Trustee in this case because the relentless efforts of Ms. Bolivar and Perrault Jean-Paul ("Mr. Jean-Paul") to obstruct the Trustee's administration of the Estate's two properties located at 2229 E. Eden Place, St. Francis, Wisconsin (the "Eden Place Property") and the 3269 S. New York Avenue, Milwaukee, Wisconsin (the "New York Ave. Property"). Indeed, in their unrelenting attempts to stop the Trustee from selling these properties, Ms. Bolivar, likely with the help of Mr. Jean-Paul, filed numerous motions to dismiss or stay this bankruptcy case and dispose of the claims of the Estate's creditors, mainly the IRS and the City of Milwaukee. These motions frequently also included motions for the Court to reconsider as well as appeals to the District Court. As detailed in the time entries of Becker LLC as part of its Second Interim Fee Application, the Trustee, through counsel, needed to file objections to every one of these motions, all of which were ultimately denied by this Court or the District Court during an appeal.

Ms. Bolivar also strenuously objected to the Trustee's motions to sell both the Eden Place Property and the New York Ave. Property, which forced the Trustee, through Becker, to litigate both matters, thereby increasing legal fees. In fact, Ms. Bolivar's resistance to the Trustee selling the Debtor's properties was so strong that she repeatedly refused to cooperate with the Trustee or give him any information pertaining to the tenants that resided at both properties. This is especially true in the case of the New York Ave. Property, where Ms. Bolivar, despite refusing to give the Trustee any information regarding the property's tenants, entered an appearance and objected to the Trustee's eviction action for unpaid rent that was filed in Milwaukee County Circuit Court. Specifically, Ms. Bolivar's various objections forced Becker LLC to devote significant additional time and resources to the eviction action, including undersigned counsel having to file pleadings rebutting Ms. Bolivar's false assertions surrounding the validity of this bankruptcy proceeding and appearing at several eviction hearings. One of these hearings even included Ms. Bolivar submitting a fraudulent lease to the Milwaukee County Circuit Court, which incredulously stated that she was a tenant of the New York Ave. Property.

Ms. Bolivar's numerous meritless appeals have also increased Becker LLC's legal fees for this bankruptcy case. In this vein, Judge Wigenton of the District Court details the frivolous nature of Ms. Bolivar's numerous appeals in her most recent opinion dismissing Ms. Bolivar's appeal of this Court's order authorizing the Trustee's sale of the New York Ave. Property by stating:

> Appellant has filed multiple unmeritorious appeals in this matter, which demonstrates a history of dilatoriness. *See generally In re Supportive Health, LLC*, No. 22-06709, 2022 WL 17887230 (D.N.J. Dec. 23, 2022) (motion to alter judgment denied and appeal dismissed as moot); *In re Supportive Health, LLC*, No. 21-20464, 2022 WL 847630 (D.N.J. Mar. 22, 2022) (dismissed for failure to file a timely appeal, pursuant to Bankruptcy Rule 8002); *In re Supportive Health*, No. 22-00644 (dismissed for failure to file brief); *In re Supportive Health, LLC*, No. 22-00646 (dismissed for failure to file brief); *In re Supportive Health, LLC*, 21-cv-20502 (dismissed for failure to file brief); *In re Supportive Health, LLC*, 21-cv-20503 (dismissed for failure to file brief); *In re Supportive Health, LLC*, 23-cv-00640 (dismissed for failure to file designation of record).

*Bolivar v. Perkins*, Case No. 23-02095 (SDW) at p. 2-3 (ECF No. 290).

In sum, Becker LLC's fees in this matter are indicative of Ms. Bolivar and Mr. Jean-Paul having continually conducted themselves as if the bankruptcy they filed never existed. Put simply, neither Ms. Bolivar nor Mr. Jean-Paul have made any attempt to cooperate with the Trustee to administer the assets of the Estate and this has led to increased litigation costs for the Estate. Notwithstanding the numerous obstacles presented by Ms. Bolivar and Mr. Jean-Paul, the Trustee and Becker LLC have and will continue to administer the assets of the Estate in the most practical and efficient manner possible.

Based on the foregoing, Becker LLC submits that Ms. Bolivar's objection to its Second Interim Fee Application should be overruled in its entirety and Becker's fees and expenses approved as requested.

Respectfully submitted,
BECKER LLC

*/s/ Justin S. Baumgartner*

Justin S. Baumgartner